# EXHIBIT 1



# SCOTTSDALE CAPITAL ADVISORS

7170 E. McDonald Road, Suite 6, Scottsdale, Arizona   Tel. 480-603-4900   Fax. 480-603-4901

## NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

This NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT (the "Agreement") is made as of __June 22nd__, 2015, by __Christopher Lee Frenkel__ (the "Recipient") and SCOTTSDALE CAPITAL ADVISORS CORPORATION, an Arizona corporation, Alpine Securities Corporation an Utah corporation, Cayman Securities Clearing and Trading LTD a Cayman Limited Company and any associated company of the Hurry Family Revocable Trust (the "Discloser").

### RECITALS:

**WHEREAS**, Recipient and Disclosure have entered into discussions to form a business or employment relationship in connection with the Disclosure's business; and

**WHEREAS**, in connection with such discussions, the Discloser will communicate to the Recipient and grant the Recipient access to Confidential Information (as defined below) pertaining to Discloser's business, which Confidential Information the Recipient recognizes to be the sole property of the Discloser and highly confidential in nature and the transmission of which is granted in consideration of the Recipient's acceptance to sign this Agreement.

**NOW, THEREFORE**, THE PARTIES HERETO HEREBY AGREE AS FOLLOWS:

1.  CONFIDENTIAL INFORMATION DEFINITION

(a)  For purposes of this Agreement, "**Confidential Information**" means any data or information that is proprietary to the Discloser and not generally known to the public, whether in tangible or intangible form, whenever and however disclosed, including, but not limited to: (i) any marketing strategies, plans, financial information, or projections, operations, sales estimates, business plans and performance results relating to the past, present or future business activities of such party, its affiliates, subsidiaries and affiliated companies; (ii) plans for products or services, (iii) customer lists and account information; (iv) any scientific or technical information, invention, design, process, procedure, formula, improvement, technology or method; (v) any concepts, reports, data, know-how, works-in-progress, designs, development tools, specifications, computer software, source code, object code, flow charts, databases, inventions, information and trade secrets; and (vi) any other information that should reasonably be recognized as confidential information of the Discloser. Confidential Information need not be novel, unique, patentable, copyrightable or constitute a trade secret in order to be designated Confidential Information. The Recipient acknowledges that the Confidential Information is proprietary to the Discloser, has been developed and obtained through great efforts by the Discloser and that Discloser regards all of its Confidential Information as trade secrets under the Arizona Trade Secrets Act, as amended (A.R.S. §44-401 set seq.).

(b)  Notwithstanding anything in the foregoing to the contrary, Confidential Information shall not include information which: (i) was known by the Recipient prior to receiving the Confidential Information from the Discloser; (b) becomes rightfully known to the Recipient from a third-party source not known (after diligent inquiry) by the Recipient to be under an obligation to Discloser to maintain confidentiality; (c) is or becomes publicly available through no fault of or failure to act by the Recipient in breach of this Agreement; (d) is required to be disclosed in a judicial or administrative proceeding, or is otherwise requested or required to be disclosed by law or regulation, although the requirements of paragraph 4 hereof shall apply prior to any disclosure being made; and (e) is or has been independently developed by employees, consultants or agents of the Recipient without violation of the terms of this Agreement or reference or access to any Confidential Information.

2.  NON-DISCLOSURE AND NON-USE OF CONFIDENTIAL INFORMATION.

(a)  With respect to Confidential Information obtained by Recipient, Recipient (i) will not, and will not permit its officers, directors, employees, agents, independent contractors, advisors and affiliates (the "Representatives") to disclose, publish or disseminate Confidential Information to anyone other than its employees and agents on a need-to-know basis; (ii) advise its Representatives of the proprietary nature of the Confidential Information and of the obligations set forth in this Agreement; and require such Representatives to keep the Confidential Information confidential; (iii) shall keep all Confidential Information strictly confidential by using a reasonable degree of care, but not less than the degree of care used by it in safeguarding its own confidential information; and (iv) not disclose any Confidential Information received



(sca: 06-2015)                                                          Page 1 of 2

CONFIDENTIALITY AGREEMENT

by it to any third parties (except as otherwise provided for herein).

(b)    The Recipient agrees to use the Confidential Information solely in connection with the current or contemplated business relationship between the parties and not for any purpose other than as authorized by this Agreement without the prior written consent of an authorized representative of the Discloser. No other right or license, whether expressed or implied, in the Confidential Information is granted to the Recipient hereunder. Title to the Confidential Information will remain solely in the Discloser. All use of Confidential Information by the Recipient shall be for the benefit of the Discloser and any modifications and improvements thereof by the Recipient shall be the sole property of the Discloser.

3.    NO WARRANTY. All information is provided "AS IS" and without any warranty, whether express or implied, as to its accuracy or completeness.

4.    DISCLOSURE BY LAW. If Recipient or its Representatives is requested or required by any law, court or governmental order to disclose any Confidential Information, Recipient agrees to provide Disclosure with prompt written notice of each such request, to the extent practical, so that Discloser may seek an appropriate protective order or waive compliance by the Recipient with the provisions of this Agreement or both. If, absent the entry of a protective order or the receipt of a waiver under this Agreement, the Recipient or its Representatives is legally compelled or required to disclose such Confidential Information, Recipient may disclose such information to the persons and to the extent required without liability under this Agreement.

5.    RETURN OF DOCUMENTS. Within ten (10) business days of receipt of the Discloser's written request, the Recipient will return to the Discloser all documents, records and copies thereof containing Confidential Information. For purposes of this section, the term "documents" includes all information fixed in any tangible medium of expression, in whatever form or format.

6.    EQUITABLE RELIEF. The Recipient hereby acknowledges that unauthorized disclosure or use of Confidential Information could cause irreparable harm and significant injury to the Discloser. Accordingly, the Recipient agrees that the Discloser will have the right to seek and obtain immediate injunctive relief to enforce obligations under this Agreement in addition to any other rights and remedies it may have.

7.    NOTICE OF BREACH. Recipient shall notify the Discloser immediately upon discovery of any unauthorized use or disclosure of Confidential Information by Recipient or its Representatives, or any other breach of this AgreeIment by Recipient or its Representatives, and will cooperate with efforts by the Discloser to help the Discloser regain possession of Confidential Information and prevent its further unauthorized use.

8.    ENTIRE AGREEMENT AND GOVERNING LAW. This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior discussions, representations and agreements with respect to same. No modification to this Agreement shall be binding unless in writing and signed by both parties. This Agreement shall be governed and construed in accordance with the laws applicable in the State of Arizona.

9.    EXECUTION. This agreement may be executed by facsimile or other electronic signature. In the event that any signature is delivered by facsimile transmission or by email delivery of an electronic format data file (e.g., .pdf, .tiff, etc.), such signature shall create a valid and binding obligation of the party executing with the same force and effect as if such facsimile or electronic data file signature page were an original thereof.

**RECIPIENT**

By: _C. Fnkl_
Name: _Christopher Franke_
Title: _N/a_

Address: _4301 W Waterous Av_
_Tampa FL 33629_
Phone: ███
Email: ███

(sca: 06-2015)                                                Page 2 of 2