UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD., THE HURRY
FAMILY REVOCABLE TRUST,
SCOTTSDALE CAPITAL ADVISORS
CORPORATION, and ALPINE
SECURITIES CORPORATION,

    Plaintiffs,

v.                          Case No. 8:18-cv-2869-T-33CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Christopher Frankel's Motion for Judicial Notice (Doc. # 15), filed on December 17, 2018. Plaintiffs Cayman Securities Clearing and Trading Ltd., Scottsdale Capital Advisors, Alpine Securities Corporation, and the Hurry Family Revocable Trust failed to file a response in opposition to the Motion within the time parameters of Local Rule 3.01(b). Therefore, the Court considers the Motion to be unopposed.

At any stage of the proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

1

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); 201(d). "Notably, courts may take judicial notice of documents from a prior proceeding because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" Zurich Am. Ins. Co. v. Southern-Owners Ins. Co., 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)).

Nonetheless, while a court may take judicial notice of orders and other filings in another court, it may only do so "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). A court may not, however, take judicial notice of documents filed in another court for the truth of the matters asserted therein. Id.

In this case, Frankel requests the Court take judicial notice of three documents: (1) a decision by the National Adjudicatory Council of the Financial Industry Regulatory Authority involving Cayman, Scottsdale, Alpine, and John Hurry; (2) an order from the U.S. District Court of New Hampshire granting a motion to dismiss a case brought by

Scottsdale and John Hurry; and (3) an order from the U.S. District Court of Arizona granting a motion for summary judgment against Scottsdale and John Hurry in yet another case brought by Scottsdale and John Hurry. (Doc. # 15).

These documents are matters of public record, and the authenticity of these documents cannot reasonably be questioned. Horne, 392 F. App'x at 802. Moreover, the request is not opposed. Therefore, the Court takes judicial notice that the aforementioned proceedings occurred and the subject matter of those proceedings. However, the Court does not take judicial notice of any factual findings, arguments, or legal conclusions advanced within these documents.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Christopher Frankel's Motion for Judicial Notice (Doc. # 15) is **GRANTED** to the extent provided herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of January, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE