# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY                    CASE NO.: 8:18-cv-02869-VMC-CPT
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

      Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

      Defendant.

_____/

## OPPOSITION TO DEFENDANT'S MOTION FOR BOND UNDER § 501.211(3)

Plaintiffs, Cayman Securities Clearing and Trading LTD, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation, (collectively the "Hurry Parties"), oppose Defendant, Christopher Frankel's ("Defendant") Motion for Bond Under § 501.211(3) ("Motion") [Doc. 16], and state as follows.

## I.    INTRODUCTION

From August 2015 through October 2018, Defendant worked for Alpine Securities Corporation ("Alpine"), a full service broker-dealer, as a high-level employee. (Declaration of John Hurry ("Hurry Decl."), ¶ 4).  From August 2015 through July 2018, he served as its CEO, and from July 2018 through October 2018, he worked as a consultant. (*Id.* at ¶ 5).  Defendant left Alpine in October 2018 purportedly to explore independent opportunities. (*Id.* at ¶ 6). Alpine soon thereafter learned that, despite Defendant having signed a nondisclosure and confidentiality agreement (the "NDA"), he was using Alpine's and the other Hurry Parties' confidential

information and trade secrets for the benefit of his new business ventures. (*Id.* at ¶ 7 & Exhibit A). The Hurry Parties commenced this litigation against Defendant to prevent his use of their proprietary information and to remedy their prior losses.  (*Id.* at ¶ 9).

In an attempt to cast himself as the wronged party, Defendant has created a fictitious narrative that the Hurry Parties are trying to prevent him from competing against their businesses. To further this fiction, Defendant has brought the Motion, requesting that the Hurry Parties post a bond in order to proceed with their Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim.  Defendant's Motion should be denied because it is procedurally and factually deficient.

First, a motion to post a bond requires a finding that the FDUTPA claim was brought either without merit or for harassing purposes. Defendant's Motion proffers no such evidence. Instead, Defendant simply repeats his fictitious narrative and ignores the fact that (i) he signed the NDA, and (ii) the Hurry Parties' Complaint clearly states that Defendant used their confidential information and trade secrets for his own gain.

Second, Defendant's Motion is premature and cannot be decided in the absence of facts. Put simply, a motion for a bond under section 501.211 should not be decided before discovery has concluded.  *See, HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 2015 WL 13708771 (M.D. Fla. Dec. 2, 2015).

Because the Motion is devoid of any evidence that the Hurry Parties' FDUTPA claim is without merit or brought to harass Defendant, there is no reason to believe that Defendant would be able to present such evidence at an evidentiary hearing. The Motion is, therefore, baseless and should be denied or, in the alternative, stayed until the close of discovery.

## II.     **DEFENDANT HAS NOT MET HIS BURDEN OF PROOF**

The requirement of a bond is limited to the rare instances when the court, in its discretion, finds that the plaintiff has brought a FDUTPA claim either without legal or factual merit, or for the purpose of harassment. *Hamilton v. Palm Chevrolet-Oldsmobile, Inc.,* 366 So. 2d 1233, 1234-35 (Fla. Dist. Ct. App. 1979) ("It has been long recognized that the purpose of requiring a bond is to provide defendants an opportunity for redress for harassment rather than to discourage plaintiffs from seeking access to the courts. It is not every plaintiff who can be required to post a bond; only those plaintiffs whose suits appear to be without merit are subject to the requirement.")

Merely reciting that a plaintiff has not sufficiently stated a claim – or even successfully having a claim dismissed through a 12(b)(6) motion – does not establish a lack of merit. *See e.g., Mukamal v. Bakes*, 2008 WL 11406180, at *4 (S.D. Fla. Sept. 11, 2008) (after dismissing plaintiff's FDUTPA claim for lack of merit, Court held that "this conclusion does not mean that the claims were frivolous or that Plaintiff brought this action with the intent to harass Defendants"). A defendant must present **evidence** "directed towards the merits of the cause of action which is being prosecuted" in order to establish the necessity for a bond under § 501.211(3). *Icon Health & Fitness, Inc. v. IFITNESS, Inc.*, 2012 U.S. Dist. LEXIS 46830, *2 (S.D. Fla. April 3, 2012) "Only plaintiffs whose suits appear to be without merit are subject to the [bond] requirement." *Id*.

Defendant's Motion fails to demonstrate that the Hurry Parties' unfair competition claim is without merit or brought for harassment purposes. The Motion makes unsupported, vague, and conclusory allegations that the Hurry Parties are attempting to prevent him from competing with their businesses. Moreover, the Motion ignores the specific allegations in the complaint that Defendant is using the Hurry Parties' confidential information and trade secrets in violation of

NDA and in violation of various statutes. (*See,* Complaint at ¶¶ 17-20, 30, 34-41, 45-51, 55-61). Because Defendant cannot meet his burden of proof, the Motion should be denied.

A.      The Action Was Not Brought for Harassment Purposes

Defendant's Motion proffers no evidence to support its conclusion that the Hurry Parties commenced this action for harassment purposes. Defendant baselessly alleges that "the plaintiffs have no right to prevent Defendant from competing",[1] but ignores the fact that the Complaint clearly states that Defendant violated the NDA by using the Hurry Parties' trade secrets and confidential information for his own business purposes. (Complaint at ¶ 20) ("Defendant knowingly, willfully, and maliciously breached his obligations to Plaintiffs under the NDA and used confidential information obtained from Plaintiffs to solicit capital, establish banking relations, recruit Plaintiffs' clients, and compete with Plaintiffs' businesses. Among other things, Plaintiffs are informed and believe Defendant used the foregoing confidential information obtained from Plaintiffs to make a bid for a broker-dealer in Chicago.").

Defendant further claims that this "action is damaging Defendant's reputation and employment and business opportunities",[2] but offers no evidence nor affidavit to support this claim. Further, Defendant fails to explain how the natural effects of this lawsuit somehow evidence that the lawsuit was filed for harassment purposes.

To be clear, this action was not brought to harass Defendant, but to ensure that Defendant continues to abide by his contractual obligations and to remedy the Hurry Parties for Defendant's breaches of such obligations. The Hurry Parties are not attempting to prohibit Defendant from engaging in business, but merely seek to prevent Defendant from building his business off the

---

[1] Motion at p.9.
[2] Motion at p.9.

trade secrets and confidential information that the Hurry Parties spent time and resources cultivating.

       B.     <u>The Hurry Parties' FDUTPA Claim is Meritorious</u>

FDUTPA broadly declares unlawful any unfair or deceptive acts or practices committed in the conduct of any trade or commerce. *See,* Fla. Stat. § 501.204(1). The Act is intended to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1); *see also, Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc*., 693 So.2d 602, 605-06 (Fla. 2d DCA 1997) (discussing the purpose of FDUTPA in light of its legislative history). It is well established that the unlawful use of another's confidential information or trade secrets are considered violations of the FDUTPA. *See, XTec, Inc. v. Hembree Consulting Servs., Inc*., 183 F. Supp. 3d 1245, 1263 (S.D. Fla. 2016) (misappropriating trade secrets violates the FDUTPA); *CareerFairs.com v. United Bus. Media LLC*, 838 F. Supp. 2d 1316, 1323 (S.D. Fla. 2011) (misappropriation of business idea or trade secret violates FDUTPA); *Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.,* 123 So. 3d 1149, 1152 (Fla. Dist. Ct. App. 2012) (misappropriation of trade secret or proprietary information violates FDUTPA).

Here, it is undisputed that Defendant signed the NDA prior to being hired by the Hurry Parties, and that this agreement required Defendant to "keep all Confidential Information strictly confidential by using a reasonable degree of care [and]… not disclose any Confidential Information received by [him] to any third parties." (Exhibit A to Hurry Decl.). The agreement also required Defendant "to use the Confidential Information solely in connection with the current or contemplated business relationship between the parties and not for any purpose other than as

authorized by this Agreement without the prior written consent of an authorized representative of [Plaintiffs]." (*Id.*).

This action arises from Defendant breaching the NDA and misusing the Hurry Parties' trade secrets in violation of state and federal statutes. As stated in the Complaint, Defendant used the Hurry Parties' trade secrets and confidential information to solicit capital, establish banking relations, recruit the Hurry Parties' clients, and make a bid on a Chicago-based broker-dealer. (Complaint at ¶20). This conduct squarely falls within the FDUTPA, and the Hurry Parties' FDUTPA claim is, therefore, meritorious.

Conversely, Defendant has proffered no evidence to support his allegation that he is not using the Hurry Parties' information for his own business purposes. Accordingly, Defendant's Motion should be denied.

## III.   <u>DEFENDANT'S MOTION IS PREMATURE</u>

Defendant's Motion is premature because it cannot be determined at the early stages of litigation whether a claim is without merit or has been brought frivolously.  In *HRCC, Ltd*, the Middle District of Florida declined to schedule an evidentiary hearing on a bond early in the litigation because it found that "[i]t is not apparent at this stage of the litigation, while discovery remains ongoing, that [plaintiff's] FDUTPA claim is utterly lacking in legal or factual merit." *HRCC, Ltd*, 2015 WL 13708771, at *2. It noted that a more proper time for such a motion would be "at the summary judgment stage." *Id.*

Like the plaintiff in *HRCC, Ltd.*, the Hurry Parties have alleged the elements and factual support necessary to support their FDUTPA claim. Defendant has offered no evidence to the contrary. Nor has Defendant proffered evidence that the claim is somehow intended to harass him. Accordingly, the Court should deny Defendant's Motion.

## IV.   CONCLUSION

For the above-mentioned reasons, Defendant's Motion for Bond Under § 501.211(3) should be denied.

Dated this 10th day of January 2019.

/s/  Jordan Susman
Charles J. Harder, Esq.
Jordan Susman, Esq.
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

Kenneth G. Turkel – FBN 867233
Shane B. Vogt – FBN 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2601
E-mail:  kturkel@bajocuva.com
E-mail:  svogt@bajocuva.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Jordan Susman
Attorney