**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

    Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

    Defendant/Counter-Plaintiff.
_____/

CASE NO.: 8:18-cv-02869-VMC-CPT

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures | Feb. 1, 2019 |
| Certificate of Interested Persons and Corporate Disclosure Statement | Jan. 11, 2019 |
| Motions to Add Parties or to Amend Pleadings | Feb. 15, 2019 |
| Disclosure of Expert Reports<br>Plaintiff:    May 31, 2019<br>Defendant: June 28, 2019 | |
| Discovery Deadline | July 26, 2019 |
| Dispositive Motions, *Daubert,* and *Markman* Motions | Aug. 23, 2019 |

| | |
|---|---|
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [Court will set a date] | |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.) [Court will set a date] | |
| All Other Motions Including Motions *In Limine* [Court requires 2 months before Trial term begins] | |
| Final Pretrial Conference [Court will set a date]] | |
| Trial Term Begins [Trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | Feb. 2020 |
| Estimated Length of Trial | 5 days |
| Jury / Non-Jury | Jury |
| Mediation Deadline:   August 2, 2019  Proposed Date of Mediation:  To be mutually agreed upon by parties  Mediator:    To be mutually agreed upon by parties Address: Telephone: | |
| All Parties Consent to Proceed Before Magistrate Judge | No  Not Likely to Agree in Future |

## I.   Preparation of the Case Management Report

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person or by telephone on **January 7, 2019** and was attended by:

- Jordan Susman, Shane Vogt, and Margo Arnold, Counsel for Plaintiffs

- David Banker, Harold Holder, Counsel for Defendant

Once the parties have met and a case management report has been filed, discovery in this case can commence.

## II.   Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties **agree to exchange** information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) by **February 1, 2019**.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

## III.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that **one or more of the parties anticipate the disclosure or discovery of ESI in this case**.

Because disclosure or discovery of ESI will be sought, the parties began discussing the following issues:

A.   The form or forms in which ESI should be produced, a manner that is searchable.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including

3

specification of the topics for such discovery and the time period for which discovery will be sought. The parties agreed that they would likely seek email from June 2015 through the present.

      C.      Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata. The parties agreed that they would likely not seek metadata.

      D.      The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information. The parties agreed that they would likely seek email.

      E.      The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

      F.      Any issues relating to preservation of discoverable ESI.

      G.      Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

      H.      Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

      **All parties agree that a hearing is not needed at this time because they expect to be**

able to promptly resolve these disputes without assistance of the Court.

IV.  **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.    **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

**Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current, or will file the Certificate on or before January 11, 2019.**

    B.    **Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

    C.    **Limits on Discovery —**

Absent leave of Court, the parties may take no more than **ten depositions** per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than **twenty-five interrogatories**, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the

parties each **deposition** is limited to **one day of seven hours**. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29.

    **D.**    **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

    **E.**    **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

    **F.**    **Confidentiality Agreements** —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a

memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." The parties are discussing a Confidentiality Agreement concerning discovery.

**V.      Settlement and Alternative Dispute Resolution**.

    **A.      Settlement —**

The parties agree that settlement is **unlikely** at this time.

The parties **do not request** a settlement conference before a United States Magistrate Judge.

    **B.      Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. The parties **do not agree** to arbitrate.

    **C.      Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. **The parties have not yet agreed on a mediator, but will work together to select a mutually agreed upon mediator, whether from the Court's approved list of mediators, or otherwise.**

| | |
|---|---|
| Dated:  January 10, 2019. | Respectfully submitted, |

*/s/ Charles Harder*   */s/ David C. Banker*
Charles J. Harder   David C. Banker – FBN 352977
E-mail:  charder@harderllp.com   E-mail: dbanker@bushross.com
Jordan Susman   Harold D. Holder – FBN 118733
E-mail:  jsusman@harderllp.com   E-mail:  hholder@bushross.com
HARDER LLP   BUSH ROSS, PA
132 South Rodeo Drive, Fourth Floor   1801 N. Highland Avenue
Beverly Hills, CA  90212-2406   Tampa, Florida 33602
Tel: (424) 203-1600   Phone: 813-224-9255
Fax: (424) 203-1601   Fax: 813-223-9620

Kenneth G. Turkel – FBN 867233        *Attorneys for Defendant*
E-mail:  kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail:  svogt@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Charles Harder*
Attorney