UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CASE NO.: 8:18-cv-02869

**PLAINTIFFS' MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT**

    Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs, Cayman Securities Clearing and Trading LTD, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation, (collectively the "Hurry Parties") respectfully request leave to file their First Amended Complaint. The Hurry Parties' proposed First Amended Complaint is attached as Exhibit 1 to the concurrently filed Declaration of Jordan Susman ("Susman Decl.").

**I.    INTRODUCTION**

    On November 21, 2018, the Hurry Parties filed their initial Complaint in this action, alleging that Defendant Christopher Frankel ("Frankel"), a former CEO and consultant of Alpine Securities Corporation, used the Hurry Parties' confidential information and trade secrets for the benefit of his new business ventures, in violation of federal, state, and common law, and in breach of a written nondisclosure and confidentiality agreement (the "Original NDA").

On January 15, 2019, Frankel propounded document requests and interrogatories on the Hurry Parties. Upon reviewing their files to respond to the document requests, the Hurry Parties realized that Scottsdale Capital Advisors, Alpine Securities Corporation, and Frankel had entered into a second nondisclosure agreement ("Employee Nondisclosure Agreement") that superseded the Original NDA as to those parties.

The Hurry Parties now move for leave to amend their Complaint to ensure that the proper parties are seeking to enforce the proper written agreements. Specifically, Cayman Securities Clearing and Trading LTD and the Hurry Family Revocable Trust's breach of contract claim is pursuant to the Original NDA, whereas Scottsdale Capital Advisors and Alpine Securities Corporation's breach of contract claim is pursuant to the Employee Nondisclosure Agreement.

Per the Court's Case Management and Scheduling Order [Dkt. 29], Motions to Amend Pleadings must be filed on or before February 15, 2019.

Discovery in this action has just begun, and permitting the Hurry Parties to amend their Complaint will not cause undue delay or other prejudice to Frankel. In light of this need for amendment and absence of prejudicial impact, the Hurry Parties request that the Court grant their motion and give them leave to file their First Amended Complaint.

Frankel refused Plaintiffs' request to stipulate to allow Plaintiffs to file the amended complaint.

## II.     ARGUMENT

Per Rule 15(a)(2)15(a) of the Federal Rules of Civil Procedure, after a complaint has been served, a party must seek leave of court or written consent of the adverse party in order to amend the pleading under. "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001). A timely motion for leave, however, is held to "a very liberal standard," and leave to amend should be freely given when justice so requires. *See Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co.,* 184 F.R.D. 674, 678 (M.D. Fla. 1999). According to United States Supreme Court, a court may only deny leave to amend if there is a "justifying reason" for the

denial. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("…outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). Justifying reasons to deny eave to amend include "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment." *Id.* at 182.

Here, there has been no undue delay, bad faith, or dilatory motive. The Hurry Parties were simply unaware of the Employee Nondisclosure Agreement until they were reviewing documents in order to respond to production requests. (Susman Decl., ¶ #). The Hurry Parties then prepared an amended complaint that omits Scottsdale Capital Advisors and Alpine Securities Corporation from the original breach of contract claim and adds an additional breach of contract claim based upon the Employee Nondisclosure Agreement. (*See* Exhibit 1, Susman Decl.).

Frankel will not be prejudiced by the First Amended Complaint, as this case is in its infancy. Discovery only recently commenced, and no depositions have occurred.

Finally, these amendments to the Complaint are not futile. There were no pleading defects in the original complaint, and the proposed First Amended Complaint similarly meets the pleading requirements.

On February 8 and 11, 2019, counsel for the Hurry Parties contacted Frankel's counsel, and asked if Frankel would stipulate to the leave to amend. Susman Decl., ¶ #). On February 11, 2019, Frankel's counsel stated that, under no circumstances, would Frankel so stipulate. (*Id.*)

The Hurry Parties immediately thereafter requested leave to amend from the Court.

### III. CONCLUSION

For the foregoing reasons, the Hurry Parties respectfully request that the Court grant their motion and give them leave to file their First Amended Complaint.

DATED: February 11, 2019            By: */s/ Jordan Susman*
　　　　　　　　　　　　　　　　　　　　Charles J. Harder, Esq.
　　　　　　　　　　　　　　　　　　　　Admitted Pro Hac Vice
　　　　　　　　　　　　　　　　　　　　Jordan Susman, Esq.
　　　　　　　　　　　　　　　　　　　　Admitted Pro Hac Vice
　　　　　　　　　　　　　　　　　　　　HARDER LLP
　　　　　　　　　　　　　　　　　　　　132 South Rodeo Drive, Suite 301
　　　　　　　　　　　　　　　　　　　　Beverly Hills, CA  90212-2406
　　　　　　　　　　　　　　　　　　　　Tel: (424) 203-1600
　　　　　　　　　　　　　　　　　　　　Fax: (424) 203-1601
　　　　　　　　　　　　　　　　　　　　Email:  charder@harderllp.com
　　　　　　　　　　　　　　　　　　　　Email:  jsusman@harderllp.com

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　Kenneth G. Turkel, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 867233
　　　　　　　　　　　　　　　　　　　　Shane B. Vogt, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0257620
　　　　　　　　　　　　　　　　　　　　BAJO | CUVA | COHEN | TURKEL
　　　　　　　　　　　　　　　　　　　　100 North Tampa Street, Suite 1900
　　　　　　　　　　　　　　　　　　　　Tampa, Florida 33602
　　　　　　　　　　　　　　　　　　　　Tel:  (813) 443-2199
　　　　　　　　　　　　　　　　　　　　Fax: (813) 443-2193
　　　　　　　　　　　　　　　　　　　　Email:  kturkel@bajocuva.com
　　　　　　　　　　　　　　　　　　　　Email:  svogt@bajocuva.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs