UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                          Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

# EXHIBIT 1

## Plaintiffs' Responses to Frankel's Interrogatories

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                      Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.

_____/

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO FRANKEL'S FIRST SET OF INTERROGATORIES

Plaintiffs Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively "Plaintiffs"), by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26 and 33, hereby respond and object to Frankel's First Set of Interrogatories.

### GENERAL OBJECTIONS

1.    Plaintiffs object to these interrogatories to the extent that they exceed or impose upon Plaintiffs duties beyond those required by the Federal Rules of Civil Procedure and/or other applicable law.

2.    Plaintiffs object to the interrogatories to the extent that they seek information (a) that is not in the possession, custody, or control of Plaintiffs; (b) that Plaintiffs cannot locate after a reasonably diligent search; or (c) that refers to persons, entities, or events not known to Plaintiffs. To the extent that Plaintiffs provide information in response to the interrogatories,

1

Plaintiffs do so based upon a reasonably diligent search for responsive information within their possession, custody or control.

    3.    Discovery is ongoing and Plaintiffs reserves the right at any time to revise, modify, supplement or clarify any of the responses herein set forth.

### SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

    1.    State in detail all Confidential Information and the owners of all Confidential Information which you contend Chris Frankel has used unlawfully.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objection, Plaintiffs will not state in detail all Confidential Information which they contend Chris Frankel has used unlawfully until a confidentially agreement is entered into. Plaintiffs state that the owners of all the confidential information which they contend Defendant used unlawfully are: Scottsdale Capital Advisors Corporation and Alpine Securities Corporation.

    2.    Identify each document containing Confidential Information which you contend Chris Frankel has used unlawfully.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Plaintiffs object to this Interrogatory on the grounds that it is unnecessarily burdensome and duplicative because Defendant has already requested that Plaintiffs produce

such documents.  In light of the foregoing objections, Plaintiffs will produce responsive documents once a confidentially agreement is entered into.

3. State in detail what you contend Chris Frankel has done that constitutes unlawful use of all Confidential Information which you contend that Chris Frankel has used unlawfully.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it is unintelligible and confusing in its word choice. To the extent that Plaintiffs understand the Interrogatory, they state that Frankel has used their confidential information, information which he agreed to keep "strictly confidential" and to "not disclose… to any third parties," to further his own business interests. This information includes, without limitation, client account information, contact information, and transaction history, Plaintiffs' financial relationships and the terms of those relationships. Using the foregoing information, Defendant attempted to solicit Plaintiffs' clients; sought financial backing from entities and individuals with whom Plaintiffs had relationships; attempted to purchase a broker-dealer based.

4. Regarding your allegation in paragraph 20 of your complaint, which states: "Upon information and belief, after leaving Alpine, if not earlier, Defendant [Chris Frankel] knowingly, willfully, and maliciously breached his obligations to Plaintiffs under the NDA and used confidential information obtained from Plaintiffs to solicit capital, establish banking relations, recruit Plaintiffs' clients, and compete with Plaintiffs' businesses. Among other things, Plaintiffs are informed and believe Defendant used the foregoing confidential information obtained from Plaintiffs to make a bid for a broker-dealer in Chicago", provide the following information:

3

   a. State all facts which support your allegation including the Confidential Information used, the capital solicited, the banking relations established, the clients recruited, the activity competitive with the plaintiffs in which Chris Frankel engaged, and the broker-dealer on which Chris Frankel bid;
   b. Identify all persons having knowledge of the facts which support your allegation, and the facts known by each person; and
   c. Identify all documents which support your allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Plaintiffs object to this Interrogatory on the grounds that it requests information solely known to Defendant which Plaintiffs will only be able to ascertain through their own discovery requests. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information.  Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine.  Although

Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

5. Regarding your allegation in paragraph 30 of your complaint that "Defendant [Chris Frankel] materially breached the NDA by disclosing Confidential Information (as defined in the NDA) to third parties in breach of paragraph 2(a) of the NDA. In addition, Defendant [Chris Frankel] materially breached paragraph 2(b) of the NDA by using Confidential Information for his own benefit and not for the benefit of Plaintiffs", provide the following information:

   a. State all facts which support your allegation including the Confidential Information disclosed and the third parties to whom the Confidential Information was disclosed;

   b. Identify all persons having knowledge of the facts which support this allegation, and the facts known by each person; and

   c. Identify all documents which support the allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a

5

"producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information. Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine. Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

6.     Regarding your allegations in paragraphs 39 and 49 of your complaint that "Defendant [Chris Frankel] misappropriated, disclosed, and used the Trade Secrets for his own benefit", provide the following information:

   a. State all facts which support your allegation including the Trade Secrets which Chris Frankel misappropriated and disclosed, the third parties to whom he disclosed them, and how Chris Frankel used the Trade Secrets for his own benefit;
   b. Identify all persons having knowledge of the facts which support this allegation, and the facts known by each person; and
   c. Identify all documents which support the allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested

information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information. Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine. Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

7. Regarding your allegation in paragraph 57 of your complaint that "Defendant [Chris Frankel] engaged in unfair methods of competition and deceptive and/or unfair business practices by using Plaintiffs' confidential information and Trade Secrets to solicit Plaintiffs' clients, establish relationships with their financial institutions and investors, and attempt to acquire a broker-dealer in Chicago", provide the following information:

    a. State all facts which support your allegation including the Confidential Information and Trade Secrets which Chris Frankel unlawfully used, the clients whom Chris Frankel solicited, the financial institutions and investors with whom Chris Frankel established relationships, the broker-dealer which Chris Frankel attempted to acquire,

and how Chris Frankel used the Confidential Information and Trade Secrets unlawfully to do these things;

b. Identify all persons having knowledge of the facts which support your allegation, and the facts known by each person; and

c. Identify all documents which support your allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information. Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine. Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

8. Regarding the allegations in your complaint that Chris Frankel's unlawful use of your Confidential Information has caused you to sustain damages, provide the following information:

   a. Describe all components, amounts, and method of calculation of all damages which you have sustained;

   b. Identify all persons having knowledge of the facts which support your damage allegations, and the facts known by each person; and

   c. Identify all documents which support your damage allegations.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the facts concerning the harm caused to Plaintiffs by Defendant's misuse of confidential information. This is also subject to expert testimony. Discovery is ongoing.

9. Regarding the statement in paragraph 7 of John Hurry's declaration filed in this case, that "Alpine soon thereafter learned that, despite Frankel having signed a nondisclosure and confidentiality agreement (the "NDA"), he was using Alpine's and the other Hurry Parties'

9

confidential information and trade secrets for the benefit of his new business ventures", provide the following information:

   a. State in detail how Alpine learned that Frankel was using Alpine's and the other Hurry Parties' confidential information and trade secrets for the benefit of Chris Frankel's new business ventures, identify all of the facts that Alpine learned, and identify the persons from which Alpine learned each fact.

   b. State all of the Confidential Information and trade secrets that Frankel used, identify each of Frankel's new business ventures which benefited from Frankel's use of the confidential information and trade secrets, and state in detail how Frankel's new business ventures benefited.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information. Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase

10

a new broker dealer, with capabilities equal, if not superior, to those at Alpine. Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

10.     Regarding your allegations in paragraphs 22, 31, and 60 of your complaint that you have suffered and will continue to suffer irreparable harm from Chris Frankel's unlawful use of your Confidential Information, provide the following information:

    a. State in detail how you have suffered and will continue to suffer irreparable harm;

    b. Identify all persons having knowledge of the facts which support your allegations of irreparable harm and the facts known by each person; and

    c. Identify all documents which support your allegations of irreparable harm.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it is compound and should have been separated into multiple individual interrogatories. Plaintiffs further object to this Interrogatory on grounds that investigation and discovery are continuing and they are still uncovering the irreparable harm that Defendant's actions have caused. Plaintiffs further object to this Interrogatory on the grounds that it assumes irreparable harm can be easily detailed and/or quantified. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the facts concerning the harm caused to Plaintiffs by Defendant's misuse of confidential information. This is also subject to expert testimony. Discovery is ongoing.

Dated this 13th day of February 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2019, I caused Plaintiffs' Objections and Responses to Frankel's First Set of Interrogatories to be served on all counsel of record by email at the following addresses:

David C. Banker (Fla. Bar No. 352977)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax: 813-223-9620
Primary: dbanker@bushross.com;
         hholder@bushross.com
Secondary: aflowers@bushross.com
Attorneys for Defendant

By:  /s/ Margo J. Arnold

12

## CAYMAN SECURITIES CLEARING AND TRADING LTD'S VERIFICATION

I, Michael Cruz, am U.S. General Counsel and the Anti-Money Laundering Compliance Officer of Capital Financial Ltd, SECZ, formally known as Cayman Securities Clearing And Trading LTD, and the proper person to sign the foregoing Responses to Frankel's Interrogatories. The foregoing Responses to Frankel's Interrogatories are true and correct to the best of my knowledge, information and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2019

_____
MICHAEL CRUZ

## SCOTTSDALE CAPITAL ADVISORS CORPORATION'S VERIFICATION

I, Michael Cruz, am General Counsel of Scottsdale Capital Advisors Corporation and the proper person to sign the foregoing Responses to Frankel's Interrogatories. The foregoing Responses to Frankel's Interrogatories, are true and correct to the best of my knowledge, information and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2019

_____
MICHAEL CRUZ

## ALPINE SECURITIES CORPORATION'S VERIFICATION

I, Michael Cruz, am General Counsel of Alpine Securities Corporation and the proper person to sign the foregoing Responses to Frankel's Interrogatories. The foregoing Responses to Frankel's Interrogatories, are true and correct to the best of my knowledge, information and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2019

_____
MICHAEL CRUZ

## THE HURRY FAMILY REVOCABLE TRUST'S VERIFICATION

I, John Hurry, am a Trustee of the Hurry Family Revocable Trust and the proper person to sign the foregoing Responses to Frankel's Interrogatories. The foregoing Responses to Frankel's Interrogatories are true and correct to the best of my knowledge, information and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2019

JOHN HURRY