UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                            Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

# EXHIBIT 2

**Plaintiffs' Initial Disclosures – 2/1/19**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

        Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

        Defendant/Counter-Plaintiff.
_____/

CASE NO.:  8:18-cv-02869-VMC-CPT

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1), plaintiffs Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively "Plaintiffs"), hereby submit their initial disclosures to defendant Christopher Frankel ("Defendant").  These initial disclosures are based on information that is reasonably available to Plaintiffs at this time and at this stage of the proceedings.  Plaintiffs make these disclosures: (1) without admitting or conceding the admissibility or relevance of any of the information disclosed or referenced; (2) without prejudice to their rights to invoke the attorney-client privilege, work-product doctrine, or any other privilege or immunity pertaining to any of the information disclosed or referenced; (3) without prejudice to their rights to object to the use of any of the information disclosed or referenced in this or any other proceeding or action; and (4) while reserving the right to supplement or amend these initial disclosures and/or to use documents not described herein as more information becomes available

during the course of this action. Plaintiffs reserve the right to use any documents or information disclosed or provided by any other party or person for any purpose to the fullest extent permitted by law and to rely upon the individuals identified below for subjects other than those identified in this disclosure.

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| Individual | General Subject Matter Area of Knowledge |
|---|---|
| John Hurry<br>c/o Plaintiffs' counsel | • Defendant's breach of his nondisclosure and confidentiality agreement<br>• The confidential and trade secret nature of documents and information created by Plaintiffs<br>• The damage caused by Defendant<br>• All matters raised in the Complaint |
| Mike Cruz<br>c/o Plaintiffs' counsel | • Defendant's breach of his nondisclosure and confidentiality agreement<br>• The confidential and trade secret nature of documents and information created by Plaintiffs<br>• The damage caused by Defendant<br>• All matters raised in the Complaint |
| Henry Diekmann<br>c/o Plaintiffs' counsel | • Defendant's breach of his nondisclosure and confidentiality agreement<br>• The confidential and trade secret nature of documents and information created by Plaintiffs<br>• The damage caused by Defendant<br>• All matters raised in the Complaint |
| Joseph Walsh<br>c/o Plaintiffs' counsel | • Defendant's breach of his nondisclosure and confidentiality agreement<br>• The confidential and trade secret nature of documents and information created by Plaintiffs<br>• The damage caused by Defendant |

|  |  |
|---|---|
|  | • All matters raised in the Complaint |
| Christopher Frankel<br>c/o Defendant's counsel | • Defendant's breach of his nondisclosure and confidentiality agreement<br>• The damage caused by Defendant<br>• All matters raised in the Complaint and Answer |
| James Kelley<br>813-270-1383 | • Defendant's breach of his nondisclosure and confidentiality agreement |

Plaintiffs reserve the right to supplement this list of witnesses upon the discovery of additional individuals possessing discoverable information.

**2. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs will produce all non-privileged documents supporting their claims in this action. Confidential documents will be produced upon the entry of an acceptable agreement between the parties for designating documents as confidential.

- The Non-Disclosure and Confidentiality Agreement signed by Defendant on June 22, 2015.

- Documents that contain confidential information or trade secrets, including business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information of Alpine Securities Corporation and its clients.

- Documents that contain confidential information or trade secrets, including business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information of Cayman Securities Clearing and Trading LTD and its clients.

- Documents that contain confidential information or trade secrets, including business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information of Scottsdale Capital Advisors and its clients.

- Documents that contain confidential information or trade secrets, including its business practices, financial relationships and terms of those relationships, and private financial information of the Hurry Family Revocable Trust.

- Documents identified or produced in response to discovery as may be identified or used by any expert witness.

- Documents designated in Defendant's Initial Disclosures, used in depositions, or that are introduced at trial.

Discovery and investigation is ongoing, and Plaintiffs reserve the right to identify and use additional documents if, during the course of discovery and investigation, Plaintiffs learn that such additional documents are relevant to the claims and defenses in this action. Plaintiffs will produce such additional documents upon learning of their relevance to the case and/or coming into their possession in accordance with Plaintiffs' disclosure obligations. Further, Plaintiffs believe that additional documents supporting Plaintiffs' claims in this action are in the sole and exclusive possession, custody, and control of Defendant and/or third parties.

3. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs' damages and losses arising from Defendant's misconduct continues to be discovered, and are unknown at this time.

At the present time, Plaintiffs intend to seek the following categories of damages, plus pre-judgment interest, in an amount to be determined through discovery and at trial:

- Actual damages and consequential damages;
- Lost profits;
- Reasonable royalty;
- Exemplary damages;
- Disgorgement of Defendant's unjust enrichment;
- Attorneys' fees pursuant to Arizona Revised Statute §12-341.01 and 18 U.S.C. § 1836(b)(3)(D), Florida Statute § 688.005; Florida's Deceptive and Unfair Trade Practices Act
- Exemplary damages pursuant 18 U.S.C. § 1836(b)(3)(C), Florida Statute § 688.004(2)
- Costs of suit.

Plaintiffs' damages analysis is by necessity preliminary. Due to the nature of this case, which involves Defendant's misuse of confidential information, the calculation of the precise amount of Plaintiffs' damages will require expert analysis and testimony, and Plaintiffs reserve the right to supplement this disclosure and/or to present additional theories of damages that are discovered or developed during the pendency of the action.

4. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Dated:  February 1, 2019

Respectfully submitted,

/s/  Jordan Susman
Charles J. Harder, Esq.
*Pro Hac Vice Granted*
Jordan Susman, Esq.
*Pro Hac Vice Granted*
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

Attorneys for Plaintiffs and Counter-Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February 2019, a copy of the foregoing was served via U.S. Mail to each of the following:

David C. Banker
J. Carter Andersen
Harold D. Holder
Bush Ross, P.A.
1801 N. Highland Avenue
Tampa, FL 33602
*Attorneys for Defendant*

Marcie Moreno
Assistant to attorney
Jordan Susman