UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

# EXHIBIT 4

## Plaintiffs' Responses to Frankel's Request to Produce

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                          Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.

_____/

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO FRANKEL'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiffs Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively "Plaintiffs"), by and through their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 34, hereby respond and object to Frankel's First Set of Requests for Production.

### GENERAL OBJECTIONS

1.    Plaintiffs object to these requests to the extent that they exceed or impose upon Plaintiffs duties beyond those required by the Federal Rules of Civil Procedure and/or other applicable law.

2.    Plaintiffs object to the requests to the extent that they seek documents (a) that is not in the possession, custody, or control of Plaintiffs; (b) that Plaintiffs cannot locate after a reasonably diligent search; or (c) that refers to persons, entities, or events not known to Plaintiffs. To the extent that Plaintiffs provide information in response to the requests, Plaintiffs

1

do so based upon a reasonably diligent search for responsive information within their possession, custody or control.

3. Discovery is ongoing and Plaintiffs reserves the right at any time to revise, modify, supplement or clarify any of the responses herein set forth.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

All documents identified or reviewed in responding to the accompanying interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiffs object to this Request to the extent that it is not relevant to any party's claim or defense and proportional to the needs of the case. Plaintiffs object to this Request on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Plaintiffs object to this Request on the grounds that it calls for documents protected by the attorney-client privilege. Without waiving the foregoing objections, Plaintiffs state that they have no responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**

All documents containing your Confidential Information which you contend Chris Frankel has used unlawfully.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiffs object to this Request on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objection, Plaintiffs will not respond to this Request. After the

2

parties enter into a confidentiality agreement, Plaintiffs will provide non-privileged documents sufficient to show confidential Information that Defendant has used unlawfully.

**REQUEST FOR PRODUCTION NO. 3**

All documents which support the allegations in your complaint that Chris Frankel unlawfully used your Confidential Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiffs object to this Request on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Without waiving the foregoing objections, Plaintiffs will produce the responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**

All documents which support the damage allegations in your complaint

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiffs object to this Request on the grounds that discovery and investigation are ongoing. Plaintiffs further object to this Request on the grounds that it assumes Plaintiffs' damage can be reduced to documentation. Plaintiffs object on the basis that this is subject to expert testimony. In light of the foregoing objections, Plaintiffs will not respond to this Request. After the parties enter into a confidentiality agreement, Plaintiffs will provide non-privileged documents sufficient to show their damages.

**REQUEST FOR PRODUCTION NO. 5**

All communications with and documents received from clients, investors, capital sources, banks, broker-dealers, and any other third parties concerning Chris Frankel's unlawful use of your Confidential Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Plaintiffs object to this Request on the grounds that it requests confidential information and that there is not yet a confidentially agreement in this case that would prevent Defendant

from using such requested information for his own, non-litigation related benefit. Without waiving the foregoing objections, Plaintiffs state that they have no responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6**

All documents which support your allegations of irreparable harm in your complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiffs object to this Request on the grounds that discovery and investigation are ongoing. Plaintiffs further object to this Request on the grounds that it assumes Plaintiffs' irreparable harm can be reduced to documentation. Plaintiffs object on the basis that this is subject to expert testimony. Without waiving the foregoing objections, Plaintiffs state that they have no responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**

A copy of the Hurry Family Revocable Trust, including all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Plaintiffs object to this Request on the grounds that it is not relevant to any party's claim or defense and proportional to the needs of the case. The structure of the Trust does not have any relation to Defendant's agreement not to disclose the Trust's confidential information, the identification of the Trust's confidential information, or Defendant's wrongful use of the Trust's confidential information. In light of the foregoing objection, Plaintiffs will not respond to this Request.

Dated this 13th day of February 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406

Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2019, I caused Plaintiffs' Objections and Responses to Frankel's First Set of Requests for Production to be served on all counsel of record by email at the following addresses:

David C. Banker (Fla. Bar No. 352977)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax: 813-223-9620
Primary: dbanker@bushross.com;
         hholder@bushross.com
Secondary: aflowers@bushross.com
Attorneys for Defendant

By:  /s/ Margo J. Arnold