UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD., THE HURRY
FAMILY REVOCABLE TRUST,
SCOTTSDALE CAPITAL ADVISORS
CORPORATION, and ALPINE
SECURITIES CORPORATION,

        Plaintiffs,

v.                             Case No. 8:18-cv-2869-T-33CPT

CHRISTOPHER FRANKEL,

        Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiffs Cayman Securities Clearing and Trading Ltd., Scottsdale Capital Advisors, Alpine Securities Corporation, and the Hurry Family Revocable Trust's Motion for Leave to File First Amended Complaint (Doc. # 34), filed on February 11, 2019. Defendant Christopher Frankel responded in opposition on February 25, 2019. (Doc. # 35). For the reasons that follow, the Motion is granted.

**I.**   **Background**

On November 21, 2018, Plaintiffs initiated this action against Frankel for breach of contract and common law unfair competition, as well as for violations of the Defend Trade

1

Secrets Act, Florida's Uniform Trade Secrets Act, and Florida's Deceptive and Unfair Trade Practices Act. (Doc. # 1). According to Plaintiffs, Frankel — a former CEO and consultant to Alpine Securities — entered into a nondisclosure agreement with Plaintiffs, which Frankel breached after the parties' business relationship ended. (Id. at ¶ 13). Frankel filed his answer, affirmative defenses, and counterclaim on December 17, 2018. (Doc. # 14). Subsequently, the Court entered its Case Management and Scheduling Order, which set the deadline to amend pleadings as February 15, 2019, and the parties began the discovery process. (Doc. # 29).

After being served document requests and interrogatories by Frankel, Plaintiffs discovered that the parties had entered into a second nondisclosure agreement that superseded the original nondisclosure agreement. (Doc. # 34 at 2). As a result, on February 11, 2019, Plaintiffs filed the instant Motion for Leave to File First Amended Complaint, arguing Cayman Securities and the Hurry Trust's breach of contract claims are based on the original nondisclosure agreement, while Alpine Securities and Scottsdale Capital's breach of contract claims are based on the second nondisclosure agreement. (Id.).

**II. <u>Discussion</u>**

Federal Rule of Civil Procedure 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Still, this Court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001).

Plaintiffs argue the amendment is appropriate "to ensure that the proper parties are seeking to enforce the proper written agreements." (Doc. # 34 at 2). Plaintiffs contend there has been no undue delay or improper motive because they were unaware of the second nondisclosure agreement until they began reviewing their documents. (<u>Id.</u> at 3). In support, Plaintiffs offer the declaration of their attorney stating the same. (Doc. # 34-1). Plaintiffs also insist the amendment would not be futile and would not cause undue prejudice to Frankel. (Doc. # 34 at 3).

In response, Frankel argues Plaintiffs' Motion should be denied because the proposed amended complaint, like the

3

initial complaint, "allege[s] no facts, only conclusory allegations of misappropriation." (Doc. # 35 at 2). Instead, "[P]laintiffs should be required to file an amended complaint which pleads facts showing that they have viable, plausible claims." (Id. at 7).

If Frankel believes Plaintiffs have failed to state a claim, Frankel should file an appropriate motion – supported by a memorandum of legal authority — under the Federal Rules of Civil Procedure. Likewise, regarding Frankel's arguments on Plaintiffs' conduct during discovery, Frankel should file an appropriate motion if he believes Plaintiffs have failed to sufficiently respond to his discovery requests.

Given Rule 15's liberal policy toward amendment, Plaintiff's Motion for Leave is granted. Plaintiffs are permitted to file the amended complaint attached to their Motion as a separate pleading by February 28, 2019.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiffs Cayman Securities Clearing and Trading Ltd., Scottsdale Capital Advisors, Alpine Securities Corporation, and the Hurry Family Revocable Trust's Motion for Leave to File First Amended Complaint (Doc. # 34) is **GRANTED**. Plaintiffs are permitted to file the amended complaint

4

attached to their Motion as a separate pleading by **February 28, 2019**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of February, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE