UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY             Case No. 8:18-cv-02869-VMC-CPT
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

     Plaintiffs,

v.

CHRISTOPHER FRANKEL,

     Defendant.

_____/

### PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES FROM DEFENDANT CHRISTOPHER FRANKEL

Plaintiffs, Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively the "Hurry Parties"), by counsel and pursuant to Local Rule 3.01 and Rule 37 of the Federal Rules of Civil Procedure, move to compel amended interrogatory responses from Defendant, Christopher Frankel ("Frankel" or "Defendant").  The grounds upon which this motion is based and reasons it should be granted are as follows:

### BACKGROUND

This action arises from Defendant's unlawful use of confidential information obtained from the Hurry Parties to destroy their businesses, abscond with their clients, and unfairly compete with the Hurry Parties.  *See* First Amended Complaint ("FAC"), ¶ 1.

On January 15, 2019, the Hurry Parties served their First Set of Interrogatories upon Defendant.  On February 14, 2019, Defendant served his Responses to the First Set of

1

Interrogatories.   Defendant objected and refused to provide full and complete responses to Interrogatories Nos. 2, 3, 4, and 7.

As more specifically set forth below, Defendant's responses to Interrogatories Nos. 2, 3, 4, and 7 were insufficient under Rule 33 of the Federal Rules of Civil Procedure and the Middle District Handbook on Civil Discovery Practice.  On February 27, 2019, the Hurry Parties sent a good faith demand to Defendant regarding these insufficiencies.  On March 7, 2019, the Hurry Parties' counsel and counsel for Defendant had a telephone conference to address Defendant's deficient discovery responses.  Despite the Hurry Parties' effort to resolve the deficiencies, Defendant elected not to amend any of his responses to the First Set of Interrogatories.

## ARGUMENT

The scope of discovery permitted under Rule 26(b) of the Federal Rules of Civil Procedure is exceedingly broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1); *McBride v. Rivers*, 170 Fed. Appx. 648, 659 (11th Cir. 2006) (the scope of allowable discovery is determined by the claims and defenses raised in the case).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The party resisting discovery carries the burden to show why the requested discovery should not be permitted.  *See McLane v. Ethicon Endo-Surgery, Inc.,* No. No. 3:12-cv-406-J-99MMH-TEM, 2013 WL 5556147, *2 (M.D. Fla. Oct. 8, 2013).   "The burden on the resisting party is to specifically show how the objected-to request is unreasonable, irrelevant, or otherwise unduly burdensome." *Id*

The four interrogatories at issue here concern specific, concrete allegations contained within the operative complaint.  Defendant's objections and refusal to fully and completely

2

respond to Interrogatories Nos. 2, 3, 4, and 7 have and are impeding the Hurry Parties' ability to obtain information regarding nonprivileged matters that are relevant Plaintiffs' claims per Federal Rule of Civil Procedure, Rule 26(b)(1)).   *See* Fed. R. Civ. Proc. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and **fully** in writing under oath.") (Emphasis added.) "For the purposes of the Federal Rules of Civil Procedure, incomplete or evasive interrogatory answers are treated as a failure to answer." *Lockwood v. Shands Jacksonville Med. Ctr. Inc.*, No. 3:09-CV-376-J-20MCR, 2010 WL 2035117, at *2 (M.D. Fla. May 21, 2010) (citing *Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977)).

In addition, Defendant's objection on the basis of confidentiality is not a valid objection. *See McKellips v. Kumho Tire Co.,* 305 F.R.D. 655, 661 (D. Kan. 2015) ("A concern for protecting confidentiality does not equate to privilege. While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it generally is not a valid objection for withholding discovery altogether."); *see also Palaniappan v. Norton Health Sound Corp.*, No. 3:10-CV-00175-TMB, 2012 WL 13032959, at *3 (D. Alaska Mar. 7, 2012) ("absent a motion for a protective order, confidentiality is not a valid objection to discovery requests"); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996) ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P. 26(b)").

Moreover, the Hurry Parties already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit their use "solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory

proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-CV-1045-ORL-GJK, 2012 WL 12903171, at *6 (M.D. Fla. Jan. 30, 2012) (in ruling on motion to compel, Court ordered a party to produce responsive confidential documents pursuant to the parties' confidentiality agreement).

## A.    Defendant's Objections Should Be Overruled

For the following reasons, Defendant's objections to Interrogatories No. 2, 3, 4 and 7 are improper and legally insufficient, and he should be compelled to provide full and complete answers:

> **Interrogatory No. 2:**   Identify [defined therein to mean "state the full name, present or last known residential and business address and phone number(s), and such person's relationship, if any, to you"] all current or former clients of Plaintiffs with whom you have communicated since August 1, 2018.

> **Defendant's Answer:**   I recall that the following persons and entities, who have done business with one or more of the plaintiffs, have contacted and communicated with me since August 1, 2018:

> a.    Kurt Kramer – Power Up Lending and Asher Enterprises;
> b.    Bryan Collins / Sam O'Shana – Silverback and Rockwell Capital;
> c.    Coby Neuenschwander / John Fife – Chicago Venture;
> d.    Adam Long – L2 Capital;
> e.    Al Sollami – Auctus;
> f.    Vince Searra – EROP;
> g.    Steve Hicks – Livingston and Southridge;
> h.    Chip Cleland / Paul Winkle / Nick Solerno – Continuation Capital; and
> i.    Felicia – EMA.

> I knew and had prior business relationships with the underlined individuals and entities before my association with Alpine. Many of the foregoing individuals and entities, including EROP/Searra and EMA/Felicia, initiated contact with me after my employment with Alpine ceased.

> **Reasons to Compel Complete Response:**   Defendant's Answer is incomplete.  "A party is entitled to the facts relevant to the litigation. The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *Wright v. Logan*, No.

4

608CV1538ORL35GJK, 2010 WL 11507091, at *2 (M.D. Fla. Apr. 14, 2010) (internal quotes and cites omitted).  Per the definitions included with the Interrogatories, Defendant was required to provide "the full name, present or last known residential and business address and phone number(s), and such person's relationship, if any, to you" for each person identified in his Answer. Defendant failed to do so, making it impossible for the Hurry Parties to follow up on the Interrogatory or otherwise obtain information regarding nonprivileged matters that are relevant their claims (Fed. R. Civ. Proc., Rule 26(b)(1)).

Defendant should be compelled to provide a full and complete response that includes the full name, present or last known residential and business address and phone number(s), and such person's relationship, if any, to Defendant. *See Sprint Sols., Inc. v. 4 U Cell, LLC*, No. 2:15-CV-605-FTM-38CM, 2016 WL 4815101, at *6 (M.D. Fla. Sept. 14, 2016) (compelling responding party to provide "full and complete response to interrogatory" that requested a "detailed description" of certain activity).

> **Interrogatory No. 3:**  Identify [defined therein to mean "state the current name for the entity, its principal office address and telephone number and the name of the person with whom most of the communications with such entity are made or the name of the person whom the party responding to the interrogatory believes would have personal knowledge regarding the information sought in the interrogatory"] all financial institutions that currently have or previously had relationships with Plaintiffs with whom you have communicated since August 1, 2018.

> **Defendant's Answer**: I recall communicating with the following financial institutions, since August 1, 2018, which have had relationships with one or more of the plaintiffs:

> a.      Lakeside Bank; and
> b.      Servis1st Bank.

> Communications did not concern plaintiffs' confidential information.

**Reasons to Compel Complete Response:**  Defendant's Answer is incomplete.  "A party is entitled to the facts relevant to the litigation. The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *Wright*, 2010 WL 11507091, at *2.

Per the definitions included with the Interrogatories, Defendant was required to provide "the current name for the entity, its principal office address and telephone number and the name of the person with whom most of the communications with such entity are made or the name of the person whom the party responding to the interrogatory believes would have personal knowledge regarding the information sought in the interrogatory." Defendant failed to do so, making it impossible for the Hurry Parties to follow up on the Interrogatory or otherwise obtain information regarding nonprivileged matters that are relevant their claims (Fed. R. Civ. Proc., Rule 26(b)(1)).

Defendant should be compelled to provide a full and complete response that includes the current name for each entity, its principal office address and telephone number, and the name of the person with whom most of the communications with such entity are made or the name of the person whom Defendant believes would have personal knowledge regarding the information sought in the interrogatory. *See Sprint Sols., Inc*, 2016 WL 4815101, at *6.

**Interrogatory No. 4:**  Identify all broker-dealers that you have contemplated purchasing, whether directly, indirectly, in whole or in part, since August 1, 2018.

**Defendant's Objections:**  Objection: The identity of any broker-dealers which Chris Frankel has contemplated purchasing is proprietary and confidential. Chris Frankel has used no confidential information of the plaintiffs in contemplating the purchase of any broker dealer. Chris Frankel knew and knows of no broker-dealer which the plaintiffs have contemplated purchasing before, during, or after Chris Frankel's employment and consultant relationship with Alpine. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to contemplate purchasing, or to purchase, any broker-dealer he wishes, provided he did not use the plaintiffs' confidential information to do so, and he did not.

**Reasons to Overrule Objections:**  Defendant's objection on the basis of confidentiality is improper. *See McKellips*, 305 F.R.D. at 661.  The Hurry Parties already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit their use "solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus*, 2012 WL 12903171, at *6.

> **Interrogatory No. 7:**  Identify [defined therein to mean "the date of the communication or meeting, the identity of all parties to the communication or meeting, the subject matter of the communication or meeting and general substance of the communication or meeting"] the date, time, place, and a summary of all oral communications between you and Jim Kelly since August 1, 2018.
>
> **Defendant's Answer:**  I recall speaking with Jim Kelly once after August 1, 2018, to ask his opinion regarding the value of a broker-dealer which I was contemplating purchasing.
>
> **Reasons to Compel Complete Response:**  Defendant's response is incomplete because it fails to identify the broker-dealer discussed, making it impossible for the Hurry Parties to follow up on the Interrogatory or otherwise obtain information regarding nonprivileged matters that are relevant to their claims (Fed. R. Civ. Proc., Rule 26(b)(1)). "A party is entitled to the facts relevant to the litigation. The discovery process is designed to fully inform the parties of the relevant facts involved in their case." Wright, 2010 WL 11507091, at *2.

Defendant should be compelled to provide a full and complete response that identifies the broker-dealer Defendant discussed with Jim Kelly. *See Sprint Sols., Inc. v. 4 U Cell, LLC*, No. 2:15-CV-605-FTM-38CM, 2016 WL 4815101, at *6.

**B.      Request for Attorneys' Fees and Costs**

In granting a motion to compel, a court may require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses, including attorneys' fees.  *See* Fed. R. Civ. P. 37(a)(5).  "A court *must* impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery."  *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (emphasis added).  "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."  *Id*. (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Defendant's incomplete answers and improper objections are not "substantially justified." Based on the explicit language of the Federal Rules of Civil Procedure and applicable decisional law, reasonable people could not differ on the insufficiency of Defendant's answers and objections.  Consequently, Defendant should be required to pay the Hurry Parties' attorneys' fees.

<u>CONCLUSION</u>

**WHEREFORE**, the Hurry Parties respectfully requests that the Court enter an Order: (a) overruling Defendants' objection to Interrogatory No. 7; (b) compelling Defendant to serve full and complete responses to Interrogatories No. 2, 3, 4, and 7 within 14 days of such Order; (c) award Plaintiffs their attorneys' fees and costs under Rule 37(b); and (d) granting any such further relief as the Court deems appropriate.

<u>RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL</u>

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort to resolve this discovery dispute.  However, the parties were unable to reach a resolution

8

Dated this 26th day of March 2019.     Respectfully submitted,

*/s/  Shane B. Vogt*
Kenneth G. Turkel – FBN 867233
Shane B. Vogt – FBN 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
E-mail:  kturkel@bajocuva.com
E-mail:  svogt@bajocuva.com

and

Charles J. Harder
Jordan Susman
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Shane B. Vogt*
Attorney