UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.

CHRISTOPHER FRANKEL,

    Defendant.

                                            /

Case No. 8:18-cv-02869-VMC-CPT

**PLAINTIFFS' MOTION TO COMPEL RESPONSES AND PRODUCTION OF
DOCUMENTS FROM DEFENDANT CHRISTOPHER FRANKEL**

Plaintiffs, Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively the "Hurry Parties"), by counsel and pursuant to Local Rule 3.01 and Rule 37 of the Federal Rules of Civil Procedure, move to compel amended discovery responses and the production of documents from Defendant, Christopher Frankel ("Frankel' or "Defendant"). The grounds upon which this motion is based and reasons it should be granted are as follows:

**BACKGROUND**

This action arises from Defendant's unlawful use of confidential information obtained from the Hurry Parties to destroy their businesses, abscond with their clients, and unfairly compete with the Hurry Parties. *See* First Amended Complaint ("FAC"), ¶ 1.

On January 15, 2019, the Hurry Parties served their First Stet of Requests for Production of Documents upon Defendant. On February 14, 2019, Defendant served his Responses to the

1

First Request for Production. Defendant objected and refused to produce documents responsive to Request Nos. 3, 4, 7, 9, 10, and 11.

As more specifically set forth below, Defendant's responses and objections to Request Nos. 3, 4, 7, 9, 10, and 11 were insufficient under Rule 34 of the Federal Rules of Civil Procedure and the Middle District Handbook on Civil Discovery Practice. On February 27, 2019, the Hurry Parties sent a good faith demand to Defendant regarding these insufficiencies. On March 7, 2019, the Hurry Parties' counsel and counsel for Defendant had a telephone conference to address Defendant's deficient discovery responses. Despite the Hurry Parties' effort to resolve the deficiencies, Defendant elected not to amend any of his responses to the First Request for Production.

## **ARGUMENT**

The scope of discovery permitted under Rule 26(b) of the Federal Rules of Civil Procedure is exceedingly broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1); *McBride v. Rivers*, 170 Fed. Appx. 648, 659 (11th Cir. 2006) (the scope of allowable discovery is determined by the claims and defenses raised in the case). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

The party resisting discovery carries the burden to show why the requested discovery should not be permitted. *See McLane v. Ethicon Endo-Surgery, Inc.,* No. No. 3:12-cv-406-J-99MMH-TEM, 2013 WL 5556147, *2 (M.D. Fla. Oct. 8, 2013). "The burden on the resisting party is to specifically show how the objected-to request is unreasonable, irrelevant, or otherwise unduly burdensome." *Id.* "Obviously, to determine the relevancy of the information sought by parties bringing motions to compel, the court takes note of the facts set forth in the complaint."

*Downing v. Billy Barnes Enterprises*, 2013 WL 1857113, *3 (S.D. Ala. May 2, 2013) (citations and quotes omitted).

The six requests at issue here concern specific, concrete allegations contained in the operative complaint. Defendant's objections and refusal to produce documents on the basis of relevance are improper. Defendant's objection on the basis of confidentiality also is not proper. *See McKellips v. Kumho Tire Co.,* 305 F.R.D. 655, 661 (D. Kan. 2015) ("A concern for protecting confidentiality does not equate to privilege. While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it generally is not a valid objection for withholding discovery altogether."); *see also Palaniappan v. Norton Health Sound Corp.*, No. 3:10-CV-00175-TMB, 2012 WL 13032959, at *3 (D. Alaska Mar. 7, 2012) ("absent a motion for a protective order, confidentiality is not a valid objection to discovery requests"); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996) ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P. 26(b)").

Moreover, the Hurry Parties already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit their use "solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-CV-1045-ORL-GJK, 2012 WL 12903171, at *6 (M.D. Fla. Jan. 30, 2012) (in ruling on motion to compel, Court ordered a party to produce responsive confidential documents pursuant to the parties' confidentiality agreement).

A.     **Defendant's Objections Should Be Overruled**

Defendant's objections to Requests Nos. 3, 4, 7, 9, 10 and 11 are improper and legally insufficient for the following reasons:

**Request No. 3:**   All Documents and Communications between You and Plaintiffs' current or former clients since August 1, 2018.

**Defendant's Objections:**   Objection: not reasonably calculated to lead to discovery of admissible evidence; seeks Frankel's private, confidential, and proprietary information. Chris Frankel's documents and communications, since August 1, 2018, with persons and entities who have done business with the plaintiffs, are not discoverable because Frankel did not share or discuss the plaintiffs' confidential information with persons or entities who have done business with the plaintiffs. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to communicate and share documents with persons and entities who have done business with the plaintiffs, provided he did not communicate or share documents concerning the plaintiffs' confidential information, and he did not.

**Reasons to Overrule Objections:**   The documents requested are relevant and discoverable because the FAC states: "This action arises from Defendant's unlawful use of confidential information obtained from the Hurry Parties to destroy their businesses, abscond with their clients, and unfairly compete with the Hurry Parties. . . . Defendant knowingly and willfully breached his obligations to [Plaintiffs] under the NDA and under the Employee Nondisclosure Agreement by using confidential information obtained from the Hurry Parties to solicit capital, establish banking relations, recruit clients of the Hurry Parties, and compete with the Hurry Parties' businesses."   (FAC ¶¶ 1, 24).   Based upon the allegations in the FAC, Defendant's communications with the Hurry Parties' clients are directly relevant to the allegations in the FAC.  *See Downing*, 2013 WL 1857113, at *3.

Defendant's objection on the basis of confidentiality is equally improper. *See McKellips,* 305 F.R.D. at 661.  The Hurry Parties already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit

their use "solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus*, 2012 WL 12903171, at *6.

> **Request No. 4:** All Documents and Communications between You and financial institutions that currently have or previously had relationships with Plaintiffs since August 1, 2018.
>
> **Defendant's Objections:** Objection: not reasonably calculated to lead to discovery of admissible evidence; seeks Frankel's private, confidential, proprietary information including his private banking information. Chris Frankel's documents and communications, since August 1, 2018, with financial institutions which have done business with the plaintiffs, are not discoverable because Frankel did not share or discuss the plaintiffs' confidential information with financial institutions which have done business with the plaintiffs. Chris Frankel has had a long term, personal banking relationship with a financial institution which has also had a relationship with the plaintiffs. Frankel's documents and communications with this financial institution concerning Frankel's account(s) are confidential and not relevant.
>
> **Reasons to Overrule Objections:** The documents requested are relevant and

discoverable because the FAC states: "Defendant knowingly and willfully breached his obligations to the Hurry Parties under the NDA and under the Employee Nondisclosure Agreement by using confidential information obtained from the Hurry Parties to solicit capital, establish banking relations, recruit clients of the Hurry Parties, and compete with the Hurry Parties' businesses." (FAC ¶ 24). Consequently, Frankel's communications with financial institutions that currently have or previously had relationships with the Hurry Parties are directly relevant to allegations in the FAC. *See Downing,* 2013 WL 1857113, at *3.

Defendant's objection on the basis of confidentiality is equally improper. *See McKellips,* 305 F.R.D. at 661. The Hurry Parties already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit their use "solely for purposes of the prosecution or defense of this Litigation, including any

appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus*, 2012 WL 12903171, at *6.

**Request No. 7:** All Documents and Communications between You and Jim Kelly since August 1, 2018.

**Defendant's Objections:** No written or electronic documents concerning my phone call with Jim Kelly.

**Reasons to Overrule Objections:** Defendant's response does not address the request as it is posed. If Defendant has any "Documents and Communications between [with] Jim Kelly since August 1, 2018," he must produce them. If Defendant does not have responsive documents [beyond those relating to "my phone call"], he must say so. *See* Fed. R. Civ. Proc. 34.

**Request No. 9:** All Documents and Communications that pertain to Your attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018.

**Defendant's Objections:** Objection: Any communications and documents concerning Frankel's attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018, are not reasonably calculated to lead to discovery of admissible evidence, and proprietary and confidential. Frankel has used no confidential information of the plaintiffs in contemplating the purchase of any broker-dealer. Chris Frankel knows of no broker-dealer which the plaintiffs contemplated purchasing before, during, or after Chris Frankel's employment and consultant relationship with Alpine. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to contemplate purchasing, or to purchase, any broker-dealer he may wish to purchase, provided he did not use the plaintiffs' confidential information in doing so, and he did not.

**Reasons to Overrule Objections:** The documents requested are relevant and discoverable because the FAC states, "Defendant has used the foregoing confidential information obtained from the Hurry Parties to make a bid for a broker-dealer in Chicago." (FAC ¶ 24). Consequently, documents that pertain to Defendant's attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018 are directly relevant to allegations in the FAC. *See Downing*, No. CA 1:12-00435-C, 2013 WL 1857113, at *3.

**Request No. 10:** All Documents and Communications between You and any broker-dealers that you have considered purchasing since August 1, 2018.

**Defendant's Objections:** Objection: Any communications and documents between Frankel and any broker-dealers he may have considered purchasing since August 1, 2018, are not reasonably calculated to lead to discovery of admissible evidence, and proprietary and confidential. Frankel has used no confidential information of the plaintiffs in contemplating the purchase of any broker-dealer. Chris Frankel knows of no broker dealer which the plaintiffs contemplated purchasing before, during, or after Chris Frankel's employment and consultant relationship with Alpine. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to contemplate purchasing, or to purchase, any broker-dealer he may wish to purchase, provided he does not use the plaintiffs' confidential information in doing so, and he has not done so.

**Reasons to Overrule Objections:** The documents requested are relevant and discoverable because the FAC states, "Defendant has used the foregoing confidential information obtained from the Hurry Parties to make a bid for a broker-dealer in Chicago." (FAC ¶ 24). Consequently, documents that pertain to Defendant's attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018 are directly relevant to allegations in the FAC. *See Downing*, 2013 WL 1857113, at *3.

Defendant's objection on the basis of confidentiality is equally improper. *See McKellips,* 305 F.R.D. at 661. The Hurry Parties have already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit their use "solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus*, 2012 WL 12903171, at *6.

**Request No. 11:** All Documents and Communications between You and Ziv Investment Company since August 1, 2018.

**Defendant's Objections:** Objection. Frankel has not discussed or shared plaintiffs' confidential information with Ziv Investment Company since (or

7

before) August 1, 2018. Frankel's communications and any documents shared with Ziv Investment Company since August 1, 2018, have nothing to do with the plaintiffs, are not reasonably calculated to lead to discovery of admissible evidence, and are confidential and proprietary to the extent that the communications may have concerned business or employment opportunities which Frankel has been considering since August 1, 2018.

**Reasons to Overrule Objections:** The documents requested are relevant and discoverable because the FAC states, "Defendant has used the foregoing confidential information obtained from the Hurry Parties to make a bid for a broker-dealer in Chicago." (FAC ¶ 24). Consequently, documents that pertain to Defendant's attempts, inquiries, preparations, or desire to purchase any broker-dealer (including Ziv Investment Company) since August 1, 2018 are directly relevant to allegations in the FAC. *See Downing*, 2013 WL 1857113, at *3.

Defendant's objection on the basis of confidentiality is equally improper. *See McKellips*, 305 F.R.D. at 661. The Hurry Parties have already submitted to Defendant a draft Confidentiality Agreement that would allow Defendant to designate his responses as "Confidential" and limit their use "solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever." *See Real Estate Indus*, 2012 WL 12903171, at *6.

**B.     Request for Attorneys' Fees and Costs**

In granting a motion to compel, a court may require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses, including attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5). "A court *must* impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (emphasis added). "Substantially justified

means that reasonable people could differ as to the appropriateness of the contested action." *Id*. (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Defendant's improper objections to discovery directly tied to the allegations in the FAC and refusal to resolve those objections are not "substantially justified." Based on the explicit language of the Federal Rules of Civil Procedure and applicable decisional law, reasonable people could not differ on the appropriateness of Defendant's objections. Consequently, Defendant should be required to pay the Hurry Parties' attorneys' fees.

## CONCLUSION

**WHEREFORE**, the Hurry Parties respectfully request the Court enter an Order: (a) overruling Defendants' objections to Request Nos. 3, 4, 7, 9, 10, 11; (b) compelling Defendant to serve complete responses to these discovery requests within 14 days of such Order; (c) directing Defendant to produce responsive documents to Request Nos. 3, 4, 7, 9, 10, 11 within 14 days; (d) awarding Plaintiffs their attorneys' fees and costs under Rule 37(b), and (e) granting any such further relief as the Court deems appropriate.

## RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort to resolve this discovery dispute. However, the parties were unable to reach a resolution

Dated this 26th day of March 2019.      Respectfully submitted,

*/s/ Shane B. Vogt*
Kenneth G. Turkel – FBN 867233
Shane B. Vogt – FBN 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

9

        E-mail: kturkel@bajocuva.com
        E-mail: svogt@bajocuva.com

and

Charles J. Harder
Jordan Susman
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail: charder@harderllp.com
E-mail: jsusman@harderllp.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 26, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

        */s/ Shane B. Vogt*
        Attorney