# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

                                                  CASE NO.: 8:18-cv-02869-VMC-CPT

             Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

             Defendant.

_____/

## DECLARATION OF JORDAN SUSMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INTERROGATORY ANSWERS

Under 28 U.S.C. § 1746, I, Jordan Susman, declare that the following information is true:

1.      I am over 18 years old.

2.      I am counsel of record for Plaintiffs, Cayman Securities Clearing and Trading LTD, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation (collectively the "Hurry Parties").

3.      I have personal knowledge and am otherwise competent to testify regarding the information in this Declaration.

4.      On January 4, 2019, counsel for the Hurry Parties and for Defendant Christopher Frankel ("Defendant") had their Rule 26 telephonic preconference.

5.      During this telephonic conference, I articulated the Hurry Parties' need for a confidentiality agreement before confidential documents and information could be disclosed.

1

6.      Defendant's counsel, David Banker, offered to draft the confidentiality agreement because he was more familiar with Middle District confidentiality agreements.

7.      It took Mr. Banker one month to circulate a draft agreement on February 4, 2019.

8.      Counsel for both parties negotiated revisions to the draft confidentiality agreement and ultimately came to an agreement that all counsel deemed acceptable.

9.      On April 17, 2019, Mr. Banker informed me that Defendant, without explanation, would not enter into a confidentiality agreement.

10.     On April 22, 2019, the Hurry Parties, in a good faith effort to finalize a confidentiality agreement, accepted **all** of the material terms of the confidentiality agreement drafted by Defendant's counsel.

11.     Attached hereto as Exhibit A is a true and correct copy of my April 22, 2019, email to Mr. Banker, agreeing to accept the material terms of the confidentiality agreement.

12.     Attached hereto as Exhibit B is a redline of the confidentiality agreement that shows the changes from what Mr. Banker had originally drafted.

13.     Defendant, however, refused to take "yes" for an answer.  On April 23, 2019, Mr. Banker sent me an email stating: "No need for discovery confidentiality agreement.  [Defendant] does not agree to your revisions to discovery confidentiality which you attached [] because plaintiffs already have confidentiality agreements from [Defendant]."

14.     Attached hereto as Exhibit C is a true and correct copy of Mr. Banker's April 23, 2019 email to me.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on April 30, 2019.

_____
JORDAN SUSMAN

# EXHIBIT A

**Margo Arnold**

| | |
|---|---|
| **From:** | Jordan Susman |
| **Sent:** | Monday, April 22, 2019 3:50 PM |
| **To:** | David C. Banker |
| **Cc:** | Margo Arnold; Harold D. Holder; Anita Flowers |
| **Subject:** | RE: Frankel's request to depose John Hurry, Henry Diekmann, Joseph Walsh, and Jim Kelley |
| **Attachments:** | Draft Confidentiality Agreement.doc |

David,

In a good faith effort to break the logjam re the Confidentially Agreement and allow for the production of documents and depositions, we're willing to adopt your language in Paragraph 15.

Other than that, I modified Paragraph 22, so that a party has to give 14 days' notice before filing confidential documents and has to agree not to oppose the motion to seal.

Let me know if the attached is agreeable.

Thanks, Jordan

**From:** David C. Banker <dbanker@bushross.com>
**Sent:** Wednesday, April 17, 2019 1:56 PM
**To:** Jordan Susman <jsusman@harderllp.com>
**Cc:** Margo Arnold <marnold@harderllp.com>; Harold D. Holder <hholder@bushross.com>; Anita Flowers <aflowers@bushross.com>
**Subject:** Frankel's request to depose John Hurry, Henry Diekmann, Joseph Walsh, and Jim Kelley

Jordan,

My guy has not agreed to confidentiality agreement.  Give me dates for corporate representatives of Cayman, Hurry Trust, Scottsdale, and Alpine with knowledge of the following:

1. Claims asserted in pre-suit demand letter;
2. Claims asserted in initial complaint;
3. Claims asserted in amended complaint;
4. Plaintiffs' interrogatory responses;
5. Plaintiffs' responses to request for production of documents; and
6. Plaintiffs' initial disclosures.

To the extent that the plaintiffs are not designating John Hurry, Henry Diekmann, Joseph Walsh, and Jim Kelly as corporate representatives, I will wish to depose them immediately after corporate representative depositions.  Week of April 29 or May 6 work for me.  Let's set aside 2.5 days.  You can depose my guy after I depose your people.

Happy to offer one of our conference rooms for the depositions, or to set at a court reporter's office.  Let me know week and location which work for you, and I'll send out notices.

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

      Plaintiffs,

v.                                                    Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

      Defendant.

_____/

## CONFIDENTIALITY AGREEMENT

Discovery in the above-captioned litigation (the "Litigation") may involve the production

or disclosure of information which one or more of the parties may consider to be confidential,

*i.e.,* non-public, personal information, or proprietary business information including, without

limitation, business plans, customer lists, financial information, and/or trade secret information

("Confidential Information").  To preserve the confidentiality of such Confidential Information

and to expedite discovery, the parties, through their counsel, enter into this Confidentiality

Agreement and agree as follows:

Definitions:

1.      The term "person" means any natural person, corporation, partnership, sole

proprietorship, group, association, organization, business entity, governmental body, or agency.

2.      The term "document" is defined broadly to include all discovery and stored

information in any form whatsoever, including without limitation any hard-copy documents,

electronically-produced documents, production disks, answers to interrogatories, requests for admissions, deposition testimony, responses and disclosures made pursuant to other discovery devices, and all drafts, copies, transcripts, exhibits, excerpts, or summaries generated by any party informally or pursuant to court order.

3.     The term "Confidential Information" means any document designated "Confidential" and the information contained therein.

4.     The term "Producing Party" means any person whether a party or non-party to the Litigation who produces information or documents in discovery in this Litigation.

5.     The term "Receiving Party" means any person whether a party or non-party to the Litigation who receives Confidential Information in connection with discovery in this Litigation.

Designation of Confidential Information:

6.     A Producing Party may designate any document believed in good faith to constitute or contain private, non-public, personal or business financial, strategic, legal, or personal identifying information to be "Confidential Information" in the following manner:

(a)     In the case of a hard-copy document, by attaching the legend "Confidential" to each page or portion of the document deemed confidential;

(b)     In the case of electronically-produced documents, by providing a cover letter identifying the bates numbers of those documents deemed confidential or by stamping or affixing to the case, container, label, or medium in which the document is produced the legend "Confidential," and by identifying the information deemed confidential where possible by including the legend "Confidential" on each page or portion of the document that contains such information or through some other manner that reasonably enables the Receiving Party to identify with particularity the information so designated; or

(c)      In the case of depositions or other pretrial testimony, by making a statement on the record at the time of such disclosure, or by designating the transcript of the testimony and exhibits (or any portion thereof) as "Confidential" within five business days after counsel has received the transcript.  The court reporter shall mark each page of the transcript so designated "Confidential" unless the entire transcript is "Confidential" in which case the first page of the transcript shall state:  "This transcript has been designated Confidential."  The first page of any exhibit intended for confidential treatment shall also be designated "Confidential." All depositions and other pretrial testimony shall be deemed Confidential Information until the expiration of the fifth business day after counsel receives a copy of the transcript thereof.

7.      Persons not party to the Litigation may designate documents as "Confidential" upon execution and delivery of the Non-Disclosure Acknowledgement and Confidentiality Agreement attached as "Exhibit A" ("Non-Disclosure Acknowledgment") to each undersigned counsel.   Any documents designated "Confidential" by such non-parties will be treated in accordance with the terms of this Confidentiality Agreement.

8.      The "Confidential" designation given to a document shall apply to any copies, excerpts, notes, memoranda, summaries, or other documents made by anyone, other than the Producing Party, that quotes or reflects the contents of such document.

9.      Any party may object to the designation of any information as "Confidential" by giving written notice of the objection to the Producing Party.  The parties shall then confer in a good faith effort to resolve any dispute.  If a resolution cannot be reached, the party asserting that any the information is not "Confidential" may file a motion with the Court requesting that the Court determine that the "Confidential" designation is inappropriate for the document.  Until the Court rules on the motion or the Producing Party stipulates in writing that the document

previously designated "Confidential" need no longer be treated as such, the document shall be treated as Confidential Information and shall not be disclosed.

10.     The failure to designate a document as Confidential shall not be deemed a wavier of a claim of confidentiality and shall not waive the Producing Party's right to later designate the document "Confidential" with prospective effect.  If a document claimed to be or to contain information subject to confidential treatment is inadvertently produced without designation, the document and all copies thereof shall be returned to the Producing Party within two days of written notice for its return, or immediately stamped "Confidential" as requested by the Producing Party.

Restrictions on the Use of Confidential Information:

11.     All Confidential Information shall be used by the Receiving Party solely for purposes of the prosecution or defense of this Litigation, including any appeals or retrials, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose whatsoever.  Confidential Information shall not be used by the Receiving Party for any purposes outside of this litigation.

Permissible Disclosure of Confidential Information:

12.     Confidential Information may not be disclosed or made available to any person other than the following:

(a)     The Court, its staff, and the court reporters or videographers who record depositions or other testimony in this Litigation;

(b)     Counsel for the parties who are actively involved in the prosecution or defense of this Litigation, whether or not counsel file an appearance in the Litigation, and their legal assistants, paralegals, and other support staff;

(c)     The parties;

(d)      Outside vendors engaged by or on behalf of a party as copy services, document or information consultants retained to assist in the production of documents in connection with this action, or graphics or trial consultants;

(e)      Outside consultants and independent experts retained by or on behalf of a party to whom it is necessary that Confidential Information be shown for purposes of assisting counsel in this Litigation, or during any deposition of such expert or consultant as well as employees of such experts or consultants;

(f)      Any individual expressly identified in the particular confidential document as having authored, received, or having specific knowledge of the information contained in that document;

(g)      Potential witnesses and their counsel at depositions or court proceedings in the Litigation;

(h)      Any other person upon the written agreement of the Producing Party that designated the Confidential Information; and

(i)      Pursuant to Court Order.

13.      No Confidential Information may not be disclosed to a person under foregoing paragraph 12(d) - (i) until the person to whom such information is to be disclosed reads the Confidentiality Agreement, and agrees in writing to be bound by its provisions by signing the Non-Disclosure Acknowledgment and returning it to Receiving Party's counsel.

14.      Undersigned counsel for each partyReceiving Party's counsel shall maintain a file of all signed Non-Disclosure Acknowledgments from the persons identified in foregoing paragraph 12(d) - (i) that receives they disclose Confidential Information to shall maintain a file of all such signed Non-Disclosure Acknowledgments.  Upon the Producing Party's request

within thirty business days of the final disposition of this Litigation, whether by judgment, settlement, or otherwise, including all appeals, Receiving Party's counsel shall provide to the Producing Party a list of those persons to whom the Receiving Party disclosed Confidential Information and a copy of the signed Non-Disclosure Acknowledgments signed by such persons in its file.

15.     A Receiving Party seeking to disclose Confidential Information under paragraph 12(h) must inform counsel for the Producing Party of the identity of the person or persons to whom such disclosure is to be made and identify the specific Confidential Information to be disclosed.   The Producing Party shall have ten business days to indicate its consent to the disclosure.  If, by the end of the ten day period, the parties are unable to agree on whether such consent should be granted, the Requesting Receiving Party may apply to the Court for an order permitting the disclosure.   The parties shall continue to treat the Confidential Information at issue as confidential while any such application to the Court is pending.

Maintaining the Confidentiality of Confidential Information:

16.     Confidential Information shall be maintained and stored under the direct control of undersigned counsel who will be responsible for preventing any disclosure not in accordance with the Confidentiality Agreement.

17.     Confidential Information shall not be disclosed or discussed by any Receiving Party except in accordance with the provisions of this Confidentiality Agreement.   The parties and their respective counsel (including paralegals, assistants, and support staff) shall take all steps reasonably necessary to prevent any unauthorized disclosure of Confidential Information and make a good faith effort to ensure that any person who receives or is given access to Confidential Information complies with this Confidentiality Agreement.

18.     In the event Confidential Information is disclosed other than in a manner authorized by this Agreement, counsel for the party responsible for the disclosure shall promptly upon learning of such disclosure give notice to the Producing Party with all pertinent facts. Counsel shall make every effort to prevent further unauthorized disclosure including by retrieving all copies of the Confidential Information improperly disclosed and by securing the written agreement of the unauthorized recipients to be bound by the terms of this Confidentiality Agreement through execution of the Non-Disclosure Acknowledgment.

19.     If additional persons become parties to this action, such parties shall not have access to Confidential Information until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Confidentiality Agreement and agree to be bound by its terms.

Subpoena or Request for Confidential Information in Other Matters:

20.     Any Receiving Party served with or notified of a subpoena, order, or other request for Confidential Information issued by any court, administrative agency, legislative body, or other person or entity in another matter, shall provide counsel for each the Producing Party who originally produced such Confidential Information with written notice of the subpoena, order, or request together with a copy thereof promptly, but in no event later than ten days before any designated response date, to enable the Producing Party to oppose such subpoena, order, or request.

21.     Before producing or disclosing Confidential Information pursuant to any sucha subpoena, order, or request, the Receiving Party shall identify notify the Producing Party of the Confidential Information to be disclosed, by reference to the Producing Party's Bates numbers, to each Producing Party who originally produced the documents or information sought, at least ten days before any such disclosure.

<u>Filing Confidential Information under Seal:</u>

22.     ~~Before~~ Fourteen days before Confidential Information may be filed in this Litigation, a party must first inform the Producing Party ~~of the Receiving Party's~~and all other parties to this litigation of its intention to do so, with a description of the Confidential Information to be filed.  Any party who objects to the filing of the Confidential Information may move the Court for an order sealing all or part of the filing.  The parties to this litigation will not oppose this motion.

23.     If the Court grants the order, any Confidential Information that is authorized to be filed under seal shall be filed under seal in accordance with the Court's requirements by the filing party.

24.     Within sixty days of the disposition of this Litigation, ~~each~~ any party who has submitted Confidential Information for filing with the Clerk of the Court, shall move the Court to direct the Clerk to return such Confidential Information to the party who filed it, and upon return by the Clerk, the filing party shall return the Confidential Information to the ~~party who produced it.~~ Producing Party.

<u>Non-Termination upon Conclusion of the Litigation:</u>

25.     The final disposition or settlement of this Litigation shall not release any person who has received Confidential Information from any obligation under this Confidentiality Agreement.  The terms and conditions of this Confidentiality Agreement shall survive and continue in full force and effect after the termination of the Litigation.

26.     Within thirty days of the final disposition or settlement of this Litigation, including all appeals, every Receiving Party shall, at the Producing Party's option, return or destroy all Confidential Information received, and any excerpts, notes, memoranda, summaries, or other documents made by the Receiving Party that quote or reflect the contents of such

documents. The Receiving Party shall further certify in writing that all such information has been returned or destroyed in accordance with the Producing Party's instructions.

27. Notwithstanding the foregoing, counsel may retain counsel's attorney work-product, any documents or pleadings filed with the Court, and one copy of any deposition transcripts and exhibits. Any such retained Confidential Information shall remain subject to the terms of this Confidentiality Agreement.

Privileged Materials:

28. Nothing in this Confidentiality Agreement shall be construed to require the disclosure of any document counsel for either party contends is protected from disclosure by the attorney-client or work-product privileges or any other privilege, protection, or immunity recognized under the law.

29. The inadvertent production of a document during discovery in this action shall not be deemed a waiver of privilege and shall be without prejudice to the inadvertently producing party's right to claim privilege as though the document had never been produced. The person in receipt of any such document reserves the right to challenge the assertion of privilege on other grounds, but may not argue the producing party waived any rights by such inadvertent production.

30. Upon written request by the inadvertently producing party, the receiving party shall immediately return the original document and all copies and destroy any excerpts, notes, memoranda, summaries, or other documents made by the receiving party that quote or reflect the contents of such documents. The receiving party shall further be prohibited from using the document or the information contained therein for any purpose or in any manner whatsoever unless otherwise allowed by order of the Court.

Other Provisions:

31.     The designation / non-designation of documents or information as "Confidential Information" under this Confidentiality Agreement is not an admission and may not be considered in determining whether the document or information was or was not "Confidential Information" under the Non-Disclosure and Confidentiality Agreement attached to the plaintiffs' complaint.

32.     The purpose of this Confidentiality Agreement is to preserve the confidentiality of information and to expedite discovery without unnecessarily involving the Court.  Nothing in this Agreement or the disclosure of otherwise confidential documents or information pursuant to this Agreement shall be construed to:

(a)     waive any entitlement to confidential treatment of Confidential Information disclosed or produced in accordance with this Confidentiality Agreement or constitute any admission or waiver under the rules of evidence;

(b)     prejudice in any way the right of a party: (i) to oppose discovery seeking the production of documents or information the party considers not subject to disclosure or otherwise improper; (ii) to seek a court determination of whether particular discovery material should be provided; (iii) to seek additional or different protection against, or limitation upon, production or dissemination of information and documents or their contents; or (iv) to object to the introduction into evidence of any documents or information which the party considers to be inadmissible;

(c)     relieve or otherwise modify any pre-existing obligations of a party to the Litigation to refrain from disclosing, using, or otherwise disseminating Confidential Information;

(d)     restrict in any way a Producing Party's right to use or disclose its own Confidential Information; or

(e)     restrict the right of a party to use documents or information not obtained through discovery in this Litigation.

The parties acknowledge that disclosure of information protected by this Confidentiality Agreement could result in irreparable harm to the Producing Party and may subject the person making any unauthorized disclosure to such sanctions and remedies as the Court may deem appropriate including without limitation injunctive relief and damages.

AGREED TO BY:

_____
Kenneth G. Turkel, Esquire
Florida Bar No. 867233
Shan B. Vogt, Esquire
Florida Bar No. 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  22602
Telephone: 813-443-2199
Email: kturkel@bajocuva.com and
svogt@bajocuva.com

Dated:_____

_____
Charles J. Harder, Esquire
Jordan Susman, Esquire
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Telephone: 424-203-1600
Email: charder@harderllp.com and
jsusman@harderllp.com

_____
David C. Banker, Esquire
Florida Bar No. 352977
Harold D. Holder, Esquire
Florida Bar No. 118733
BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL  33601
Telephone:  813-224-9255
Email: dbanker@bushross.com;
hholder@bushross.com; and
aflowers@bushross.com

Dated: _____

*Counsel for Defendant*

Dated:_____

*Co-Counsel for Plaintiffs*

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

      Plaintiffs,

v.                                    Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

      Defendant.

_____/

**NON-DISCLOSURE ACKNOWLEDGMENT
AND CONFIDENTIALITY AGREEMENT**

      I, _____, reside at _____
and, after being first duly sworn, declare as follows:

      I have read, fully understand, and agree to comply with and be bound by the provisions of the attached Confidentiality Agreement entered into by the parties in the above-captioned litigation.  I promise that I will not in any way, directly or indirectly, reveal Confidential Information disclosed to me to any person or entity except in strict compliance with the provisions of the Agreement.  I understand that I am given access to Confidential Information solely for purposes of this litigation and that I am not to use such information for any other purpose whatsoever.  I will return all Confidential Information and copies in my possession to counsel from whom I received them within fifteen days of any request for their return.

      I agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of the enforcement of this Confidentiality Agreement.

                           Signature: _____

                           Print Name:_____

                           Dated:_____

{00098028;1}

# EXHIBIT C

**Margo Arnold**

| | |
|---|---|
| **From:** | David C. Banker <dbanker@bushross.com> |
| **Sent:** | Tuesday, April 23, 2019 11:06 AM |
| **To:** | Jordan Susman |
| **Cc:** | Margo Arnold; Harold D. Holder; Anita Flowers |
| **Subject:** | Frankel's request to depose John Hurry, Henry Diekmann, Joseph Walsh, and Jim Kelley |

Jordan,

No logjam to break.  Plaintiffs already have 2 confidentiality agreements (attached to their amended complaint).  No need for discovery confidentiality agreement.  My guy does not agree to your revisions to discovery confidentiality which you attached (because plaintiffs already have confidentiality agreements from Frankel and for the reasons explained in Frankel's motion to compel at p. 8).

Please have plaintiffs produce documents and agree to dates for corporate representative depositions on the topics listed in my April 17 email below.

Thanks.


David C. Banker, Esq.
Board Certified Civil Trial Lawyer
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 224-9255  [Phone]
(813) 223-9620  [Fax]
(813) 204-6411  [Direct Line]
dbanker@bushross.com
www.bushross.com
Mailing Address:
Post Office Box 3913
Tampa, Florida 33601-3913



**Privileged and Confidential:**  Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this message is privileged and/or confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or any of the information in it is strictly prohibited. If you have received this communication in error, please advise the sender by reply e-mail and then delete the message. Thank you.

**From:** Jordan Susman [mailto:jsusman@harderllp.com]
**Sent:** Monday, April 22, 2019 6:50 PM
**To:** David C. Banker
**Cc:** Margo Arnold; Harold D. Holder; Anita Flowers
**Subject:** RE: Frankel's request to depose John Hurry, Henry Diekmann, Joseph Walsh, and Jim Kelley

**"External Email"**

David,