**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

                                         CASE NO.:  8:18-cv-02869

        Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

        Defendant.

_____/

**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING**
**ORDER**

Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors and Alpine

Securities Corporation, (collectively "Plaintiffs"), by and through their undersigned attorney file

this Motion to Modify Case Management and Scheduling Order ("Motion"), and state the

following:

1.        On January 11, 2019, the Court entered its Case Management and Scheduling

order, (Docket # 29), which established the following deadlines for this case:

        a.     Plaintiffs' Disclosure of Expert Reports by May 31, 2019
        b.     Defendant Christopher Frankel's ("Defendant") Disclosure of Expert
               Reports by June 28, 2019
        c.     Discovery to be completed by July 26, 2019;
        d.     Motions for Summary Judgment, Judgment on the Pleadings, *Daubert*,
               and *Markman* Motions by August 23, 2019
        f.     Trial term begins on February 3, 2020.

2.      On March 12, 2019, Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint (Docket # 6), which was granted by the Court's order entered April 26, 2019 (Docket # 47).

3.      Pursuant to the Court's instruction, the Plaintiffs filed their Second Amended Complaint on May 10, 2019. (Docket # 59).  Defendant's response is due by May 31, 2019. Plaintiffs believe that Defendant will file another Motion to Dismiss.

4.      On January 15, 2019, Plaintiffs served interrogatories and requests for the production of documents ("Discovery") on Defendant. (*See* Docket # 39 & 40).

5.      On February 14, 2019, Defendant responded to the Discovery and objected to disclosing information or documents pertaining to his communications with clients of Plaintiffs; his communications with financial institutions with whom Plaintiffs have close relationships, and; his communications with the broker-dealers that Defendant was attempting to purchase. (*See Id*.).  Plaintiffs sought this discovery based on information and belief that Defendant has unlawfully obtained and misused Plaintiffs' confidential information to solicit Plaintiffs' clients, establish relationships with Plaintiffs' financial institutions, and attempt to purchase and run his own broker-dealer service. (*See* Docket # 26).

6.      On March 26, 2019, Plaintiffs filed a Motion to Compel Defendant's Responses to Interrogatories and a Motion to Compel Defendant's Responses to Requests for Production of Documents. (Docket # 39 & 40).

6.      On May 7, 2019, Magistrate Judge Christopher P. Tuite heard Plaintiffs' Motions to Compel. (Docket # 45).  Judge Tuite advised the parties to further meet and confer after Plaintiffs filed their Second Amended Complaint in an effort to independently resolve their disputes. Judge Tuite requested that the parties file a Joint Notice on May 24, 2019 to advise the

Court whether the parties were able to resolve their disputes or if they need to amend their motions and schedule a secondary hearing.  (Docket # 58).

7.      Plaintiffs anticipate that the services of an expert witness will be necessary to opine on the value of the confidential information misappropriated and misused by Defendant. However, an expert witness will not be able to render these opinions until after Plaintiffs receive Defendant's discovery responses and know the full scope of Defendant's misappropriation and misuse of their confidential information.

8.      To ensure that its expert witness has the information necessary to render its opinion prior to the exchange of Plaintiffs' expert witness report, Plaintiffs request that this Court modify the Case Management and Scheduling Order by:

> a.      extending Plaintiffs' Disclosure of Expert Reports to June 25, 2019
> b.      extending Plaintiffs' Disclosure of Expert Reports to July 26, 2019
> c.      allowing expert witness depositions to occur until August 16, 2019.

9.      Granting Plaintiffs' Motion will not affect the dispositive motions deadline or trial date.  All discovery will be completed prior to the dispositive motions deadline.

10.      Plaintiffs will not use the granting of this modification in support of a motion to extend or modify another date or deadline.

11.      In filing this Motion, Plaintiffs are mindful of the fact that modifications to the Case Management and Scheduling Order are generally disfavored by this Court, in accordance with Local Rule 3.09 and Section B(2) of the Case Management and Scheduling Order. Nevertheless, Plaintiffs believe that good cause has been shown to grant the requested modification.

12.      On May 8, 2019, Plaintiffs asked Defendant to stipulate to this Motion. Defendant refused.  Accordingly, Plaintiffs believe that Defendant will oppose this Motion.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If a party, like the Plaintiffs here, diligently and timely pursues it rights but for reasons other than its own negligence is unable to comply with a scheduling deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Plaintiffs' Motion sets forth a good cause basis for granting this modification. Plaintiffs are not engaging in any type of delay tactic that would warrant denial of this Motion. Defendant will not be prejudiced by the granting of this Motion. However, Plaintiffs will be prejudiced if the Motion is not granted.

Therefore, Plaintiffs respectfully request that the Court exercise its discretion and permit the requested modification of the Case Management and Scheduling Order for the good cause stated herein.

WHEREFORE, Plaintiffs respectfully requests that this Court grant this Motion and modify the Case Management and Scheduling Order so that (a) Plaintiffs' Disclosure of Expert Reports are due by June 25, 2019, (b) Defendant's Disclosure of Expert Reports are due by July 26, 2019, and (c) expert witness depositions must be completed by August 16, 2019.

Dated this 10th day of May 2019

*/s/ Jordan Susman*_____
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301

Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

**RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL**

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local
Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort
to resolve this discovery dispute.  However, the parties were unable to reach a resolution

Dated this 10th day of May 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Jordan Susman
Attorney