UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                         Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## **FRANKEL'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 4.18, the defendant, Christopher L. Frankel ("**Frankel**"), as the prevailing party for certain causes of action in this lawsuit, respectfully files this Motion for award of attorneys' fees, nontaxable costs, and expenses of suit:

1.    On November 21, 2018, the plaintiffs filed a Complaint in which every plaintiff asserted the same five claims against Frankel.

2.    On February 26, 2019, the plaintiffs filed their First Amended Complaint (Doc. No. 19) in which:

    a. Cayman Securities Clearing and Trading Ltd. ("**Cayman Securities**") brought causes of action for breach of non-disclosure agreement (Count I); violation of Defend Trade Secrets Act (Count III); violation of Florida Uniform Trade Secrets

1

Act (Count IV); and violation of Florida Deceptive and Unfair Trade Practices Act (Count V).

    b. The Hurry Family Revocable Trust ("**Hurry Trust**") brought causes of action for breach of non-disclosure agreement (Count I); violation of Defend Trade Secrets Act (Count III); violation of Florida Uniform Trade Secrets Act (Count IV); and violation of Florida Deceptive and Unfair Trade Practices Act (Count V).

    c. Scottsdale Capital Advisors ("**Scottsdale**") brought causes of action for breach of employee non-disclosure agreement (Count II); violation of Defend Trade Secrets Act (Count III); violation of Florida Uniform Trade Secrets Act (Count IV); and violation of Florida Deceptive and Unfair Trade Practices Act (Count V).

    d. Alpine Securities Corporation ("**Alpine Securities**") brought causes of action for breach of employee non-disclosure agreement (Count II); violation of Defend Trade Secrets Act (Count III); violation of Florida Uniform Trade Secrets Act (Count IV); and violation of Florida Deceptive and Unfair Trade Practices Act (Count V).

3. On March 12, 2019, Frankel filed his Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. No. 38).

4. On April 26, 2019, the Court entered an Order dismissing the plaintiffs' First Amended Complaint without prejudice. The Court's Order authorized the plaintiffs to file a second amended complaint by and through May 10, 2019. (Doc. No. 47).

5. On May 10, 2019, the plaintiffs filed their Second Amended Complaint. (Doc. No. 61).

6.     In analyzing the plaintiffs' Second Amended Complaint, it is clear that Cayman Securities dropped all of its claims against Frankel[1]; Hurry Trust dropped all of its claims against Frankel with the exception of its breach of non-disclosure agreement claim (Count I); Scottsdale dropped its claim for violation of Florida Deceptive and Unfair Trade Practices Act (Count V); and Alpine Securities dropped its claim for violation of Florida Deceptive and Unfair Trade Practices Act (Count V).

## MEMORANDUM OF LAW

The Defend Trade Secrets Act ("DTSA"), Florida Uniform Trade Secrets Act ("FUTSA"), and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") all contain provisions for an award of attorneys' fees and costs to the prevailing party. 18 U.S.C. § 1836(b)(3)(D); § 688.005, Fla. Stat. (2019); § 501.2105(1), Fla. Stat. (2019).

"An order dismissing a complaint with a specified time for amendment [becomes] final at the time the amendment period expire[s]." *Briehler v. City of Miami*, 926 F.2d 1001, 1003 (11th Cir. 1991). "[W]here a plaintiff chooses to waive the right to amend, there is nothing left for the district court to do and the order therefore becomes final." *Id.* A defendant is a prevailing party for the purpose of recovering attorneys' fees and costs when the court dismisses the plaintiff's complaint, provides the plaintiff with an opportunity to amend its complaint, and the plaintiff fails to amend. *JSurgical, Inc. v. Synergy Health, PLC*, No. 8:18-cv-1022-T-30JSS, 2018 WL 7502044, at *1–2 (M.D. Fla. Dec. 6, 2018) (Moody, J.) ("Defendants are the prevailing parties in

---

[1] In the First Amended Complaint, Cayman Securities asserted claims against Frankel alleging Frankel had misappropriated its confidential information (Doc. No. 19). However, in responding to Frankel's First Set of Interrogatories, Cayman Securities admitted it did not own any of the confidential information upon which the claims were based. (Doc. No. 35-1, ¶ 1). Subsequently, Cayman Securities dropped all of its claims against Frankel. (*See* Doc. No. 47).

this case because the Court granted their motion to dismiss the FDUTPA claims and Plaintiff never filed an amended complaint during the specified period.").

Here, the Court allowed the plaintiffs to amend their complaint through May 10, 2019. Once May 10, 2019 passed, the Court's Order dismissing the plaintiffs' First Amended Complaint became final as to all the causes of action the plaintiffs chose to waive by not amending. *See Briehler*, 926 F.2d at 1003. In the plaintiffs' Second Amended Complaint, Cayman Securities chose to waive all of its claims against Frankel; Hurry Trust chose to waive all of its claims against Frankel with the exception of its breach of non-disclosure agreement claim; and Scottsdale and Alpine Securities chose to waive their claims for violation of Florida Deceptive and Unfair Trade Practices Act against Frankel. Because the plaintiffs failed to amend these claims within the specified period allotted by the Court, the Court's Order dismissing the plaintiffs' First Amended Complaint is final as to all claims the plaintiffs failed to assert in their Second Amended Complaint. Therefore Frankel is a prevailing party as to those claims and should be awarded attorneys' fees and costs incurred in defending those claims. *See JSurgical, Inc.*, 2018 WL 7502044, at *1–2.

In accordance with Federal Rule of Civil Procedure 54(d)(2)(B)(i) and Local Rule 4.18, Frankel is filing this motion for fees, costs, and expenses within 14 days of the date on which the Order dismiss the waived claims became final. Frankel estimates the current amount of his attorneys' fees, costs, and expenses in defending the claims is approximately $131,570.49[2]:

- Attorneys' fees – $130,283.00
- Costs – $1,287.49

---

[2] This amount consists of fees charged by attorneys and professional staff, including paralegals and other staff whose time is regularly charged to clients.

Frankel requests that the Court establish a schedule and procedure for submissions of evidentiary support for this amount. Frankel will retain the services of an expert to review Frankel's application for fees, costs, and expenses and provide expert testimony concerning the same. As required by Rule 54(d)(2)(B), Frankel will provide evidentiary support for these requested fees, costs, and expenses in accordance with the schedule and manners the Court requires.

WHEREFORE, Frankel respectfully requests that the Court enter an Order establishing the schedule and procedure for determination of the Motion, and that upon hearing of this Motion, award Frankel the attorneys' fees, costs, and expenses to which he is justly entitled. Frankel further requests any relief deemed proper to protect Frankel's interests and rights.

Dated: May 24, 2019

/s/ Harold D. Holder
David C. Banker (Fla. Bar No. 352977)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ahill@bushross.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com

Charles J. Harder, Esquire
Jordan Susman, Esquire
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com
jsusman@harderllp.com
*Attorneys for Plaintiffs*

By:  */s/ Harold D. Holder*