UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                          Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.

_____/

**FRANKEL'S MOTION TO DISMISS ALL COUNTS
OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Christopher L. Frankel, through counsel and under Federal Rule of Civil Procedure 12(b)(6), moves to dismiss all four counts of the Second Amended Complaint (Doc. # 61) for failure to state a claim upon which relief can be granted. Before proceeding with statutory or contractual claims based on alleged misappropriation, a plaintiff must raise a right to relief beyond mere speculation through plausible factual allegations (a) identifying the information misappropriated, (b) establishing that the information is protected, and (c) describing how and when the defendant misappropriated the information. *See infra* Part I. Here, all four of the remaining[1] statutory and contractual claims are based on misappropriation of alleged confidential information. *See infra* Part II.

---

[1] After this Court dismissed the plaintiffs' First Amended Complaint (Doc. # 37) for failing to identify the information allegedly misappropriated and failing to state a claim under FDUTPA that is different from the claim under FUTSA (*see* Doc # 47), all of the plaintiffs dropped their FDUTPA claim; the Hurry Trust dropped its other statutory claims; and Cayman Securities dropped all of its other claims.

1

In their Second Amended Complaint (Doc. # 61), the remaining plaintiffs finally identified their allegedly confidential information. But the remaining plaintiffs have not alleged how or when Frankel allegedly misappropriated that information. It is not and cannot be the law that any person who enters a non-disclosure agreement and receives confidential information may be forced to defend claims for misappropriation of that confidential information without any plausible factual allegations of how or when they misappropriated the information. *See infra* Part II. In this case, before Frankel should be required to defend claims that he misappropriated the remaining plaintiffs' allegedly confidential information, the remaining plaintiffs must first raise a right to relief beyond mere speculation through plausible factual allegations describing how and when Frankel misappropriated that information.

The remaining plaintiffs have had ample opportunities to describe how and when Frankel misappropriated their allegedly confidential information. They have failed to do so in each instance. Granting the remaining plaintiffs further leave to amend would be futile, and all four counts of the Second Amended Complaint (Doc. # 61) should therefore be dismissed with prejudice.

## **MEMORANDUM OF LAW**

To state a claim upon which relief can be granted, a plaintiff must allege "sufficient factual material to raise a right to relief beyond mere speculation." *Allmond v. Bank of Am.*, No. 3:07-CV-186-J-33JRK, 2008 WL 205320, at *3 (M.D. Fla. Jan. 23, 2008) (Covington, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "To raise a right to relief beyond the speculative level, a complaint must contain 'enough factual matter (taken as true) to suggest' each material element of a claim." *Id.* (citing *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555))). This requirement 'calls for enough fact to

raise a reasonable expectation that discovery will reveal evidence of' the elements." *Id.* "Thus, a complaint must state factual allegations that are not merely consistent with the material elements of a claim, but rather, that plausibly suggest the elements." *Id.* (citing *Twombly*, 550 U.S. at 555).

In this case, the Second Amended Complaint includes only conclusory allegations that the remaining plaintiffs "are informed and believe" that Frankel misappropriated their allegedly confidential information. (Doc # 61, ¶¶ 30, 41, 51). Based on these conclusory allegations of misappropriation, the remaining plaintiffs claim Frankel breached non-disclosure agreements (Counts 1 and 2) and violated the federal Defend Trade Secrets Act (Count 3) and the Florida Uniform Trade Secrets Act (Count 4).

The remaining plaintiffs' have repeatedly failed throughout this case (and in connection with their perfunctory pre-suit demand) to identify how and when Frankel misappropriated their allegedly confidential information. Frankel should no longer be forced to defend this unjust and frivolous lawsuit. The Second Amended Complaint (Doc. # 61) should be dismissed with prejudice because it would be futile to grant the remaining plaintiffs leave to amend. *See, e.g.*, *Patel v. Georgia Dep't BHDD*, 485 F.App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)).

I. **PLEADING REQUIREMENTS FOR STATUTORY AND CONTRACTUAL CLAIMS BASED ON MISAPPROPRIATION**

To state a statutory or contractual claim based on misappropriation, the allegations must, among other things, describe how and when the defendant misappropriated the information. *DynCorp Int'l v. AAR Airlift Group, Inc.*, 664 F.App'x 844, 849–50 (11th Cir. 2016); *Am. Registry, LLC v. Hanaw*, No. 2:13-CV-352-FTM-29UAM, 2013 WL 6332971, at *3–4 (M.D.

Fla. Dec. 5, 2013). The allegations must be plead with sufficient particularity to put the defendant on notice as to the basis for the plaintiffs' claims. *DynCorp Int'l*, 664 F.App'x at 847 (citing *Twombly*, 550 U.S. at 555–56; *AAR Mfg., Inc. v. Matrix Composites, Inc.*, 98 So. 3d 186, 188 (Fla. 5th DCA 2012)).

The same analysis applies to both statutory and contractual claims for misappropriation. *See, e.g.*, *Am. Registry, LLC*, 2013 WL 6332971, at *2–4. "A claim for breach of contract under Florida law requires proof of three elements: (1) the existence of a valid contract; (2) a material breach; and (3) damages." *Id.* at *2. The "material breach" element of a claim for breach of a non-disclosure agreement is the alleged misappropriation that is also an element of a statutory claim for misappropriation. *See id.* at *4 (dismissing both contractual and statutory claims based on finding that that "the allegations [of the statutory count] suffer from the same deficiencies as the previous count [for breach of non-disclosure agreement]").

  **A.** **To state a statutory or contractual claim based on misappropriation, the complaint must describe how and when the defendant misappropriated the protected information.**

In *DynCorp*, the court held that the complaint's allegations sufficiently described the misappropriation because the plaintiff's complaint "was very specific in identifying the information allegedly divulged by [the defendant]" and "also alleged a specific time period when [the defendant] divulged this information . . . , the people to whom he divulged it . . . , and the 'large black, zippered portfolio' in which he stored the materials." 664 F.App'x at 850.

On the other hand, in *American Registry*, the court held that the complaint's allegations did not sufficiently describe the misappropriation when the plaintiff alleged that "defendants misappropriated the trade secrets by using them in the formation and operation of [a new, competing venture]." 2013 WL 6332971, at *2–4. The court reasoned that the complaint was

"devoid of any factual allegations supporting this assertion," and the court cited other cases in which courts dismissed misappropriation claims "consisting of conclusory allegations" that "gave no details on how the trade secrets were misappropriated." *Id.* at *4 (citing *Knights Armament Co. v. Optical Sys. Tech.*, 568 F.Supp.2d 1369, 1377 (M.D. Fla. 2008); *All Bus. Sols., Inc. v. NationsLine, Inc.*, 629 F.Supp.2d 553, 558–59 (W.D. Va. 2009)).

As explained in *Knights Armament Co.*, 568 F.Supp.2d at 1377, "a formulaic recitation of the elements of a cause of action will not suffice to state a claim" and "bare allegations" of misappropriation that "lack factual support" should be dismissed.

### B. Conclusory allegations upon information and belief do not meet the plausibility requirement for statutory and contractual claims based on misappropriation.

In *American Registry*, the court explained that the complaint's conclusory allegations "upon information and belief" did not meet the plausibility requirement for statutory and contractual claims based on misappropriation:

> According to the complaint, [the defendant] was privy to confidential information during his relationship with [the plaintiff], agreed not to use or disclose the confidential information, and is currently acting as a competitor in the same market. **Plaintiff then alleges, upon information and belief, that [the defendant] is using the confidential information in the operation of [a competitor].** Plaintiff, however, has failed to provide any factual content that allows the Court to reasonably infer that [defendant] is using confidential information to act as a competitor. **Although [defendant's] use of confidential information is certainly conceivable, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."** *Iqbal*, 556 U.S. at 678. Because the allegations are conclusory and merely consistent with [defendant's] liability and lack an adequate factual basis, Count I of the Second Amended Complaint will be dismissed without prejudice.

*Id.* at *2 (emphasis added).

## II. THE REMAINING PLAINTIFFS' FAILURE TO STATE STATUTORY OR CONTRACTUAL CLAIMS BASED ON MISAPPROPRIATION

### A. The remaining plaintiffs have again failed to describe how and when Frankel misappropriated the protected information.

In the Second Amended Complaint (Doc. # 61), the remaining plaintiffs are attempting to bring statutory and contractual misappropriation claims without describing how and when Frankel misappropriated their confidential information. The remaining plaintiffs' bare-bones, conclusory allegations fail to state a claim and do not provide sufficient particularity to put Frankel on notice as to the basis for the conclusory allegations. *See id. See DynCorp Int'l*, 664 F.App'x at 849–50. (citing *Twombly*, 550 U.S. at 555–56; *AAR Mfg., Inc.*, 98 So. 3d at 188).

The plaintiffs have not met *DynCorp*'s requirement of specifically identifying how and when the information was misappropriated. *See* 664 F.App'x at 849–50 (reasoning that the plaintiff's complaint "was very specific in identifying the information allegedly divulged by [the defendant]" and "also alleged a specific time period when [the defendant] divulged this information . . . , the people to whom he divulged it . . . , and the 'large black, zippered portfolio' in which he stored the materials").

### B. The remaining plaintiffs' conclusory allegations upon information and belief do not meet the plausibility requirement for statutory and contractual claims based on misappropriation.

The remaining plaintiffs' statutory and contractual misappropriation claims are each based on the same conclusory allegations that "Plaintiffs are informed and believe that after leaving Alpine, if not earlier, Defendant knowingly and willfully used Confidential Information obtained from Plaintiffs for his own benefit"; that "Defendant used Plaintiffs' Confidential Information to solicit capital and establish financial relations sot that it could make a bid for a broker-dealer in Chicago"; and that "by using the Plaintiffs' Confidential Information to create a

broker-dealer that could provide fees and services competitive to Alpine and then using Plaintiffs' Confidential Information to solicit their top clients." (Doc. # 61, ¶¶ 30, 31). These allegations do not sufficiently describe how or when Frankel misappropriated the information. *Am. Registry, LLC*, 2013 WL 6332971, at *3–4. The complaint is devoid of details on how Frankel is alleged to have used the plaintiffs' allegedly confidential information to compete with Plaintiff Alpine Securities. The allegations are conclusory and inadequate for the same reasons that the allegations in *American Registry* were conclusory and inadequate. *See id.* at *5 (dismissing complaint that alleged the defendants used protected information to form and operate a new, competing venture, without alleging details on how the protected information was misappropriated; explaining that "conceivable" allegations do not meet the plausibility requirement for pleading misappropriation claims; and reasoning that allegations "upon information and belief, that [the defendant] is using the confidential information in the operation of [a competitor]" were not plausible and did not give rise to a claim when the complaint "failed to provide any factual content that allows the Court to reasonably infer that [defendant] is using confidential information to act as a competitor").

> C. **There is no factual support for the remaining plaintiffs' allegations that they are entitled to exemplary damages.**

Even though the remaining plaintiffs have not pled any facts to support their statutory and contractual misappropriation claims (and have not described how and when Frankel misappropriated their allegedly confidential information), the remaining plaintiffs have included in their Second Amended Complaint the conclusory allegation that they are entitled to exemplary damages under the Defend Trade Secrets Act on the grounds that Frankel "willfully and maliciously misappropriated" their confidential information. (Doc. # 61, ¶ 5). There is no factual support for the allegation that Frankel misappropriated any of the allegedly confidential

information, and certainly no factual support for the allegation that the (unidentified) misappropriation was willful and malicious.

### III. THE DISMISSAL SHOULD BE WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE

Dismissal with prejudice is appropriate where granting leave to amend would be futile. *See, e.g.*, *Patel v. Georgia Dep't BHDD*, 485 F.App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999))). In this case, the remaining plaintiffs have had ample opportunities to describe how and when Frankel misappropriated their information. Those opportunities are described in Part III of Frankel's motion to dismiss (Doc. # 38) the First Amended Complaint (Doc. #37), which Frankel incorporates herein by reference. As in each of those prior opportunities, the remaining plaintiffs have failed in their Second Amended Complaint (Doc. # 61) to identify how or when Frankel misappropriated their allegedly confidential information. Granting further leave to amend would be futile. All four counts of the Second Amended Complaint (Doc. # 61) should therefore be dismissed with prejudice.

### IV. CONCLUSION

The remaining plaintiffs are attempting to proceed based on conclusory allegations of misappropriation, in which the remaining plaintiffs have failed to describe how and when Frankel misappropriated the information. The remaining plaintiffs have had ample opportunities to disclose the factual basis for their conclusory allegations of misappropriation, but they are in no hurry to do so because they are still fishing for those facts. Because they have no factual support for their claims—and are only able to make vague allegations on information and

belief—it would be futile to grant the plaintiffs further leave to amend. All four counts of the Second Amended Complaint should therefore be dismissed with prejudice.

Dated: May 24, 2019      By:    */s/ Harold Holder*
                                       David C. Banker (Fla. Bar No. 352977)
                                       Harold D. Holder (Fla. Bar No. 118733)
                                       BUSH ROSS, PA
                                       1801 N. Highland Avenue
                                       Tampa, Florida 33602
                                       Phone: 813-224-9255
                                       Fax:     813-223-9620
                                       Primary: dbanker@bushross.com;
                                       hholder@bushross.com
                                       Secondary: aflowers@bushross.com
                                       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

     Shane B. Vogt, Esquire
     Kenneth G. Turkel, Esquire
     BAJO | CUVA | COHEN | TURKEL
     100 North Tampa Street, Suite 1900
     Tampa, FL  33602
     kturkel@bajocuva.com
     svogt@bajocuva.com

     Charles J. Harder, Esquire
     Jordan Susman, Esquire
     HARDER LLP
     132 South Rodeo Drive, Suite 301
     Beverly Hills, CA 90212-2406
     charder@harderllp.com
     jsusman@harderllp.com
     *Attorneys for Plaintiffs*
                                       By:    *Harold Holder*