## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

                                                CASE NO.:  8:18-cv-02869

        Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

        Defendant.

_____

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant Christopher Frankel's ("Frankel") Motion for Attorneys' Fees and Costs ("Motion") insinuates that Frankel is automatically entitled to attorneys' fees and costs pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Defend Trade Secrets Act ("DTSA"), and the Florida Uniform Trade Secrets Act ("FUTSA").  Frankel is wrong.  An award of fees and costs under the foregoing Acts is **discretionary**, and only if certain criteria are met.  The Motion does not meet these criteria.

First, Frankel is not entitled to fees and costs under the FDUTPA because he is not a prevailing party at trial, as the statute requires.  *See* Fla. Stat. § 501.2105(1).  Moreover, Frankel has not proffered any reasons why the Court should exercise its discretion and award him fees or costs.

Second, Frankel is not entitled to fees under the DTSA or FUTSA because he has not alleged the claims were brought in bad faith, as the statutes require.  *See* 18 U.S.C. §

1

1836(b)(3)(D); Fla. Stat. § 688.005.  Moreover, mere dismissal of a DTSA or FUTSA claim does not entitle a defendant to a prevailing party fee award.  *See S. HVAC Corp. v. Konforte*, No. 618CV1589ORL37TBS, 2019 WL 918972, at *1 (M.D. Fla. Feb. 8, 2019), report and recommendation adopted, No. 618CV1589ORL37TBS, 2019 WL 913372 (M.D. Fla. Feb. 25, 2019),

Third, even if Frankel could demonstrate that that he is entitled to an award of some of his fees and costs (which he has not done), he would only be entitled to a small portion of the fees and costs related to defending the particular claims dismissed by the particular parties. Under no circumstances would Frankel be entitled to all of his fees and costs.

Fourth, Frankel incorrectly presumes that he is entitled to an award of fees and costs, and demands a schedule for submitting evidentiary support for the amount.  The Court should deny Frankel's request, as he has not established that he is a prevailing party to a final judgment as required by the FDUTPA, or that he is a prevailing party and Plaintiffs' claims were brought in bad faith as required by the DTSA and FUTSA.  In the interest of judicial efficiency, the Court should first determine if Frankel is entitled to any fees or costs before setting a briefing schedule on the amount.

For all of the reasons discussed herein, the Motion is fatally defective and should be denied.

### FRANKEL IS NOT ENTITLED TO ATTORNEYS' FEES AND COSTS PURSUANT TO THE FDUTPA

The FDUTPA provides in relevant part: "In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, **after judgment in the trial court** and exhaustion of all appeals, if any, **may** receive his or her reasonable attorney's fees and costs from the nonprevailing party."  Fla. Stat. § 501.2105(1)

2

(emphasis added).  In other words, there must be a **judgment** in the trial court before a court may even consider awarding fees and costs under the FDUTPA.  *See Black Diamond Properties, Inc. v. Haines*, 36 So. 3d 819, 821 (Fla. Dist. Ct. App. 2010) (citing *Nolan v. Altman*, 449 So. 2d 898, 900–901 (Fla. 1st DCA 1984)) ("attorney's fees cannot be granted to [defendant] under section 501.2105(1) because judgment is not entered following a voluntary dismissal").  Even when judgment is entered, the decision to award fees and costs is entirely **discretionary**.

Based on the black letter of the § 501.2105(1), and as articulated by the Florida District Court of Appeal in *Black Diamond Properties*, **Frankel cannot be awarded fees and costs under the FDUTPA, because he is not a prevailing party after judgment in the trial court**.

Even the Court could award Frankel his fees and costs under the FDUTPA (it cannot based upon the statute), the Motion fails to make any argument why this Court should exercise its discretion to award him his fees and costs.  As explained in *JSurgical, Inc. v. Synergy Health, PLC*, No. 8:18-CV-1022-T-30JSS, 2018 WL 7502044, at *2 (M.D. Fla. Dec. 6, 2018), an award of fees should be based on considerations including, but not limited to: the scope and history of the litigation; whether an award of fees against the opposing party would deter others from acting in similar circumstances; the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; etc.  Frankel has not addressed any of these factors, thereby waiving any argument he could make in favor of a fee award.  *Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 13-80831-CIV, 2014 WL 1154075, at *2 (S.D. Fla. Mar. 21, 2014); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV, 2010 WL 4867587, at *2 (S.D. Fla. Nov. 23, 2010).

Accordingly, the Court should not award Frankel any fees or costs under the FDUTPA.

## FRANKEL IS NOT ENTITLED TO ATTORNEYS' FEES AND COSTS
## PURSUANT TO THE DTSA OR THE FUTSA

Under the DTSA and the FUTSA, attorneys' fees may only be awarded to a "prevailing party." *See* 18 U.S.C. § 1836(b)(3)(D); Fla. Stat. § 688.005. Such an award is entirely discretionary, **and** requires a showing that the misappropriation claim was brought in bad faith. *See* 18 U.S.C. § 1836(b)(3)(D); Fla. Stat. § 688.005; *Chetu, Inc. v. Salihu*, No. 09-60588-CIV-COHN, 2010 WL 2680088, at *1 (S.D. Fla. July 6, 2010) (quoting *Fogarty v. Fantasy Inc.,* 510 U.S. 517, 524 (1994)) ("Usage of the word 'may' in statutory construction signifies discretionary authority. In construing the plain language of similarly constructed fee-shifting statutes, the Supreme Court has held that 'the word 'may' clearly connotes discretion.'").

As an initial matter, Frankel has failed to establish that he is a prevailing party regarding Cayman Securities Clearing and Trading LTD's ("Cayman") and The Hurry Family Revocable Trust's (the "Trust") DTSA and FUTSA claims. This is because he cannot. Indeed, Frankel fails to cite a single case in which a court held a defendant to be a prevailing party after a plaintiff voluntarily dismissed a DTSA or FUTSA claim. In fact, in *S. HVAC Corp. v. Konforte*, No. 618CV1589ORL37TBS, 2019 WL 918972, at *1 (M.D. Fla. Feb. 8, 2019), *report and recommendation adopted*, No. 618CV1589ORL37TBS, 2019 WL 913372 (M.D. Fla. Feb. 25, 2019), the court held that "dismissal without prejudice of a DTSA case did not support a prevailing party fee award" and declined to find that the defendant was the prevailing party with respect to either his DTSA or FUTSA claim. Because Frankel is not a prevailing party, the Court cannot award him fees or costs on the DTSA or FUTSA claims.

Even if Frankel could establish that he prevailed on Cayman's and the Trust's DTSA or FUTSA claims (which he cannot do), he has not alleged that those claims were brought in bad faith. Frankel has provided the Court with no legal or factual basis for exercising its discretion to

4

award him fees and costs and under the DTSA or FUTSA.  Because Frankel has waived these

arguments[1], the Court should not award him fees or costs under the DTSA or FUTSA.

### A TWO-PRONG BRIEFING SCHEDULE PROVIDES CLARITY AS TO WHICH FEES AND COSTS, IF ANY, ARE BE RECOVERABLE

Frankel's request for a briefing schedule to prevent evidence of his fees and costs is

premature and should be denied.  In order to preserve judicial resources, Plaintiffs respectfully

request that the Court set a two-prong briefing schedule.

First, Frankel must demonstrate that he is entitled to any fees or costs. For the reasons

discussed herein, Frankel has failed to do so.

Second, if the Court decides that Frankel is entitled to any fees and costs, then the Court

should set a briefing schedule to determine the amount of those fees and costs.

Finally, a party can only recover fees related to the issues upon which fees were awarded.

*Lubkey v. Compuvac Sys., Inc.*, 857 So. 2d 966, 968 (Fla. Dist. Ct. App. 2003) (it is the moving

party's burden to allocate his fees "to the issues for which fees are awardable or to show that the

issues were so intertwined that allocation is not feasible").  Accordingly, only after the Court has

determined the claims on which Frankel is entitled to an award of fees and costs (if any), should

it set a schedule for Frankel to proffer evidence of the reasonable amount of those particular fees

and costs.

### CONCLUSION

For the reasons discussed herein, the Motion should be denied.


Dated this 31st day of May 2019

*/s/ Jordan Susman*_____

---

[1] *Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, 2014 WL 1154075, at *2; *Carnival Corp. v. Rolls-Royce PLC*, 2010 WL 4867587, at *2.

Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Jordan Susman*
Attorney