UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                        Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## FRANKEL'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant, Christopher Frankel, under Local Rule 3.01(c) and (d), requests leave to file a reply of no more than ten pages in support of his Motion for Attorneys' Fees and Costs. (Doc. # 67). Frankel's reply will address the incorrect arguments in plaintiffs' response (Doc. # 69) and explain that **(1)** Frankel is the prevailing party on the plaintiffs' claims under the Defend Trade Secrets Act (DTSA), Florida Uniform Trade Secrets Act (FUTSA), and Florida Deceptive and Unfair Trade Practices Act (FDUTPA), contrary to the plaintiffs' argument that final judgment has not been entered on those claims; **(2)** Frankel has not waived his claim for fees and costs under FDUTPA, contrary to the plaintiffs' argument that Frankel failed to show that the Court should exercise discretion to award him fees or costs; **(3)** there is substantial evidence in the record that supports finding that the plaintiffs brought their claims in bad faith, contrary to the plaintiffs' argument that Frankel cannot meet DTSA or FUTSA's standard for awarding fees and costs.

1

First, Frankel requests a reply to explain that he is the prevailing party on the plaintiffs' claims under FDUTPA, DTSA, and FUTSA. Plaintiffs incorrectly argue that Frankel is not a prevailing party under those claims because he has not received a judgment from the trial court. (Doc. No. 69 at 3, 4 (citing *S. HVAC Corp. v. Konforte*, No. 618CV1589ORL37TBS, 2019 WL 918972 (M.D. Fla. Feb. 8, 2019); *Black Diamond Properties, Inc. v. Haines*, 36 So. 3d 819 (Fla. 5th DCA 2010)). Frankel's reply will explain that these cases cited by plaintiffs are not on point and that the Court should follow *JSurgical, Inc. v. Synergy Health, PLC*, No. 8:18-CV-1022-T-30JSS, 2018 WL 7502044, at *1 (M.D. Fla. Dec. 6, 2018), which supports that Frankel has prevailed, with finality, on the plaintiffs' claims because the plaintiffs' failed to reassert those claims within the time allotted by the Court.

Second, Frankel requests a reply to explain that he has not waived his claim of fees and costs under FDUTPA. The plaintiffs argue Frankel failed to show that the Court should exercise discretion and award him fees or costs. (Doc. No. 69 at 3 (citing *Altman Contractors, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 13-80831-CIV, 2014 WL 1154075 (S.D. Fla. Mar, 21, 2014) and *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV, 2010 WL 4867587, at *1 (S.D. Fla. Nov. 23, 2010). (Doc. No. 69 at 3). Frankel's reply will explain that these cases do not involve or even discuss any holdings about discretion in awarding prevailing party fees. Frankel's reply also will explain why the Court should exercise discretion and award him fees based on the factors set forth in *JSurgical, Inc.*, 2018 WL 7502044, at *2.

Third, Frankel requests a reply to explain that there is substantial evidence in the record of plaintiff Cayman Securities and plaintiff Hurry Trust's bad faith in bringing their claims under DTSA or FUTSA. The plaintiffs argue Frankel has somehow waived those fee claims. (Doc. No. 69 at 4 (citing *Chetu, Inc. v. Salihu*, No. 09-60588-CIV-COHN, 2010 WL 2680088 (S.D. Fla.

2

July 6, 2010)). Frankel's reply will explain that this case does not support finding any waiver. Frankel's reply will also discuss the substantial record evidence of Cayman Securities and Hurry Trust's bad faith, including (among other things) that they: (1) sent Frankel a bad faith letter demanding he cease and desist from misappropriating unidentified confidential information, then ignored Frankel's reasonable response and instead sued him (*see* Doc. # 16 at 4–5, 16-1 ¶¶ 18–21); (2) brought claims based on conclusory allegations of unidentified confidential information and unidentified misappropriation (*see* Doc. ## 1, 37) then failed at every opportunity to disclose facts or evidence supporting those conclusory allegations (*see* discussion in Doc. # 38 at 10–13); (3) admitted that Cayman Securities and Hurry Trust did not own any confidential information that was the subject of their conclusory allegations of unidentified confidential information (*see* Doc. # 35-1, ¶ 1); (4) apparently determined that they should drop Cayman Securities and Hurry Trust's claims when they sought Frankel's consent to file the first amended complaint, but then proceeded with those claims in bad faith (and with no factual support) because they learned Frankel would seek a fee award for prevailing on those claims (*see* discussion in Doc. # 35 at 6 (citing Doc. # 35-5)), and pursued those claims in bad faith until the claims were dismissed for failing to identify the confidential information, with leave to amend to identify the confidential information, (5) finally abandoned their claims because they apparently did not have any confidential information to identify.

WHEREFORE, Frankel requests leave to file a reply of no more than ten pages.

Dated: June 7, 2019

By: */s/ Harold Holder*
David C. Banker (Fla. Bar No. 352977)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue, Tampa, Florida 33602
Phone: 813-224-9255 | Fax:    813-223-9620
dbanker@bushross.com; hholder@bushross.com
*Attorneys for Defendant*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com

Charles J. Harder, Esquire
Jordan Susman, Esquire
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com
jsusman@harderllp.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE WITH COUNSEL

I HEREBY CERTIFY, pursuant to Local Rule 3.01, that I have conferred with opposing counsel in a good faith effort to obtain consent to this motion. Opposing counsel stated that the plaintiffs oppose this motion.

By:  *Harold Holder*