UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                   Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## DEFENDANT'S MOTION TO QUASH NON-PARTY SUBPOENAS AND FOR PROTECTIVE ORDER

Defendant, Christopher Frankel, through counsel and under Federal Rule of Civil Procedure 45(d)(3), requests an order quashing or, in the alternative, modifying the plaintiffs' eleven subpoenas attached as **Exhibit A** and a protective order under Federal Rule of Civil Procedure 26(c).

### MEMORANDUM OF LAW

Under Rule 26, a party may seek a protective order related to a subpoena that imposes an undue burden or seeks "irrelevant information." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). In this case, the plaintiffs' subpoenas are directed to eleven persons and entities, each of whom is commanded to produce all documents and communications with Frankel since June 1, 2015. *See* Exhibit A. The scope of this command is not limited in any way—the plaintiffs are commanding production of all documents or communications with Frankel during this four-year period regardless of the subject matter of the

1

documents or communications. *See id.* Thus, the subpoenas command production of documents and communications that have nothing to do with the subject matter of the remaining causes of action that the plaintiffs have attempted, but failed, to state. *See id.* The plaintiffs should not be permitted on a fishing expedition and should not be permitted to proceed with the subpoenas until they state a cause of action against Frankel.[1] *See Arthrex, Inc. v. Parcus Med., LLC*, No. 2:10-CV-151, 2010 WL 11622727, at *1 (M.D. Fla. Dec. 16, 2010).

Furthermore, Federal Rule of Civil Procedure 45(d)(3) requires a subpoena to be quashed or modified if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv)). In this case, six of the eleven non-parties subpoenaed (David Jarvis; Jarvis Law Group PLLC; Steven Gribben; Gribben & Associates, Inc.; Stephen Czarnik; Czarnik & Associates) are lawyers and law firms that represented Frankel. Their communications with Frankel are protected by the attorney-client privilege under federal and Florida law.

WHEREFORE, Frankel requests an order granting this motion and quashing, or in the alternative, modifying the non-party subpoenas directed to David Jarvis; Jarvis Law Group PLLC; Steven Gribben; Gribben & Associates, Inc.; Stephen Czarnik; Czarnik & Associates. Frankel further requests a protective order prohibiting the plaintiffs from proceeding with all eleven of the subpoenas attached as **Exhibit A** until the plaintiffs have stated a viable cause of action against Frankel and until they have narrowed the scope of the document production commanded by the subpoenas to the subject matter of the claims or defenses in this case. Frankel further requests any further relief deemed proper to protect Frankel's interests and rights.

---

1. Frankel incorporates the arguments from his motion to dismiss (Doc. # 68) the plaintiffs' second amended complaint (Doc. # 61), which is set for hearing on July 2, 2019 (Doc. # 74).

## CERTIFICATE OF CONFERENCE WITH COUNSEL

I HEREBY CERTIFY, pursuant to Local Rule 3.01, that I attempted to confer with opposing counsel by telephone but have been unable to confer. I will continue to attempt to confer with opposing counsel and will supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issues presented in this motion.

Dated: June 19, 2019   By:   */s/ Harold Holder*
David C. Banker (Fla. Bar No. 352977)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue, Tampa, Florida 33602
Phone: 813-224-9255 | Fax:   813-223-9620
dbanker@bushross.com; hholder@bushross.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com

Charles J. Harder, Esquire
Jordan Susman, Esquire
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com
jsusman@harderllp.com
*Attorneys for Plaintiffs*

By:   *Harold Holder*