UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

        Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

        Defendant.
_____/

CASE NO.: 8:18-cv-02869

## PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors and Alpine Securities Corporation, (collectively "Plaintiffs"), by and through their undersigned attorney file this Motion to Modify Case Management and Scheduling Order ("Motion"), and state the following:

1. On January 11, 2019, the Court entered its Case Management and Scheduling order, (Docket # 29), which established the following deadlines for this case:

    a. Plaintiffs' Disclosure of Expert Reports by May 31, 2019
    b. Defendant Christopher Frankel's ("Defendant") Disclosure of Expert Reports by June 28, 2019
    c. Discovery to be completed by July 26, 2019;
    d. Motions for Summary Judgment, Judgment on the Pleadings, *Daubert*, and *Markman* Motions by August 23, 2019
    f. Trial term begins on February 3, 2020.

2. On January 15, 2019, Plaintiffs served interrogatories and requests for the production of documents (collectively, the "Discovery") on Defendant. (*See* Docket # 39 & 40).

3.   On February 14, 2019, Defendant responded to the Discovery and refused to disclose information or documents pertaining to: (i) his communications with clients of Plaintiffs, (ii) his communications with financial institutions with whom Plaintiffs have close relationships, and (iii) his communications with the broker-dealers that Defendant was attempting to purchase. (*See Id.*). Plaintiffs sought this discovery based on information and belief that Defendant has unlawfully obtained and misused Plaintiffs' confidential information to solicit Plaintiffs' clients, establish relationships with Plaintiffs' financial institutions, and attempt to purchase and run his own broker-dealer service. (*See* Docket # 26).

4.   On March 12, 2019, Defendant filed a Motion to Dismiss Plaintiffs' First Amended Complaint (Docket # 6), which was granted by the Court's order entered April 26, 2019 (Docket # 47).

5.   Pursuant to the Court's instruction, the Plaintiffs filed their Second Amended Complaint on May 10, 2019. (Docket # 59). Defendant responded on May 31, 2019, by filing a Motion to Dismiss. (Docket # 68).

6.   On March 26, 2019, Plaintiffs filed a Motion to Compel Defendant's Responses to Interrogatories and a Motion to Compel Defendant's Responses to Requests for Production of Documents (collectively, "Plaintiffs' Motions to Compel"). (Docket # 39 & 40).

7.   On May 7, 2019, Magistrate Judge Christopher P. Tuite heard Plaintiffs' Motions to Compel. (Docket # 45). Judge Tuite advised the parties to further meet and confer after Plaintiffs filed their Second Amended Complaint in an effort to independently resolve their disputes. Judge Tuite requested that the parties file a Joint Notice on May 24, 2019 to advise the Court whether the parties were able to resolve their disputes or if they need to amend their motions and schedule a secondary hearing. (Docket # 58).

8. On May 10, 2019, Plaintiffs moved this Court for an order modifying the Case Management and Scheduling Order with respect to the expert discovery deadlines because Plaintiffs anticipated that the services of an expert witness would be necessary to opine on the value of the confidential information misappropriated and misused by Defendant but knew that an expert witness would not be able to render these opinions until after Plaintiffs received Defendant's discovery responses and know the full scope of Defendant's misappropriation and misuse of their confidential information.

9. The Court granted the modification of the Case Management and Scheduling Order and modified the Case Management and Scheduling Order by:

    a. extending Plaintiffs' Disclosure of Expert Reports to June 25, 2019;
    b. extending Defendant's Disclosure of Expert Reports to July 26, 2019;
    c. extending the discovery deadline until August 9, 2019.

10. Pursuant to Judge Tuite's order, the parties conferred regarding their outstanding discovery disputes and agreed to supplement their discovery responses and document productions by June 7, 2019.

11. On June 7, 2019, Defendant again only served objections to the requests for production for which Plaintiffs had previously moved to compel a response. Specifically, Defendant again refused to produce: (i) information or documents pertaining to Defendant's communications with clients of Plaintiffs, (ii) Defendant's communications with financial institutions with whom Plaintiffs have close relationships, and (iii) Defendant's communications with the broker-dealers that Defendant was attempting to purchase.

12. Plaintiffs continue to believe that the services of an expert witness will be necessary to opine on the value of the confidential information misappropriated and misused by Defendant as well as Plaintiffs' damages. However, an expert witness will not be able to render

these opinions until after Plaintiffs receive Defendant's responsive documents and know the full scope of Defendant's misappropriation and misuse of their confidential information.

13. In filing this Motion, Plaintiffs are mindful of the fact that modifications to the Case Management and Scheduling Order are generally disfavored by this Court, in accordance with Local Rule 3.09 and Section B(2) of the Case Management and Scheduling Order. Nevertheless, Plaintiffs believe that good cause has been shown to grant the requested modification because Plaintiffs cannot complete their expert disclosure until Defendant complies with his discovery obligations.

14. To ensure that Plaintiffs' expert witness has the information necessary to render its opinion prior to the exchange of Plaintiffs' expert witness report, Plaintiffs request that this Court modify the Case Management and Scheduling Order by:

    a.    extending Plaintiffs' Disclosure of Expert Reports to July 16, 2019;
    b.    extending Defendant's Disclosure of Expert Reports to August 16, 2019;
    c.    extending the discovery deadline until August 23, 2019.

14. Granting Plaintiffs' Motion will not affect the dispositive motions deadline or trial date. All discovery will be completed prior to the dispositive motions deadline.

15. Plaintiffs will not use the granting of this modification in support of a motion to extend or modify another date or deadline.

17. On June 21, 2019, Plaintiffs asked Defendant to stipulate to this Motion and Defendant declined.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If a party, like the Plaintiffs here, diligently and timely

4

pursues it rights but for reasons other than its own negligence is unable to comply with a scheduling deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

      Plaintiffs' Motion sets forth a good cause basis for granting this modification.  Plaintiffs are not engaging in any type of delay tactic that would warrant denial of this Motion. Defendant will not be prejudiced by the granting of this Motion.  However, Plaintiffs will be prejudiced if the Motion is not granted.

      Therefore, Plaintiffs respectfully request that the Court exercise its discretion and permit the requested modification of the Case Management and Scheduling Order for the good cause stated herein.

      WHEREFORE, Plaintiffs respectfully requests that this Court grant this Motion and modify the Case Management and Scheduling Order so that (a) Plaintiffs' Disclosure of Expert Reports are due by July 16, 2019, (b) Defendant's Disclosure of Expert Reports are due by August 16, 2019, and (c) discovery must be completed by August 23, 2019.

Dated this 21st day of June 2019

                                            */s/ Jordan Susman*_____
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

>Kenneth G. Turkel, Esq.
>Florida Bar No. 867233
>Shane B. Vogt, Esq.
>Florida Bar No. 0257620
>BAJO | CUVA | COHEN | TURKEL
>100 North Tampa Street, Suite 1900
>Tampa, Florida 33602
>Tel:  (813) 443-2199
>Fax: (813) 443-2193
>Email:  kturkel@bajocuva.com
>Email:  svogt@bajocuva.com

### RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort to resolve this discovery dispute.  However, the parties were unable to reach a resolution

Dated this 21st day of June 2019

>*/s/ Jordan Susman*
>Charles J. Harder, Esq.
>Admitted Pro Hac Vice
>Jordan Susman, Esq.
>Admitted Pro Hac Vice
>HARDER LLP
>132 South Rodeo Drive, Suite 301
>Beverly Hills, CA  90212-2406
>Tel: (424) 203-1600
>Fax: (424) 203-1601
>Email:  charder@harderllp.com
>Email:  jsusman@harderllp.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

>*/s/ Margo J. Arnold*
>Attorney