UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

      Plaintiffs,

v.                                                        Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

      Defendant.

_____/

## PLAINTIFFS' SECOND MOTION TO COMPEL RESPONSES AND PRODUCTION OF DOCUMENTS FROM DEFENDANT CHRISTOPHER FRANKEL

Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively the "Hurry Parties"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, move to compel amended discovery responses and the production of documents from Defendant Christopher Frankel ("Defendant").

### BACKGROUND

This action arises from Defendant's unlawful use of confidential information obtained from the Hurry Parties to destroy their businesses, abscond with their clients, and unfairly compete with the Hurry Parties.  (*See* Second Amended Complaint ("SAC"), Dkt. 61, ¶ 1).

On January 15, 2019, the Hurry Parties served their First Stet of Requests for Production of Documents upon Defendant**.**

On February 14, 2019, Defendant served his Responses to the First Request for Production.  Defendant failed and refused to produce documents responsive to Request Nos. 3, 4, 9, 10, and 11.

1

On February 27, 2019, the Hurry Parties sent a good faith letter to Defendant, explaining that his responses and objections to Request Nos. 3, 4, 9, 10, and 11 were insufficient under Rule 34 of the Federal Rules of Civil Procedure and the Court's handbook on discovery practice, *Middle District Discovery*.

On March 7, 2019, the Hurry Parties' counsel and counsel for Defendant had a telephone conference to address Defendant's deficient discovery responses.  Despite the Hurry Parties' detailed explanation regarding the deficiencies, Defendant refused to amend *any* of his responses to the Hurry Parties' First Request for Production.  The understanding of the parties was memorialized by counsel for the Hurry Parties in an email dated March 7, 2019.

On March 26, 2019, the Hurry Parties filed a Motion to Compel Responses and Production of Documents from Defendant Christopher Frankel. (Dkt. 41).

At the May 7, 2019, hearing, Magistrate Judge Christopher P. Tuite ordered the parties to continue their meet and confer efforts after the Hurry Parties filed their Second Amended Complaint and see if they could independently resolve the discovery issues. (Dkt. 58).

On May 10, 2019, the Hurry Parties filed their Second Amended Complaint.  (Dkt. 61).

On June 7, 2019, Defendant served his supplemental responses to the request for production.  Defendant's responses, however, again contained only objections to Request Nos. 3, 4, 9, 10, and 11.

The parties engaged in several meet and confer conversations, but Defendant utterly refused to provide responsive documents.  (Dkt. 78 & 82).

## ARGUMENT

The scope of discovery permitted under Rule 26(b) of the Federal Rules of Civil Procedure is exceedingly broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1); *McBride v. Rivers*, 170 Fed. Appx. 648, 659 (11th Cir. 2006) (the scope of allowable discovery is determined by the claims and defenses raised in the case).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

The party resisting discovery carries the burden to show why the requested discovery should not be permitted. *See McLane v. Ethicon Endo-Surgery, Inc.,* No. No. 3:12-cv-406-J-99MMH-TEM, 2013 WL 5556147, *2 (M.D. Fla. Oct. 8, 2013). "The burden on the resisting party is to specifically show how the objected-to request is unreasonable, irrelevant, or otherwise unduly burdensome." *Id*

The five requests at issue here concern specific, concrete allegations contained in the operative SAC. Defendant's objections and ongoing refusal to produce documents are baseless.

A.      **The Court Should Overrule Defendant's Objections**

**Request No. 3:** All Documents and Communications between You and Plaintiffs' current or former clients since August 1, 2018.

**Defendant's Supplemental Answer:** Objection: not reasonably calculated to lead to discovery of admissible evidence; seeks Frankel's private, confidential, and proprietary information. Chris Frankel's documents and communications, since August 1, 2018, with persons and entities who have done business with the plaintiffs, are not discoverable because Frankel did not share or discuss the plaintiffs' confidential information with persons or entities who have done business with the plaintiffs. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to communicate and share documents with persons and entities who have done business with the plaintiffs, provided he did not communicate or share documents concerning the plaintiffs' confidential information, and he did not.

**Reasons to Overrule Objections:** The documents requested are reasonably calculated to lead to the discovery of admissible evidence. The operative SAC states that Defendant unlawfully used "confidential information obtained from Plaintiffs to destroy their businesses, abscond with their clients, and unfairly compete Plaintiffs." (SAC ¶¶ 1). The SAC expressly alleges that Defendant took and used for his own benefit "[]a July 31, 2018 internal email regarding Alpine's fee schedule that included a listing of Alpine's top-50 accounts by commission amount." (SAC, ¶ 41d). Consequently, Defendant's communications with the Hurry Parties' clients are directly relevant to the allegations in the SAC because they will

3

establish the extent to which Defendant used the top-50 account list to solicit clients.  *See*

*Downing v. Billy Barnes Enterprises*, No. CA 1:12-00435-C, 2013 WL 1857113, at *3 (S.D. Ala.

May 2, 2013) ("Obviously, to determine the relevancy of the information sought by parties

bringing motions to compel, the court takes note of the facts set forth in the complaint.") (citation

and quotes omitted).

Defendant's claim that he "did not share or discuss the plaintiffs' confidential

information with persons or entities who have done business with the plaintiffs" is of no

consequence because Defendant did not need to share or discuss the Hurry Parties' Confidential

Information in order to be in breach of contract or liable for misappropriation.  Defendant's

communications with the Hurry Parties' clients are improper if Defendant used Confidential

Information to facilitate those communications.  Only the production of these communications

will yield this information.

Defendant's objection on the basis of confidentiality is equally meritless. *See McKellips,*

305 F.R.D. at 661.  There is a confidentiality agreement in place that would enable Defendant to

label proprietary information either "Confidential" or "Attorneys Eyes Only." *See Suntree*

*Techs., Inc. v. Ecosense Int'l, Inc.*, 2011 WL 13140727, at *4; *Walt Disney Co. v. DeFabiis*, 168

F.R.D. at 283 ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P.

26(b)"); *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, 2012 WL

12903171, at *6 (in ruling on motion to compel, Court ordered a party to produce responsive

confidential documents pursuant to the parties' confidentiality agreement).

Defendant's objections violate the Federal Rules of Civil Procedure and this Court's

Discovery Handbook, are improper, and should be overruled.

**Request No. 4:**  All Documents and Communications between You and financial

institutions that currently have or previously had relationships with Plaintiffs since August 1,

2018.

**Defendant's Supplemental Answer:**  Objection: not reasonably calculated to lead to

discovery of admissible evidence; seeks Frankel's private, confidential, proprietary information

including his private banking information. Chris Frankel's documents and communications, since August 1, 2018, with financial institutions which have done business with the plaintiffs, are not discoverable because Frankel did not share or discuss the plaintiffs' confidential information with financial institutions which have done business with the plaintiffs. Chris Frankel has had a long term, personal banking relationship with a financial institution which has also had a relationship with the plaintiffs. Frankel's documents and communications with this financial institution concerning Frankel's account(s) are confidential and not relevant.

**Reasons to Overrule Objections:**  The documents requested are reasonably calculated to lead to the discovery of admissible evidence, because the operative SAC states: "Defendant used Plaintiffs' Confidential Information to solicit capital and establish financial relations so that it could make a bid for a broker-dealer in Chicago." (SAC ¶¶ 30, 51, 62).  Consequently, Defendant's communications with financial institutions that currently have or previously had relationships with the Hurry Parties are directly relevant to the allegations in the SAC.  *See Downing,* No. CA 1:12-00435-C, 2013 WL 1857113, at *3 (S.D. Ala. May 2, 2013) ("Obviously, to determine the relevancy of the information sought by parties bringing motions to compel, the court takes note of the facts set forth in the complaint.").

Defendant's claim that he "did not share or discuss the plaintiffs' confidential information with persons or entities who have done business with the plaintiffs" is of no consequence because Defendant did not need to share or discuss the Hurry Parties' Confidential Information in order to be in breach of contract or liable for misappropriation.  Defendant's communications with the Hurry Parties' financial institutions are improper if Defendant used Confidential Information to facilitate those communications.  Only the production of these communications will yield this information.

Defendant's objection on the basis of confidentiality is equally meritless. *See McKellips,* 305 F.R.D. at 661.  There is a confidentiality agreement in place that would enable Defendant to label proprietary information either "Confidential" or "Attorneys Eyes Only." *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 2011 WL 13140727, at *4; *Walt Disney Co. v. DeFabiis*, 168

F.R.D. at 283 ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P. 26(b)"); *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, 2012 WL 12903171, at *6 (in ruling on motion to compel, Court ordered a party to produce responsive confidential documents pursuant to the parties' confidentiality agreement).

Defendant's objections violate the Federal Rules of Civil Procedure and this Court's Discovery Handbook, are improper, and should be overruled.

**Request No. 9:**  All Documents and Communications that pertain to Your attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018.

**Defendant's Supplemental Answer:**  Objection: Any communications and documents concerning Frankel's attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018, are not reasonably calculated to lead to discovery of admissible evidence, and proprietary and confidential. Frankel has used no confidential information of the plaintiffs in contemplating the purchase of any broker-dealer. Chris Frankel knows of no broker-dealer which the plaintiffs contemplated purchasing before, during, or after Chris Frankel's employment and consultant relationship with Alpine. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to contemplate purchasing, or to purchase, any broker-dealer he may wish to purchase, provided he did not use the plaintiffs' confidential information in doing so, and he did not.

**Reasons to Overrule Objections:**  The documents requested are reasonably calculated to lead to the discovery of admissible evidence, because the operative SAC clearly states, "Defendant used Plaintiffs' Confidential Information to solicit capital and establish financial relations so that it could make a bid for a broker-dealer in Chicago."  (SAC ¶¶ 30, 51, 62). Consequently, documents that pertain to Defendant's attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018 are directly relevant to the allegations in the SAC.  *See Downing*, No. CA 1:12-00435-C, 2013 WL 1857113, at *3 (S.D. Ala. May 2, 2013) ("Obviously, to determine the relevancy of the information sought by parties bringing motions to compel, the court takes note of the facts set forth in the complaint.").

Defendant's claim that he "has used no confidential information of the plaintiffs in contemplating the purchase of any broker-dealer" is demonstrably false, because documents received from Ziv Investment Company – a broker dealer that Defendant sought to purchase – in response to a document subpoena included Confidential Information that Defendant shared with Ziv.

Defendant's objection on the basis of confidentiality is equally meritless. *See McKellips,* 305 F.R.D. at 661.  There is a confidentiality agreement in place that would enable Defendant to label proprietary information either "Confidential" or "Attorneys Eyes Only." *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.,* 2011 WL 13140727, at *4; *Walt Disney Co. v. DeFabiis,* 168 F.R.D. at 283 ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P. 26(b)"); *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.,* 2012 WL 12903171, at *6 (in ruling on motion to compel, Court ordered a party to produce responsive confidential documents pursuant to the parties' confidentiality agreement).

Defendant's objections violate the Federal Rules of Civil Procedure and this Court's Discovery Handbook, are improper, and should be overruled.

**Request No. 10:**  All Documents and Communications between You and any broker-dealers that you have considered purchasing since August 1, 2018.

**Defendant's Supplemental Answer:**  Objection: Any communications and documents between Frankel and any broker-dealers he may have considered purchasing since August 1, 2018, are not reasonably calculated to lead to discovery of admissible evidence, and proprietary and confidential. Frankel has used no confidential information of the plaintiffs in contemplating the purchase of any broker-dealer. Chris Frankel knows of no broker dealer which the plaintiffs contemplated purchasing before, during, or after Chris Frankel's employment and consultant relationship with Alpine. The plaintiffs have no non-competition or non-solicitation agreement with Frankel. Frankel has been free to contemplate purchasing, or to purchase, any broker-dealer he may wish to purchase, provided he does not use the plaintiffs' confidential information in doing so, and he has not done so.

**Reasons to Overrule Objections:**  The documents requested are reasonably calculated to lead to the discovery of admissible evidence, because the operative SAC clearly states, "Defendant used Plaintiffs' Confidential Information to solicit capital and establish financial relations so that it could make a bid for a broker-dealer in Chicago."  (SAC ¶¶ 30, 51, 62). Consequently, documents that pertain to Defendant's attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018 are directly relevant to the allegations in the SAC.  *See Downing*, No. CA 1:12-00435-C, 2013 WL 1857113, at *3 (S.D. Ala. May 2, 2013) ("Obviously, to determine the relevancy of the information sought by parties bringing motions to compel, the court takes note of the facts set forth in the complaint.").

Defendant's claim that he "has used no confidential information of the plaintiffs in contemplating the purchase of any broker-dealer" is demonstrably false, because documents received from Ziv Investment Company – a broker dealer that Defendant sought to purchase – in response to a document subpoena included Confidential Information that Defendant shared with Ziv.

Defendant's objection on the basis of confidentiality is equally meritless. *See McKellips,* 305 F.R.D. at 661.  There is a confidentiality agreement in place that would enable Defendant to label proprietary information either "Confidential" or "Attorneys Eyes Only." *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 2011 WL 13140727, at *4; *Walt Disney Co. v. DeFabiis*, 168 F.R.D. at 283 ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P. 26(b)"); *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, 2012 WL 12903171, at *6 (in ruling on motion to compel, Court ordered a party to produce responsive confidential documents pursuant to the parties' confidentiality agreement).

Defendant's objections violate the Federal Rules of Civil Procedure and this Court's Discovery Handbook, are improper, and should be overruled.

**Request No. 11:**  All Documents and Communications between You and Ziv Investment Company since August 1, 2018.

**Defendant's Supplemental Answer:**  Objection: Frankel has not discussed or shared plaintiffs' confidential information with Ziv Investment Company since (or before) August 1, 2018. Frankel's communications and any documents shared with Ziv Investment Company since August 1, 2018, have nothing to do with the plaintiffs, are not reasonably calculated to lead to discovery of admissible evidence, and are confidential and proprietary to the extent that the communications may have concerned business or employment opportunities which Frankel has been considering since August 1, 2018.

**Reasons to Overrule Objections:**  The documents requested are reasonably calculated to lead to the discovery of admissible evidence, because the operative SAC clearly states, "Defendant used Plaintiffs' Confidential Information to solicit capital and establish financial relations so that it could make a bid for a broker-dealer in Chicago."  (SAC ¶¶ 30, 51, 62). Consequently, documents that pertain to Defendant's attempts, inquiries, preparations, or desire to purchase Ziv Investment Company—a broker dealer in Chicago—are directly relevant to the allegations in the SAC.  *See Downing*, No. CA 1:12-00435-C, 2013 WL 1857113, at *3 (S.D. Ala. May 2, 2013) ("Obviously, to determine the relevancy of the information sought by parties bringing motions to compel, the court takes note of the facts set forth in the complaint.").

Defendant's claim that he "has not discussed or shared plaintiffs' confidential information with Ziv Investment Company" is demonstrably false, because documents received from Ziv in response to a document subpoena included Confidential Information that Defendant shared with Ziv.

Defendant's objection on the basis of confidentiality is equally meritless. *See McKellips*, 305 F.R.D. at 661.  There is a confidentiality agreement in place that would enable Defendant to label proprietary information either "Confidential" or "Attorneys Eyes Only." *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 2011 WL 13140727, at *4; *Walt Disney Co. v. DeFabiis*, 168 F.R.D. at 283 ("only privilege, not confidentiality, is a valid objection under Fed.R.Civ.P.

9

26(b)"); *Real Estate Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, 2012 WL 12903171, at *6 (in ruling on motion to compel, Court ordered a party to produce responsive confidential documents pursuant to the parties' confidentiality agreement).

Defendant's objections violate the Federal Rules of Civil Procedure and this Court's Discovery Handbook, are improper, and should be overruled.

**B.     Defendant Must Pay The Hurry Parties' Attorneys' Fees and Costs**

In granting a motion to compel, a court may require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses, including attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5). "A court *must* impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (emphasis added). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Id.* (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Defendant's baseless objections and his failure to cure his discovery violations after being put on notice demonstrate that his conduct is not "substantially justified." Based on the explicit language of the Federal Rules of Civil Procedure and applicable case law, it is clear that reasonable people could not differ on the appropriateness of Defendant's objections. Because Defendant has repeatedly ignored his discovery obligations, he should be required to pay the Hurry Parties' attorneys' fees.

## CONCLUSION

**WHEREFORE**, the Hurry Parties respectfully requests that the Court enter an Order (a) overruling Defendants' objections to Request Nos. 3, 4, 9, 10, 11, (b) compelling Defendant to serve complete responses to these discovery requests within 14 days of such Order, (c) directing Defendant to produce responsive documents to Request Nos. 3, 4, 9, 10, 11 at this time, (d) sanctioning Defendant for its conduct under Rule 37(b), and (e) granting any such further relief as the Court deems appropriate.

Dated this 3rd day of July 2019

<div style="margin-left:40%">

*/s/ Jordan Susman*
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

</div>

**RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL**

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local

Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort

to resolve this discovery dispute.  However, the parties were unable to reach a resolution

Dated this 3rd day of July 2019

<div align="right">

*/s/ Jordan Susman*

Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 3, 2019, the foregoing document was filed with the

Court's CM/ECF system, which will send electronic notice to all counsel of record.

<div align="right">

*/s/ Jordan Susman*

Attorney

</div>