UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

# EXHIBIT "4"

| | |
|---|---|
| **Subject:** | Re: Cease and Desist |
| **Date:** | Monday, November 12, 2018 at 10:40:22 AM Eastern Standard Time |
| **From:** | Chris Frankel |
| **To:** | Marcie Moreno |
| **CC:** | Jordan Susman |
| **Attachments:** | image001.jpg, image002.jpg |

Mr. Susman

I am in possession and acknowledge your communication below. I take great exception to your allegation regarding a breach of Confidentiality on my part. I have not knowingly committed a breach of any component of my agreement. If you are in possession of any specifics regarding the alleged breach, kindly reply and I will respond appropriately.

In accordance with your demand, I am willing to search for any Confidential documents that may be in my possession. Please let me know what documents you believe I have that are confidential and I will provide those to you. If you are not able to provide specifics pertaining to the documents you seek, simply let me know and I will provide a copy of all documents and communication from your clients which are in my possession.

I await your reply regarding the detail pertaining to your breach allegations and the documents you are searching for.

Chris Frankel

---

**From:** Marcie Moreno <mmoreno@harderllp.com>
**Date:** Friday, November 9, 2018 at 5:15 PM
**To:** Chris Frankel <chrisfrankel13@gmail.com>
**Cc:** Jordan Susman <jsusman@harderllp.com>
**Subject:** Cease and Desist

Please see the attached correspondence from attorney Jordan Susman.
For your ease of reference, the text of the letter is pasted below.


Dear Mr. Frankel:


This firm represents Scottsdale Capital Advisors Corporation, Alpine Securities Corporation, Cayman Securities Clearing and Trading LTD and the Hurry Family Revocable Trust (collectively, "**SCA Parties**").  We write in connection with your numerous material breaches of the Non-Disclosure and Confidentiality Agreement dated June 22, 2015 (the "**Agreement**") between you, on the one hand, and the SCA Parties, on the other hand, a copy of which is enclosed with this letter.

You have breached the Agreement by, among other things, disclosing Confidential Information to third parties and using Confidential Information in connection with a competing business.  "Confidential Information" is defined in the Agreement, in part, as "any data or information that is proprietary to the Discloser and not generally known to the

public, whether in tangible or intangible form, whenever and however disclosed, including, but not limited to: (i) any marketing strategies, plans, financial information, or projections, operations, sales estimates, business plans and performance results relating to the past, present or future business activities of such party, its affiliates, subsidiaries and affiliated companies; (ii) plans for products or services, (iii) customer lists and account information; (iv) any scientific or technical information, invention, design, process, procedure, formula, improvement, technology or method; (v) any concepts, reports, data, know-how, works-in-progress, designs, development tools, specifications, computer software, source code, object code, flow charts, databases, inventions, information and trade secrets; and (vi) any other information that should reasonably be recognized as confidential information of the Discloser." Agreement, ¶ 1(a).

Remedies for your breach of the Agreement include, but are not limited to monetary damages, injunctive relief, and all other remedies available at law and equity.  Agreement, ¶ 6.

Further, the Agreement requires you to return any and all documents, records, and copies that contain Confidential Information within ten (10) business days of written request for the same and to "cooperate with efforts by the [SCA Parties] to help the [SCA Parties] regain possession of Confidential Information and prevent its further unauthorized use."  Agreement, ¶¶ 5, 7.

**The SCA Parties hereby demand that you immediately cease and desist** from any and all further disclosure and/or usage of Confidential Information.  The SCA Parties further demand that you return to this firm any and all documents, records, and/or copies thereof in your possession, custody, or control that contain any Confidential Information no later than the close of business on **November 26, 2018**.  Please confirm in writing by **12 p.m. PST on November 12, 2018** that the foregoing demands will be, and are being, fully complied with.

"Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."  *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003); *In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.").

Accordingly, you and all persons acting on your behalf or at your direction are under an obligation to affirmatively preserve, and not destroy, delete, hide or misplace, documents and materials of all kinds that refer or relate to this dispute in any way, including without limitation all electronic mail (email), letters, draft letters, facsimile transmissions, memoranda, draft memoranda, instant messages (IMs), text messages, chats, phone messages, phone logs, calendars, reports, handwritten notes, typewritten notes, charts and spreadsheets, articles, draft articles, photographs, still images, illustrations, video clips and recordings, audio clips and recordings, news articles, and interview schedules, among other types of documents and communications.  You are also required to affirmatively preserve all servers, backup tapes, hard drives, smartphones, tablets, and any and all other storage devices in your possession, custody or control that may contain any of the aforementioned documents and/or materials.

This letter is not intended as a full or complete statement of all relevant facts or
applicable law, and nothing herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment of any of my clients' rights, remedies, claims or causes of action, all of which are hereby expressly reserved.

Very truly yours,

JORDAN SUSMAN Of
**HARDER LLP**



**Marcie Moreno**
**Legal Assistant**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
MMORENO@HARDERLLP.com
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged.  If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful.  If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner.  Thank you.