UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.     Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

**Frankel's Response to Plaintiffs' Second Motion to Compel (Doc. # 92)**

    The Defendant, Christopher L. Frankel, through counsel, requests that the Court deny the plaintiffs' Second Motion to Compel (Doc. # 92). In cases involving misappropriation claims, the scope of discovery should be limited to the confidential information allegedly misappropriated and should not include documents and communications that are not related to the plaintiffs or their allegedly misappropriated confidential information. In this case, the plaintiffs' document requests exceed this scope and seek all documents and communications,

1

regardless of whether they relate to the plaintiffs or their allegedly misappropriated confidential information.

Frankel has proposed to limit requests 9, 10, and 11 to documents and communications that referred to John Hurry or any of the four plaintiffs, or referred to, used, incorporated, or attached any of the "confidential" information alleged to have been misappropriated in the Second Amended Complaint. To attempt to resolve the dispute regarding request 4, the only limitation Frankel has proposed is excluding documents and communications related to irrelevant bank accounts. To narrow the issues and resolve the dispute regarding request 3, Frankel has agreed to produce all responsive documents, without limitation. This Court should not require any further production, and the plaintiffs' motion compel should be denied.

**Background**

In accordance with Magistrate Judge Christopher P. Tuite's directive to try to resolve discovery disputes raised in both sides' initial motions to compel, the parties successfully resolved most of their discovery disputes. The parties were not able to resolve their disputes regarding 5 of the plaintiffs' requests to produce. In their Second Motion to Compel, the plaintiffs thus challenged Frankel's objections to production of documents and communications since August 1, 2018, between:

A. Frankel and the plaintiffs' current and former clients (request 3);

B. Frankel and financial institutions with which the plaintiffs have had relationships (request 4);

C. Frankel and broker-dealers which Frankel attempted to purchase or considered purchasing (requests 9 and 10); and

D. Frankel and Ziv Investment Company (request 11).

Unfortunate timing has delayed resolution and narrowing of the discovery disputes raised in the parties' initial motions to compel. The parties had to submit their joint discovery report on June 21, 2019, before Judge Virginia M. Covington could hear Frankel's motion to dismiss the Second Amended Complaint on July 2, 2019. At the motion to dismiss hearing, Judge Covington ruled that the plaintiffs had finally stated causes of action based on misappropriation in the Second Amended Complaint, and Judge Covington denied Frankel's motion to dismiss. (Doc. # 90).

Frankel had objected to the plaintiffs' discovery requests based on the plaintiffs' failures to state causes of action in the prior complaints. Based on the admonitions in *DynCorp Int'l v. AAR Airlift Group, Inc.*, 664 F.App'x 844, 849–50 (11th Cir. 2016); *Am. Registry, LLC v. Hanaw*, No. 2:13-CV-352-FTM-29UAM, 2013 WL 6332971, at *3–4 (M.D. Fla. Dec. 5, 2013); *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:10-CV-151, 2010 WL 11622727, at *1 (M.D. Fla. Dec. 16, 2010), that discovery may not proceed until a misappropriation plaintiff has framed the issues by a viable complaint, Frankel had contended that the plaintiffs could not take discovery. In cases like this one alleging causes of action based on misappropriation of confidential information, the courts have sought to strike a balance between protection of an employer's confidential information, on the one hand, and unwarranted intrusion, monitoring, and interference with a former employee's right to compete and pursue business and employment opportunities, on the other hand, by restricting discovery to the confidential information alleged to have been misappropriated.

Undoubtedly concerned about case management deadlines, the plaintiffs filed their Second Motion to Compel on July 3, 2019, without any opportunity to confer with Frankel's

counsel about the impact of Judge Covington's ruling on the remaining, unresolved discovery disputes.

Since Judge Covington's ruling and the plaintiffs' Second Motion to Compel, the plaintiffs and Frankel have had an opportunity to confer, and based on Judge Covington's ruling that the plaintiffs have finally stated a cause of action, limited discovery has become appropriate. Frankel has proposed resolving the disputed requests to produce as follows:

A. By producing his documents and communications between Frankel and the plaintiff's former and current clients since August 1, 2018, as requested in 3;

B. By producing his documents and communications between Frankel and financial institutions which have had relationships with the plaintiffs since August 1, 2018, as requested in 4, but not documents and communications concerning Frankel's bank accounts with such institutions;

C. By producing his documents and communications between Frankel and any broker-dealers he has considered purchasing or attempted to purchase since August 1, 2018, as requested in 9 and 10, to the extent such documents and communications referred to John Hurry or any of the four plaintiffs, or referred to, used, incorporated, or attached any of the "confidential" information alleged to have been misappropriated in the Second Amended Complaint; and

D. By producing his documents and communications between Frankel and Ziv Investment Company since August 1, 2018, as requested in 11, to the extent such documents and communications referred to John Hurry or any of the four plaintiffs, or referred to, used, incorporated, or attached any of the "confidential" information alleged to have been misappropriated in the Second Amended Complaint.

**Argument**

In cases involving misappropriation claims, the scope of discovery should be limited to the confidential information allegedly misappropriated and should not include documents and communications that are not related to the plaintiffs or their allegedly misappropriated confidential information. *See, e.g.*, *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681 (N.D. Ga. 2007) (requiring sufficient description of the trade secrets at issue so that defendants "can discern the relevancy of any requested discovery"); *see generally* Fed. R. Civ. P. 26(b)(1) (defining scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

In this case, the plaintiffs' requests 4, 9, 10, and 11 are not limited to the alleged misappropriation.[1] The plaintiffs' request 4 includes all documents and communications between Frankel and financial institutions with which the plaintiffs have had relationships. Complying with this request as written would require Frankel to produce documents and communications concerning his bank accounts with these financial institutions. These accounts are irrelevant to the plaintiffs' misappropriation claims. Frankel has proposed to exclude these documents and communications from his production but otherwise respond to the request 4. This proposed limitation is appropriate and Frankel should not be compelled to produce irrelevant documents and communications concerning his private financial information.

The plaintiffs' requests 9 and 10 include all documents and communications between Frankel and broker-dealers which Frankel attempted to purchase or considered purchasing. Similarly, plaintiffs' request 11 includes all documents and communications with Ziv Investment Company. There are no limits on the subject matter of the documents and communications in

---

1. Request 3 is also objectionable, but in order to narrow the issues, Frankel has agreed to produce responsive documents without limitation.

requests 9, 10, and 11. Thus, the requests as written require production of documents and communications that have nothing to do with the plaintiffs or their allegedly confidential information. Frankel has proposed to limit his production in response to requests 9, 10, and 11 to documents and communications that referred to John Hurry or any of the four plaintiffs, or referred to, used, incorporated, or attached any of the "confidential" information alleged to have been misappropriated in the Second Amended Complaint. This proposed limitation is appropriate and Frankel should not be compelled to produced irrelevant documents.

Furthermore, the plaintiffs should not be awarded any attorney fees. Frankel's responses and objections to the plaintiffs' discovery requests have been justified based on the circumstances described in the background section above. At each stage of discovery in this case, Frankel has responded appropriately, particularly in light of the plaintiffs' initial and repeated failures to identify the confidential information allegedly misappropriated and to limit the scope of their discovery requests to the documents and communications relevant to the alleged misappropriation. After the court denied Frankel's motion to dismiss, Frankel's counsel conferred in good faith with the plaintiffs' counsel to attempt to resolve or narrow the remaining discovery disputes. Frankel proposed the reasonable limitations described above. No further production should be required, and the plaintiffs' motion to compel and request for attorney fees should be denied.

*s/ David C. Banker*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;

                    candersen@bushross.com;
                    hholder@bushross.com
                    Secondary:   aflowers@bushross.com
                    ksalter@bushross.com
                    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that I caused Frankel's Response to Plaintiffs' Second Motion to Compel Responses and Production of Documents to be served via electronic email on plaintiffs' counsel at the following addresses on July 18, 2019:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com

Charles J. Harder, Esquire
Jordan Susman, Esquire
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com
jsusman@harderllp.com
*Attorneys for Plaintiffs*

                                                By:   */s/ David C. Banker*