UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;   CASE NO.: 8:18-cv-02869-VMC-CPT
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER FRANKEL,

    Counter-claimant,

vs.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

    Counter-defendants.

**COUNTER-DEFENDANTS' MOTION TO STRIKE FRANKEL'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT**

Counter-defendants, Cayman Securities Clearing and Trading LTD, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation (collectively the "Hurry Parties"), move to strike Defendant and Counter-claimant Christopher Frankel's ("Frankel") Counterclaim to Second Amended Complaint [Dkt. 95], and state as follows:

1

On January 11, 2019, this Court entered a Case Management Report, the purpose of which is to "discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action." [Dkt. 29]. Consequently, the Case Management Report expressly prohibited the parties from amending their pleadings after February 15, 2019. [*Id.*].

As of February 15, 2019, Frankel had a filed Counterclaim before this Court with a single counterclaim for declaratory relief. [Dkt. 14].

On July 3, 2019, the Court denied Frankel's Motion to Dismiss Plaintiffs' Second Amended Complaint, stating: "Defendant Christopher Frankel is directed to file his **answer** to the second amended complaint by July 16, 2019." [Dkt. 91] (Emphasis added).

Notwithstanding the express order in the Case Management Report prohibiting the amendment of pleadings, and the Court's July 3, 2019 ruling that ordered Frankel to "answer" the second amended complaint, Frankel included a new counterclaim for malicious prosecution with his answer. [Dkt. 95].

Frankel's improper attempt to plead a new counterclaim less than one month before the close of discovery is precisely the type of pretrial gamesmanship that the Case Management Report is meant to prevent. The Hurry Parties have had and will have no time to conduct adequate discovery into this new counterclaim before discovery closes on August 9. If Frankel truly wants to bring a malicious prosecution claim, then it should be brought as a separate lawsuit and not in violation of this Court's Case Management Report.

For the reasons stated above, the Hurry Parties respectfully request that the Court strike Frankel's Counterclaim to Second Amended Complaint as untimely and in violation of the Case Management Report and the Court's July 3 order to answer the second amended complaint.

Dated this 1st day of August 2019.

/s/ *Jordan Susman*
Charles J. Harder, Esq.
Jordan Susman, Esq.
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

Kenneth G. Turkel – FBN 867233
Shane B. Vogt – FBN 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
E-mail:  kturkel@bajocuva.com
E-mail:  svogt@bajocuva.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ *Jordan Susman*
Attorney