## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;     CASE NO.: 8:18-cv-02869-VMC-CPT
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

       Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

       Defendant.
_____/

CHRISTOPHER FRANKEL,

       Counter-claimant,

vs.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

       Counter-defendants

## CAYMAN SECURITIES CLEARING AND TRADING LTD'S MOTION TO DISMISS

## DEFENDANT'S MALICIOUS PROSECUTION COUNTERCLAIM

Counter-defendant, Cayman Securities Clearing and Trading LTD, ("Cayman"), moves to dismiss Defendant and Counter-claimant Christopher Frankel's ("Defendant") malicious prosecution Counterclaim [Dkt. 95], and states as follows.

## I.     <u>INTRODUCTION</u>

On July 16, 2019 – less than one month before the close of discovery – Defendant filed a Counterclaim against Cayman for malicious prosecution. [Dkt. 95].  According to the Counterclaim, Cayman brought claims against Defendant in this action for breach of contract and misappropriation of trade secrets "without probable cause and with malicious intent unlawfully to impair Defendant's employment and investment opportunities in the securities business and to damage his reputation." [*Id.*, pg. 27, ¶ 20]. The Court dismissed Cayman's claims with leave to amend, and Cayman declined to re-plead its claims against Defendant. [*Id.*, ¶ 21]. According to the Counterclaim, this was a "bona fide determination of Cayman Securities' lawsuit against Cayman Securities and for Frankel." [*Id.*, ¶ 22].

The bare-bones allegations in the Counterclaim fail as a matter of law to plead a claim for malicious prosecution.  Instead, Defendant has merely strung together a series of conclusory allegations that lack the necessary factual allegations required for a plausible claim. These omissions are purposeful, as the requisite facts needed for a malicious prosecution claim do not exist here. Consequently, Cayman requests that the Court dismiss Defendant's frivolous claim.

## II.    <u>THE COUNTERCLAIM DOES NOT COMPLY WITH THE RULE 12(B)(6) PLEADING REQUIREMENTS</u>

### A.     <u>Legal Standard</u>

FRCP Rule 12(b)(6) requires that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation

omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted).

When determining whether a motion to dismiss under Rule 12(b)(6) should be granted, the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.,* 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1328 (11th Cir. 2006)). However, this construction "is inapplicable to legal conclusions." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678).

Defendant's malicious prosecution claim does not meet the Rule 12(b)(6) pleading standard. Rather than pleading facts, Defendant alleges conclusions and a formulaic recitation of the elements.

A malicious prosecution claim requires the pleading of six elements: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original

proceeding." *Blackshear v. City of Miami Beach*, 799 F. Supp. 2d 1338, 1347 (S.D. Fla. 2011). Defendant has failed to plead facts to support the third and fourth elements.

### B.  The Counterclaim Fails to Plead Facts that the Termination of Cayman's Proceeding Constituted a Bona Fide Termination in Defendant's Favor

The third element of a claim for malicious prosecution requires: "the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff." *Blackshear*, 799 F. Supp. 2d at 1347.

The Counterclaim is devoid of any facts to indicate that a bona fide determination actually occurred. Instead, Defendant alleges in conclusory manner that "the dismissal of Cayman Securities' claims and failure to file amended claims within the authorized time period against Defendant is a bona fide determination of Cayman Securities' lawsuit against Cayman Securities and for Frankel." [Dkt. 95, pg. 27, ¶ 22].

This is clearly insufficient. As explained in *Doss v. Bank of America, N.A.,* 857 So.2d 991, 994–95 (Fla. 5th DCA 2003):

> "[B]ona fide termination" . . . is a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit. Therefore, suits that terminate because of technical or procedural reasons or considerations other than the merits of the first suit, are not "bona fide terminations" and will not support a malicious prosecution suit.

Here, Defendant has proffered no facts, that if presumed true, would support that Cayman's voluntary decision not to amend its claims against Defendant indicated a termination in Defendant's favor or a lack of merit. This is because no such facts exist.

"Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination." *Union*

*Oil of Cal. Amsco Div. v. Watson,* 468 So. 2d 349, 353 (Fla. 3d DCA 1985); *See also Della–Donna v. Nova University, Inc.,* 512 So.2d 1051, 1055 (Fla.Dist.Ct.App. 4th Dist.1987) ("case was terminable upon considerations entirely apart from the merits or probable cause for prosecution"). Here, Cayman's claims were dismissed without prejudice and with leave to amend because of its failure to satisfy the procedural pleading requirement of Rule 12(b)(6), not because the Court reached a determination as to Defendant's liability for those claims.  Consequently, the dismissal was purely technical and Defendant's claim for malicious prosecution fails as a matter of law.

      C.     **The Counterclaim Fails to Plead Facts That There was Insufficient Probable Cause for the Original Proceeding**

The fourth element of a claim for malicious prosecution requires: "an absence of probable cause for the original proceeding." *Blackshear*, 799 F. Supp. 2d at 1347.  The Counterclaim fails to plead factual support for this element.

To demonstrate an absence of probable cause, a party must show the initial proceeding was initiated "without a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1241 (M.D. Fla. 2008). The Counterclaim does not make such factual allegations. Instead, it makes the formulaic recitation that "Cayman Securities caused its claims in this lawsuit to be brought against Frankel without probable cause." [Dkt. 95, pg. 27, ¶ 20]. The Counterclaim is devoid of any facts that indicate why Defendant contends Cayman acted without probable cause. Consequently, the Counterclaim fails to plead this element, and the claim should be dismissed.

### III.    THIS MOTION SHOULD BE GRANTED WITHOUT LEAVE TO AMEND

"The grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. Pro. § 15(a)(2).  In deference to Federal Rule of Civil Procedure 15(a)(2), courts will generally grant leave to amend unless the defendant can articulate a substantial reason to deny such relief.  *Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-CV-1848-T-33TBM, 2013 WL 12155009, at *1 (M.D. Fla. July 2, 2013) (reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment").

The bare-bones conclusory allegations in the Counterclaim demonstrate that Defendant cannot plead facts to support his malicious prosecution claim. Unless Defendant can specifically articulate how he would amend his Counterclaim, he should not be afforded the opportunity to amend and needlessly delay this lawsuit from heading to trial.

### IV.    CONCLUSION

For the foregoing reasons, Cayman respectfully requests that Defendant's Counterclaim for malicious prosecution be dismissed with prejudice and without leave to amend.


Dated this 6th day of August 2019

/s/ Jordan Susman_____
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP

132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Margo J. Arnold*
Attorney