# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

       Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

       Defendant/Counter-Plaintiff.
_____/

CASE NO.:  8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

Counter-claimant,

vs.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

Counter-defendants

## PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM FOR DECLARATORY RELIEF

Plaintiffs/Counter-Defendants, Cayman Securities Clearing and Trading, LTD, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation (collectively "Plaintiffs"), by their undersigned counsel answer Defendant/Counter-Plaintiff, Christopher L. Frankel's ("Defendant"), Counterclaim [Doc. 14] as follows:

1

1. Denied as phrased due to the use of the term "spurious."

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Admitted

11. Denied as phrased to the extent Frankel cannot use Plaintiffs' confidential information or trade secrets, violate the Federal and Florida Trade Secret Acts or Florida's Unfair and Deceptive Trade Practices Act, and cannot unfairly compete with Plaintiffs.

12. Denied as phrased.

13. Plaintiffs are without knowledge as to whether Defendant is in doubt about his "obligations under the Non-Disclosure and Employee Non-Disclosure Agreements and specifically what information, if any, is confidential under the Agreements." Otherwise, denied.

14. Denied.

15. Denied.

16. Denied.

17. This is not an allegation to which a response is required. Otherwise, denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

The Counterclaim fails to state a claim upon which relief can be granted because Defendant fails to allege an actual justiciable controversy to support a claim for declaratory relief. Defendant merely seeks as advisory opinion about his interpretation of the Non-Disclosure Agreement. Moreover, the Counterclaim is duplicative and unnecessary because the adjudication of Plaintiff's claims will afford the relief supposedly sought through the Counterclaim and render it moot.

### SECOND AFFIRMATIVE DEFENSE:

For the reasons set forth in Plaintiff's Complaint, Defendant's claim is barred by his unclean hands.

### THIRD AFFIRMATIVE DEFENSE:

Defendant's Counterclaim improperly alludes to Plaintiffs' claims and allegations being "spurious," makes allegations about supposed "damage" to Defendant's reputation, employment and business opportunities, and seeks to "reserve his right to amend his counterclaim to sue for malicious prosecution (and all other available claims) upon termination of the plaintiffs' lawsuit in his favor." These improper allegations are wholly irrelevant and seek to incorporate discrete elements of unpled causes of action and damages which are not sought or recoverable through Defendant's counterclaim for declaratory relief. Accordingly, these allegations should be stricken.

### RESERVATION OF RIGHTS TO AMEND

At this time, Plaintiffs' investigation and discovery are ongoing and Plaintiffs reserve their rights to allege new or different affirmative defenses as necessary and appropriate.

### DEMAND FOR ATTORNEYS' FEES

Plaintiffs have retained the undersigned attorneys to represent them in this action and are obligated to pay them a reasonable fee for their services. Plaintiffs are entitled to recover their

attorneys' fees and costs incurred in defending themselves against the Counterclaim from Defendant.

WHEREFORE, Plaintiffs request that the Counterclaim be dismissed and that they be awarded their attorneys' fees, costs, and such other relief as the Court deems proper.

Dated this 6th day of August 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Margo J. Arnold
Attorney