**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

                                        CASE NO.:  8:18-cv-02869

        Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

        Defendant.

_____/

**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER**

Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors and Alpine Securities Corporation, (collectively "Plaintiffs"), by and through their undersigned attorney file this Motion to Modify Case Management and Scheduling Order ("Motion"), and state the following:

1.      On January 11, 2019, the Court entered its Case Management and Scheduling order, (Docket # 29), which established the following deadlines for this case:

      a.    Plaintiffs' Disclosure of Expert Reports by May 31, 2019
      b.    Defendant Christopher Frankel's ("Defendant") Disclosure of Expert Reports by June 28, 2019
      c.    Discovery to be completed by July 26, 2019;
      d.    Motions for Summary Judgment, Judgment on the Pleadings, *Daubert*, and *Markman* Motions by August 23, 2019
      f.    Trial term begins on February 3, 2020.

2.      On May 10, 2019, Plaintiffs moved this Court for an order modifying the Case Management and Scheduling Order with respect to the expert discovery deadlines because

Plaintiffs anticipated that the services of an expert witness would be necessary to opine on the value of the confidential information misappropriated and misused by Defendant but knew that an expert witness would not be able to render these opinions until after Plaintiffs received Defendant's discovery responses and knew the full scope of Defendant's misappropriation and misuse of their confidential information. (Docket # 62). The Court granted the motion and continued the discovery completion date to August 9, 2019. (Docket # 65).

3.      On or about June 1, 2019, Plaintiffs learned that Defendant was working for Vision Financial Markets, LLC ("Vision"), a competing company. (Declaration of Jordan Susman ("Susman Decl."), ¶ 4).

4.      On or about June 6, 2019, Plaintiffs served a document subpoena on Vision. (Susman Decl., ¶ 5).

5.      On July 30, 2019, Plaintiffs served Vision with a deposition subpoena, which set Vision's deposition for August 8, 2019.  (Susman Decl., ¶ 6).  However, Vision has represented that due to the travel schedule of its general counsel, that it will not be available for deposition until late August or early September 2019.  (*Id.*).

6.      In addition, Plaintiffs have made numerous attempts to serve Randy Jones, Vision's Vice President of Corporate Services and a former employee of plaintiff Alpine Securities, with a deposition subpoena, setting his deposition for August 8, 2019. (Susman Decl., ¶ 7). Those attempts have been unsuccessful.  Jones informed Plaintiffs' counsel, however, that he would be out of the country until mid-August.  (*Id.*).

7.      On August 6, 2019, after two motions to compel compliance, Defendant produced documents responsive to document requests served on January 15, 2019  (Susman Decl., ¶ 8). Upon review, it is apparent that Defendant's document production remains incomplete. (*Id.*).  In

particular, although Defendant produced emails that he received from Plaintiffs' clients, Defendant failed to produce emails that he sent to those same clients. (*Id.*).

8.       On August 7, 2019, Defendant was deposed. (Susman Decl., ¶ 9). During the deposition, Defendant admitted that he received documents pertaining to Plaintiffs' business, specifically documents detailing trade runs, from Jones while Jones was still an employee at Alpine. (*Id.*). Defendant also admitted that he was presently working at Vision with Jones. (*Id.*).

9.       Prior to Defendant's admission on August 7, Plaintiffs were unaware of Jones' involvement in sending such information to Frankel. (Susman Decl., ¶ 10).

10.      Indeed, Defendant never produced the documents he received from Jones despite his obligation to do so in response to Plaintiffs' document requests. (Susman Decl., ¶ 11).

11.      Plaintiffs believe, based on Frankel's August 7, 2019, deposition testimony, that Jones has critical knowledge regarding Frankel's breach of his nondisclosure agreements and misappropriation of Plaintiffs' trade secrets. It is critical that Plaintiffs be allowed to depose Jones to uncover the extent of his knowledge.

12.      Plaintiffs also believe that Vision, as Frankel and Jones' new employer, has critical testimony that relates to Defendant's misappropriation of Plaintiff's trade secrets, specifically, what information Defendant had in his possession and how he has used that information.

13.      Finally, despite his obligation to do so, and as demonstrated by his document production on August 6, 2019, Defendant has failed and refused to produce all documents responsive to Plaintiffs' document requests. (Susman Decl., ¶ 11).

14.     In filing this Motion, Plaintiffs seek to re-open discovery for the limited purpose

of deposing Vision and Jones, and obtaining documents wrongfully withheld by Defendant.

Plaintiffs do not seek to extend any other deadlines through this motion.

15.     Plaintiffs are mindful of the fact that modifications to the Case Management and

Scheduling Order are generally disfavored by this Court, in accordance with Local Rule 3.09 and

Section B(2) of the Case Management and Scheduling Order. Nevertheless, Plaintiffs believe

that good cause has been shown to grant the requested modification because (1) Defendant

wrongfully withheld documents from his production of documents on August 6, 2019, and (2)

Plaintiffs did not become aware of Jones' involvement in Frankel's retention of their information

until Frankel's August 7 deposition and because Vision was unavailable to be deposed prior to

the discovery cut-off date.

16.     Granting Plaintiffs' Motion will not affect the trial date.  Plaintiffs will endeavor

to obtain documents wrongfully withheld by Defendant within 10 days and to complete the

depositions of Vision and Jones as soon as practicable.  Plaintiffs do not seek to extend the

dispositive motions deadline based on the scheduling of these depositions.

17.     Plaintiffs will not use the granting of this modification in support of a motion to

extend or modify another date or deadline.

18.     On August 9, 2019, Plaintiffs asked Defendant to stipulate to this Motion and

Defendant declined.  (Susman Decl., ¶ 12).  Notwithstanding Defendants' refusal, Plaintiffs

agreed to allow Defendant to depose third-party witness Jim Kelley after the discovery cut-off

deadline. (*Id.*).

## <u>MEMORANDUM OF LAW</u>

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If a party, like the Plaintiffs here, diligently and timely pursues it rights but for reasons other than its own negligence is unable to comply with a scheduling deadline, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Plaintiffs' Motion sets forth a good cause basis for granting this modification.  Plaintiffs are not engaging in any type of delay tactic that would warrant denial of this Motion. Defendant will not be prejudiced by the granting of this Motion.  However, Plaintiffs will be prejudiced if the Motion is not granted.

Therefore, Plaintiffs respectfully request that the Court exercise its discretion and permit the requested modification of the Case Management and Scheduling Order for the good cause stated herein.

WHEREFORE, Plaintiffs respectfully requests that this Court grant this Motion and modify the Case Management and Scheduling Order so that Plaintiffs may obtain documents wrongfully withheld by Defendant and to take the depositions of Vision Financial Markets, LLC and Randy Jones.


Dated this 12th day of August 2019

/s/ Jordan Susman_____
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301

Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com


**RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL**

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local

Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort

to resolve this discovery dispute.  However, the parties were unable to reach a resolution


Dated this 12th day of August 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12th, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Margo J. Arnold
Attorney