UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

                Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

                Defendant.
_____/

CASE NO.: 8:18-cv-02869-VMC-CPT

**DECLARATION OF JORDAN SUSMAN IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER**

    Under 28 U.S.C. § 1746, I, Jordan Susman, declare that the following information is true:

    1.    I am over 18 years old.

    2.    I am counsel of record for Plaintiffs, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation (collectively "Plaintiffs").

    3.    I have personal knowledge and am otherwise competent to testify regarding the information in this Declaration.

    4.    On or about June 1, 2019, Plaintiffs learned that Defendant Christopher Frankel ("Defendant") was working for Vision Financial Markets, LLC ("Vision"), a competing company.

    5.    On or about June 6, 2019, Plaintiffs served a document subpoena on Vision.

6. On July 30, 2019, Plaintiffs served Vision with a deposition subpoena, which set Vision's deposition for August 8, 2019. However, Vision has represented that due to the travel schedule of its general counsel, that it will not be available for deposition until late August or early September 2019.

7. In addition, Plaintiffs have made numerous attempts to serve Randy Jones, Vision's Vice President of Corporate Services and a former employee of plaintiff Alpine Securities, with a deposition subpoena, setting his deposition for August 8, 2019. Those attempts have been unsuccessful. Jones informed Plaintiffs' counsel, however, that he would be out of the country until mid-August.

8. On August 6, 2019, after two motions to compel compliance, Defendant produced documents responsive to document requests served on January 15, 2019. Upon review, it is apparent that Defendant's document production remains incomplete. In particular, although Defendant produced emails that he received from Plaintiffs' clients, Defendant appears to have failed to produce emails that he sent to those same clients. My office emailed Defendant's counsel on August 9, 2019, to confirm that the production was complete and has not received a response.

9. On August 7, 2019, Defendant was deposed. During the deposition, Defendant admitted that he received documents pertaining to Plaintiffs' business, specifically documents detailing trade runs, from Jones while Jones was still an employee at Alpine. Defendant also admitted that he was presently working at Vision with Jones.

10. Prior to Defendant's admission on August 7, Plaintiffs were unaware of Jones' involvement in sending such information to Frankel.

11. Defendant never produced the documents he received from Jones despite his obligation to do so in response to Plaintiffs' document requests.

12. On August 9, 2019, Plaintiffs asked Defendant to stipulate to this Motion and Defendant declined.  Notwithstanding Defendants' refusal, Plaintiffs agreed to allow Defendant to depose third-party witness Jim Kelley after the discovery cut-off deadline.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on August 12, 2019.

_____
JORDAN SUSMAN