UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                               Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

**Frankel's Response to Counter-Defendants' Motion to Strike
Frankel's Counterclaim to Second Amended Complaint (Doc 95)**

The original plaintiffs / counter-defendants, Cayman Securities Clearing and Trading Ltd. ("**Cayman**"), The Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors Corporation ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**"), have moved to strike (Doc 104) the counterclaim (Doc 95) which the defendant, Christopher L. Frankel ("**Frankel**"), filed in response to the Second Amended Complaint (Doc 61), which the Court permitted the remaining plaintiffs, Hurry Trust, Scottsdale, and Alpine, to file on May 10,

1

2019.  The plaintiffs contend that the Court's Case Management Order, which prohibited the parties from amending their pleadings after February 15, 2019, prohibited Frankel from amending his initial counterclaim (Doc 14) in responding to the Second Amended Complaint which the remaining plaintiffs were permitted to file after the February 15, amendment deadline.

Frankel disagrees with the plaintiffs' interpretation of the Case Management Order.  The plaintiffs obtained leave to file their Second Amended Complaint after the February 15 amendment deadline, so Frankel had the concomitant right to amend his answer and counterclaim in responding to the plaintiffs' Second Amended Complaint.

The plaintiffs have nonetheless protested that the filing of their Second Amended Complaint on May 15, followed by Frankel's timely motion to dismiss, and ultimately by his re-asserted and amended counterclaim on July 16, 2019, have left Cayman inadequate time to prepare a defense to the amended portion of the Frankel's counterclaim, Count II for Cayman's malicious prosecution of Frankel.  Frankel has no objection to dismissal of Count II of his counterclaim to give Cayman more time to prepare its defense in Frankel's forthcoming, separate lawsuit for malicious prosecution.  Dismissal of Count II of the counterclaim should be without prejudice, however, to Frankel's right to pursue his malicious prosecution claims against Cayman (and the remaining plaintiffs) by separate lawsuit.

The dismissal order should dismiss Count II of Frankel's counterclaim, filed July 16, 2019 (Doc 95).  Frankel's operative pleading should be his Answer, Defenses, and Counterclaim (Doc 95), minus Count II, not his initial Answer, Defenses, and Counterclaim filed December 17, 2018 (Doc 14).  The allegations in Count I for Declaratory Judgment against all four initial plaintiffs are essentially identical in Count I of Frankel's initial counterclaim and in Count I of his amended counterclaim.  Compare Count I in Doc 14 with Count I in Doc 95.

WHEREFORE, Frankel does not oppose the plaintiffs' request for dismissal without prejudice of Count II of Frankel's counterclaim filed July 16, 2019, and requests that his Answer, Defenses, and Counterclaim filed July 16, 2019 (Doc 95), minus Count II, remain / become his operative Answer, Defenses, and Counterclaim.

/s/ David C. Banker
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

V. Stephen Cohen, Esq.
Shane B. Vogt, Esq.
Kenneth G. Turkel, Esq.
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com
scohen@bajocuva.com

Charles J. Harder, Esq.
Jordan Susman, Esq.
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com
jsusman@harderllp.com
*Attorneys for Plaintiffs*

By:  *David C. Banker*