UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.     Case No. 8:18-cv-2869-T-33CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER FRANKEL,

    Counter-Claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD.,
THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

    Counter-Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of the Counter-Defendants' Motion to Strike Christopher Frankel's Counterclaim to the Second Amended Complaint (Doc.

# 104), filed on August 1, 2019. Frankel filed a Response to the Motion to Strike (Doc. # 110) on August 16, 2019. For the reasons that follow, the Court denies the Motion as to Frankel's declaratory judgment counterclaim (Counterclaim Count I) and denies the Motion as moot as to Frankel's malicious prosecution counterclaim (Counterclaim Count II).

## I. Background

On November 21, 2018, Cayman Securities Clearing and Trading Ltd., the Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation filed a Complaint against Christopher Frankel alleging misappropriation of trade secrets and confidential information. (Doc. # 1). In response, Frankel filed an answer, raised numerous affirmative defenses, and asserted a single counterclaim for declaratory judgment against the Plaintiffs. (Doc. # 14).

On May 10, 2019, the Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation filed a Second Amended Complaint against Frankel. (Doc. # 61). Cayman did not join the other Plaintiffs in asserting claims under the Second Amended Complaint. (Id.). In response, Frankel filed his "Answer, Defenses, and Counterclaim to Second Amended Complaint."

(Doc. # 95). Specifically, Frankel re-asserted his counterclaim for declaratory judgment against all Counter-Defendants (Counterclaim Count I) and added a counterclaim for malicious prosecution against Cayman alone (Counterclaim Count II). (Id. at 24-28).

The Counter-Defendants then filed their "Motion to Strike Frankel's Counterclaim to Second Amended Complaint." (Doc. # 104). Frankel has responded (Doc. # 110), and the Motion is ripe for review.

## II. Discussion

A motion to strike is governed by Federal Rule of Civil Procedure 12(f), which provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, a motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (quoting Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

As an initial matter, it is unclear whether the Counter-Defendants are seeking to strike Frankel's Counterclaim Count I for declaratory judgment. While their Motion requests that the Court strike Frankel's "counterclaim," the Motion takes issue primarily with Frankel's addition of the malicious prosecution counterclaim in response to the Second Amended Complaint.

As to Counterclaim Count II, for malicious prosecution, the Court has entered an order (Doc. # 112) granting Cayman Securities Clearing and Trading Ltd.'s Motion to Dismiss the Malicious Prosecution Counterclaim (Doc. # 105) and dismissing that counterclaim without prejudice. Therefore, to the extent the Counter-Defendants move to strike Counterclaim Count II, the Motion is denied as moot.

And, to the extent the Motion is also seeking to strike Counterclaim Count I, the Counter-Defendants have not demonstrated that that count should be stricken. In Counterclaim Count I, Frankel denies any wrongdoing as alleged in the Second Amended Complaint, claims that the Plaintiffs' "spurious" allegations have harmed his reputation, and seeks a declaratory judgment: (1) declaring Frankel's obligations under the Non-Disclosure Agreements at issue in this case and identifying the confidential

information that Frankel is prohibited from using or disclosing; (2) declaring that Frankel is entitled to compete with Plaintiffs' business and solicit Plaintiffs' clients, and that such activities do not violate the Non-Disclosure Agreements or any applicable laws; and (3) awarding Frankel his costs and attorneys' fees incurred in bringing the counterclaim. (Doc. # 95 at 24-27). Thus, Frankel's Counterclaim Count I is related to the original controversy. See Scelta, 57 F. Supp. 2d at 1347 (explaining that a motion to strike is proper where the allegations "have no possible relation to the controversy").

Second, the Court can discern no prejudice to the Counter-Defendants in allowing Counterclaim Count I to remain. See Id. Frankel first raised the declaratory relief counterclaim in response to the Plaintiffs' original Complaint, and the Counterclaim Count I allegations that he raised in response to the Second Amended Complaint were virtually unchanged. Compare (Doc. # 14 at 17-19) with (Doc. # 95 at 24-27). The Counter-Defendants themselves acknowledge that, as of the February 15, 2019, deadline for amending pleadings set forth in the Court's Case Management and Scheduling Order, Frankel had filed a counterclaim seeking declaratory relief. (Doc. # 104 at 2). Thus, the

Counter-Defendants have been on notice since December 2018 of Frankel's declaratory judgment counterclaim, and the inclusion of that same counterclaim in his response to the operative Second Amended Complaint does not prejudice the Counter-Defendants. In sum, the Court denies the Motion to Strike to the extent it seeks to strike Counterclaim Count I.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Counter-Defendants' Motion to Strike Christopher Frankel's Counterclaim to the Second Amended Complaint (Doc. # 104) is **DENIED** as to Counterclaim Count I and **DENIED AS MOOT** as to Counterclaim Count II.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of August, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6