UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;     CASE NO.: 8:18-cv-02869-VMC-CPT
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

       Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

       Defendant.
_____

# PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY ADJUDICATION

| MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. In 2015, Plaintiffs considered hiring Frankel to help run their broker-dealer businesses. | Cruz Decl. ¶ 4. |
| 2. Plaintiffs engaged in discussions with Frankel about their businesses | Cruz Decl. ¶ 4. Frankel Depo. 17:9-17; 18:7-25 |
| 3. Plaintiffs were aware that these discussions about their businesses would expose Frankel to, and entrust him with, information that is commercially valuable to Plaintiffs and not generally known or readily ascertainable in the broker-dealer securities industry or the public at large. | Hurry Depo. 25:16-23 Cruz Decl. ¶ 5 |
| 4. | Hurry Depo. 24:16-25; 25:16-23; Exh. 3 |

| | |
|---|---|
| In order to protect this information, Plaintiffs required Frankel to enter into a written non-disclosure agreement (the "NDA") that would limit his use of Plaintiffs' numerous trade secrets and confidential information. | Cruz Decl. ¶ 6; Exh. 1<br><br>Frankel Depo. 16:17-17; 18:7-25 |
| 5.<br><br>The NDA, signed by Frankel on June 22, 2015, acknowledged that Frankel would be exposed to information that is the "sole property" of the Plaintiffs "and highly confidential in nature." | Hurry Depo. Exh. 3<br><br>Cruz Decl. ¶ 6; Exh. 1<br><br>Frankel Depo. 16:17-25; Exh. 1 |
| 6.<br><br>The NDA requires that, "[w]ithin ten business days of receipt of the [Plaintiffs'] written request, [Frankel] will return to the [Plaintiffs] all documents, records and copies thereof containing Confidential Information." | Hurry Depo. Exh. 3 ¶ 5<br><br>Cruz Decl. ¶ 6; Exh. 1 ¶ 5<br><br>Frankel Depo. 16:17-25; Exh. 1 ¶ 5 |
| 7.<br><br>The NDA defined "Confidential Information" as "any data or information that is proprietary to the Plaintiffs and not generally known to the public, whether in tangible or intangible form, whenever and however disclosed." | Hurry Depo. Exh. 3 ¶ 5<br><br>Cruz Decl. ¶ 6; Exh. 1 ¶ 5<br><br>Frankel Depo. 16:17-25; Exh. 1 ¶ 5 |
| 8.<br><br>Alpine ultimately hired Frankel | Hurry Depo. 48:9-25<br><br>Frankel Depo. 22:13-15 |
| 9.<br><br>From approximately July 2015 through July 2018, Frankel served as CEO of Alpine, and from July 2018 through October 2018 was a consultant to Alpine. | Hurry Depo. 48:9-25; 56:16-18; 61:24-62:6<br><br>Frankel Depo. 22:13-20; 26:4-13 |
| 10.<br><br>On July 1, 2015, Alpine, Scottsdale, and Frankel entered into a second nondisclosure agreement entitled the "Employee Nondisclosure & Computer Use Agreement" ("Nondisclosure & Use Agreement"). | Hurry Depo. 36:23-37:6; Exh. 4<br><br>Cruz Decl. ¶ 7 Exh. 2<br><br>Frankel Depo. 54:18-55:8; Exh. 5 |
| 11.<br><br>The Nondisclosure & Use Agreement defined "Confidential Information" as: | Hurry Depo. Exh. 4 ¶ 1<br><br>Frankel Depo. 54:18-55:8; Exh. 5 ¶ 1 |

| | |
|---|---|
| "(a) technical information concerning Company's products and services, including product know-how, formulas, designs, devices, diagrams, software code, test results, processes, inventions, research projects and product development, technical memoranda and correspondence; (b) information concerning Company's business, including cost information, profits, sales information, accounting and unpublished financial information, business plans, markets and marketing methods, customer lists and customer information, purchasing techniques, supplier lists and supplier information and advertising strategies; (c) information concerning Company's employees, including salaries, strengths, weaknesses and skills; (d) information submitted by Company's customers, suppliers, employees, consultants or co-venture partners with Company for study, evaluation or use; and (e) any other information not generally known to the public which, if misused or disclosed, could reasonably be expected to adversely affect Company's business. | |
| 12.<br><br>The Nondisclosure and Use Agreement limited Frankel's access to Confidential Information through the following provisions:<br><br>As part of Employee's duties, Employee will have access to Company's Electronic Communication Systems (ECS), which includes without limitation, its computers, network systems, Internet connection, Intranet, electronic mail, voicemail, facsimiles, telephones and other information systems used for the transmission of electronic communications. As a condition of employment, Employee agrees to the following restrictions on the access and use of Company's ESS:<br><br>(a) Any access and use of ESS is strictly limited for purposes relating to Employee's duties and responsibilities as an employee, official business within Company and other activities approved in writing (including e-mail approval) by Company.<br>…<br>(d) Employee will only access those computing resources that he/she has authorization from Company to use and will only use such resource in carrying out his/her job duties. | Hurry Depo. Exh. 4 ¶ 6<br><br>Frankel Depo. 54:18-55:8; Exh. 5 ¶ 6 |

| | |
|---|---|
| …<br>(f) Prohibited actions using Company's ECS include, but are not limited to the following: … using the system for illegal or criminal activities, commercial ventures, private profit, religious or political causes, any form of solicitation (except those approved by Company); [and] transmitting confidential patient, business or risk management information to any non-Company email address. | |
| 13.<br><br>The Nondisclosure and Use Agreement also required that Frankel "shall keep Company's Confidential Information, whether or not prepared or developed by [Frankel], in the strictest confidence. [Frankel] will not disclose such information to anyone outside Company without Company's prior written consent. Nor will [Frankel] make use of any Confidential Information for [Frankel's] own purposes or the benefit of anyone other than Company." | Hurry Depo. Exh. 4 ¶ 2<br><br>Frankel Depo. 54:18-55:8; Exh. 5 ¶ 2 |
| 14.<br><br>Upon Frankel's termination from Alpine, the Nondisclosure and Use Agreement mandated that he "promptly deliver to Company all originals and copies of all documents, records, software programs, media and other materials containing any Confidential Information. Employee will also return to Company all equipment, files, software programs and other personal property belonging to Company." | Hurry Depo. Exh. 4 ¶ 4<br><br>Frankel Depo. 54:18-55:8; Exh. 5 ¶ 4 |
| 15.<br><br>Beginning in or about June 2015, and continuing through September 2018, The Trust, Alpine, and Scottsdale complied with their respective obligations under the NDA and Nondisclosure & Use Agreement by providing Frankel with access to the information by which he needed for his employ, i.e., the Plaintiffs' business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information of the Plaintiffs and their clients. | Hurry Depo. 68:11-69:1; 78:15-19; 126:11-19; Exh. 12<br><br>Cruz Decl. ¶ 8<br><br>Frankel Depo. 38:4-19; 39:23-40:10: 115:3-116:16 |
| 16. | Frankel Depo. 40:8-41:19; 43:19-44:7; 44:14-17; 59:15-60:10; 60:23-62:2; 62:16-63:17; 66:18-67:1; |

| | | |
|---|---|---|
| | On numerous occasions, without Plaintiffs knowledge or consent, Frankel would access Plaintiffs' Confidential Information for his own personal uses. | 67:15-17: 69:13-70:14; 70:24-71:2: 71:21-23; 76:2-77:16; 78:11-14; 79:20-80:15; 81:6-8; 86:15-20; 89:11-90:15; 91:5-7; 92:1-12; 92:19-93:6; 114:5-14; 115:3-18; 116:11-117:2: 117:16-121:14; 122:10-124:1; 124:10-18; 125:10-22; 128:14-129:20; 130:7-131:20; 132:6-133:19; 134:1; 135:14-136:25; 137:6-8; 152:13-153:13; 155:2-156:5; Exhs. 2, 6—19 |
| 17. On August 15, 2016, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | | Frankel Depo. 134:1; 135:14-136:25; Exh. 18 |
| 18. On August 28, 2016, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | | Frankel Depo. 132:6-133:19; Exh. 17 |
| 19. On October 6, 2016, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | | Frankel Depo. 79:20-80:15; 81:6-8; Exh. 9 |
| 20. On October 13, 2016, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | | Frankel Depo. 76:2-77:16; 78:11-14; Exh. 8 |
| 21. On January 3, 2017, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | | Frankel Depo. 130:7-131:20; Exh. 16 |

| | |
|---|---|
| 22.<br><br>On April 12, 2017, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 128:14-129:20; Exh. 15 |
| 23.<br><br>On May 2, 2017, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 124:10-18; 125:10-22; Exh. 14 |
| 24.<br><br>On July 13, 2017, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 122:10-124:1; Exh. 13 |
| 25.<br><br>On August 31, 2017, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 92:1-12; 92:19-93:6; 94:24-95:1; Exh. 11 |
| 26.<br><br>On July 31, 2018, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 86:15-20; 89:11-90:15 Exh. 10 |
| #.<br><br>August 8, 2018, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 66:18-67:1; 67:15-17: 69:13-70:14; 70:24-71:2; Exh. 7 |
| 27.<br><br>On September 18, 2018, Frankel sent an email containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | Frankel Depo. 59:15-60:10; 60:23-62:2; 62:16-18; Exh. 6 |
| 28. | Frankel Depo. 40:8-41:19; 43:19-44:7; 114:5-14; 115:3-8; 116:11-117:3; |

| | |
|---|---|
| On October 7, 2018, Frankel sent emails containing Confidential Information and Plaintiff's documents from his employee email account to his personal email account. | 117:16-20; 119:1-121:4; Exhs. 2, 12 |
| 29.<br><br>Frankel also directed an Alpine employee to gather and give him two days' worth of Alpine's trade runs. | Frankel Depo. 152:13-153:13; 155:2-6; Exh. 20 |
| 30.<br><br>The blotter of Alpine's trade runs is proprietary to Alpine as it is shows all of the trades cleared through Alpine on those dates. This information is not publicly available, and Alpine derives economic advantages by the public not knowing this information. This material was not provided by Alpine to Frankel. | Cruz Decl. ¶ 9<br><br>Frankel Depo. 155:2-6 |
| 31.<br><br>Frankel's employment was terminated in October 2018. | Hurry Depo. 61:24-62:6<br><br>Frankel Depo. 26:4-10 |
| 32.<br><br>Upon his termination, Frankel did not notify Plaintiffs that he had their documents in his possession, nor did Defendant delete or return said documents. | Cruz Decl. ¶ 10<br><br>Frankel Depo. 44:24-45:4; 63:18-22; 64:16-19; 66:2-4; 71:21-23; 75:18-24: 78:11-14; 78:18-20; 85:8-18; 90:19-24; 96:12-14; 122:1-7; 124:3-8; 127:25-128:13; 129:21-130:4; 131:21-132:3; 133:20-25: 137:13-21 |
| 33.<br><br>On November 9, 2018, Plaintiffs sent a letter to Frankel, requesting the return of all documents, records, and/or copies thereof in his possession, custody, or control that contain any Confidential Information. | Frankel Depo. 46:5-22; Exh. 3 |
| 34.<br><br>Despite having Plaintiffs' documents in his possession, Frankel did not return any documents in response to this request. | Frankel Depo. 46:23-25 |
| 35. | Susman Decl. ¶ 4. |

| | |
|---|---|
| On February 11, 2019, Frankel made his first document production, which included Plaintiffs' documents and information that Frankel previously emailed to himself. | Frankel Depo. 45:24-46:1; 66:2-4; 75:21-24: 85:14-18; 90:22-24; 122:5-7; 124:6-8; 128:8-13; 130:2-4; 132:1-3; 133:23-25: 137:19-21 |
| 36.  Shortly after Frankel's termination from Alpine and after Plaintiffs requested the return of their information, Frankel sent the trade run document to the owner of a broker-dealer that he was attempting to purchase as evidence of the amount of daily activity that he believed he could achieve. | Frankel Depo. 152:13-23; 155:7-156:5; 156:13-17; Exh. 20 |
| 37.  Frankel also worked with AtlasBanc Holdings Corporation / Atlas FinTech Holdings Corp. to acquire Koonce Securities. | Frankel Depo. 36:7-12; 147:2-18  Susman Decl. ¶¶ 5, 6 Exh. 1 |
| 38.  Frankel provided Alpine's trade runs to Atlas, Koonce, and the DTCC. | Susman Decl. ¶¶ 5, 7 Exh. 2 |

Dated this 23rd day of August 2019.

/s/ Jordan Susman
Charles J. Harder, Esq.
Jordan Susman, Esq.
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

Kenneth G. Turkel – FBN 867233
Shane B. Vogt – FBN 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
E-mail:  kturkel@bajocuva.com
E-mail:  svogt@bajocuva.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 23, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                                  */s/ Jordan Susman*
                                                  Attorney