UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.     Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

### Frankel's Motion and Memorandum to Strike Plaintiffs' Expert Witness

The defendant, Christopher L. Frankel ("**Frankel**"), through counsel and under Fed. R. Civ. P. 26 and this Court's Case Management and Scheduling Order (Doc 29), moves to strike the plaintiffs' expert witness, Bryce Cook, because the plaintiffs failed to make the disclosures required to offer expert testimony. In support of his motion to strike, Frankel states:

    1.    In its Case Management and Scheduling Order, the Court ordered the plaintiffs to disclose their experts by May 31, 2019. (Doc 29).

2. At the plaintiffs' request, the Court extended the plaintiffs' expert disclosure deadline to June 25, 2019. (Doc 65).

3. The Court ordered the plaintiffs make their expert disclosure on June 25 by submission of a written expert report which "shall fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e)." The Court ordered further that: "Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness." (Doc 29).

4. On June 25, 2019, the plaintiffs submitted the attached Plaintiffs' Disclosure of Expert Testimony which disclosed nothing. The non-disclosure stated: "Plaintiffs may call Bryce Cook, managing director of Ankura, 201 E. Washington St., Suite 1700, Phoenix, AZ 85004, to present evidence under Federal Rule of Evidence 702, 703, or 705 regarding the value of the confidential information misappropriated and misused by Defendant [Frankel] …. Plaintiffs reserve their rights to supplement this Disclosure once Defendant produces the relevant communications that their expert needs to review in order to render his opinion and prepare the written report."

5. Discovery closed on August 16, 2019, and the plaintiffs never submitted a report from Mr. Cook or otherwise supplemented their purported expert disclosure regarding Mr. Cook.

WHEREFORE, Frankel requests entry of an order striking Mr. Cook as an expert witness and precluding the plaintiffs from offering any expert testimony from Mr. Cook.

**Memorandum of Law**

The Court required the plaintiffs to provide an expert report and to make expert disclosures which complied with Fed. R. Civ. P. 26(a)(2) and 26(e) if they wished to offer expert testimony. Rule 26(a)(2) required the plaintiffs to submit a written report containing a complete statement of the expert's opinions and the basis and reasons for them; the facts or data considered by the expert; any exhibits summarizing or supporting the opinions; the expert's qualifications and publications; the expert's testimonial experience; and the expert's compensation. Rule 26(e) required the plaintiffs to supplement their expert disclosure, if incorrect or incomplete.

The plaintiffs never made an initial or supplemental expert disclosure which even purported to comply with the Court's Case Management and Scheduling Order and Rule 26(a)(2) and 26(e). Accordingly, the plaintiff's purported expert disclosure should be stricken, and the plaintiffs should be precluded from offering expert testimony from Mr. Cook.

/s/ David C. Banker
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
         candersen@bushross.com;
         hholder@bushross.com
Secondary:  aflowers@bushross.com
            ksalter@bushross.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I certify that on August 23, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

| | |
|---|---|
| V. Stephen Cohen, Esq.<br>Shane B. Vogt, Esq.<br>Kenneth G. Turkel, Esq.<br>BAJO \| CUVA \| COHEN \| TURKEL<br>100 North Tampa Street, Suite 1900<br>Tampa, FL  33602<br>kturkel@bajocuva.com<br>svogt@bajocuva.com<br>scohen@bajocuva.com | Charles J. Harder, Esq.<br>Jordan Susman, Esq.<br>HARDER LLP<br>132 South Rodeo Drive, Suite 301<br>Beverly Hills, CA 90212-2406<br>charder@harderllp.com<br>jsusman@harderllp.com<br>*Attorneys for Plaintiffs* |

                                         By:  *David C. Banker*