UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

     Plaintiffs,

v.                                                                Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

     Defendant.

_____/

**PLAINTIFF SCOTTSDALE CAPITAL ADVISORS CORPORATION AND PLAINTIFF
ALPINE SECURITIES CORPORATION'S SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO FRANKEL'S FIRST SET OF INTERROGATORIES**

     Plaintiffs Scottsdale Capital Advisors Corporation ("Scottsdale"), and Alpine Securities

Corporation ("Alpine") (collectively "Plaintiffs"), by and through their undersigned attorneys,

pursuant to Federal Rules of Civil Procedure 26 and 33, hereby supplement their responses and

objections to Frankel's First Set of Interrogatories.

**GENERAL OBJECTIONS**

     1.    Plaintiffs object to these interrogatories to the extent that they exceed or impose

upon Plaintiffs duties beyond those required by the Federal Rules of Civil Procedure and/or other

applicable law.

     2.    Plaintiffs object to the interrogatories to the extent that they seek information (a)

that is not in the possession, custody, or control of Plaintiffs; (b) that Plaintiffs cannot locate after

a reasonably diligent search; or (c) that refers to persons, entities, or events not known to

Plaintiffs. To the extent that Plaintiffs provide information in response to the interrogatories,

1

Plaintiffs do so based upon a reasonably diligent search for responsive information within their possession, custody or control.

3.      Discovery is ongoing and Plaintiffs reserves the right at any time to revise, modify, supplement or clarify any of the responses herein set forth.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

1.      State in detail all Confidential Information and the owners of all Confidential Information which you contend Chris Frankel has used unlawfully.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objection, Plaintiffs will not state in detail all Confidential Information which they contend Chris Frankel has used unlawfully until a confidentially agreement is entered into. Plaintiffs state that the owners of all the confidential information which they contend Defendant used unlawfully are: Scottsdale Capital Advisors Corporation and Alpine Securities Corporation.

**Supplemental Answer:**

| CONFIDENTIAL INFORMATION | OWNER |
|---|---|
| Alpine's annual audit report for the fiscal year ending September 20, 2016 that included a statement of Alpine's financial condition, statement of Alpine's income, statement of changes in stockholders' equity, statement of Alpine's cash flow, notes on Alpine's financial statements, computation of Alpine's net capital, computation for determination of customer reserve requirements, computation for determination of PAB account reserve requirements. | Alpine |
| Statements of accounts for Alpine on April 10, 2017, including number of accounts, market value and cash/money market. | Alpine |
| Statements of accounts for Scottsdale on April 10, 2017, including | Scottsdale |

2

| | |
|---|---|
| number of accounts, market value and cash/money market. | |
| Alpine's blanket fidelity bond for fiscal year ending November 1, 2017. | Alpine |
| A May 7, 2018 email from an attorney for Alpine that included a term sheet for a multi-million dollar secured revolving credit facility. | Alpine |
| An April 13, 2018 email from the general counsel for Alpine with a draft employment agreement. | Alpine |
| A July 31, 2018 internal email regarding Alpine's fee schedule that included a listing of Alpine's top-50 accounts by commission amount. | Alpine |
| An August 21, 2017 email from the general counsel of Scottsdale that included a term sheet for a loan to Alpine to fund National Securities Clearing Corporation calls. | Alpine and Scottsdale |
| A July 12, 2017 email from a consultant for Alpine that included the consulting agreement between consultant and Alpine. | Alpine |
| A confidential letter dated February 22, 2017 from FINRA to Alpine with a request for information; | Alpine |
| An April 12, 2017 email from counsel for Alpine that contained a consultant agreement with the law firm to support its representation of Alpine and Scottsdale. | Alpine and Scottsdale |
| January 3, 2017 email from FINRA to Alpine regarding due diligence documents. | Alpine |
| Internal email correspondence from September 2016 and October 2016 regarding Alpine and Scottsdale's proposed fee schedule. | Alpine and Scottsdale |
| An internal audit report dated May 1, 2016 prepared by Alpine's chief compliance officer. | Alpine |
| Internal emails from September and October 2016 that included Financial and Operations Principal's report dated April 18, 2016. | Alpine |
| Internal emails from August 2016 that included drafts of Alpine's correspondent fees and customer fee schedules. | Alpine |
| An August 19, 2016 email from FINRA regarding certain proposed changes in Scottsdale's business operations. | Alpine |

2.     Identify each document containing Confidential Information which you contend Chris Frankel has used unlawfully.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Plaintiffs object to this Interrogatory on the grounds that it is unnecessarily burdensome and duplicative because Defendant has already requested that Plaintiffs produce such documents.  In light of the foregoing objections, Plaintiffs will produce responsive documents once a confidentially agreement is entered into.

**Supplemental Answer:** Plaintiffs object to this Interrogatory on the grounds that it is unnecessarily burdensome and duplicative because Defendant has already requested that Plaintiffs produce such documents.  In light of the foregoing objections, Plaintiffs respond that the documents Bates' Numbered HURRY0006-0260 contain the Confidential Information which they contend Chris Frankel has used unlawfully.


3.     State in detail what you contend Chris Frankel has done that constitutes unlawful use of all Confidential Information which you contend that Chris Frankel has used unlawfully.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it is unintelligible and confusing in its word choice. To the extent that Plaintiffs understand the Interrogatory, they state that Frankel has used their confidential information, information which he agreed to keep "strictly confidential" and to "not disclose… to any third parties," to further his own business interests. This information includes, without limitation, client account information, contact information, and transaction history, Plaintiffs' financial relationships and the terms of those

4

relationships. Using the foregoing information, Defendant attempted to solicit Plaintiffs' clients; sought financial backing from entities and individuals with whom Plaintiffs had relationships; attempted to purchase a broker-dealer based.

**Supplemental Answer**:

Plaintiffs contend: Defendant unlawfully used their Confidential Information by forwarding Confidential Information to his personal email account and using that information in his attempt to purchase a competing broker-dealer. Specifically, Defendant used Confidential Information about their top-clients to then contact those clients and try to solicit them to abandon Plaintiffs and bring their business to Defendant. Defendant used Confidential Information about Plaintiffs' relationships with financial institutions and investors to then try to get his own funding and develop his own relationships. Defendant used Confidential Information about Plaintiffs' business as template and foundation for his business, thus eliminating the time and resources he otherwise would have spent collecting and creating such information, procedures, documents, etc., from scratch.

4.      Regarding your allegation in paragraph 20 of your complaint, which states: "Upon information and belief, after leaving Alpine, if not earlier, Defendant [Chris Frankel] knowingly, willfully, and maliciously breached his obligations to Plaintiffs under the NDA and used confidential information obtained from Plaintiffs to solicit capital, establish banking relations, recruit Plaintiffs' clients, and compete with Plaintiffs' businesses. Among other things, Plaintiffs are informed and believe Defendant used the foregoing confidential information obtained from Plaintiffs to make a bid for a broker-dealer in Chicago", provide the following information:

a.  State all facts which support your allegation including the Confidential Information used, the capital solicited, the banking relations established, the clients recruited, the activity competitive with the plaintiffs in which Chris Frankel engaged, and the broker-dealer on which Chris Frankel bid;

b.  Identify all persons having knowledge of the facts which support your allegation, and the facts known by each person; and

c.  Identify all documents which support your allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Plaintiffs object to this Interrogatory on the grounds that it requests information solely known to Defendant which Plaintiffs will only be able to ascertain through their own discovery requests. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information.  Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine.  Although

6

Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

**Supplemental Answer**: Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Without waiving the foregoing objections, Plaintiffs state that they learned Defendant had and was using their Confidential Information from Jim Kelley. Jim Kelly alerted Plaintiffs after Defendant contacted him, seeking an indication of interest, and informed him that Defendant had entered into an agreement to purchase a broker dealer in Chicago, Ziv Investment Company ("Ziv"). Defendant told Kelley that Ziv would have capabilities equal, if not superior, to those at Alpine. Defendant also informed Kelley that he had sufficient clients and capital to outperform Alpine, and made reference to trading that mimicked that of Alpine with a similar customer base.  Kelley knew that Defendant had no clients of his own or the financial wherewithal to consummate such an endeavor and surmised that Defendant was using Plaintiffs' Confidential Information to purchase Ziv.  Jim Kelley, John Hurry, and Joseph Walsh have knowledge of the above facts and can all be contacted through Plaintiffs' counsel. Plaintiffs do not have documents in their possession, custody, or control that support these allegations.

Plaintiffs shortly thereafter uncovered that Defendant emailed Confidential Information – the documents Bates Numbered HURRY0006-0260 – to his personal email account, in violation of his nondisclosure agreements with Plaintiffs, both during and after his employment with Alpine.  John Hurry, Mike Cruz, and Joseph Walsh have knowledge of the above facts and can all be contacted through Plaintiffs' counsel. The documents Bates Numbered HURRY0006-0260 support these allegations.

5.      Regarding your allegation in paragraph 30 of your complaint that "Defendant

[Chris Frankel] materially breached the NDA by disclosing Confidential Information (as

defined in the NDA) to third parties in breach of paragraph 2(a) of the NDA.  In addition,

Defendant [Chris Frankel] materially breached paragraph 2(b) of the NDA by using Confidential

Information for  his own benefit and not for the benefit of Plaintiffs", provide the following

information:

    a.  State all facts which support your allegation including the Confidential Information
       disclosed and the third parties to whom the Confidential Information was disclosed;

    b.  Identify all persons having knowledge of the facts which support this allegation, and
       the facts known by each person; and

    c.  Identify all documents which support the allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have

been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on

the grounds that it requests confidential information and trade secrets and that there is not yet a

confidentially agreement in this case that would prevent Defendant from using such requested

information for his own, non-litigation related benefit. In light of the foregoing objections,

Plaintiffs will not identify the confidential information used until a confidentiality agreement is

entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike

Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a

"producer" in that he did not have clients or capital to establish or purchase a broker-dealer.

However, during his employment by Plaintiffs, Defendant obtained confidential information

regarding their business practices, financial relationships and terms of those relationships, client

lists, pricing information, and private financial information.  Shortly after leaving Alpine,

Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine.  Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

**Supplemental Answer**: Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Without waiving the foregoing objections, Plaintiffs state that they learned Defendant had and was using their Confidential Information from Jim Kelley. Jim Kelly alerted Plaintiffs after Defendant contacted him, seeking an indication of interest, and informed him that Defendant had entered into an agreement to purchase a broker dealer in Chicago, Ziv Investment Company ("Ziv"). Defendant told Kelley that Ziv would have capabilities equal, if not superior, to those at Alpine, and made reference to trading that mimicked that of Alpine with a similar customer base. Defendant also informed Kelley that he had sufficient clients and capital to outperform Alpine. Kelley knew that Defendant had no clients of his own or the financial wherewithal to consummate such an endeavor and surmised that Defendant was using Plaintiffs' Confidential Information to purchase Ziv.  Jim Kelley, John Hurry, Mike Cruz, and Joseph Walsh have knowledge of the above facts and can all be contacted through Plaintiffs' counsel. Plaintiffs do not have documents in their possession, custody, or control that support these allegations.

Plaintiffs shortly thereafter uncovered that Defendant emailed Confidential Information – the documents Bates Numbered HURRY0006-0260 – to his personal email account, in violation of his nondisclosure agreements with Plaintiffs, both during and after his employment with Alpine.  John Hurry, Mike Cruz, and Joseph Walsh have knowledge of the above facts and can

all be contacted through Plaintiffs' counsel. The documents Bates Numbered HURRY0006-0260 support these allegations.

Based on documents received from Ziv, including a November 13, 2018, email from Defendant to Peter Ziv, Plaintiffs believe that Defendant disclosed their Confidential Information to Ziv and Peter Ziv in an attempt to purchase Ziv.  John Hurry and Mike Cruz have knowledge of the above facts and can be contacted through Plaintiffs' counsel.

6.      Regarding your allegations in paragraphs 39 and 49 of your complaint that "Defendant [Chris Frankel] misappropriated,  disclosed, and used the Trade Secrets for his own benefit", provide the following information:

   a. State all facts which support your allegation including the Trade Secrets which Chris Frankel misappropriated and disclosed, the third parties to whom he disclosed them, and how Chris Frankel used the Trade Secrets for his own benefit;

   b. Identify all persons having knowledge of the facts which support this allegation, and the facts known by each person; and

   c. Identify all documents which support the allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike

Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information.  Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine.  Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

**Supplemental Answer**: Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Without waiving the foregoing objections, Plaintiffs state that they learned Defendant had and was using their Confidential Information from Jim Kelley. Jim Kelly alerted Plaintiffs after Defendant contacted him, seeking an indication of interest, and informed him that Defendant had entered into an agreement to purchase a broker dealer in Chicago, Ziv Investment Company ("Ziv"). Defendant told Kelley that Ziv would have capabilities equal, if not superior, to those at Alpine, and made reference to trading that mimicked that of Alpine with a similar customer base. Defendant also informed Kelley that he had sufficient clients and capital to outperform Alpine. Kelley knew that Defendant had no clients of his own or the financial wherewithal to consummate such an endeavor and surmised that Defendant was using Plaintiffs' Confidential Information to purchase Ziv.  Jim Kelley, John Hurry, Mike Cruz, and Joseph Walsh have

knowledge of the above facts and can all be contacted through Plaintiffs' counsel. Plaintiffs do not have documents in their possession, custody, or control that support these allegations.

Plaintiffs shortly thereafter uncovered that Defendant emailed Confidential Information – the documents Bates Numbered HURRY0006-0260 – to his personal email account, in violation of his nondisclosure agreements with Plaintiffs, both during and after his employment with Alpine. John Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the above facts and can all be contacted through Plaintiffs' counsel. The documents Bates Numbered HURRY0006-0260 support these allegations.

Based on documents received from Ziv, including a November 13, 2018, email from Defendant to Peter Ziv, Plaintiffs believe that Defendant disclosed their Confidential Information to Ziv and Peter Ziv in an attempt to purchase Ziv. John Hurry and Mike Cruz have knowledge of the above facts and can be contacted through Plaintiffs' counsel.

7.      Regarding your allegation in paragraph 57 of your complaint that "Defendant [Chris Frankel] engaged in unfair methods of competition and deceptive and/or unfair business practices by using Plaintiffs' confidential information and Trade Secrets to solicit Plaintiffs' clients, establish relationships with their financial institutions and investors, and attempt to acquire a broker-dealer in Chicago", provide the following information:

a.  State all facts which support your allegation including the Confidential Information and Trade Secrets which Chris Frankel unlawfully used, the clients whom Chris Frankel solicited, the financial institutions and investors with whom Chris Frankel established relationships, the broker-dealer which Chris Frankel attempted to acquire, and how Chris Frankel used the Confidential Information and Trade Secrets

unlawfully to do these things;

b.   Identify all persons having knowledge of the facts which support your allegation, and the facts known by each person; and

c.   Identify all documents which support your allegation.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information.  Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine.  Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

**Supplemental Answer**: Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Plaintiffs

13

object to this Interrogatory to the extent that it is not relevant to any party's claims or defenses, nor proportional to the needs of the case because Plaintiffs are no longer proceeding on their claim for violation of the Florida Unfair Trade Practices Act.

8.      Regarding the allegations in your complaint that Chris Frankel's unlawful use of your Confidential Information has caused you to sustain damages, provide the following information:

a.   Describe all components, amounts, and method of calculation of all damages which you have sustained;

b.   Identify all persons having knowledge of the facts which support your damage allegations, and the facts known by each person; and

c.   Identify all documents which support your damage allegations.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the facts concerning the harm caused to Plaintiffs by Defendant's misuse of confidential information.  This is also subject to expert testimony.  Discovery is ongoing.

**Supplemental Answer:** Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Without waiving the foregoing objections, Plaintiffs state that Defendant has been unjustly enriched at their expense. Plaintiffs do not presently have an estimate of this damage amount or method of calculation because discovery is continuing, and Defendant has wrongfully failed to respond to Plaintiffs' discovery requests.  Further, this information requires expert opinion, and expert reports are not yet due.  John Hurry, Mike Cruz, and Joseph Walsh have knowledge of Defendant's unjust enrichment. The documents Bates Numbered HURRY0006-0260 support Plaintiffs' damage allegations.

9.     Regarding the statement in paragraph 7 of John Hurry's declaration filed in this case, that "Alpine soon thereafter learned that, despite Frankel having signed a nondisclosure and confidentiality agreement (the "NDA"), he was using Alpine's and the other Hurry Parties' confidential information and trade secrets for the benefit of his new business ventures", provide the following information:

   a.  State in detail how Alpine learned that Frankel was using Alpine's and the other Hurry Parties' confidential information and trade secrets for the benefit of Chris Frankel's new business ventures, identify all of the facts that Alpine learned, and identify the persons from which Alpine learned each fact.

   b.  State all of the Confidential Information and trade secrets that Frankel used, identify each of Frankel's new business ventures which benefited from Frankel's use of the confidential information and trade secrets, and state in detail how Frankel's new business ventures benefited.

**Answer:** Plaintiffs object to this Interrogatory because it is compound and should have been separated into multiple individual interrogatories. Plaintiffs object to this Interrogatory on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objections, Plaintiffs will not identify the confidential information used until a confidentiality agreement is entered into. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, Joseph Walsh, and Jim Kelley have knowledge that Defendant was not a "producer" in that he did not have clients or capital to establish or purchase a broker-dealer. However, during his employment by Plaintiffs, Defendant obtained confidential information regarding their business practices, financial relationships and terms of those relationships, client lists, pricing information, and private financial information.  Shortly after leaving Alpine, Defendant contacted Kelley and informed him that he had entered into an agreement to purchase a new broker dealer, with capabilities equal, if not superior, to those at Alpine.  Although Defendant had no clients of his own, or the financial wherewithal to consummate such an endeavor, he informed Kelley that he, in fact, had sufficient clients and capital to outperform Alpine. Discovery is ongoing.

**Supplemental Answer:** Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Without waiving the foregoing objections, Plaintiffs state that they learned Defendant had and was using their Confidential Information from Jim Kelley. Jim Kelly alerted Plaintiffs after Defendant contacted him, seeking an indication of interest and informed him that Defendant had entered into an agreement to purchase a broker dealer in Chicago, Ziv Investment Company ("Ziv").

Defendant told Kelley that Ziv would have capabilities equal, if not superior, to those at Alpine, and made reference to trading that mimicked that of Alpine with a similar customer base. Defendant also informed Kelley that he had sufficient clients and capital to outperform Alpine. Kelley knew that Defendant had no clients of his own or the financial wherewithal to consummate such an endeavor and surmised that Defendant was using Plaintiffs' Confidential Information to purchase Ziv.  Jim Kelley, John Hurry, Mike Cruz, and Joseph Walsh have knowledge of the above facts and can all be contacted through Plaintiffs' counsel. Plaintiffs do not have documents in their possession, custody, or control that support these allegations.

Plaintiffs shortly thereafter uncovered that Defendant emailed Confidential Information – the documents Bates Numbered HURRY0006-0260 – to his personal email account, in violation of his nondisclosure agreements with Plaintiffs, both during and after his employment with Alpine.  John Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the above facts and can all be contacted through Plaintiffs' counsel. The documents Bates Numbered HURRY0006-0260 support these allegations.

Based on documents received from Ziv, including a November 13, 2018, email from Defendant to Peter Ziv, Plaintiffs believe that Defendant disclosed their Confidential Information to Ziv and Peter Ziv in an attempt to purchase Ziv.  John Hurry and Mike Cruz have knowledge of the above facts and can be contacted through Plaintiffs' counsel.


10.     Regarding your allegations in paragraphs 22, 31, and 60 of your complaint that you have suffered and will continue to suffer irreparable harm from Chris Frankel's unlawful use of your Confidential Information, provide the following information:

a.   State in detail how you have suffered and will continue to suffer irreparable harm;

b.  Identify all persons having knowledge of the facts which support your allegations of irreparable harm and the facts known by each person; and

c.  Identify all documents which support your allegations of irreparable harm.

**Answer:** Plaintiffs object to this Interrogatory on the grounds that it is compound and should have been separated into multiple individual interrogatories. Plaintiffs further object to this Interrogatory on grounds that investigation and discovery are continuing and they are still uncovering the irreparable harm that Defendant's actions have caused. Plaintiffs further object to this Interrogatory on the grounds that it assumes irreparable harm can be easily detailed and/or quantified. Without waiving the foregoing objections, Plaintiffs state that John Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the facts concerning the harm caused to Plaintiffs by Defendant's misuse of confidential information.  This is also subject to expert testimony.  Discovery is ongoing.

**Supplemental Answer**: Plaintiffs object to this Interrogatory on the grounds that it contains subparts and each subpart must be counted as its own individual interrogatory. Plaintiffs further object to this Interrogatory on grounds that investigation and discovery are continuing and they are still uncovering the irreparable harm that Defendant's actions have caused. Further, Defendant has wrongfully failed to respond to Plaintiffs' discovery requests.  Plaintiffs further object to this Interrogatory on the grounds that it assumes irreparable harm can be easily detailed and/or quantified. Without waiving the foregoing objections, Plaintiffs state that they have been irreparably harmed because Defendant wrongfully possesses Confidential Information that he has used and can continue to use to unfairly compete with Plaintiffs' business.  Specifically, Defendant is benefiting from being able to utilize the Confidential Information without having to spend the time and resources that Plaintiffs did to gather and create such Confidential

Information and without paying a reasonable royalty for such Confidential Information.  John

Hurry, Mike Cruz, Henry Diekmann, and Joseph Walsh have knowledge of the facts concerning

the harm caused to Plaintiffs by Defendant's misuse of confidential information.  The documents

Bates Numbered HURRY0006-0260 support these allegations.


Dated this 7th day of June 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## **SCOTTSDALE CAPITAL ADVISORS CORPORATION'S VERIFICATION**

I, Michael Cruz, am General Counsel of Scottsdale Capital Advisors Corporation and the proper person to sign the foregoing Supplemental Responses to Frankel's Interrogatories. The foregoing Supplemental Responses to Frankel's Interrogatories are true and correct to the best of my knowledge, information and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2019

_____
MICHAEL CRUZ

## <u>ALPINE SECURITIES CORPORATION'S VERIFICATION</u>

I, Michael Cruz, am General Counsel of Alpine Securities Corporation and the proper person to sign the foregoing Supplemental Responses to Frankel's Interrogatories. The foregoing Supplemental Responses to Frankel's Interrogatories are true and correct to the best of my knowledge, information and belief.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2019

_____
MICHAEL CRUZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2019, the below counsel of record were served with a copy

of this document via email and First-Class Mail and Email.

| | |
|---|---|
| David C. Banker (Fla. Bar No. 352977)<br>Harold D. Holder (Fla. Bar No. 118733)<br>BUSH ROSS, PA<br>1801 N. Highland Avenue<br>Tampa, Florida 33602<br>Phone: 813-224-9255<br>Fax: 813-223-9620<br>Primary:    dbanker@bushross.com;<br>                  hholder@bushross.com<br>Secondary: aflowers@bushross.com<br>*Attorneys for Defendant* | <br><br><br>_____<br>Marcie Moreno |