UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                             Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.

_____/

**PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FRANKEL'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiffs The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation (collectively "Plaintiffs"), by and through their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 34, hereby supplement their objections and responses to Frankel's First Set of Requests for Production.

**GENERAL OBJECTIONS**

1.     Plaintiffs object to these requests to the extent that they exceed or impose upon Plaintiffs duties beyond those required by the Federal Rules of Civil Procedure and/or other applicable law.

2.     Plaintiffs object to the requests to the extent that they seek documents (a) that is not in the possession, custody, or control of Plaintiffs; (b) that Plaintiffs cannot locate after a reasonably diligent search; or (c) that refers to persons, entities, or events not known to Plaintiffs. To the extent that Plaintiffs provide information in response to the requests, Plaintiffs

1

do so based upon a reasonably diligent search for responsive information within their possession, custody or control.

3. Discovery is ongoing and Plaintiffs reserves the right at any time to revise, modify, supplement or clarify any of the responses herein set forth.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

All documents identified or reviewed in responding to the accompanying interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiffs object to this Request to the extent that it is not relevant to any party's claim or defense and proportional to the needs of the case. Plaintiffs object to this Request on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Plaintiffs object to this Request on the grounds that it calls for documents protected by the attorney-client privilege. Without waiving the foregoing objections, Plaintiffs state that they have no responsive documents in their possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiffs object to this Request to the extent that it is not relevant to any party's claim or defense and proportional to the needs of the case. Without waiving the foregoing objections, Plaintiffs state that they will produce the documents within their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**

All documents containing your Confidential Information which you contend Chris Frankel has used unlawfully.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiffs object to this Request on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. In light of the foregoing objection, Plaintiffs will not respond to this Request. After the parties enter into a confidentiality agreement, Plaintiffs will provide non-privileged documents sufficient to show confidential Information that Defendant has used unlawfully.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiffs will provide non-privileged documents sufficient to show confidential Information that Defendant has used unlawfully.

**REQUEST FOR PRODUCTION NO. 3**

All documents which support the allegations in your complaint that Chris Frankel unlawfully used your Confidential Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiffs object to this Request on the grounds that it requests confidential information and trade secrets and that there is not yet a confidentially agreement in this case that would prevent Defendant from using such requested information for his own, non-litigation related benefit. Without waiving the foregoing objections, Plaintiffs will produce the responsive documents in their possession, custody, or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiffs will produce the responsive documents in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**

All documents which support the damage allegations in your complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiffs object to this Request on the grounds that discovery and investigation are ongoing. Plaintiffs further object to this Request on the grounds that it assumes Plaintiffs' damage can be reduced to documentation. Plaintiffs object on the basis that this is subject to expert testimony. In light of the foregoing objections, Plaintiffs will not respond to this Request. After the parties enter into a confidentiality agreement, Plaintiffs will provide non-privileged documents sufficient to show their damages.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Plaintiffs object to this Request on the grounds that discovery and investigation are ongoing. Plaintiffs further object to this Request on the grounds that it assumes Plaintiffs' damage can be reduced to documentation. Plaintiffs object on the basis that this is subject to expert testimony. Without waiving the foregoing objections, Plaintiffs state that they have no responsive documents in their possession, custody, or control.

Dated this 7th day of June 2019

> */s/ Jordan Susman*
> Charles J. Harder, Esq.
> Admitted Pro Hac Vice
> Jordan Susman, Esq.
> Admitted Pro Hac Vice
> HARDER LLP
> 132 South Rodeo Drive, Suite 301
> Beverly Hills, CA  90212-2406
> Tel: (424) 203-1600
> Fax: (424) 203-1601
> Email:  charder@harderllp.com
> Email:  jsusman@harderllp.com
>
> -and-
>
> Kenneth G. Turkel, Esq.
> Florida Bar No. 867233
> Shane B. Vogt, Esq.
> Florida Bar No. 0257620
> BAJO | CUVA | COHEN | TURKEL

4

100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
Email: kturkel@bajocuva.com
Email: svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2019, the below counsel of record were served with a copy of this document via email and First-Class Mail and Email.

| | |
|---|---|
| David C. Banker (Fla. Bar No. 352977)<br>Harold D. Holder (Fla. Bar No. 118733)<br>BUSH ROSS, PA<br>1801 N. Highland Avenue<br>Tampa, Florida 33602<br>Phone: 813-224-9255<br>Fax: 813-223-9620<br>Primary:   dbanker@bushross.com;<br>                 hholder@bushross.com<br>Secondary: aflowers@bushross.com<br>*Attorneys for Defendant* | _____<br>Marcie Moreno |