UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

                Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

                Defendant.
_____/

CASE NO.: 8:18-cv-02869-VMC-CPT

## DECLARATION OF JORDAN SUSMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FRANKEL'S MOTION FOR SUMMARY JUDGMENT

Under 28 U.S.C. § 1746, I, Jordan Susman, declare that the following information is true:

1. I am over 18 years old.

2. I am counsel of record for Plaintiffs, the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation (collectively "Plaintiffs").

3. I have personal knowledge and am otherwise competent to testify regarding the information in this Declaration.

4. On or about July 12, 2019, I caused to be served on Koonce Securities, LLC ("Koonce") a subpoena to produce documents.

5. In response to the subpoena, Koonce produced an email from Frankel to Chad M. Henton of the DTCC and copying Scott Koonce (email scott@koonce.net), John Schaible (email jschaible@atlasbanc.com), and Laura Murphy (lmurphy@koonce.net) dated November 12, 2018,

1

in which Frankel stated, "Attached is a blotter along the lines of what we spoke about. This contains a representative sample of OTC equity business that we would potentially expect." Attached to Frankel's email is an excel sheet identical to the one Frankel previously sent to a different broker dealer and included as Exhibit 20 to Frankel's deposition transcript. A true and correct copy of the email (not including the attachment due to confidentiality concerns) is attached hereto as Exhibit 1.

6. On or about April 22, 2019, I caused to be served on Ziv Investment Company ("Ziv") a subpoena to produce documents.

7. In response to the subpoena, Ziv produced an email from Frankel to Peter Ziv dated November 13, 2018, in which Frankel stated, "Attached is a sample blotter of OTC Equity transactions. . . . I did not do the exact Math, but my expectation is that the dollar amount of trades per day would be somewhere in the $500k-$1 Million range." Attached to Frankel's email is an excel sheet identical to the one Frankel sent to Koonce, Atlas and the DTCC and included as Exhibit 20 to Frankel's deposition transcript. A true and correct copy of the email (not including the attachment due to confidentiality concerns) is attached hereto as Exhibit 2.

8. Frankel did not produce Alpine's trade blotter in discovery, nor his emails to Ziv, Koonce, Atlas, and the DTCC that included the blotter. Plaintiffs only received those documents from Ziv and Koonce in response to subpoenas.

9. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's First Set of Requests for Production to Frankel.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed on September 6, 2019.

_____
JORDAN SUSMAN

2

# Exhibit 1

| | |
|---|---|
| **From:** | Chris Frankel <chrisfrankel13@gmail.com> |
| **Sent:** | Monday, November 12, 2018 8:02 AM |
| **To:** | chenton@dtcc.com |
| **Cc:** | John Schaible; Scott Koonce; Laura Murphy |
| **Subject:** | FW: Trade Blotter for DTCC |

Chad

Attached is a blotter along the lines of what we spoke about. This contains a representative sample of OTC equity business that we would potentially expect. We would also expect to have a component of business in NMS Securities, but I think this would be a negligible impact to our Deposit Requirements. You will notice that some of the securities are missing cusips. Unfortunately, we did not have access to all of these numbers. If this is problematic, please let me know and I will get to a Bloomberg or DTC Terminal in order to fill this in.

Thank you and your team in advance for your attention on this matter.

Chris

**From:** "rlankford@atlasfintech.com" <rlankford@atlasfintech.com>
**Date:** Monday, November 12, 2018 at 10:21 AM
**To:** Chris Frankel <chrisfrankel13@gmail.com>
**Cc:** 'John Schaible' <JSchaible@atlasbanc.com>
**Subject:** RE: Trade Blotter for DTCC

Chris

I found a number of other CUSIP's.

**From:** Chris Frankel [mailto:chrisfrankel13@gmail.com]
**Sent:** Sunday, November 11, 2018 12:52 PM
**To:** rlankford@atlasfintech.com
**Cc:** John Schaible
**Subject:** Trade Blotter for DTCC

# Exhibit 2

**Peter Ziv**

| | |
|---|---|
| **From:** | Chris Frankel [chrisfrankel13@gmail.com] |
| **Sent:** | Tuesday, November 13, 2018 3:34 PM |
| **To:** | Peter Ziv |
| **Subject:** | FW: Trade Blotter |
| **Attachments:** | Copy of SampleTradeBlotterOTCStocks.xlsx |

Peter

Attached is a sample blotter of OTC Equity transactions. Please note that this spans two days and is by execution. The number of orders is obviously less when you compress this by symbol. I did not do the exact Math, but my expectation is that the dollar amount of trades per day would be somewhere in the $500K-$1 Million range.

Thank you again for your time and consideration today. It is refreshing to deal with someone whom is direct. I will be back to you on the finer points of our conversation shortly.

BTW – Its 85 degrees in Tampa today!

Chris

# Exhibit 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

      Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

      Defendant/Counter-Plaintiff.
_____/

CASE NO.: 8:18-cv-02869-VMC-CPT

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation, by their undersigned counsel, hereby requests that defendant Christopher Frankel produce documents in response to the following document requests, within thirty days, in accordance with the following definitions and instructions.

## DEFINITIONS

1.    "Alpine" shall mean Alpine Securities Corporation and all of its employees, agents, officers, members, representatives, attorneys and/or any other person who has acted or purported to act for or on its behalf.

1

2. "Plaintiffs" shall mean plaintiffs Cayman Securities Clearing and Trading LTD, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation and each of them and all of their employees, officer, members, agents, representatives, attorneys and/or any other person who has acted or purported to act for or on their behalf.

3. "You" and "Your" shall mean defendant Christopher Frankel and all of his employees, agents, representatives, attorneys and/or any other person who has acted or purported to act for or on his behalf.

4. "Documents" shall mean, in the broadest sense permissible under Fed. R. Civ. P. 34, and include, without limitation, any "writing" as that term is defined in Rule 1001 of the Federal Rules of Evidence, and any original and non-identical copy of any and all written, typed, computer, mechanical, photographic, printed, magnetic, audio, video and other electronic recordings or records and/or other tangible records and forms of recorded information, however produced or reproduced, including but not limited to: all letters, correspondence, interoffice communications, electronic correspondence such as "e-mail," text message, SMS message, iMessage, Skype, "instant" messenger services, and other communications recorded in any form or medium; records, memoranda, minutes, notes, answers, applications, appointment calendars, attachments, blueprints, books, budget materials, bulletins, cables, CD ROMS, complaints, computer models, computer tapes, computer programs, data processing cards, diagrams, evaluations, guidebooks, hearing transcripts, indices, instructions, invoices, manuals, messages, microfiche, motions, notices, opinions, pamphlets, papers, phone-mail recordings or transcripts thereof, phone records, photographs, pleadings, printed forms, proposals, protests publications, replies, responses, specifications, submissions, telegraphs, telexes, verified statements, telegrams,

summaries, computer printouts or disks or any information retained in a computer database which can be reproduced; records of telephone calls and meetings, calendar and diary entries, notebooks, schedules, reports, studies, appraisals, analyses, lists, surveys, deeds; budgets, financial statements, ledgers, returns, financial projections, comparison between budgets, projections and actual results, working papers, financial calculations and other records of financial matters and commercial transactions; contracts, agreements, legal and accounting opinions, research; periodicals, charts, diagrams, graphs, and other drawings; interviews, speeches, transcripts, press releases, advertisements, brochures and books of account; plans and specifications; publications; photocopies, microfilm, and other copies or reproduction, and computer printouts; and all drafts, outlines and proposals of any such documents (whether or not actually used).  All non-identical copies (whether different from the original by reason of notations made on such copies or otherwise) are separate documents within the meaning of the term.  The term also includes information, stored in, or accessible through, computer or other information retrieval systems, together with instructions and all materials necessary to retrieve, use or interpret such data.

## INSTRUCTIONS

1. In the event that any information, document or portion of any document within the scope of these document requests is withheld from production upon a claim of privilege or work product, with respect to each document You are required to provide a privilege log in conformity with Rule 26(b)(5) of the Federal Rules of Civil Procedure. To the extent only a portion of the document is claimed to be privileged, produce the non-privileged portions of the document and provide the requested information for the redacted portion of the document.

2. In the event that any document called for by these document requests has been destroyed, lost, discarded, or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal;

manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of this document.

3. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

4. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of these requests all documents which might otherwise be considered to be beyond their scope.

5. The use of capital letters, lower case letters or quotation marks in these requests shall not be construed to limit the scope of any specific request contained herein.

6. The documents produced in response to these requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the files in which they were located, their relative order in such files and how such files were maintained.

7. Any document that is attached by staple, clip or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that document is otherwise requested herein.

8. These requests are continuing in nature and You are obligated to produce additional documents or information whenever they are acquired, discovered or come into existence after the date of the initial production.

9. Each of these requests seeks all documents, wherever located, which are in Your actual or constructive possession, custody or control.

### **REQUESTS**

1. All Documents and Communications You sent to Your personal email addresses from Your Alpine email address from June 1, 2015 through September 30, 2018.

2. All Documents and Communications containing Plaintiffs' business practices, financial relationships and terms of those relationships, client lists, pricing information, and

private financial information of Plaintiffs and their clients that You sent from Your personal email addresses to yourself or anyone else since June 1, 2015.

3.    All Documents and Communications between You and Plaintiffs' current or former clients since August 1, 2018.

4.    All Documents and Communications between You and financial institutions that currently have or previously had relationships with Plaintiffs since August 1, 2018.

5.    All Documents and Communications between You and Steve Mashawar since August 1, 2018.

6.    All Documents and Communications between You and Carlos Montoya since August 1, 2018.

7.    All Documents and Communications between You and Jim Kelly since August 1, 2018.

8.    All Documents and Communications between You and Austin Trust Company or its employees, officers, members, or representatives, since August 1, 2018.

9.    All Documents and Communications that pertain to Your attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018.

10.    All Documents and Communications between You and any broker-dealers that You have considered purchasing since August 1, 2018.

11.    All Documents and Communications between You and Ziv Investment Company since August 1, 2018.

12.    All Documents created by Plaintiffs that You have in Your possession, custody, or control.

13.    All Documents that contain information received from Plaintiffs that You have in Your possession, custody, or control.

14.    All Documents that contain information about Plaintiffs that You have in Your possession, custody, or control

15.    All Documents and Communications identified in Your initial disclosures.

Dated:  January 15, 2019

Respectfully submitted,

*/s/  Jordan Susman*
Charles J. Harder, Esq.
*Pro Hac Vice Granted*
Jordan Susman, Esq.
*Pro Hac Vice Granted*
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Jordan Susman*
Attorney