## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;     CASE NO.: 8:18-cv-02869-VMC-CPT
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

     Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

     Defendant.
_____/

CHRISTOPHER FRANKEL,

     Counter-claimant,

vs.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; ALPINE SECURITIES
CORPORATION,

     Counter-defendants.

## PLAINTIFFS' MOTION TO STRIKE PORTIONS OF FRANKEL'S MOTION FOR
## SUMMARY JUDGMENT

Plaintiffs the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine

Securities Corporation (collectively "Plaintiffs"), move to strike portions of Defendant and

Counter-claimant Christopher Frankel's ("Frankel") Motion for Summary Judgment ("MSJ") [Dkt. 118], and state as follows:

## I.   <u>MOTION</u>

1.      Plaintiffs move to strike the following paragraphs of Frankel's MSJ on the grounds they do not reference material facts necessary for the Court to determine the issues presented in the MSJ and contain scandalous, immaterial, impertinent and highly prejudicial allegations: 37, 38, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, and section headings on page 7 ("Plaintiffs' Perfunctory Demand Letter"), page 8 ("Plaintiffs' Attempt to fabricate Claims"), page 10 ("Plaintiffs' Lack of Evidence"), and page 12 ("Plaintiffs' Failing Enterprise").

2.      Plaintiffs move to strike the following paragraphs of Frankel's MSJ on the grounds they improperly contain legal argument: 48, 54, 55, 56, 58.

3.      Plaintiffs move to strike the following paragraphs of Frankel's MSJ on the grounds they do not contain pinpoint citations to deposition transcripts: 13, 14, 17, 18, 25, 53, 55, 57, 61, 62, 65, 66, 67.

WHEREFORE, based upon the below legal argument with supporting authority, Plaintiffs respectfully request that the Court strike the foregoing paragraphs of the MSJ.

## II.   <u>MEMORANDUM OF LAW</u>

### A.   <u>Legal Standard</u>

The Court's Preferences regarding motions for summary judgment provide in relevant part:

   i.      "Each [statement of material] fact must be supported by a pinpoint citation to the specific part of the record relied upon to support that fact. For example, a

reference to Deposition of Jones is insufficient; the page and line number of the deposition transcript must be included."

ii.    "When preparing the statement of material facts, the moving party must reference only the material facts necessary for the court to determine the issues presented in the motion for summary judgment."

iii.    "Legal argument should not be included in the statement of material facts."

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have "broad discretion in making this determination." *DeJesus v. Cigna Corp.*, 2018 WL 375579, at *2 (M.D. Fla. Jan. 11, 2018). "The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Slone v. Judd*, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009), quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002); see also *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"). A motion to strike is properly granted where "'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012), quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "[S]uch motions are not disfavored where they remove 'unnecessary clutter' from the litigation." *Sun Life Assurance Co. of Canada v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 902 (N.D. Ill. 2013), citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

"Scandalous" matter is any allegation that "unnecessarily reflects on the moral character of an individual," "states anything in repulsive language that detracts from the dignity of the court" or casts "a cruelly derogatory light on a party or other person." *S.D. v. St. Johns Cty. Sch. Dist.*, 2009 WL 1941482, at *4 (M.D. Fla. July 7, 2009); *S.E.C. v. Lauer*, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007) (striking as scandalous a letter that accused attorneys of immoral and unethical conduct without any legitimate basis) (internal quotations and citations omitted); see also Phillips & Stevenson, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.), Ch. 9-G, § 9:388 (2019).

"Immaterial matter" is one that has no important relationship to the claim or defense." *S.D. v. St. Johns Cty. Sch. Dist.*, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009).  An "impertinent" matter is one "that do[es] not pertain, and [is] not necessary, to the issues in question, or "that could not be admitted as evidence in the action*." 126th Ave. Landfill, Inc. v. Pinellas Cty., Fla*., 2009 WL 1544030, at *3 (M.D. Fla. June 3, 2009); Phillips & Stevenson, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.), Ch. 9-G, § 9:387 (2019). Even "a statement of unnecessary particulars in connection with and descriptive of that which is material" may be stricken as immaterial.  *Fodor v. E. Shipbuilding Grp*., 2014 WL 50783, at *5 (N.D. Fla. Jan. 7, 2014).

### B.      The Paragraphs Identified Should Be Stricken

On August 23, 2019, Frankel filed the MSJ [Dkt. 118] that repeatedly violates the Court's Preferences.

Frankel's statement of material facts includes numerous references that are not necessary for the court to determine the issues presented in the MSJ.  Although included in Frankel's statement of material facts, Frankel does not rely upon any of these gratuitous "facts" in his

argument section.  Accordingly, the Court should strike statements 37, 38, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68 on this basis.

In addition, Frankel included gratuitous section headings in his statement of material facts that are unnecessary for the court to determine the issues presented.  Accordingly, the Court should strike the section headings on page 7 ("Plaintiffs' Perfunctory Demand Letter"), page 8 ("Plaintiffs' Attempt to fabricate Claims"), page 10 ("Plaintiffs' Lack of Evidence"), and page 12 ("Plaintiffs' Failing Enterprise") on this basis.

Plaintiff also included numerous legal arguments in his statement of facts.  Consequently, the Court should strike statements 48, 54, 55, 56, 58 on this basis.

Not a single one of Frankel's reference to a deposition transcript is supported by a pinpoint cite.  Instead, Frankel improperly cites to the purported page numbers.  Accordingly, the Court should strike statements 13, 14, 17, 18, 25, 53, 55, 57, 61, 62, 65, 66, 67 on this basis.

### C.    <u>Conclusion</u>

For the reasons stated above, Plaintiffs respectfully request that the Court strike the foregoing portions of Frankel's Motion for Summary Judgment.

### <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs has conferred with counsel for Defendant, and Defendant has not agreed to the relief requested herein.

Dated this 6th day of September 2019.

*/s/  Jordan Susman*
Charles J. Harder, Esq.
Jordan Susman, Esq.
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601

E-mail:  charder@harderllp.com
E-mail:  jsusman@harderllp.com

Kenneth G. Turkel – FBN 867233
Shane B. Vogt – FBN 257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
E-mail:  kturkel@bajocuva.com
E-mail:  svogt@bajocuva.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Jordan Susman*
Attorney