UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                           Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

**FRANKEL'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
PORTIONS OF FRANKEL'S MOTION FOR SUMMARY JUDGMENT(DOC. 127)**

        The defendant, Christopher L. Frankel ("**Frankel**"), requests an order denying the motion to strike (Doc. 127) filed by the remaining plaintiffs, Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors Corporation ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**") because the facts are material to the plaintiffs' failure to adduce facts to support their alleged claims and damages.

The plaintiffs have requested that Paragraphs 37 and 38, and 59 through 68 be stricken as "scandalous, immaterial or impertinent."

Paragraphs 37 and 38 contain indisputable procedural history during which the plaintiffs insisted on making and pursing allegations without supporting facts. Frankel protested early on, and John Hurry responded by doubling down on speculation and submitting a conclusory affidavit without supporting facts.

Paragraphs 37 and 38 demonstrate that the plaintiffs have had ample to try to adduce facts to support their speculative claims, but have repeatedly failed to do so, as ultimately conceded in the deposition of their corporate representative taken on August 7, 2019, two days before the close of discovery. (*See, e.g.*, Hurry Dep. 90:15–25; 91:1–10; 126:20–25; 174:10–18 (Doc. 115)).

Paragraphs 59 through 68 concerning the multiple, well-publicized, recent disciplinary actions, which allege nefarious misconduct and financial woes and seek staggering fines and discipline, are relevant to damages. Any meaningful damage analysis attempting to determine whether any alleged misappropriation caused damage, and if so, the extent of the damage, must consider the facts stated in Paragraphs 59 through 68. The plaintiff's corporate representative conceded in his deposition taken two days before the close of discovery that the plaintiffs had not yet even determined what information should be included in a damage analysis which they have not performed. (Hurry Dep. 174:10–18 (Doc. 115)).

The plaintiffs have requested that paragraphs 48, 54, 55, 56, and 58 be stricken as legal argument.

Paragraph 48 contains indisputable procedural history that the plaintiffs did not investigate their claims. Alpine was required to maintain on its server all of the emails and

documents which Frankel sent to his home computer. (Hurry Dep. 96:10–23 (Doc. 115)). Instead of retrieving Frankel's emails and documents from their own server as part of a pre-suit investigation, the plaintiffs waited for Frankel to produce his emails in his initial disclosures and then claimed as confidential every email and document he sent himself during the more than four years he worked with Alpine.

Paragraphs 54 through 56 accurately quote and paraphrase plaintiffs' discovery responses, in which the plaintiffs promised to produce, but ultimately failed to produce, documents which would sustain a damage claim. The plaintiff's corporate representative conceded in his deposition taken two days before the close of discovery that the several documents produced at his deposition "could be included" in a damage analysis, but that the plaintiffs had not yet decided what documents should be included in a damage analysis. Hurry Dep. 174, 10-18.

Paragraph 58 accurately states the plaintiffs' lack of evidence. The plaintiffs' corporate representative admitted this by conceding that he had to speculate to conclude that Frankel had disclosed confirmation to the Chicago broker-dealer which Frankel tried to buy, or that Frankel had used confidential information to steal Alpine's or Scottsdale's clients. (Hurry Dep. 90:15–25; 91:1–10; 126:20-25 (Doc. 115)).

The plaintiffs have requested that paragraphs 13, 14, 17, 18, 25, 53, 55, 57, 61, 62, 65, 66, and 67 be stricken because Frankel's deposition citations for these paragraphs did not include line citations, only citations to the pages containing the supporting testimony. Frankel has filed a reply to the plaintiffs' response to Frankel's material facts in which Frankel has added line citations to his page citations for the testimony supporting the facts in paragraphs 13, 14, 17, 18, 25, 53, 55, 57, 61, 62, 65, 66, and 67.

For the foregoing reasons, the plaintiffs' motion to strike should be denied.

Dated: September 20, 2019        By:   */s/Harold Holder*
                                       David C. Banker (Fla. Bar No. 352977)
                                       Harold D. Holder (Fla. Bar No. 118733)
                                       BUSH ROSS, PA
                                       1801 N. Highland Avenue
                                       Tampa, Florida 33602
                                       Phone: 813-224-9255
                                       Fax:    813-223-9620
                                       Primary: dbanker@bushross.com;
                                       hholder@bushross.com
                                       Secondary: aflowers@bushross.com
                                       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2019, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/EFC participants:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com

Charles J. Harder, Esquire
Jordan Susman, Esquire
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com
jsusman@harderllp.com
*Attorneys for Plaintiffs*

                                 By:   */s/Harold Holder*

4