# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| THE HURRY FAMILY REVOCABLE TRUST; SCOTTSDALE CAPITAL ADVISORS CORPORATION; ALPINE SECURITIES CORPORATION, | CASE NO.: 8:18-cv-02869-VMC-CPT |
| Plaintiffs, | |
| vs. | |
| CHRISTOPHER FRANKEL, | |
| Defendant. _____/ | |
| CHRISTOPHER FRANKEL, | |
| Counter-claimant, | |
| vs. | |
| CAYMAN SECURITIES CLEARING AND TRADING LTD; THE HURRY FAMILY REVOCABLE TRUST; SCOTTSDALE CAPITAL ADVISORS CORPORATION; ALPINE SECURITIES CORPORATION, | |
| Counter-defendants. | |

**PLAINTIFFS' OPPOSITION TO FRANKEL'S REQUEST FOR JUDICIAL NOTICE**

Plaintiffs the Hurry Family Revocable Trust, Scottsdale Capital Advisors, and Alpine Securities Corporation (collectively "Plaintiffs"), hereby oppose Defendant and Counter-claimant Christopher Frankel's ("Frankel") Request for Judicial Notice ("RJN") [Dkt. 134], and state as follows:

1

I.  **MOTION**

1. Plaintiffs oppose the RJN on the grounds that it was filed more than two weeks after the briefing was closed on the parties' Motions for Summary Judgment without court permission. *See* L.R. 3.01(c) ("No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave."); *see also* Case Management and Scheduling Order (Dkt. 29) (summary judgment briefing to be completed by October 7, 2019).

2. Plaintiffs also oppose the RJN on the grounds that it is replete with legal argumentation, which is not permitted in a request for judicial notice. *See Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, No. 607-CV-222-ORL-35KRS, 2008 WL 4826115, at *2 (M.D. Fla. Nov. 3, 2008)) ("a motion requesting judicial notice is not an opportunity to rebrief issues in the instant motions or to present legal arguments beyond those necessary to satisfy the requirements of Fed.R.Evid. 201").

3. Plaintiffs also oppose the RJN on the grounds that it misrepresents the contents of the documents attached, and seeks to admit disputed facts. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite.").

4. Plaintiffs also oppose the RJN on the grounds that the information it purports to enter into the record is wholly irrelevant to deciding the MSJ. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (factual disputes that are irrelevant to deciding motion for summary judgment will not be counted).

WHEREFORE, based upon the below legal argument with supporting authority, Plaintiffs respectfully request that the Court deny the RJN in its entirety.

## II.     MEMORANDUM OF LAW

### A.     The Court Should Deny the RJN Because It Was Filed in Violation of Local Rules & the Court's Case Management and Scheduling Order

The Case Management and Scheduling Order in this action (Dkt. 29) provides that motions for summary judgment were due by August 23, 2019, with responses due within 30 days and replies due 14 days thereafter (i.e., by October 7, 2019). Further, Local Rule 3.01(c) states: "No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave."

In flagrant violation of Local Rule 3.01(c) and the Case Management and Scheduling Order, Frankel filed the RJN without leave of the Court on October 22, 2019. For this reason alone, the Court should deny the RJN.

### B.     The Court Should Deny the RJN Because It Is Replete With Legal Arguments

Federal Rule of Civil Procedure 201 allows the Court to take notice of an adjudicative fact.[1] The taking of judicial notice is "a highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004). "[A] motion requesting judicial notice is **not** an opportunity to rebrief issues in the instant motions or to present legal arguments beyond those necessary to satisfy the requirements of Fed.R.Evid. 201." *Bray*, 2008 WL 4826115, at *2 (M.D. Fla. Nov. 3, 2008) (emphasis added);

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b).

*see also King v. Kramer*, 763 F.3d 635, 650 (7th Cir. 2014) ("legal argument was not the proper kind of fact that may be judicially noticed under Federal Rule of Evidence 201(b)"); *Garcia v. California Supreme Court*, No. CV 12-4504-DWM, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument.").

Despite the very limited scope of Federal Rule of Civil Procedure 201, Frankel has treated the RJN as an opportunity to rebrief issues in the parties' pending motions for summary judgment and make numerous legal arguments—all of which are false[2]—regarding Alpine's damages. Over and over again, the RJN falsely alleges that Alpine attributed its purported "failure" to the SEC and not to Frankel. As discussed below, this is false, because the SEC **and** Frankel damaged Alpine. Moreover, Frankel's legal argumentation is improper and has no place in a request for judicial notice.

Because Frankel wrongly used the RJN as a vehicle to advance legal arguments, the Court should deny it.

### C. The Court Should Deny the RJN Because It Requests Notice Of Disputed Facts & Misrepresents The Documents Attached

It is elemental that, "[i]n order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). As this very Court has held: "The Court does not take judicial notice of any factual findings, arguments, or legal conclusions within [documents attached to requests for judicial notice]." *126th Ave. Landfill, Inc. v. Pinellas Cty., Fla.*, No. 8:09-CV-307-T-33TBM, 2010 WL 3190606, at *2 (M.D. Fla. Aug. 11, 2010) (citing *Jones*, 29 F.3d at 1553); *Evanston Ins. Co. v. Premium*

---

[2] *See* Section II.C. below.

*Assignment Corp.*, No. 8:11-CV-2630-T-33TGW, 2012 WL 5877966, at *2 (M.D. Fla. Nov. 20, 2012) (same).

In the RJN, Frankel seeks judicial notice of facts that are hotly disputed. In particular, Plaintiffs vehemently dispute Frankel's allegations that Alpine's economic troubles "have nothing to do with Frankel" (RJN at p. 5), and "Alpine admitted that the SEC's case, not Frankel's alleged misappropriation, destroyed Alpine's business." (RJN at p. 6).

Moreover, Frankel's arguments are based upon misrepresentations of the actual contents of the documents attached to the RJN. Nowhere in the documents attached to the RJN does Alpine allege that Frankel's breaches of contract and misappropriation of confidential information did not harm Alpine. Rather, the documents merely allege that the SEC action damaged Alpine. The fact that the SEC action damaged Alpine does not preclude the fact that Frankel's breaches of contract and misappropriation of confidential information also damaged Alpine. Put simply: the SEC action damaged Alpine **and** Frankel's breach of contract and misappropriation of confidential information damaged Alpine.

Because Frankel seeks judicial notice of facts that are disputed—and falsely characterized by Frankel—the Court should deny the RJN.

**D.      The Court Should Deny the RJN Because It Requests Notice Of Immaterial Facts**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes

that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court should deny the RJN because it improperly seeks to introduce facts that have no bearing on the pending motions for summary judgment. Alpine's purported admission that it was damaged by the SEC is irrelevant to deciding whether Frankel violated his nondisclosure agreements, and it is irrelevant to deciding whether Alpine was damaged by Frankel's wrongful conduct.

The information contained in the RJN is simply irrelevant to deciding the motions for summary judgment. Consequently, the RJN should be denied.

### III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny the RJN in its entirety.

Dated this 5th day of November 2019.

> */s/ Jordan Susman*
> Charles J. Harder, Esq.
> Jordan Susman, Esq.
> HARDER LLP
> 132 South Rodeo Drive, Fourth Floor
> Beverly Hills, CA  90212-2406
> Tel: (424) 203-1600
> Fax: (424) 203-1601
> E-mail:  charder@harderllp.com
> E-mail:  jsusman@harderllp.com
>
> Kenneth G. Turkel – FBN 867233
> Shane B. Vogt – FBN 257620
> BAJO | CUVA | COHEN | TURKEL
> 100 North Tampa Street, Suite 1900
> Tampa, Florida 33602
> Tel:  (813) 443-2199
> Fax: (813) 443-2193
> E-mail:  kturkel@bajocuva.com
> E-mail:  svogt@bajocuva.com
> *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on November 5, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

            */s/ Jordan Susman*
            Attorney