UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.                              Case No. 8:18-cv-2869-T-33CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER FRANKEL,

    Counter-Claimant,

v.

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

    Counter-Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiffs' Motion to Strike Portions of Frankel's Motion for Summary Judgment (Doc. # 127), Defendant Christopher Frankel's requests for this Court to take judicial notice of certain documents (Doc. ## 134, 135), and Plaintiffs' requests for this Court to take judicial notice of certain

1

documents. (Doc. ## 126-4, 126-5, 133). For the reasons explained below, the Motion to Strike is granted in part and denied in part and the requests for judicial notice are granted in part and denied in part.

I.    **Plaintiffs' Motion to Strike**

Plaintiffs seek to have certain portions of Frankel's Motion for Summary Judgment stricken for three reasons: (1) certain numbered paragraphs and section headings do not reference material facts necessary for this Court's determination of the summary judgment motions and contain "scandalous, immaterial, impertinent, and highly prejudicial allegations"; (2) certain numbered paragraphs contain improper legal argument; and (3) certain numbered paragraphs do not contain the required pinpoint citations. (Doc. # 127).

Frankel responds that the statements included in his Motion for Summary Judgment are not scandalous or extraneous, and do not contain improper legal argument but, rather, "contain indisputable procedural history," concern "well-publicized[] recent disciplinary actions" that are relevant to the issue of damages, or pertain to Plaintiffs' discovery responses. (Doc. # 129 at 2-3). As to the lack of pinpoint citations, Frankel submits that he cured this deficiency in

2

his reply to the Plaintiffs' response to Frankel's Statement of Material Facts. (Id. at 3).

Federal Rule of Civil Procedure 56 requires that a party asserting that "a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record . . .; or showing that the materials cited do not establish the absence or presence of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)(A)-(B). Further, Section H of the Court's Case Management and Scheduling Order requires that a motion for summary judgment must specify the material facts as to which the moving party contends there is no genuine issue for trial and must be accompanied by affidavits and other evidence in the form required by Rule 56. (Doc. # 29 at 6). Parties must provide "pinpoint citations to the pages and lines of the record supporting each material fact." (Id.). Additionally, this Court's public website contains guidelines for parties to follow when submitting summary judgment motions, including directives that moving parties must reference only the material facts necessary for the Court to determine the issues presented in the Motions and that legal argument should not be included in the statement of material facts. See https://www.flmd.uscourts.gov/judges/virginia-covington.

As an initial matter, the Court notes that although Frankel's Motion for Summary Judgment does not contain citations to the page and line of the cited deposition testimony, it does contain citations to the page numbers where the information may be found. See, e.g., (Doc. # 118 at ¶¶ 17, 18, 25, 53). While this does not conform to the Court's stated requirements, the Court notes that Frankel has since cured this deficiency, and his initial citations were not so vague that it required the Court to hunt through the deposition transcripts for each nugget of information. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record[.]"). Accordingly, the Court declines to strike those paragraphs identified by Plaintiffs as failing to contain pinpoint citations to deposition transcripts.

Next, Federal Rule of Civil Procedure 12(f), on which Plaintiffs rely in their Motion to Strike, pertains only to striking scandalous or extraneous allegations from **pleadings**, and does not apply to dispositive motions. (Doc. # 127 at 3-4); See Mann v. Darden, No. 2:07-cv-751-MHT, 2009 WL 2019588, at *1 (M.D. Ala. July 6, 2009) (denying a motion to strike

portions of a motion for summary judgment because Rule 12(f) "plainly applies only to pleadings").

Nevertheless, the Court agrees with Plaintiffs that certain paragraphs of Frankel's Motion for Summary Judgment do not conform to this Court's stated requirements because they do not reference material facts necessary for the Court's disposition of the issues presented on summary judgment or they improperly present legal argument in the guise of factual assertions. (Doc. # 127 at 5).

As to paragraphs 59 through 68 of Frankel's Motion for Summary Judgment, those facts are not necessary for the Court to render its decision on the parties' cross motions for summary judgment and, additionally, the Court believes that these facts serve no other purpose than to paint Plaintiffs in a negative light. Accordingly, paragraphs 59 through 68 of Frankel's Motion for Summary Judgment (Doc. # 118) are stricken.

Turning to Plaintiffs' claim that five paragraphs improperly contain legal argument within the Statement of Material Facts, the Court will review the record evidence cited in those paragraphs in rendering its summary judgment decision but will ignore the assertions in those paragraphs to the extent that they make legal arguments or forward a

legal conclusion. Similarly, the Court need not, and will not, consider the various section headings in Frankel's brief with which the Plaintiffs take issue. (Doc. # 127 at 5).

Accordingly, the Motion to Strike is granted in part and denied in part, in accordance with this Order.

## II. Parties' Requests to Take Judicial Notice

At any stage of the proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), 201(d). "Notably, courts may take judicial notice of documents arising from a prior proceeding because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" Zurich Am. Ins. Co. v. Southern-Owners Ins. Co., 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)).

Nonetheless, while a court may take judicial notice of orders and other filings in another court, it may do so only "for the limited purpose of recognizing the 'judicial act'

that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). A court may not, however, take judicial notice of documents filed in another court for the truth of the matters asserted therein. Id.

In this case, Plaintiffs request that the Court take judicial notice of the following:

(1) A Securities and Exchange Commission order granting a stay of a certain FINRA decision, dated August 6, 2018; and

(2) A transcript excerpt from a hearing in a FINRA disciplinary proceeding, dated June 24, 2016.

(Doc. ## 126-4, 126-5, 133). Frankel does not oppose the Court taking judicial notice of these documents. (Doc. # 126-4 at 2; Doc. # 133 at 2).

For his part, Frankel requests that the Court take judicial notice of the following:

(1) As part of an SEC lawsuit against Alpine, an order from the United States District Court for the Southern District of New York imposing a permanent injunction and a $12 million civil penalty against Alpine, dated October 9, 2019;

7

    (2)    Alpine's October 10, 2019, emergency motion before the United States Court of Appeals for the Second Circuit for a stay pending the appeal of that district court order, along with declarations in support of the motion; and

    (3)    A petition for a writ of mandamus and supporting pleadings filed by Alpine on October 23, 2019, before the United States Court of Appeals for the District of Columbia Circuit.

(Doc. ## 134, 135). Plaintiffs oppose Frankel's requests for judicial notice, arguing that the requests were filed weeks after summary judgment briefing closed, were "replete with legal argumentation," misrepresented the contents of the documents, sought to admit disputed facts, and were immaterial to the issues before the Court on summary judgment. (Doc. ## 136, 137).

    As to the Plaintiffs' requests to take judicial notice, the Court notes that the requests are unopposed. Further, courts will take judicial notice of proceedings before the SEC and other agencies. See Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1018 (5th Cir. 1996) (taking judicial notice of an SEC filing "only for the purpose of determining what statements the documents contain, not to prove the truth

of the documents' contents"). As for Frankel's requests to take judicial notice, all of the documents filed by Frankel are court documents and, as such, are matters of public record whose authenticity cannot reasonably be questioned. Horne, 392 F. App'x at 802.

Accordingly, the Court takes judicial notice that the aforementioned proceedings occurred and the subject matter of those proceedings. However, the Court does not take judicial notice of any factual findings, arguments, "admissions," or legal conclusions advanced within these documents or proceedings. Accordingly, the parties' requests and motions to take judicial notice are granted in part and denied in part to the extent described in this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion to Strike Portions of Frankel's Motion for Summary Judgment (Doc. # 127) is **GRANTED** in part and **DENIED** in part. Paragraphs 59 through 68 of Frankel's Motion for Summary Judgment (Doc. # 118) are **STRICKEN**.

(2) Defendant's Motion to Take Judicial Notice, Defendant's Notice to Take Judicial Notice, Plaintiff's Request to Take Judicial Notice, and Plaintiffs' Notice to Take

Judicial Notice (Doc. ## 126-4, 133, 134, 135) are **GRANTED** in part and **DENIED** in part in accordance with this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of November, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE