UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                                                          Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.

_____/

# PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS

    Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation ("Scottsdale"), and Alpine Securities Corporation ("Alpine") (collectively "Plaintiffs"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, move to compel amended discovery responses and the production of documents from Defendant Christopher Frankel ("Defendant").

## INTRODUCTION

    Since this action commenced, Defendant has failed to abide by his discovery obligations. Even *after* Plaintiffs brought two motions to compel, and *after* the Court ordered the parties to further meet and confer on two separate occasions, and *after* the parties seemingly reached a compromise regarding Defendant's failure to produce documents, and *after* Defendant represented that he, in fact, produced responsive documents, *Defendant failed and refused to produce responsive documents*.

    Plaintiffs have tried to resolve all discovery issues cooperatively and without Court intervention, only to discover that Defendant has wrongfully withheld responsive non-privileged documents and made false representations in his discovery responses. But for documents

1

received from third parties in response to subpoenas, Plaintiffs never would have learned about Defendant's ongoing discovery abuses:

1. Defendant falsely represented in discovery responses that he produced all documents in his possession that contain information about Plaintiffs.

2. Defendant failed to produce all documents and communications that referred to, used, incorporated or attached information related to Plaintiffs after first stonewalling Plaintiffs' requests for same for six months and then expressly agreeing to produce such documents.

Defendant cannot be rewarded for making false representations, obstructing the production of responsive documents that may be dispositive of the case, and then running out the clock on discovery. Therefore, this Motion seeks (1) the immediate production of all documents Defendant has wrongfully withheld, despite representations that he has produced or would produce such documents, (2) an exclusionary order precluding Defendant from testifying or offering any evidence on issues for which he previously failed to produce documents, (3) adverse inferences in Plaintiffs' favor on topics pertaining to withheld documents, and (4) reimbursement of reasonable fees and costs incurred by Plaintiffs in responding to Defendant's numerous discovery abuses and in bringing this motion.

## BACKGROUND

### Defendant's History of Obstruction and False Representations

This action arises from Defendant's unlawful use of confidential information obtained from Plaintiffs to destroy their businesses, abscond with their clients, and unfairly compete with Plaintiffs. (*See* Second Amended Complaint ("SAC"), Dkt. 61, ¶ 1).

On January 15, 2019, Plaintiffs served their First Set of Requests for Production of Documents upon Defendant.

On February 1, 2019, Defendant produce more than 2,000 pages of documents and represented in his initial disclosures, **"Frankel has produced with this disclosure all of the plaintiffs' documents in his possession."** (Susman Decl. ¶ 4, Exh. 1).

2

On February 14, 2019, Defendant served his Responses to the First Request for Production. Defendant failed and refused to produce documents responsive to Request nos. 3, 4, 9, 10, and 11. In Response to Request no. 14, **Defendant represented that he produced "all documents that contain information about Plaintiffs" with his initial disclosures**. (Susman Decl. ¶ 5, Exh. 2).

On February 27, 2019, Plaintiffs sent a good faith letter to Defendant, explaining that his responses and objections to Request nos. 3, 4, 9, 10, and 11 were insufficient under Rule 34 of the Federal Rules of Civil Procedure and the Court's handbook on discovery practice, *Middle District Discovery*.

On March 7, 2019, Plaintiffs' counsel and counsel for Defendant had a telephone conference to address Defendant's deficient discovery responses. Despite Plaintiffs' detailed explanation regarding the deficiencies, Defendant refused to amend any of his responses to the Plaintiffs' First Request for Production. The understanding of the parties was memorialized by counsel for Plaintiffs in an email dated March 7, 2019.

On March 26, 2019, Plaintiffs filed their First Motion to Compel Responses and Production of Documents from Defendant. (Dkt. 41).

At the May 7, 2019, hearing on Plaintiffs' First Motion to Compel, Magistrate Judge Christopher P. Tuite ordered the parties to continue their meet and confer efforts after Plaintiffs filed their Second Amended Complaint. (Dkt. 58).

On May 10, 2019, Plaintiffs filed their Second Amended Complaint. (Dkt. 61).

On June 7, 2019, Defendant served his supplemental responses to the request for production. Defendant's responses, however, again contained only objections to Request Nos. 3, 4, 9, 10, and 11.

The parties engaged in several meet and confer conversations, but Defendant refused to provide responsive documents. (Dkt. 78 & 82).

On July 3, 2019, Plaintiffs filed a Second Motion to Compel Responses and Production of Documents from Defendant. (Dkt. 92).

On July 22, 2019, Magistrate Judge Tuite ordered the parties to confer in good faith by the close of business on July 24, regarding a reasonable subject-matter limitation on Plaintiffs' requests for production of documents. (Dkt. 100).

On July 24, 2019, the parties submitted a joint notice to the Court stating their agreement to limit the scope of Request Nos. 9, 10, and 11. (Dkt. 101).

### Defendant Failed to Produce Documents

Despite Defendant's representations on February 14, 2019 that he already produced "all documents that contain information about Plaintiffs" and his agreement on July 24, 2019 to produce all documents and communications pertaining to his "attempts, inquiries, preparations, or desire to purchase any broker dealer . . . to the extent such documents and/or communications referred to, used, incorporated or attached any information of or related to" Plaintiffs, he did not do so, as demonstrated by documents received from third parties.

In response to a subpoena served upon it by Plaintiffs, third party Koonce Securities, LLC ("Koonce") produced three (3) emails Defendant sent and one (1) email Defendant received that included an Excel spreadsheet of all Alpine's trade runs for two days (the "Trade Blotter").[1] (Susman Decl. ¶¶ 6, 7 Exhs. 3-6).

In response to a subpoena served upon it by Plaintiffs, the Financial Industry Regulatory Authority ("FINRA") produced two (2) emails it received from Defendant in which he forwarded *privileged* communications with counsel regarding proposed fees, including two (2) spreadsheets with proposed changes to Alpine's correspondent fees and customer fees. (Susman Decl. ¶¶ 9, 10 Exhs. 7, 8)

Defendant did not produce any of the foregoing responsive documents in discovery. (Susman Decl. ¶¶ 8, 11).

---

[1] Although Defendant admitted receiving the Trade Blotter from an Alpine employee after his employment terminated (Dkt. 116; Defendant depo. trans. 152:13-153:19), he conspicuously did not produce the email from said employee in which Defendant received the Trade Blotter (Susman Decl. ¶ 8), which raises further concerns about documents being wrongfully withheld by Defendant.

4

## ARGUMENT

### Legal Standard

Rule 37 of the Federal Rules of Civil Procedure permits a motion against any party that "fails to comply with its obligation to respond to discovery as required by Rule 26." "The party who resists discovery bears the burden of showing the grounds for its objection with specificity." *Nat'l Labs., LLC v. United Healthcare Grp., Inc., No.* 17-CV-81178, 2018 WL 8334568, at *1 (S.D. Fla. June 26, 2018) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

"Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002) (citing *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 135–36 (2d Cir. 1998); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

### Defendant Falsely Represented That He Produced "All Documents That Contain Information About Plaintiffs"

In his initial disclosures on February 1, 2019, Defendant represented that he produced "all of the plaintiffs' documents in his possession." (Susman Decl. ¶ 4 Exh. 1). In his discovery responses on February 14, 2019, Defendant represented that he produced "all documents that contain information about Plaintiffs". (Susman Decl. ¶ 5 Exh. 2). These representations are demonstrably untrue, as third party FINRA produced emails it received from Defendant containing Alpine's internal communications and proposed customer and correspondent fee schedules that Defendant did not produce. (Susman Decl. ¶¶ 9-11 Exhs. 7, 8). Similarly, third party Koonce produced emails to and from Defendant that contained the Trade Blotter that Defendant did not produce. (Susman Decl. ¶¶ 6-8 Exhs. 3-6).

Therefore, Defendant's representations in his discovery responses were false.

In the meet and confer process regarding this motion, Defendant's counsel attempted to excuse Defendant's false representations by arguing that (1) the search protocols Defendant used did not retrieve the responsive documents, (2) the documents at issue are not confidential, and (3) it is past the discovery deadline. These arguments are baseless.

First, Defendant stated on February 14, 2019 in response to RFP no. 14, which requested "All Documents that contain information about Plaintiffs that You have in Your possession, custody, or control" that "All such documents have been produced with Frankel's initial disclosures." Defendant's discovery response is categorically false, as Defendant did not produce "all documents that contain information about Plaintiffs." Moreover, in response to RFP no. 14, Defendant did not hedge or qualify his response by referring to search protocols he may have used to retrieve responsive documents. Defendant was unequivocal in his response on February 14, 2019, and Plaintiffs justifiably relied on his representations.

Second, whether or not the documents and communications that Defendant failed to produce are confidential is wholly irrelevant. Plaintiffs requested "all documents that contain information about Plaintiffs", and Defendant stated that he produced "all such documents." Plaintiffs did not limit their request to confidential documents, and Defendant did not limit his response to confidential documents.

Third, the operative Case Management and Scheduling Order (Dkt. 29) did not set a final date for bringing a motion to compel or a motion for sanctions. Instead, the Scheduling Order set December 16, 2019 as the deadline for "all other motions" besides those listed therein. Moreover, as described herein, Defendant previously wasted more than six months trying to run out the clock on Plaintiffs' earlier motions to compel, which were not resolved until two weeks before the close of discovery. Defendant should not be rewarded for his dilatory tactics or his discovery abuses.

**After Stonewalling Plaintiffs' Discovery Requests for Months, Defendant Failed to Produce Documents He Agreed to Produce**

Plaintiffs served their initial requests for production on Defendant in January 2019. For more than six months, Defendant refused to produce entire categories of responsive documents.[2] Finally, on July 24, 2019, Defendant agreed to produce documents responsive to RFP nos. 9 and 10, to the extent such documents referred to, used, incorporated or attached any information related to Plaintiffs. Notwithstanding Defendant's epic stonewalling of discovery for six months, and his eventual agreement to produce documents, Defendant failed and refused to produce responsive documents. (Susman Decl. ¶¶ 6-11 Exhs. 3-8).

The documents Plaintiffs received from Koonce were clearly responsive to RFP nos. 9 and 10, yet Defendant did not produce said documents. Plaintiffs literally wasted six months trying to obtain documents from Defendant, only to have Defendant agree to produce categories of documents and then not do so.

**Defendant's Discovery Abuses Have Prejudiced Plaintiffs**

It is hard to overstate the effect of Defendant's discovery abuses.

On February 1, 2019, Defendant represented that he produced all of Plaintiffs' documents in his possession, and on February 14, 2019, Defendant represented that he had produced all documents that contain information about Plaintiffs with his initial disclosures. (Susman Decl. ¶¶ 4, 5 Exhs. 1, 2). These representations were knowingly false when they were made. Just one week earlier, on January 24, 2019, Defendant sent emails to FINRA that contained Plaintiffs' documents and that contained information about Plaintiffs. (Susman Decl. ¶ 10 Exhs. 7, 8). Less than three months earlier, Defendant sent and received emails that contained the Trade Blotter (Susman Decl. ¶ 7 Exhs. 3-6)—a document that Defendant illegally received from an

---

[2] Defendant refused to produce documents responsive to RFP no. 9 ("All Documents and Communications that pertain to Your attempts, inquiries, preparations, or desire to purchase any broker-dealer since August 1, 2018) and RFP no. 10 ("All Documents and Communications between You and any broker-dealers that you have considered purchasing since August 1, 2018").

7

Alpine employee that showed all of Alpine's trade runs for two consecutive days. Had Plaintiffs known about these communications (including the fact that Defendant sent *privileged* communications to FINRA), it likely would have changed the entire trajectory of this case, as Plaintiffs may have pursued other claims against Defendant, sought additional discovery, and requested leave to add other parties to the action.

Similarly, Defendant's stonewalling of discovery, followed by his failure to produce responsive documents to the narrowed discovery requests, is the very definition of bad faith. RFP nos. 9 and 10 expressly requested documents and communications related to Defendant's misuse of Plaintiffs' confidential information, and even after Defendant agreed to produce responsive documents, he failed to do so.

Defendant's discovery abuses have poisoned this action by forcing Plaintiffs to guess which third parties to serve discovery upon; delayed Plaintiffs' ability to serve discovery on third parties; and overall denied Plaintiffs the ability to uncover the truth regarding Defendant's underlying bad acts. *See Tehan v. U.S. ex rel. Shott*, 382 U.S. 406, 416 (1966) ("The basic purpose of a trial is the determination of truth"); *Tate v. Yenoir*, 537 F. Supp. 306, 310 (E.D. Mich. 1982) ("The purpose of a trial is fact finding; its goal is truth.").

### Defendant Should Be Compelled To Produce All Responsive Documents

Defendant should be compelled to immediately produce all non-privileged documents and communications regarding Plaintiffs and each of them. Because Defendant previously represented that he produced all documents that contain information about Plaintiffs when he, in fact, did not do so, the search should be conducted by an independent third party at Defendant's expense. Only in this manner, will Plaintiffs obtain the documents they need—and which Defendant falsely represented to have produced more than ten months ago.

### The Court Should Sanction Defendant

There is simply no excuse for Defendant's discovery abuses. Notwithstanding that Defendant and his counsel have a solemn duty to make honest, complete, and non-evasive discovery disclosures in the first instance (Fed. R. Civ. Proc. 26(g)), Defendant knowingly made

8

false representations and stonewalled Plaintiffs' attempts to obtain information necessary for prosecuting their claims. Defendant should not be rewarded for succeeding in his goal of preventing Plaintiffs' timely access to discovery.

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). It is well settled that "a party's failure to bring forth evidence within his control, or to explain such omission, warrants an inference that the evidence, if proffered, would be unfavorable to his cause." *Morowitz v. United States*, 15 Cl. Ct. 621, 631 (1988) (citing *Interstate Circuit, Inc. v. United States Dept. of Treasury*, 306 U.S. 208, 226) (1939). To impose an adverse inference sanction, the court must find that the party acted in bad faith. *See In re Seroquel Prod. Liab. Litig.*, 244 F.R.D. 650, 657 (M.D. Fla. 2007); *see also Austrum v. Fed. Cleaning Contractors, Inc.*, 149 F. Supp. 3d 1343, 1351 (S.D. Fla. 2016) ("The Eleventh Circuit requires that a party's culpability rise above mere negligence before an adverse inference instruction may be imposed.").

Defendant should be precluded from offering any testimony or documents related to (i) his use of documents containing information about Plaintiff, (ii) Plaintiffs' documents in his possession, (iii) his attempts, inquiries, preparations, or desire to purchase a broker-dealer, (iv) communications with any broker-dealers he considered purchasing. Plaintiffs are also entitled to adverse inferences from Defendant's intentional withholding of responsive documents. Finally, the Court should award Plaintiffs the costs and attorneys' fees associated with this motion and previous motions to compel, and their extensive meet and confer efforts with Defendant related to the subject discovery.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request (1) at Defendant's expense, a third party search Defendant's email accounts, cloud storage, and digital devices for documents responsive to discovery, (2) Defendant be precluded from testifying or offering evidence on issues related to categories of discovery withheld by Defendant, (3) adverse inferences be made against

Defendant related to categories of discovery withheld by Defendant, and (4) reimbursement of reasonable fees and costs incurred by Plaintiffs in responding to Defendant's multiple discovery violations and in bringing this motion.

Dated this 6th day of December 2019

                                            */s/ Jordan Susman*
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

**RULES 37(a)(1) and 3.01(g) CERTIFICATION OF COUNSEL**

Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Rule 3.01(g), Local Rules for the Middle District of Florida, Plaintiffs conferred with Defendant in a good faith effort to resolve this discovery dispute. However, the parties were unable to reach a resolution.

Dated this 6th day of December 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2019, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Jordan Susman*
Attorney