UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

      Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

      Defendant.
_____/

CASE NO.: 8:18-cv-02869

# PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, The Hurry Family Revocable Trust (the "Trust"), Scottsdale Capital Advisors ("Scottsdale") and Alpine Securities Corporation, ("Alpine") (collectively "Plaintiffs"), by and through their undersigned attorney request leave, pursuant to Fla. Stat. § 688.006 and Local Rule 1.09, to file under seal certain exhibits (collectively, the "Exhibits") to the Declaration of Jordan Susman, which contain Plaintiffs' trade secrets, confidential business information, and documents protected by the attorney-client privilege. As grounds in support thereof, counsel states:

    1.    Fla. Stat. § 688.006 requires the Court "shall preserve the secrecy of an alleged trade secret by reasonable means, which may include … sealing the records of the action."

    2.    On May 24, 2019, the parties to this action entered into a confidentiality agreement ("Confidentiality Agreement") concerning the designation and filing under seal of

1

confidential information.  All of the Exhibits discussed herein have been designated "Confidential" by one or more parties, and no party has challenged any such designation.

3.        There is information contained in the Exhibits that supports Plaintiffs' Motion to Compel Production of Documents and Request for Sanctions, and, in order to cite to this information, Plaintiffs must include the Exhibits.

4.        Exhibits 3, 4, 5, 6 to the Susman Declaration contain documents received from Koonce Securities, LLC in response to a subpoena to produce documents. These Exhibits contain four emails to and from Defendant Chris Frankel ("Defendant") that contained a trade blotter with details of two days of Alpine's trade runs, which is the amount of trades – including trade amounts – that Alpine did in a certain time period.

5.        Exhibits 7 and 8 to the Susman Deposition are two emails from Defendant to heather.freiburger@finra.com, dated January 24, 2019, in which Defendant forwarded attorney-client privileged communications, including attachments with a draft of Alpine's proposed correspondent fee schedule and customer fee schedule, and internal comments regarding how to change the schedule.

**MEMORANDUM OF LAW**

"The public's right of access is not absolute, however, and a judge's decision whether to seal court records should be informed by a sensitive appreciation of the circumstances that led to . . . the production of the particular document in question." *United States v. Lee Mem'l Health Sys.*, Case No: 2:14-cv-437-FtM-38CM, at *9 (M.D. Fla. Sep. 19, 2018) (internal citations omitted). Stated another way, the common-law right of access does not apply to documents that are filed pursuant to a federal or local rule and should only apply to documents that are filed in direct support of pretrial motions. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d

1304, 1313 (11th Cir. 2001). The Eleventh Circuit adopted this rule in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, when it determined that there is not a common-law right of access to documents filed in conjunction with discovery motions because "the default rule under the Federal Rules of Civil Procedure is that discovery materials must be filed with the district court." *Chicago Tribune Co.,* 263 F.3d at 1313 n.10. "The prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests." *Id.*

If a party is not permitted to file exhibits with confidential information under seal, it will likely lead to an increased resistance to motions to compel, and allow parties, like Defendant, to engage in discovery abuses.

The *Chicago Tribune Co.* rule should apply and the Exhibits should be sealed, because Plaintiffs have a legitimate interest in keeping the Exhibits confidential. As discussed herein, the Exhibits contain information about Plaintiffs' internal communications—including attorney-client privileged communications—finances, and decision making procedures, that are not publicly available nor intended to be known to the general public. Indeed, **this action arises from Defendant's misappropriation and misuse of the Exhibits and information contained therein**.

In addition, the Exhibits fall within Fla. Stat. § 688.006 because Alpine and Scottsdale have a Florida Uniform Trade Secrets Act claim against Defendant based upon his misappropriation of the Trade Secret Exhibits. (Dkt. 61). The information contained in the Exhibits took Plaintiffs great time, expense, trial, and error to compile. If the information were to become public, it would lose its value to Plaintiffs. More critically, if the information were to become public, competing businesses would be able to use the information to their benefit

without having to incur the time and expense that otherwise would have been required to obtain such information.

The only way to protect Plaintiffs' confidential information and prevent it from becoming public and potentially used by competing businesses is to seal the Exhibits from the public record. Accordingly, Plaintiffs request that the Exhibits be sealed indefinitely.

Dated this 6th day of December 2019

/s/ Jordan Susman
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2019, I caused the foregoing document to be served via electronic mail to:

David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax: 813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

                                              */s/ Marcie Moreno*
                                              Assistant to Attorney Jordan Susman