UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

CASE NO.:  8:18-cv-02869

vs.

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## PLAINTIFFS' MOTION TO BIFURCATE THE LIABILITY AND DAMAGES PHASES OF TRIAL

Plaintiffs, The Hurry Family Revocable Trust (the "Trust"), Scottsdale Capital Advisors ("Scottsdale") and Alpine Securities Corporation, ("Alpine") (collectively "Plaintiffs"), by and through their undersigned attorney and pursuant to Fed. R. Civ. P. 42(b) and Middle District of Florida Local Rule 3.01, hereby file their Motion for Bifurcation of the Liability and Damages Phases of Trial Issues, and state as follows:

### INTRODUCTION

In the operative Second Amended Complaint (Dkt. 61), Plaintiffs allege against Defendant Christopher Frankel's ("Defendant") two claims for breach of contract and two claims for misappropriation of trade secrets. Plaintiffs move for bifurcation of the trial in this case so that the same jury can sequentially address Defendant's liability and then, if necessary, Plaintiffs' damages. Specifically, Plaintiffs propose that the trial be divided into Phase I, a determination of Defendant's liability, to be followed, if needed, by Phase II, a determination of Plaintiffs' damages. As discussed herein, bifurcation is necessary to avoid undue prejudice to Plaintiffs, enhance judicial efficiency, and minimize the risk of confusing the jury.

1

First, bifurcation will avoid prejudice. Defendant has telegraphed that he wants to make this trial about regulatory actions brought against Plaintiffs and their principals, which have nothing to do with his liability. Bifurcation will protect against the prejudicial effects of Defendant parading a litany of irrelevant evidence of Plaintiffs' regulatory woes that will adversely infect the jury's views of Plaintiffs. Bifurcation will ensure that the jury does not consider such extraneous evidence when deciding Defendant's liability. Put simply, there is no connection between Defendant's liability and the harm caused to Plaintiffs by various regulatory agencies, and Defendant should not be allowed to prejudice the jury's views of Plaintiffs by introducing such evidence at the liability stage of trial.

Second, bifurcation is in the interest of judicial economy and efficiency because it offers a potentially shorter trial. Plaintiffs must first establish Defendant's liability in order to present evidence of their damages. If the jury does not find Defendant liable, there will be no need to present evidence of Plaintiffs' damages, thereby saving the Court and the jury potentially days of unnecessary testimony.

Third, bifurcation will minimize juror confusion. Absent bifurcation, the jury will be bombarded with trend reports, profit and loss statements, and other such evidence that is even confusing to people with knowledge of the broker dealer industry. There is no reason to introduce such confusion to the jury, as it is easy to separate Defendant's liability from Plaintiffs' damages.

For these reasons, the Court should exclude all evidence and argument relating to Plaintiffs' damages until after the jury returns a verdict on Defendant's liability.

## MEMORANDUM OF LAW

### Legal Standard

Federal Rule of Civil Procedure 42(b) provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party

claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

"The Eleventh Circuit recognizes that Rule 42(b) confers broad discretion on the district court to permit bifurcation of a trial." *Medtronix Xomed, Inc. v. Gyrus ENT, LLC*, 440 F. Supp. 2d 1333, 1335 (M.D. Fla. 2006) (citing *Harrington v. Cleburne Co. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)). In deciding whether to bifurcate, the Court should consider convenience, judicial economy, expedition of trial, and the risk of prejudice. *See Alexander v. Fulton Cty.*, 207 F.3d 1303, 1324-25 (11th Cir. 2000), *overruled on other grounds, Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). To bifurcate a trial into phases, only one of Rule 42(b)'s criteria need be met to justify bifurcation. *MCI Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081, 1177 (7th Cir.), *cert. denied*, 464 U.S. 891 (1983).

"The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b)." Separate Trials—Separation of Liability From Damages, 9A Fed. Prac. & Proc. Civ. § 2390 (3d ed.). When moving to bifurcate an action into separate trials for liability and damages, the movant should "demonstrate that the particular facts and circumstances of th[e] case justify bifurcation." *Dzafic v. Geovera Specialty Ins. Co.,* 2008 WL 3874602, *1 (M.D. Fla. 2008). "[B]ifurcation is appropriate where evidence concerning damages may prejudice the jury on the question of liability." *Gafen v. Tim–Bar Corp.*, No. 01–7626–CIV, 2002 WL 34731041, *1 (S.D. Fla. Oct. 21, 2001).

Here, Plaintiffs request that the Court bifurcate the trial of liability from the trial of damages. Or, at least, preclude any evidence of damages until the jury decides the issue of liability.

### **Bifurcation Is Necessary to Prevent Prejudice**

Whether Defendant is liable for breach of contract and misappropriation of trade secrets is readily separable from Plaintiffs' damages. Notwithstanding the availability of severance, Defendant has telegraphed his intention to conflate his liability with Plaintiffs' damages.

For example, when Plaintiffs filed a Motion for Partial Summary Judgment on their breach of contract claims (Dkt. 114), Defendant responded by seeking judicial notice of a half dozen irrelevant documents to show that Plaintiffs were not damaged by his wrongdoing. (Dkt. 134, 135). Because the past is prologue, and Defendant will no doubt again try to deflect questions about his liability by raising questions about Plaintiffs' damages, the Court should bifurcate the two issues.

Defendant's purported evidence that Plaintiffs were not damaged by his actions is, by its very nature, prejudicial to Plaintiffs. Such information, concerning regulatory actions, investigations, and rulings by the SEC and FINRA, has nothing to do with Defendant's liability and everything to do with making Plaintiffs look bad to the trier of fact. Defendant should not be given an opportunity to disparage Plaintiffs in an effort to deflect from his own liability. Consequently, evidence of Plaintiffs' damages (and particularly Defendant's purportedly countervailing evidence) will distract from whether Defendant breached his contractual obligations or misappropriated trade secrets, and likely cause the jury to view Plaintiffs in a negative light.

Phase I of the trial should, therefore, focus exclusively on Defendant's liability, not smearing Plaintiffs.

### Bifurcation Will Promote Judicial Efficiency

It is indisputable that bifurcating liability and damages will promote judicial efficiency. Indeed, if Defendant prevails in Phase One and is found not liable, the jury will be released and need not expend any unnecessary time considering the parties' damages evidence. In the event Defendant is found not liable, bifurcation will save the Court and jury potentially days of testimony regarding Plaintiffs' damages. For this reason alone, the Court should bifurcate liability from damages. *Harrington*, 251 F.3d at 938 ("Fed.R.Civ.P. 42(b) confers broad discretion on the district court in this area, permitting bifurcation merely in furtherance of convenience. That is not a high standard.").

4

### Bifurcation is Necessary to Avoid the Risk of Jury Confusion

During Phase I of a bifurcated trial, the jury will be asked to determine whether or not Defendant breached his contractual obligations and whether he misappropriated trade secrets. Without bifurcation, the jury will endure substantial evidence of Plaintiffs' damages, and substantial evidence from Defendant trying to rebut or minimize those damages. Without bifurcation, the jury will likely hear from Plaintiffs evidence of their trend reports and profit and loss statements, while Defendant will likely proffer evidence of SEC investigations, FINRA fines, and National Securities Clearing Corporation fees—none of which is necessary for deciding whether Defendant breached his contractual obligations or misappropriated Plaintiffs' trade secrets.

Such information is confusing to persons experienced in the broker dealer space; it will be even more confusing to people without experience in the field. Such information is certain to distract from the question of Defendant's liability and lead to unnecessary confusion.

### Conclusion

For the reasons stated, Plaintiffs request that trial in this matter be bifurcated into two phases: Phase I to determine Defendant's liability, and Phase II to determine Plaintiffs' damages. Alternatively, Plaintiffs request that this Court preclude any evidence of damages until the jury decides the issue of liability.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs has conferred with counsel for Defendant, and Defendant has not agreed to the relief requested herein.

*/s/ Jordan Susman*
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406

Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2019, I caused the foregoing document to be served via electronic mail to:

David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax: 813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

> */s/ Marcie Moreno*
> Assistant to Attorney Jordan Susman