**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES CORPORATION,

                                      CASE NO.:  8:18-cv-02869

        Plaintiffs,

vs.

CHRISTOPHER FRANKEL,

        Defendant.

_____/

**PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE #1-13**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs, The Hurry Family Revocable Trust (the "Trust"), Scottsdale Capital Advisors ("Scottsdale") and Alpine Securities Corporation, ("Alpine") (collectively "Plaintiffs") move in limine and before jury selection, for orders by this Court instructing Defendant Christopher Frankel ("Defendant"), his attorneys, and his witnesses not to introduce evidence, testimony, or argument regarding the issues set forth below.

**INTRODUCTION**

To be admissible, evidence must be relevant. *Kennedy v. Provident Life & Acc. Ins. Co.*, 2009 WL 3048683 (S.D. Fla. Sept. 18, 2009). "Relevant evidence" is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. When evidence or argument is not relevant, it is barred by Federal Rule of Evidence 402.

Even if this Court were to find that any of the challenged evidence or argument has any probative value at all, it should still be excluded under Federal Rule of Evidence 403. Even relevant evidence may be foreclosed where its probative value is substantially outweighed by the

1

danger of unfair prejudice, confusion of issues or misleading the jury. Fed. R. Evid. 403. "'Unfair prejudice' means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003). "Rule 403 circumscribes the court's discretion by requiring the court to weigh the probative value of the evidence against the danger of unfair prejudice from it." *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994)

Because any minimal probative value associated with the evidence or argument addressed in each of Plaintiffs' motions in limine would be substantially outweighed by the likelihood of unfair prejudice to the Plaintiffs and confusion of the issues for the jury, such evidence and argument should be excluded.

### Motion # 1: To Bar Argument or References to Other Lawsuits Filed by Plaintiffs

Plaintiffs have filed a handful of lawsuits in recent years that have nothing to do with Defendant. Previously, when Defendant requested that Plaintiffs post a bond in this action (Dkt. 16), he also requested judicial notice of pleadings in those actions (Dkt. 15). Reference to other lawsuits filed by Plaintiffs are irrelevant to this case and have no probative value as to Defendant's liability or Plaintiffs' damages. Moreover, reference to these other lawsuits would unfairly prejudice Plaintiffs as it would imply that Plaintiffs are unduly litigious, and it would confuse the jury regarding what evidence they are supposed to consider in deciding Defendant's liability.

### Motion # 2: To Bar Argument or References to Lawsuits Filed by John Hurry and/or Justine Hurry

John Hurry and Justine Hurry are beneficial owners of Scottsdale and Alpine. Previously, when Defendant requested that Plaintiffs post a bond in this action (Dkt. 16), he also requested judicial notice of pleadings in those actions (Dkt. 15). Lawsuits Mr. or Mrs. Hurry have filed have even less to do with Defendant and this action than lawsuits filed by Plaintiffs. Reference to these lawsuits would be irrelevant to this case and have no probative value as to

Defendant's liability or Plaintiffs' damages. Moreover, reference to lawsuits filed by Mr. or Mrs. Hurry would unfairly prejudice Plaintiffs as it would imply that persons associated with Plaintiffs are unduly litigious, and it would confuse the jury regarding what evidence they are supposed to consider in deciding Defendant's liability.

**Motion # 3: To Bar Argument and Evidence Regarding Decision-Making Authority for Plaintiffs**

Defendants spent significant time at John Hurry's deposition questioning him about his decision-making authority for Plaintiffs. Although arguably permissible in a deposition, such questioning and evidence are irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages.  Moreover, it would unfairly prejudice Plaintiffs, and confuse the jury by improperly focusing attention on how decisions are made at Plaintiffs and/or the personalities at Plaintiffs.

**Motion # 4: To Bar Argument and Evidence Regarding John Hurry Providing Financing to Alpine**

Defendants spent significant time at John Hurry's deposition questioning him about financing he provided to Alpine. Although arguably permissible in a deposition, such questioning and evidence are irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages.  Moreover, references to Mr. Hurry's financing would unfairly prejudice Plaintiffs by making it appear that Plaintiffs have boundless resources and/or could not be damaged by Defendant's action.  In addition, such references would confuse the jury regarding what are the triable issues in this action.

**Motion # 5: To Bar Argument and Reference to SEC Actions Against Plaintiffs, Their Employees or Associated Parties**

When Plaintiffs filed a Motion for Partial Summary Judgment on their breach of contract claims (Dkt. 114), Defendant responded by seeking judicial notice of numerous pleadings in pending Securities and Exchange Commission ("SEC") actions against Alpine. (Dkt. 134, 135). Reference to any action against Plaintiffs, their employees or associated parties by the SEC

(including the filing, prosecution, or penalty) would unfairly prejudice Plaintiffs because it would lead the jury to believe that Plaintiffs did something illegal, when in fact, the SEC is merely pursuing alleged regulatory violations.  Moreover, referencing these actions would confuse the jury by raising matters that have nothing to do with Defendant's liability. At a minimum, reference to SEC actions should only be permitted after Defendant is found liable and as part of the damages portion of trial.

### Motion # 6: To Bar Argument and Reference to FINRA Actions Against Plaintiffs, Their Employees or Associated Parties

The Financial Industry Regulatory Authority ("FINRA") has previously taken regulatory actions against Alpine, Scottsdale, and their members.  In some instances, FINRA fined Alpine or Scottsdale.  In other instances, Alpine and Scottsdale (or associated members) consented to a penalty without admitting or denying liability.  Previously, when Defendant requested that Plaintiffs post a bond in this action (Dkt. 16), he requested judicial notice of a decision by the National Adjudicatory Council ("NAC") of FINRA against Scottsdale, John Hurry and others. (Dkt. 15).  Reference to any action against Plaintiffs, their employees or associated parties by FINRA (including the filing, prosecution, or penalty) would unfairly prejudice Plaintiffs because it would lead the jury to believe that Plaintiffs did something illegal, when in fact, FINRA has merely pursued regulatory violations. Similarly, mentioning these regulatory actions would confuse the jury by raising matters that have nothing to do with Defendant's liability or Plaintiffs' damages.  At a minimum, reference to FINRA actions should only be permitted after Defendant is found liable and as part of the damages portion of trial.

### Motion # 7: To Bar Argument and Evidence That John Hurry Was "Barred" From Associating with a FINRA Member Firm

FINRA and the NAC previously barred John Hurry "from associating with any FINRA member firm."  (Dkt. 15-2: *NAC v. Scottsdale et al.*, Compl. No. 2014041724601 (July 20, 2018)).  That decision was stayed on appeal "because [the SEC] find[s] that Hurry has at least raised serious legal questions about the NAC's findings, and that the balance of hardships tips

decidedly in favor of a stay . . . at this [preliminary stage of appeal] we find that Hurry has raised a serious legal question as to whether FINRA provided him with fair notice of the allegation forming the basis of its finding that he violated Rule 2010 . . . FINRA now admits that Hurry's conduct was 'not a direct violation of Section 5 [of the Act].").  (Dkt. 126-4; SEC Order Granting Stay of FINRA decision barring John Hurry from associating with any FINRA member firm. Admin. Proc. File No. 3-18612 (August 6, 2018)).  Reference to FINRA's and the NAC's attempted bar would unfairly prejudice Plaintiffs because it would lead the jury to believe that Plaintiffs did something illegal, when in fact, the bar arose from a mere alleged regulatory violation and was later stayed by the SEC on appeal.  Similarly, mentioning the bar would confuse the jury by raising matters that have nothing to do with Defendant's liability or Plaintiffs' damages.

### Motion # 8: To Bar Argument and Reference to FINRA's Suspension of Scottsdale

In August 2019, FINRA suspended Scottsdale for five days because it did not properly file a continuing membership application.  Defendant included the suspension in the Statement of Facts section of his Motion for Summary Judgment, even though it had nothing to do with any issue in his Motion for Summary Judgment, and Defendant did not even mention the suspension in the Argument portion of the motion.  (Dkt. 118).  Defendant clearly included the suspension his Motion for Summary Judgment to try to make Plaintiffs look bad. The suspension is completely irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages. Moreover, reference to the suspension would unfairly prejudice Plaintiffs because it would suggest that Scottsdale did something illegal, which it did not do, and it would confuse the jury by discussing a regulatory technicality unrelated to Defendant's liability or Plaintiffs' damages.

### Motion # 9: To Bar Argument and Reference to Illegal Trades of Stock

Plaintiffs have never been involved in, or even been accused of involvement in, the illegal trading of stock.  Nevertheless, shares of stock that were part of illegal "pump and dump" schemes have been traded or cleared by third parties through Alpine or Scottsdale.  Alpine's and

Scottsdale's passive and attenuated connection to these incidents is irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages.  Evidence of Alpine's or Scottsdale's involuntary and unknowing involvement in these incidents—or even the bare mention of "illegal trades" or "pump and dump"—would unfairly prejudice Plaintiffs because it would lead the jury to believe that Plaintiffs were involved in illegal activities, when they were not.  Moreover, it would confuse the jury by discussing matters that have nothing to do with this action.

### Motion # 10: To Bar Argument and Reference to Alpine's and Scottsdale's Clearing Fund Requirements

Defendants spent significant time at John Hurry's deposition questioning him about the clearing fund requirements (i.e., funds that Alpine must deposit in order to clear trades) imposed on Alpine by regulators.  Although arguably permissible in a deposition, such questioning and evidence are irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages.  Moreover, it would unfairly prejudice Plaintiffs and confuse the jury by raising issues of Plaintiffs' finances and financial conditions imposed upon them by regulators that are unrelated to the damage caused by Defendant.

### Motion # 11: To Bar Argument and Reference to Alpine's and Scottsdale's Net Capital Requirements

Defendants spent significant time at John Hurry's deposition questioning him about the net capital requirements (i.e., net capital amount that broker dealers must maintain) imposed on Plaintiffs by regulators. Although permissible in a deposition, such questioning and evidence are irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages.  Moreover, it would unfairly prejudice Plaintiffs and confuse the jury by raising issues of Plaintiffs' finances and financial conditions imposed upon them by regulators that are unrelated to the damage caused by Defendant.

### Motion # 12: To Bar Argument and Reference to Account Fees Charged to Alpine's and Scottsdale's Customers

Defendants spent significant time at John Hurry's deposition questioning him about an increase in monthly fees Alpine imposed on certain of its customers. Although arguably permissible in a deposition, such questioning and evidence are irrelevant to this case and has no probative value as to Defendant's liability.  Moreover, it would unfairly prejudice Plaintiffs and confuse the jury.  At a minimum, reference to such fee increases should only be permitted after Defendant is found liable and as part of the damages portion of trial.

### Motion # 13: To Bar Argument and Reference to Fees Alpine Paid Its Landlord

Defendants spent significant time at John Hurry's deposition questioning him about a common area maintenance charge Alpine pays its landlord. Although arguably permissible in a deposition, such questioning and evidence are irrelevant to this case and has no probative value as to Defendant's liability or Plaintiffs' damages.  Moreover, it would unfairly prejudice Plaintiffs and confuse the jury.

### Conclusion

For the reasons stated, Plaintiffs respectfully request that this Court enter the attached Orders barring Defendant from any references, inferences or evidence involving the above issues. Plaintiffs further requests all other relief to which they are entitled.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs has conferred with counsel for Defendant, and Defendant has not agreed to the relief requested herein.

*/s/ Jordan Susman*
Charles J. Harder, Esq.
Admitted Pro Hac Vice
Jordan Susman, Esq.
Admitted Pro Hac Vice
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA  90212-2406
Tel: (424) 203-1600
Fax: (424) 203-1601

Email:  charder@harderllp.com
Email:  jsusman@harderllp.com

-and-

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt, Esq.
Florida Bar No. 0257620
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
Email:  kturkel@bajocuva.com
Email:  svogt@bajocuva.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2019, I caused the foregoing document to be served via electronic mail to:


David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax: 813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*


/s/ Marcie Moreno
Assistant to Attorney Jordan Susman