UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.   Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

**Joint Pretrial Statement[1]**

The plaintiffs, Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors Corporation ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**"), and the defendant, Christopher L. Frankel ("**Frankel**"), through counsel and

---

[1] The parties failed to reach agreement on this statement. Frankel insisted on inclusion of numerous "issues" that Plaintiffs did not believe were necessarily issues in the case. Plaintiffs declined to sign any version of this statement with the issues included, and Frankel declined to sign any version with the issues excluded. Thus, Plaintiffs hereby file this statement in order to comply with the Court's order.

{BC00273900:1}

under the Court's Case Management and Scheduling Order (Doc 29) and Middle District Rule 3.06(c), submit their Joint Pretrial Statement, as follows:

**(1) Basis of Federal Jurisdiction:**

**Plaintiffs' claims:** Diversity of Citizenship, 28 U.S.C. § 1332(a)(1).

**Frankel's declaratory judgment counter-claim:** Supplemental Jurisdiction, 28 U.S.C. § 1367(a) and Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**(2) Concise Statement of Nature of Action:**

The plaintiffs, Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors Corporation ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**"), sued the defendant, Christopher L. Frankel ("**Frankel**"), for breach of confidentiality agreements and misappropriation of trade secrets. Frankel counter-sued the plaintiffs for a declaratory judgment that he did not breach the confidentiality agreements and did not misappropriate the plaintiffs' alleged trade secrets.

**(3) Brief, General Statement of Plaintiffs' and Defendant's Case:**

**Brief Statement of Plaintiffs' Case:** The plaintiffs, Hurry Trust, Scottsdale, and Alpine, contend that the defendant, Christopher L. Frankel, breached confidentiality agreements by misappropriating the plaintiffs' allegedly confidential information, and that Frankel violated the Federal and Florida Trade Secrets Acts by misappropriating the plaintiffs' allegedly confidential information which allegedly qualified for trade secret protection under the Federal and Florida Trade Secrets Acts.

**Brief Statement of Defendant's Case:** Frankel denies breaching the confidentiality agreements and denies violating the Federal and Florida Trade Secret Acts. Frankel has

counter-sued for a judgment declaring that he did not breach the confidentiality agreements and that he did not violate the Federal and Florida Trade Secrets Acts.

**(4) <u>Plaintiffs' and Defendant's Exhibit Lists:</u>** Attached.

**(5) <u>Plaintiffs' and Defendant's Witness Lists:</u>** Attached.

**(6) <u>Expert Witnesses:</u>** None.

**(7) <u>Plaintiffs' Alleged Damages:</u>**

Plaintiffs contend that they will prove that Frankel both breached his nondisclosure obligations and violated trade secret laws by taking, utilizing, and sending to others, confidential and even in some cases attorney-client privileged information that he obtained while working for Plaintiffs. Plaintiffs will prove that this unjustly enriched Frankel and that Plaintiffs are entitled to unjust enrichment damages according to proof at trial. This proof will include the fact that Frankel himself testified that he called on Alpine and SCA customers and in fact did business with them, and attempted to do business with others. Frankel himself admitted doing over $200,000 in business with an Alpine/ SCA customer that he confused had never known prior to working at Alpine / SCA. Hurry may also seek damages Frankel may have caused by using FINRA to assist him in unfairly competing. Plaintiffs also contend that they are entitled to lost profits damages- documents produced by Hurry showed significant drops in revenue that correlated with the time Frankel breached the agreement. At trial, John Hurry will testify about those amounts, and Plaintiffs will adduce evidence from Frankel confirming that he was unjustly enriched and establishing the amount of his unjust gains. Plaintiffs are also seeking exemplary damages and attorney's fees.

Frankel contends that there are no cognizable damages. Frankel contends that the plaintiffs did not adduce or disclose damages evidence, so the plaintiffs may not present damages evidence. *See* Frankel's motion for summary judgment (Doc 118) at pp. 16 – 20; Frankel's motion *in limine* to prohibit reference to and evidence concerning damages (Doc 148); and Frankel's opposition to plaintiffs' motion to bifurcate trial (Doc. 151). Frankel also disputes that, in the even the issue is reached, Plaintiffs are entitled to any punitive damages.

**(8) Designations of Depositions to be Read at Trial:**

**Plaintiffs' Designations:** None.

**Frankel's Designations:** Deposition of Joseph Walsh (August 8, 2019) – page 4, line 7 to page 13, line 17.

**(9) Admitted Facts:**

1. Frankel, as Recipient, entered into the Non-Disclosure and Confidentiality Agreement ("**Non-Disclosure Agreement**") with Scottsdale and Alpine, as Disclosers, on June 22, 2015. The Non-Disclosure Agreement is attached as Exhibit "1" to the plaintiffs' initial complaint (Doc 1).

2. Alpine and Scottsdale, as Company, and Frankel, as Employee, entered into an Employee Nondisclosure & Computer Use Agreement ("**Employee Nondisclosure Agreement**") on July 1, 2015. The Employee Nondisclosure Agreement is attached as Exhibit "2" to the plaintiffs' second amended complaint (Doc 61).

3. Alpine employed Frankel as its Chief Executive Officer from August 4, 2015, until August 1, 2018.

4. Frankel worked as a non-exclusive consultant for Alpine from August 2, 2018, through October 31, 2018.

5. On November 9, 2018, counsel for the plaintiffs sent Frankel a letter / email demanding that Frankel return, under the Non-Disclosure Agreement, the plaintiffs' documents "that contain any Confidential Information [as defined in the Non-Disclosure Agreement] no later than the close of business on **November 26, 2018**. Please confirm in writing by **12 p.m. on November 12, 2018** that the foregoing demands will be, and are being, fully complied with."

6. On November 12, 2018, at 10:40 am EST, Frankel responded by email to plaintiffs' counsel's November 9 letter / email

7. Plaintiffs sued Frankel on November 21, 2018.

8. The plaintiffs filed a second amended complaint on May 10, 2019 (Doc 61)

9. Alpine filed a mandamus petition with the United States Court of Appeals for the District of Columbia Circuit on October 23, 2019.

10. The plaintiffs knew that Frankel used his home computer and personal email accounts to work for the plaintiffs.

9. **<u>Concise Statement of Agreed Applicable Principles of Law:</u>**

   a. <u>The choice of law clauses in the Nondisclosure Agreement and Employee Nondisclosure Agreement are valid, subsisting, and binding, and Arizona law applies to the construction and interpretation of those documents.</u>

   b. <u>Arizona law permits the enforcement of nondisclosure agreements that are otherwise valid under its contract law.</u>

c. <u>The fact that the parties in this action made specific written filings in this court proceeding, or in other court proceedings, is judicially noticeable. (Each party, however, reserves the right to contest the relevance of such statements, as well as the admissibility of any hearsay contained in pleadings and papers.)</u>

d. <u>The goal of contract interpretation in Arizona is to "ascertain and give effect to the intention of the parties at the time the contract was made if at all possible".</u>

e. <u>Arizona's parol evidence rule provides that "the judge first considers the offered evidence and, if he or she finds that the contract language is reasonably susceptible to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties".</u>

**10. <u>Concise Statement of Issues of Fact Remaining to be Litigated:</u>**

**<u>Counts I and II: Contract Claims:</u>**

1. Whether the Hurry Trust may sue for any alleged breaches by Frankel of the Non-Disclosure Agreement or the Employee Non-Disclosure Agreement

2. Whether Frankel breached the Non-Disclosure Agreement or the Non-Disclosure Agreement.

3. Whether Frankel's alleged breaches caused any damage to the Plaintiffs (including whether Plaintiffs are entitled to recover damages based on an unjust enrichment theory), and if so, the amount of damage.

4. Whether the non-disclosure restrictions are unenforceable under Arizona law.

**Count III: Alpine's and Scottsdale's Federal Defend Trade Secrets Claim:**

5. Whether the information in the Trade Secret Documents were Trade Secrets protected under the Federal Trade Secret Act.

6. Whether Alpine and Scottsdale disclosed the Trade Secret Documents to Frankel under circumstances giving rise to a duty to maintain their secrecy or limit their use.

7. Whether Frankel disclosed or used Alpine's and Scottsdale's Trade Secret Documents without their consent.

8. Whether any unauthorized disclosure or use by Frankel of the Trade Secret Documents caused any damage to Alpine and Scottsdale, and if so, the amount.

**Count IV: Alpine's and Scottsdale's Florida Trade Secrets Claim:**

9. Whether the information in the Trade Secret Documents were Trade Secrets protected under Florida's Trade Secret Act

10. Whether Alpine and Scottsdale disclosed the Trade Secret Documents to Frankel under circumstances giving rise to a duty to maintain their secrecy or limit their use.

11. Whether Frankel disclosed or used Alpine's and Scottsdale's Trade Secret Documents without their consent.

12. Whether any unauthorized disclosure or use by Frankel of the Trade Secret Documents caused any damage to Alpine and Scottsdale, and if so, the amount.

**On All Claims:**

13. Whether Plaintiffs are entitled to injunctive relief enjoining Defendants' use of confidential information and requiring return of such information.

**Frankel's Declaratory Judgment Counter-Claim:**

14. Whether Frankel is entitled to a Declaratory Judgment that he has not breached the Agreements and has not misappropriated the plaintiffs' confidential information.

11. **Concise Statement of Issues of Law Remaining for Court's Determination:**

The Court will need to determine the issue of the Hurry Trust's right to recover for alleged breaches by Frankel, and will need to evaluate whether Plaintiffs may recover damages and under what theories.

12. **Concise Statement of any Disagreement Regarding Applicability of Federal Rules of Civil Procedure and Evidence:** None.

13. **Pending Motions and Other Matters Requiring Action by Court:**
    a. Plaintiffs' motion to bifurcate (Doc 146);
    b. Plaintiffs' motions *in limine* (Doc 147);
    c. Frankel's motion *in limine* to prohibit reference to / exclude evidence concerning damages (Doc 140).

14. **Additional Stipulations:**

    a. The parties have agreed that both sides' claims for fees and costs (entitlement and amount), should be determined by the Court after trial.  Frankel's claims for fees and costs include his claim against all plaintiffs based on withdrawal of their

FDUTPA claims, his claim for fees and costs against Cayman Securities Clearing and Trading Ltd, which did not join as a plaintiff in the second amended complaint, and his claim against all plaintiffs under the remaining claims asserted under their initial, first amended, and second amended complaints.

2. **Anticipated Length of Trial:** Five days or less

/s/ Shane B. Vogt
Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
svogt@bajocuva.com
kturkel@bajocuva.com
Attorneys for Plaintiffs

Dated:  January 13, 2020.

/s/ David C. Banker[2]
David C. Banker (Fla. Bar. No. 329777)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar. No. 118733)
BUSH ROSS, P.A.
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:     813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Attorneys for Frankel

Dated:  January 13, 2020.

/s/ Charles J. Harder
Charles J. Harder, Esquire
HARDER LLP
132 South Rodeo Drive, Suite 301
Beverly Hills, CA 90212-2406
charder@harderllp.com

Attorneys for Plaintiffs

Dated: January 13, 2020.

---

[2] Mr. Banker objects to certain portions of the Pre-Trial Statement and all objections are preserved.