UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, et al.,

    Plaintiffs,

v.                                                                                            Case No. 8:18-cv-2869-T-33CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

**O R D E R**

Before the Court are the *Plaintiffs' Motion to Compel Production of Documents and Request for Sanctions* (Doc. 140) and the Defendant's response in opposition (Doc. 149). The Court held a hearing on the matter on January 8, 2020. For the reasons discussed below, the Plaintiffs' motion is denied.

I.

Plaintiff the Hurry Family Revocable Trust and others (collectively, Hurry) initiated this action in November 2018, alleging that Defendant Christopher Frankel, a former employee, unlawfully misappropriated and used Hurry's confidential information and trade secrets. (Doc. 1). In January 2019, the Court entered a Case Management and Scheduling Order (CMSO) establishing various deadlines, including a discovery deadline of July 26, 2019, and a trial date of February 3, 2020. (Doc. 29).

The CMSO warned the parties that "[t]he Court may deny as untimely all motions to compel filed after the discovery deadline." *Id*. at 4.

In May 2019, Hurry filed a motion to modify the CMSO (Doc. 62) and, as a result, the Court extended the discovery deadline to August 9, 2019 (Doc. 65). The Court cautioned the parties, however, that it would "be disinclined to extend . . . the [discovery] deadline[] further." *Id*.

Hurry nonetheless sought to modify the CMSO again in late June 2019. (Doc. 83). The Court denied that request, noting, among other things, that it had "previously warned [the parties] that it would be disinclined to extend the deadlines again." (Doc. 84).

Undeterred, Hurry filed yet another motion to modify the CMSO on August 12, 2019, arguing, *inter alia*, that it had become "apparent" that Frankel's response to Hurry's earlier production request was incomplete. (Doc. 107). Hurry asserted, in particular, that although Frankel "produced emails . . . he received from Plaintiffs' clients," he "failed to produce emails . . . he sent to those same clients." *Id*.

The Court denied Hurry's motion on August 20, 2019, stating, in pertinent part:

> The Court has already extended the discovery deadline in this case to August 9, 2019, at the Plaintiffs' request. The Court has also repeatedly warned Plaintiffs that it would be disinclined to extend deadlines further. Yet Plaintiffs filed this third motion to modify the Case Management and Scheduling Order on August 12, 2019, after the extended discovery deadline had passed. What's more, the Court's Case Management and Scheduling Order provides that, pursuant to [FRCP] 16(b) and [LR] 3.09(a), deadlines will be not be extended absent a showing of good cause. The Court cannot discern good cause here for reopening and extending discovery. . . . *As for the documents that Plaintiffs*

2

>*claim Defendant has failed to produce, Plaintiffs were aware of those missing documents since August 6 and/or 7, 2019, and failed to file a motion to compel prior to the discovery deadline. As the Court advised in its Case Management and Scheduling Order, "[f]ailure to complete discovery within the time established by this Order shall not constitute cause for a continuance."*

(Doc. 111) (emphasis added).

Roughly four months after the Court's August 20 Order, Hurry filed the instant motion to compel. (Doc. 140). This motion stems from five emails Hurry received in response to third-party subpoenas served on two entities, Koonce Securities, LLC (Koonce) and the Financial Industry Regulatory Authority (FINRA). *Id*. Hurry maintains that Frankel failed to produce these emails in response to an earlier document request it propounded on Frankel.[1] *Id*. Based on this alleged discovery violation, Hurry principally seeks an order directing that: (1) Frankel's "email accounts, cloud storage, and digital devices" be subjected to a "third party search" for responsive documents at Frankel's expense; (2) "[Frankel] be precluded from testifying or offering evidence on issues related to categories of discovery withheld by [Frankel];" and (3) "adverse inferences be made against [Frankel] related to categories of discovery withheld by [Frankel]." *Id*.

In his opposition to Hurry's motion, Frankel argues, among other things, that the motion is untimely and that the Koonce and FINRA emails are not responsive to Hurry's earlier document request in any event. (Doc. 149).

---

[1] At the January 8, 2020, hearing, Hurry confirmed that the five Koonce and FINRA emails are the same emails Hurry referenced in its unsuccessful August 12, 2019, motion to modify the CMSO.

II.

Rule 16(b) of the Federal Rules of Civil Procedure "gives the district court the authority to set a scheduling order limiting the time to complete discovery." *Simpson v. State of Ala. Dept. of Human Resources*, 501 F. App'x 951, 956 (11th Cir. 2012) (citing FED R. CIV. P. 16(b)).[2]  Once entered, "[s]uch orders 'control the subsequent course of the action," *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), and "may be modified only for good cause and with the judge's consent," *Simpson*, 501 F. App'x at 956 (citing FED R. CIV. P. 16(b)).

To demonstrate good cause to extend a deadline under Rule 16(b), a party must show that "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16, Advisory Committee Notes). "A finding of lack of diligence on the part of the party seeking [such an extension] ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1418).

III.

Measured against the above standards, Hurry's motion fails. As noted previously, the Court established a firm discovery deadline of August 9, 2019, and made it abundantly clear on a number of occasions that it would be disinclined to extend that deadline further. It also made clear in its CMSO that it "may deny as untimely all motions to compel filed after the discovery deadline." (Doc. 29).

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Despite these admonitions, Hurry waited to submit the instant motion until four months after the discovery deadline and only two months before trial. Courts routinely deny motions to compel as untimely even when they are submitted far closer to the discovery deadline. *See, e.g., El-Saba v. Univ. of S. Ala.,* 738 F. App'x 640, 645-46 (11th Cir. 2018) (affirming denial of a motion to compel as untimely that plaintiff admitted "was filed almost two weeks after" discovery closed); *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.,* 2019 WL 1773288, at *4-5 (M.D. Fla. Apr. 23, 2019) (overruling objections to magistrate judge's denial of motion to compel filed approximately one month after the discovery deadline); *Davis v. Westfield Ins. Co.*, 2016 WL 9526447, at *3 (M.D. Fla. Dec. 15, 2016) (denying motion to compel filed ten weeks after the discovery cut-off); *Eli Research, LLC v. Must Have Info., Inc.*, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015) (denying motion to compel filed three days after discovery closed).

Hurry's proffered excuse for this extended delay is unpersuasive. When pressed on the matter at the hearing, Hurry conceded that it knew about the Koonce and FINRA emails by no later than early August 2019.[3] It also admitted that it elected to place the instant motion on the "backburner" while it dealt with its motion for summary judgment. Hurry's evident lack of diligence in pursuing its motion to compel alone is fatal to that request.

---

[3] Indeed, it appears from evidence tendered by Frankel that Hurry received the five emails in July 2019. (Docs. 149 at 5-6, 149-4, 149-5, 156-2).

Even were that not the case, Hurry has not shown that it is entitled to the relief it seeks. The central premise of its motion is that Frankel willfully avoided producing the Koonce and FINRA emails. In both his response and at the hearing, however, Frankel persuasively argued that his failure to produce these emails was not purposeful, but stemmed from the fact that the emails were not detected during the search Frankel conducted in connection with Hurry's production requests. Frankel also noted he informed Hurry of the parameters of that search in advance, and Hurry did not object to those parameters.[4]

IV.

In light of the above, the *Plaintiffs' Motion to Compel Production of Documents and Request for Sanctions* (Doc. 140) is denied. The parties' requests for fees and costs are also denied.

DONE and ORDERED in Tampa, Florida, this 14th day of January 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[4] Frankel additionally asserted in his response and at the hearing that the Koonce and FINRA emails were not responsive to Hurry's earlier document request in any event. Although Hurry maintained in its motion that these emails fell within the ambit of that document request, it appeared to concede at oral argument that the FINRA emails were not. The Court need not address Frankel's contention, however, because Hurry's motion is untimely and the relief it seeks is unwarranted.