UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                                                                  Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

CHRISTOPHER L. FRANKEL,

    Counter-claimant,

v.

CAYMAN SECURITIES CLEARING
AND TRADING LTD; THE HURRY
FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Counter-defendants.
_____/

**Frankel's Updated / Additional Request for Judicial Notice of Decision, Mandate, and
Pleadings in Alpine's Appeal of SEC's $12 Million Judgment**

On November 25, 2019, the Court entered an order taking judicial notice of pleadings and the $12,000,000 judgment which the United States Securities and Exchange Commission ("**SEC**") obtained against the plaintiff, Alpine Securities Corporation ("**Alpine**"). Docs. 134 and 138. The defendant, Christopher L. Frankel ("**Frankel**"), under Fed. R. Civ. P. 201(b)(2), (c)(2), and (d), updates his request for judicial notice by requesting the Court to take judicial notice of

the following, additional pleadings and decisions concerning Alpine's appeal to the United States Court of Appeals for the Second Circuit of the SEC's $12 million judgment against Alpine:

1. The Second Circuit's decision affirming the SEC's $12 million judgment on December 4, 2020, attached as Exhibit "A;"

2. The Second Circuit's mandate, issued February 26, 2021, and attached as Exhibit "B;"

3. Alpine's Emergency Motion to Recall Mandate and to File Over-Length Motion to Stay, Alpine's Memorandum in Support of Emergency Motion to Recall and Stay, Maranda E. Fritz's Declaration Supporting Motion to File Over-Length Motion, and Christopher Doubek's Declaration Supporting Alpine's Motion to Recall and Stay, filed as Docs 202-1 – 202-4, on February 26, 2021, and attached as Exhibit "C;" and

4. Alpine's Motion for Leave to File Corrected Brief, Maranda E. Fritz's Declaration Supporting Motion to File Corrected Brief, Alpine's Corrected Memorandum in Support of Emergency Motion to Recall and Stay, and Second Circuit's decision affirming SEC's $12 million judgment, filed as Docs 209-1 – 209-4, on March 4, 2021, and attached as Exhibit "D."

In addition, Frankel gives notice to the plaintiffs of his intent to offer evidence at trial concerning Alpine's admissions in the SEC's regulatory action, Alpine's appeal of the SEC's $12 million judgment, and Alpine's protest of the National Security Clearing Corporation's charges filed with the SEC (*see* Doc. 135). Among other things, Alpine admitted that the SEC's action caused "reputational and economic harm [to Alpine], including loss of its relationships with its customers and critical counterparties"; caused Alpine's revenues to decline and to become unprofitable; caused customers to "flock" to Alpine's competitors; caused "collateral regulatory consequences" including loss of the line of credit that enabled Alpine to trade; and caused loss of "multiple critical executing relationships."

Alpine admitted that Alpine's failure to file Suspicious Activity Reports, for which the SEC obtained the $12 million judgment, occurred "eight to nine years ago" and "ceased more than five years ago," before any alleged misconduct by Frankel; that Alpine "has been struggling

financially as it has gone through the [SEC] litigation process;" and that Alpine will fail if the Second Circuit does not stay its mandate enforcing the SEC's $12 million judgment. Alpine also made numerous admissions in protesting NSCC's charges (outlined in Doc. 135) which refute Alpine's allegations against Frankel regarding causation, damages, and alleged confidentiality of Alpine's trade and customer information.

WHEREFORE, Frankel requests the Court to take judicial notice of the Second Circuit's affirmance and mandate enforcing the SEC's $12 million judgment against Alpine, and Alpine's motions, memoranda, and declarations requesting the Second Circuit to recall and stay its mandate. Frankel also gives notice to the plaintiffs of his intent to offer evidence at trial concerning Alpine's assertions in the SEC regulatory action, Alpine's appeal of the SEC's judgment against Alpine, and Alpine's SEC claim and mandamus petition filed with the United States Circuit Court of Appeals for the District of Columbia, protesting the NSCC's capital requirements. *See* Frankel's request for judicial notice regarding Alpine's mandamus petition / protest of NSCC's capital requirements (Doc. 135).

## MEMORANDUM OF LAW

The Court may take judicial notice of facts that are not subject to reasonable dispute in that they are either "(1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of documents filed in other courts "to establish the fact of such litigation and related filings" and of orders for the purpose of "recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

In this case, the Court should take judicial notice that the Second Circuit has affirmed and issued its mandate concerning the SEC's $12,000,000 judgment against Alpine.

Alpine has made assertions in the SEC's regulatory action and appeal, and in Alpine's challenge to the NSCC's capital requirements, which refute the plaintiffs' contentions in this case that alleged wrongdoing by Frankel caused customers to "flock" from Alpine, caused Alpine to fail, caused revenue loss, or otherwise caused harm or damage to Alpine.  As explained in Frankel's request for judicial notice concerning Alpine's mandamus petition (Doc. 135), Alpine also publicly disclosed in its mandamus petition the type of trade and customer information which plaintiffs claim as confidential in this lawsuit against Frankel.

Alpine's inconsistent assertions in other proceedings are admissible in this case as admissions of a party opponent under Federal Rule of Evidence 801(d)(2).  Frankel gives notice of his intent to offer into evidence Alpine's assertions in the SEC's regulatory action and appeal, and in Alpine's challenge to the NSCC's capital requirements with the SEC and the United States Court of Appeals for the District of Columbia Circuit.

WHEREFORE, Frankel requests the Court to take judicial notice of the Second Circuit's affirmance of the SEC's $12 million judgment against Alpine, the Second Circuit's mandate, and Alpine's motions, memoranda, and declarations requesting the Second Circuit to recall and stay its mandate.  Frankel also gives notice to the plaintiffs of his intent to offer evidence at trial concerning Alpine's assertions in the SEC regulatory action, Alpine's appeal of the SEC's judgment against Alpine, Alpine's protest of the NSCC's capital requirements before the SEC and the District of Columbia Circuit Court of Appeals.  *See* Frankel's request for judicial notice regarding Alpine's mandamus petition / protest of NSCC's capital requirements (Doc. 135).

## LOCAL RULE 3.01(G) CERTIFICATION

Frankel's counsel certifies that he has conferred with counsel for the plaintiffs and that the plaintiffs oppose the relief requested in this updated request for judicial notice.

*/s/ David C. Banker*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary:   aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 15, 2021, I caused the foregoing, updated request for judicial notice to be filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record, including:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com
*Attorneys for Plaintiffs*

By: */s/ David C. Banker*
Attorney