UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.

CHRISTOPHER FRANKEL,

    Defendant.
_____/

Case No. 8:18-cv-02869-VMC-CPT

**PLAINTIFFS' MOTION TO STAY
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, The Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors Corporation ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**") (collectively "Plaintiffs"), move this Court for entry of an order staying this case pending the completion of a related FINRA arbitration between Alpine and Scottsdale (as claimants) and Randall Jones, Vison Financial Markets, LLC, Howard Rothman, David Jarvis, Koonce Securities, LLC, and Franklin Scott Koonce (as respondents) (the "Vision Arbitration")[1]. In support, Plaintiffs state as follows:

---

[1] A copy of the Statement of Claim in the Vision Arbitration is attached hereto as **Exhibit A**. Plaintiffs initiated the arbitration after claimants moved to compel arbitration in the lawsuit pending in the Middle District of Florida. *See Alpine Securities Corporation and Scottsdale Capital Advisor Corporation v. Jones, et. al.,* Case No. 8:20-cv-JSM-JSS.

1

## Relevant Factual Background

### A. Status of the Case

This action is currently scheduled for a jury trial on the Court's April 2021 docket. *See* Doc. No. 243. The trial has been rescheduled several times due to delays associated with the COVID-19 pandemic. *See* Doc. Nos. 237, 240, 243.

### B. Overview of the Claims

In November 2018, Plaintiffs initiated this action against Frankel, seeking damages and injunctive relief for breach of confidentiality agreements and misappropriation of trade secrets [Doc. No. 1]. Among other things, Frankel accessed and used Plaintiffs' confidential information for his own personal reasons and sent emails containing Plaintiffs' confidential information and documents from his employee email account to his personal email accounts. [Doc. No. 114-1 (SMF # 16—28)]. Through investigation and discovery, Plaintiffs learned Frankel was using their confidential information to try to purchase broker dealers he intended to use to compete with Plaintiffs and steal their customers. [Id. (SMF # 36, 38)]. As this case progressed, Frankel's efforts to purchase other broker dealers apparently fell through and he began working for Vision Financial Markets, LLC ("**Vision**"), along with Plaintiffs' former employee (Randall Jones) and former consultants (David Jarvis and Steven Gribben). At Vision, Frankel, Jones, Jarvis, and Gribben started a "group" intended to sabotage and steal Plaintiffs' business using their confidential and proprietary information. *See* Statement of Claim.

C. The Vision Arbitration

On November 6, 2020, Plaintiffs filed a lawsuit against Randall Jones, Vison Financial Markets, LLC, Howard Rothman, David Jarvis, Jarvis Law Group PLLC, Steven Gribben, Gribben & Associates, Inc., Atlas Fintech Holdings Corp., John Schaible, Koonce Securities, LLC, and Franklin Scott Koonce in the Thirteenth Judicial Circuit Court.[2] The case was removed to the United States District Court for the Middle District of Florida on December 1, 2020. *See* Case No. 8:20-cv-2831-JSM-JSS. After several of the Defendants moved to compel arbitration, the parties filed a Joint Unopposed Motion to Stay Proceedings Pending Arbitration consenting to arbitration before FINRA with all defendants other than Steven Gribben, Gribben & Associates, Inc., Atlas Fintech Holdings Corp., and John Schaible. *Id.*, Doc. 26. The Court granted the motion and compelled the moving parties to arbitration. *Id.,* Doc. 27.

On February 19, 2021, Plaintiffs filed the Vision Arbitration. Although currently a separate action, the Vision Arbitration and this matter stem from the same core set of facts, and the Vision Arbitration includes allegations and claims involving Frankel, including a conspiracy and aiding and abetting Frankel's breaches of contract arising out of the appropriation, retention, and misuse of Plaintiffs' confidential

---

[2] Plaintiffs initiated a prior action against Jones, Rothman and Vision in the United States District Court for the District of Connecticut in September 2019, but voluntarily dismissed that matter. *See Alpine Securities Corporation, et. al. v. Jones et.al.,* Case No. 19-cv-01425-JAM.

3

information. The underlying facts and damages at issue in this case and the Vision Arbitration overlap and are inextricably intertwined.

## MEMORANDUM OF LAW

Given the substantial overlap among the facts, claims, and damages at issue in this case and in the Vision Arbitration, it would promote judicial economy, reduce confusion and prejudice, and help avoid the potential for inconsistent results to stay this case pending resolution of the Vision Arbitration.

This Court "'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Garmendiz v. Capio Partners, LLC,* 2017 WL 3208621 (M.D. Fla. July 26, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *See also Snyder v. Green Roads of Florida LLC*, 430 F. Supp. 3d 1297, 1302 (S.D. Fla. 2020) ("It is well-established that a district court has the inherent authority to stay its own proceedings"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997) (stating district courts "enjoy broad discretion in deciding how to best manage the cases before them") (citation omitted). A district court can use this power and issue stays to promote judicial economy, to reduce confusion and prejudice, and to prevent inconsistent decisions. *See Clinton*, 520 U.S. at 706–07; *see also Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984); *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) ("Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions.") (quotations omitted). To that end, a district court may "stay

4

a case pending the resolution of related proceedings in another forum[.]" *Ortega Trujillo v. Conover & Co. Comm'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000); *see also Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (district court's reason to stay was "at least a good one, if not an excellent one" where it was designed to await determination of a related matter "that is likely to have a substantial or controlling effect on the claims and issues in the stayed case").

When ruling on a motion to stay pending the resolution of a related case in another forum, the Court has discretion to grant a stay based on a "variety of circumstances." *Postel Indus., Inc. v. Abrams Group Const., L.L.C.*, 2013 WL 1881560, at *3 (M.D. Fla. Mar. 29, 2013), *report and recommendation adopted*, 2013 WL 1881556 (M.D. Fla. May 3, 2013) (citing *Ortega Trujillo b. Conover & Company Communications*, 221 F.3d at 1264). In fact, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo b. Conover & Company Communications,* 221 F.3d at 1264. However, in general, Courts "have examined the following factors to determine if a stay is appropriate: (1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy." *Garmendiz,* 2017 WL 3208621. Importantly, "[p]arties to the two cases need not be the same and issues need not be identical to empower a court to stay proceedings in one suit to abide proceedings in the other." *Postel Indus., Inc.*, 2013 WL 1881560, at *3, *report and recommendation adopted,* 2013 WL 1881556 (M.D. Fla. May 3, 2013).

In this case, the requested stay would not prejudice Frankel. The Vision Arbitration should occur within the next 9 to 12 months barring any unforeseen circumstances. This delay will not cause any prejudice to Frankel, particularly given the status of the Court's docket and anticipated delays associated with the COVID pandemic.

If this matter proceeds to trial in April/May 2021, the parties will incur substantial fees and costs that could be reduced or avoided altogether when certain issues (*i.e.,* the confidentiality of Plaintiff's information, damages) are resolved by the Vision Arbitration. The only potential prejudice to Frankel would be a brief delay in trying this case, which should be substantially outweighed by the benefits of reducing (or perhaps avoiding entirely) the costs and fees that will be necessary to try this case before a jury.

Given the parallel facts, claims, and damages at issue in both proceedings, there is also a significant risk of inconsistent results if a stay is not granted. This considerable risk of harm is apparent and, when balanced against the fact that Frankel will not be harmed by delaying the trial, weighs heavily in favor of a stay. *See Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, 2017 WL 5256870, at *4 (M.D. Fla. Nov. 13, 2017) (A stay of proceedings is based on a balancing test in which the movant bears the burden of showing either a clear case of hardship or inequity if the case proceeds, **or** little possibility the stay will harm others." (emphasis added) (quotations, alterations, and citations omitted)).

4840-8185-2898, v. 1

A stay will also promote judicial economy. This Vision Arbitration will resolve most (if not all) of the central issues to be decided at trial in this case. At worst, the Vision Arbitration will substantially narrow the issues to be tried before this Court, resulting in a shorter trial and less of an expenditure of the Court's resources. Perhaps most importantly, the possibility that the Vision Arbitration could avoid the need for a trial in this case would obviate the need to empanel a jury for this case in April/May—while COVID still is not under control and before COVID vaccines have been made fully available and administered to the general population in Florida.

Even absent the considerable benefit of avoiding an unnecessary exposure of jurors to COVID, Courts have found it appropriate to stay a proceeding pending the resolution of a related arbitration. *See Postel Indus., Inc.*, 2013 WL 1881560, at *3–4 (M.D. Fla. Mar. 29, 2013), *report and recommendation adopted*, 2013 WL 1881556 (M.D. Fla. May 3, 2013) (quoting *American Home Assurance Co. v. Vecco Concrete Const. Co.,* 629 F.2d 961, 964 (4th Cir.1980)) ("In contract cases, courts have found it appropriate to stay the litigation between even the non-contracting parties when 'questions of fact common to all actions pending in the [federal lawsuit] are likely to be settled during the ... arbitration.'"). Indeed, "[u]nder these circumstances, considerations of judicial economy and avoidance of confusion and possible inconsistent results may militate in favor of staying the entire action." *Id.*

WHEREFORE, Plaintiffs respectfully request this Court enter an order staying this case pending the completion of the Vision Arbitration, and granting such further relief as the Court deems just and proper.

## Local Rule 3.01(g) Certification

The undersigned counsel has conferred in good faith with Defendant's counsel regarding this motion, and Defendant's counsel has advised they oppose the relief sought herein.

/s/ Kenneth G. Turkel
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail: svogt@bajocuva.com
Anthony J. Cuva – FBN 896251
E-mail: acuva@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Kenneth G. Turkel
Attorney

4840-8185-2898, v. 1