UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.

CHRISTOPHER FRANKEL,

    Defendant.
_____/

Case No. 8:18-cv-02869-VMC-CPT

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
"UPDATED/ADDITIONAL" REQUEST FOR JUDICIAL NOTICE**

Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation ("Alpine") (collectively "Plaintiffs"), file their response in opposition to Plaintiff, Christopher Frankel's Updated/Additional Request for Judicial Notice [Doc. 244] (the "Request"), and state as follows:

Defendant's Request consists of: (1) an unnecessarily argumentative request for judicial notice concerning a recent Second Circuit opinion and mandate in a proceeding which the Court has already judicially noticed [see Doc. No. 138 at p. 9-10]; and (2) a "notice of intent to offer evidence," which is nothing more than a procedurally improper excuse to try to taint the well against Plaintiffs and re-argue issues the Court has already decided. Plaintiffs do not oppose the Request to the extent

1

it seeks judicial notice of the Second Circuit opinion and mandate for the limited purposes established in the Court's November 25, 2019 Order [Doc. 138 at p. 8] (i.e., "that the aforementioned proceedings occurred and the subject matter of those proceedings").[1] However, the balance of the Request is unnecessary argument surrounding a procedurally unauthorized "notice to plaintiffs of [Defendant's] intent to offer evidence at trial" regarding various purported "admissions." *See* Doc. No. 244 at p. 2.

Given the clarity of the Court's November 25, 2021 Order [Doc. 138], it appears that the only reasons Defendant did not simply request judicial notice that the Second Circuit "proceedings occurred and the subject matter of those proceedings" is so he could litter the record with unnecessary arguments and try to convince the Court to do something it already explicitly ruled it could not do: "take judicial notice factual findings, arguments, 'admissions,' [and] legal conclusions advanced within these documents or proceedings." *See* Doc. 138 at p. 9.

Thus, the vast majority of the Request serves no legitimate purpose and should be disregarded. Otherwise, Plaintiffs object to and oppose the portions of the Request seeking to provide "notice of intent to offer evidence at trial" as procedurally improper

---

[1] As this Court has reiterated on at least two prior occasions in this case, it may only take judicial notice of orders and filings in another court "'for the limited purpose of recognizing the 'judicial' act that the order represents or the subject matter of the litigation.'" *See* Order [Doc. 138] (quoting *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994)); *see also* Order [Doc. 22]. The "Court may not, however, take judicial notice of documents filed in another court for the truth of the matters asserted therein." *Id.; see also United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

and an improper attempt to seek judicial notice of matters beyond the permissible scope of Fed. R. Evid. 201. Further, Plaintiffs object to the admissibility of all the purported "admissions" set forth in the Request, which are wholly irrelevant to the issues being tried before the Court and inadmissible on other grounds Plaintiffs reserve the right to address once Defendant follows the proper procedural steps to try to introduce them at trial.

In accordance with the Court's prior orders, Plaintiffs do not object to the Court taking judicial notice that the Second Circuit proceedings occurred and the subject matter of those proceedings. However, Plaintiffs believe the Court should disregard and refuse to take any action on the balance of the Request, and refuse to take judicial notice of any factual findings, arguments, "admissions," or legal conclusions in the documents and proceedings upon which the Request is based. *See* Doc. 22; Doc. 138; *Jones,* 29 F.3d at 1553.

/s/ Kenneth G. Turkel
Kenneth G. Turkel – FBN 867233
E-mail:  kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail:  svogt@bajocuva.com
Anthony J. Cuva – FBN 896251
E-mail:  acuva@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
*Attorneys for Plaintiffs*

3

4827-1490-5314, v. 1

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Kenneth G. Turkel*
Attorney
