UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST;
SCOTTSDALE CAPITAL ADVISORS
CORPORATION; and ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.

CHRISTOPHER FRANKEL,

    Defendant.
_____/

Case No. 8:18-cv-02869-VMC-CPT

### Frankel's Opposition to Plaintiffs' Motion to Stay

The plaintiffs, The Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors Corporation ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**"), have requested the Court to stay this action ("**Lawsuit against Frankel**") pending completion of the arbitration ("**FINRA Arbitration**") which Alpine and Scottsdale recently filed against Randall Jones ("**Jones**"), Vision Financial Markets, LLC ("**Vision**"), Howard Rothman ("**Rothman**"), David Jarvis ("**Jarvis**"), Koonce Securities, LLC ("**Koonce Securities**"), and Franklin Scott Koonce ("**Koonce**"). Plaintiffs' motion to stay (Doc 246).

The defendant, Christopher L. Frankel ("**Frankel**"), opposes the motion to stay because (1) the stay would prejudice Frankel, (2) the plaintiffs have not

1

demonstrated, and cannot demonstrate, that they would "suffer a hardship or inequity if forced to proceed," and (3) the requested stay would not "further judicial economy." *Garmendiz v. Capio Partners, LLC*, Case No. 8:17-CV-00987EAK-AAS, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017).

Furthermore, the Lawsuit against Frankel should proceed to trial, as scheduled during the week of April 26, because: (1) trial is imminent, and the Lawsuit against Frankel is almost over; (2) Frankel is entitled to a "speedy determination" of this lawsuit, which has been pending against him for over 2 years, and delay prejudices Frankel; (3) the Lawsuit against Frankel is the earlier-filed proceeding, filed on November 21, 2018, more than 2 years before Alpine and Scottsdale requested FINRA Arbitration against other defendants on February 19, 2021. Alpine and Scottsdale have delayed, and continue to delay, pursuit of the FINRA Arbitration, without explanation or justification; and (4) the claim and defendant in the Lawsuit against Frankel are different from the claims and defendants in the FINRA Arbitration.

## Background / Facts

The Hurry Trust, Scottsdale, and Alpine have no claim and have made no allegations in their Lawsuit against Frankel concerning any of the defendants in Alpine's and Scottsdale's Statement of Claim seeking arbitration with the Financial Industry Regulatory Authority ("**FINRA**"). *Compare* Statement of Claim (Doc 246-1) *with* complaint (Doc 1) and second amended complaint (Doc 61). The Hurry Trust, Scottsdale, and Alpine sued Frankel over two years and

four months ago on November 21, 2018.  The Hurry Trust, Scottsdale, and Alpine alleged that Frankel breached his confidentiality obligations to the plaintiffs by using their confidential information to try to buy a Chicago broker-dealer.

In their initial complaint, the Hurry Trust, Scottsdale, Alpine, and the former plaintiff, Cayman Securities Clearing and Trading Ltd. ("**Cayman**"), thus alleged that Frankel breached his Non-Disclosure Agreement by using the plaintiffs' confidential information "to solicit capital, establish banking relations, recruit Plaintiffs' clients, and compete with Plaintiffs' businesses.  Among other things, Plaintiffs are informed and believe Defendant used the foregoing confidential information obtained from Plaintiffs to make a bid for a broker-dealer in Chicago."  Complaint (Doc 1) at ¶ 20.

In their current, second amended complaint, filed May 10, 2019,  the Hurry Trust, Scottsdale, and Alpine repeated their sole claim against Frankel that he had breached his confidentiality obligations to the Hurry Trust, Scottsdale, and Alpine by using their confidential information "to solicit capital and financial relations so that it [Frankel] could make a bid for a broker-dealer in Chicago" and "by using the Plaintiffs' Confidential Information to create a broker-dealer that could provide fees and services competitive to Alpine and then using Plaintiffs' Confidential Information to solicit their top clients."  Second amended complaint (Doc 61) at ¶¶ 30 and 31.

The Hurry Trust, Scottsdale, and Alpine made no allegation that Frankel breached his confidentiality obligations by going to work with Vision in May

3

2019, by sharing confidential information with Vision, or by conspiring with Jones, Jarvis, Jarvis' law firm, Steven Gribben ("**Gribben**"), Gribben's law firm, Vision, Rothman, Koonce Securities, Koonce, Atlas Fintech Holdings Corp. ("**Atlas**"), John Schiable ("**Schiable**"), or anyone else, to steal Alpine's and Scottsdale's confidential information and clients.  The Hurry Trust, Scottsdale, and Alpine have not alleged wrongdoing by anyone other than Frankel in their Lawsuit against Frankel.

On September 11, 2019, eleven months after suing Frankel, Alpine and Scottsdale sued Jones, Vision, and Rothman in the United States District Court for the District of Connecticut ("**2019 Connecticut Complaint**" attached as **Exhibit "A"**).  Alpine and Scottsdale did not reference or allege wrongdoing by Frankel in the 2019 Connecticut Complaint.

Instead, Alpine and Scottsdale alleged that Alpine began pursuing a business relationship with Vision in early 2019; that Jones "spearheaded the discussions" for Alpine; that Rothman led the discussions for Vision; that Jones, Rothman, and Vision conspired to misappropriate Alpine's and Scottsdale's confidential information and clients; that Rothman withdrew Vision from the negotiations in April 2019; that Jones resigned from Scottsdale to work for Vision on May 17, 2019; and that Jones, Rothman, and Vision misappropriated Alpine's and Scottsdale's confidential information to steal their clients.  2019 Connecticut Complaint at ¶¶ 29 – 49 and Conspiracy Claims at ¶¶ 70 – 73 and ¶¶ 83 - 86. Jones, Rothman, and Vision seem to have gotten lucky that Alpine walked into

4

the conspiratorial trap, allegedly set by Jones, Rothman, and Vision, by pursuing a business relationship with Vision. 2019 Connecticut Complaint at ¶¶ 30 and 35.

In the 2019 Connecticut Complaint, Alpine and Scottsdale accused Jones, Rothman, and Vision of continuing, civil theft and requested preliminary and permanent injunctions to stop irreparable harm and punitive damages. 2019 Connecticut Complaint at ¶¶ 45 – 47; Civil Theft Claim at ¶¶ 97 – 101; Request for Relief. Alpine and Scottsdale did not allege conspiracy, wrongdoing, or theft by anyone other than Jones, Rothman, and Vision.

Jones, Vision, and Rothman responded to the 2019 Connecticut Complaint by demanding FINRA arbitration. Alpine and Scottsdale offered to prepare a motion to stay the 2019 Connecticut Lawsuit, pending FINRA arbitration, but then withdrew the 2019 Connecticut Lawsuit instead by filing a voluntary dismissal on November 18, 2019. **Chou Declaration** at ¶¶ 2 – 6 attached as **Exhibit "B."**

During the following year, Alpine and Scottsdale inexplicably did not pursue arbitration or take legal action to protect themselves against the alleged conspiracy, the alleged, continuing theft of their confidential information and clients, and alleged, continuing irreparable harm. Chou Declaration at ¶¶ 6 and 7.

On November 6, 2020, Alpine and Scottsdale sued Jones, Jarvis, his law firm, Gribben, his law firm, Vision, Rothman, Atlas, Schiable, Koonce Securities, and Koonce in Hillsborough County Circuit Court, alleging a fantastic conspiracy

5

among all of the defendants, spanning three years from July 2017 through May 2019, to sabotage Alpine and Scottsdale and steal their clients. "**2020 Florida Complaint**" attached as **Exhibit "C."** Alpine and Scottsdale alleged that Frankel, Jones, Jarvis, and Gribben conspired to sabotage Alpine and Scottsdale and steal their clients with Atlas, Schiable, Koonce Securities, and Koonce in July 2017 (2020 Florida Complaint at ¶¶ 86 - 89); with ZIV Investment Company in 2018 (2020 Florida Complaint at ¶ 92 - 95); and with Vision and Rothman in 2019 (2020 Florida Complaint at ¶¶ 96 - 105).

The alleged, massive conspiracy began in July 2017, while Frankel, Jones, Jarvis, and Gribben still worked for Alpine, and continued through May 2019, when Jones, Rothman, and Vision began stealing Alpine's and Scottsdale's clients after rejecting Alpine's pursuit of a business relationship with Vision. 2019 Connecticut Complaint at ¶ 42; 2020 Florida Complaint at ¶¶ 86 and 105). Alpine and Scottsdale alleged civil theft against all of the conspiring defendants. 2020 Florida Complaint at ¶¶ 169 – 172 and 180 – 184.

Jones, Vision, Rothman, Jarvis, and his law firm removed the 2020 Florida Complaint to this Court on December 1, 2020, where the case was assigned case no. 8:20-cv-02831 ("**Removed Action**"). Chou Declaration at ¶ 8 referencing Doc 1 in the Removed Action. On December 8, 2020, Jones, Vision, Rothman, Jarvis, and his law firm, moved to compel FINRA arbitration in accordance with, *inter-alia*, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, because Alpine and Scottsdale asserted the same claims against Jones, Rothman, and Vision in the

Removed Action which Alpine and Scottsdale had asserted in the 2019 Connecticut Complaint.  Chou Declaration at ¶¶ 9 and 10 referencing motion to compel arbitration (Doc 16) in the Removed Action.  On December 16, 2020, Koonce Securities and Koonce also moved to compel FINRA arbitration.  Chou Declaration at ¶ 12 referencing Doc 16 in the Removed Action.

Alpine and Scottsdale did not challenge the removal or the motions to compel arbitration.  Chou Declaration at ¶¶ 9 and 11.  Instead, after filing three (3) motions for extensions to respond to the motions to compel arbitration, Alpine and Scottsdale stipulated to an order compelling arbitration on February 1, 2021.  Chou Declaration at ¶ 13.  The order required Alpine and Scottsdale to initiate arbitration on or before February 19, 2021.  Chou Declaration at ¶ 14 referencing Doc 27 in the Removed Action.

Alpine and Scottsdale apparently attempted to initiate arbitration on February 19, 2021, but FINRA apparently determined that Alpine's and Scottsdale's submissions were deficient and declined to serve the arbitration defendants.  Alpine and Scottsdale apparently did not cure the deficiency until March 24, 2021, and FINRA did not, therefore, serve the arbitration defendants until March 26, 2021.  The arbitration defendants have two months until May 17, 2021, to respond to Alpine's and Scottsdale's Statement of Claim.  Chou Declaration at ¶ 15.

FINRA's 2020 Dispute Resolution Statistics indicate that Regular Hearing Decisions had an *average* turnaround time of 14.7 months.  *See*

7

https://www.finra.org/arbitration-mediation/dispute-resolution-statistics/2020#virtual. In light of Alpine's and Scottsdale's history of delays, the involvement of multiple parties in at least six different states (Utah, Arizona, Maine, Connecticut, Michigan, and Maryland), and the wide-ranging allegations in Alpine's and Scottsdale's Statement of Claim, there is good reason to believe that the turnaround time for the arbitration will be significantly longer than 14.7 months. Chou Declaration at ¶ 16. Alpine's and Scottsdale's Statement of Claim (Doc 246-1) makes the same, fantastic allegations of a massive, three-year conspiracy asserted in Alpine's and Scottsdale's 2020 Florida Complaint.

## Argument

The proponent of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Garmendiz v. Capio Partners, LLC*, Case No. 8:17-CV-00987EAK-AAS, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). "Consistent with the Supreme Court's holding in Landis, court[s] have examined the following factors to determine if a stay is appropriate: (1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy." *Id.* at *1.

The Court has scheduled the trial of the Lawsuit against Frankel for the week of April 26, 2021, so trial is imminent. Docs 242 and 243. The plaintiffs

8

have not offered any justification, much less the compelling justification required to stay a case on the verge of conclusion.

### A.   Staying the trial would prejudice Frankel.

Under Fed. R. Civ. P. 1, Frankel is entitled to a "speedy" determination of this lawsuit which has been pending against him for over 2 years. Alpine's and Scottsdale's belatedly filed FINRA Arbitration likely will not conclude for at least another 14.7 months. The plaintiffs admit in their motion for stay that the FINRA Arbitration will take at least 9–12 months and may take longer. *See* Mot. at 6 ("The Vision Arbitration should occur within the next 9 to 12 months barring any unforeseen circumstances.").

A stay would prejudice Frankel, who would have to continue to endure the plaintiffs' scandalous allegations and to incur additional legal fees for another 14.7 months. Upon prevailing in this action, Frankel will be entitled to recover the legal fees incurred in this action from the plaintiffs. However, Frankel's ability to collect on such a fee award is diminishing with each day that passes.

It is appropriate to deny a stay on the grounds that prejudice will result to a litigant when there are legitimate concerns that the delay resulting from the stay will diminish the litigant's ability recover a judgment entered in the action. *E.g.*, Abington Emerson Capital, LLC v. Adkins, 2:17-CV-143, 2018 WL 6427683, at *3 (S.D. Ohio Dec. 7, 2018); Karimona Investments, LLC v. Weinreb, 02CV1792WHPTHK, 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003).

In separate proceedings, Alpine has admitted that it will not survive the Securities & Exchange Commission's $12 million judgment unless the United States Circuit Court of Appeals for the Second Circuit withdraws its mandate, stays execution on the judgment, and does not require Alpine to post a bond, so that Alpine can petition for certiorari review by the United States Supreme Court.

A stay would prejudice Frankel by significantly increasing the risk that Alpine (and its affiliate broker-dealer, Scottsdale, for whom Alpine clears) will fail and be unable to pay Frankel's fee claim. *See, e.g.,* Frankel's updated request for judicial notice (Doc 244) (Doubek Declaration dated February 26, 2021 at ¶ 17: "Alpine would not be able to survive as a company absent a stay of the $12,000,000 judgment.").

### B. The plaintiffs have not demonstrated, and cannot demonstrate, that they would suffer a hardship or inequity if forced to proceed.

The plaintiffs argue that "If this matter proceeds to trial in April/May 2021, the parties will incur substantial fees and costs that could be reduced or avoided altogether when certain issues (i.e., the confidentiality of Plaintiff's information, damages) are resolved by the Vision Arbitration." Mot. at 5. But having to prosecute the case that the plaintiffs chose to file against Frankel is not a hardship or inequity. Nor is the plaintiff's not having their expressed preference of prosecuting the Vision Arbitration first a hardship or inequity, particularly because the plaintiffs themselves are responsible for the dilatory prosecution of the Vision Arbitration. Regardless, the plaintiffs' preference for prosecuting one

10

case before another is not a hardship or inequity. *See Garmendiz v. Capio Partners, LLC*, Case No. 8:17-CV-00987EAK-AAS, 2017 WL 3208621, at *2 (M.D. Fla. July 26, 2017) ("Defendant's argument that a stay will preserve judicial resources and streamline the issues at hand is more appropriate under the analysis of judicial economy, not in determining whether the Defendant will suffer a hardship. Therefore, this Court finds that the Defendant has not sufficiently established a hardship or inequity.")

### C. The requested stay would not further judicial economy.

The Lawsuit against Frankel is the earlier-filed proceeding, filed on November 21, 2018, more than 2 years before the FINRA Arbitration filed on February 19, 2021. Alpine and Scottsdale repeatedly delayed pursuing the FINRA Arbitration and provided no explanation for their delays. Alpine's and Scottsdale's inexplicable delays in pursuing FINRA Arbitration should not delay Frankel's right to a "speedy" determination of the scandalous claim against him.

The claim and defendant in the Lawsuit against Frankel are unrelated to the claims and the defendants in FINRA Arbitration. None of the defendants in the FINRA Arbitration are defendants in the Lawsuit against Frankel. Frankel is not a defendant, and the Hurry Trust is not a plaintiff, in the FINRA Arbitration.

The claim which the Hurry Trust, Alpine, and Scottsdale has asserted against Frankel is different from the claims which Alpine and Scottsdale have asserted against the defendants in the FINRA Arbitration. Res judicata and collateral estoppel do not apply, and inconsistent results will not occur.

## Conclusion

The plaintiffs have not presented any compelling justification for staying the trial set for week of April 26, 2021, and a stay would prejudice Frankel. The claim and defendant in the Lawsuit against Frankel are different from the claims and defendants in the FINRA Arbitration. Alpine's and Scottsdale's inexplicable delay in pursuing FINRA Arbitration should not delay Frankel's right to a "speedy" determination of the scandalous claim against him.

*s/ David Banker, Esq.*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary:  aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on April 2, 2021, I caused the foregoing, updated request for judicial notice to be filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record, including:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com
*Attorneys for Plaintiffs*

*s/ David Banker, Esq.*