UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

     Plaintiffs,

v.                              Case No. 8:18-cv-2869-VMC-CPT

CHRISTOPHER FRANKEL,

     Defendant.

_____/


CHRISTOPHER FRANKEL,

     Counter-Claimant,

v.

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

     Counter-Defendants.

_____/

**ORDER**

     This matter comes before the Court upon consideration of
Defendant Christopher Frankel's "Updated/Additional Request
for Judicial Notice of Decision, Mandate, and Pleadings in
Alpine's Appeal of SEC's $12 Million Judgment" (Doc. # 244),

filed on March 15, 2021. Plaintiffs filed a response on March 29, 2021. (Doc. # 248).  For the reasons that follow, the request for judicial notice is granted in part and denied in part.

**<u>Discussion</u>**

At any stage of the proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), 201(d). "Notably, courts may take judicial notice of documents arising from a prior proceeding because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" <u>Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.</u>, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting <u>Horne v. Potter</u>, 392 F. App'x 800, 802 (11th Cir. 2010)).

Nonetheless, while a court may take judicial notice of orders and other filings in another court, it may do so only "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the

2

litigation." <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994). A court may not, however, take judicial notice of documents filed in another court for the truth of the matters asserted therein. <u>Id.</u>

Frankel previously asked the Court to take judicial notice of the following:

(1)   As part of an SEC lawsuit against Alpine, an order from the United States District Court for the Southern District of New York imposing a permanent injunction and a $12 million civil penalty against Alpine, dated October 9, 2019;

(2)   Alpine's October 10, 2019, emergency motion before the United States Court of Appeals for the Second Circuit for a stay pending the appeal of that district court order, along with declaration in support of the motion; and

(3)   A petition for a writ of mandamus and supporting pleadings filed by Alpine on October 23, 2019, before the United States Court of Appeals for the District of Columbia Circuit.

(Doc. ## 134, 135).

Plaintiffs opposed the request, arguing that the request contained legal argumentation, sought to admit disputed facts, and misrepresented the contents of the documents. (Doc. ## 136, 137).

The Court granted Frankel's request in part, "tak[ing] judicial notice that the aforementioned proceedings occurred and the subject matter of those proceedings." (Doc. # 138 at

9). However, the Court clarified that it "[did] not take judicial notice of any factual findings, arguments, 'admissions,' or legal conclusions advanced within these documents or proceedings." (Id.).

Now, Frankel "updates his request for judicial notice" by requesting the Court take judicial notice of the following "additional pleadings and decisions concerning Alpine's appeal" before the Second Circuit:

(1) The Second Circuit's decision affirming the SEC's $12 million judgment on December 4, 2020;

(2) The Second Circuit's mandate, issued February 26, 2021;

(3) Alpine's Emergency Motion to Recall Mandate and to File Over-Length Motion to Stay, Alpine's Memorandum in Support of Emergency Motion to Recall and Stay, Maranda E. Fritz's Declaration Supporting Motion to File Over-Length Motion, and Christopher Doubek's Declaration Supporting Alpine's Motion to Recall and Stay, filed as Docs 202-1 – 202-4, on February 26, 2021;

(4) Alpine's Motion for Leave to File Corrected Brief, Maranda E. Fritz's Declaration Supporting Motion to File Corrected Brief, Alpine's Corrected Memorandum in Support of Emergency Motion to Recall and Stay, and Second Circuit's decision affirming SEC's $12 million judgment, filed as Docs 209-1 – 209-4, on March 4, 2021.

(Doc. # 244 at 2).

Plaintiffs respond that they "do not object to the Court taking judicial notice that the Second Circuit proceedings

4

occurred and the subject matter of those proceedings." (Doc. # 248 at 3). However, they argue that "the balance of the Request" is a "notice of intent to offer evidence," which they argue is "nothing more than a procedurally improper excuse to try to taint the well against Plaintiffs." (Id. at 2). Accordingly, Plaintiffs urge the Court to "disregard and refuse to take any action on the balance of the Request," since "the vast majority of the Request serves no legitimate purpose." (Id. at 2-3).

Since the documents filed by Frankel are court documents and, as such, are matters of public record whose authenticity cannot reasonably be questioned, the Court takes judicial notice that the aforementioned proceedings occurred and the subject matter of those proceedings. Horne, 392 F. App'x at 802. However, as it did in the previous order, the Court does not take judicial notice of any factual findings, arguments, "admissions," or legal conclusions advanced within these documents or proceedings.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Christopher Frankel's request to take judicial notice (Doc. # 244) is **GRANTED** in part and **DENIED** in part to the extent described in this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

2nd day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE