UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.                                   Case No. 8:18-cv-2869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.

_____/

CHRISTOPHER FRANKEL,

    Counter-Claimant,

v.

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION, and
ALPINE SECURITIES CORPORATION,

    Counter-Defendants.

_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiffs' Motion to Stay Proceedings (Doc. # 246), filed on March 26, 2021. Defendant Christopher Frankel responded in

1

opposition on April 2, 2021. (Doc. # 249). For the reasons that follow, the Motion is denied.

**Discussion**

Although this matter is tentatively scheduled to begin trial on April 26, 2021, (Doc. # 247), Plaintiffs have requested a stay of the case because a related arbitration action was filed on February 19, 2021. (Doc. # 246 at 3).

The arbitration is "currently a separate action," but Plaintiffs explain that the "underlying facts and damages at issue in this case and the [arbitration] overlap and are inextricably intertwined." (Id.). Accordingly, Plaintiffs contend that staying this case pending resolution of the arbitration will "promote judicial economy, reduce confusion and prejudice, and help avoid the potential for inconsistent results." (Id.).

Frankel opposes the motion, arguing that (1) he would be prejudiced by the stay, (2) Plaintiffs have failed to demonstrate how they would suffer any hardship or inequity if forced to proceed, and (3) the stay would not further judicial economy. (Doc. # 249 at 1-2).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing

Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Based on the totality of the circumstances, the Court agrees with Frankel that a stay is unwarranted at this juncture.

A stay would prejudice Frankel by further delaying resolution of this case. This matter has already been pending for over two years, and Frankel is entitled to a speedy determination of the lawsuit against him. See Fed. R. Civ. P. 1 (noting that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Plaintiffs fail to show any clear hardship or inequity that would outweigh this prejudice. A mere preference to resolve the arbitration first, and thus save on costs associated with a jury trial, is insufficient to establish hardship. See Garmendiz v. Capio Partners, LLC, Case No. 8:17-cv-987-EAK-AAS, 2017 WL 3208621, at *2 (M.D. Fla. July 26, 2017) (holding that a defendant failed to establish hardship or inequity where it argued that a stay would streamline the issues at hand, as such an argument was "more appropriate under the analysis of judicial economy").

Nor is the Court convinced that staying the case pending arbitration would meaningfully simplify the Court's analysis,

or conserve costs. As Frankel points out, he is not a defendant in the related arbitration, and none of the defendants in the arbitration are present in this matter. (Doc. # 249 at 11). While a stay may resolve certain factual questions at issue in this case, the Court is not convinced that such a speculative benefit outweighs the prejudice to Frankel that would result from a stay. Therefore, the Court in its discretion denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Stay Proceedings (Doc. # 246) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of April, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE