UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.

Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## UNOPPOSED MOTION FOR PRETRIAL CONFERENCE

Plaintiffs, The Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, and Alpine Securities Corporation ("Alpine") (collectively "Plaintiffs"), request this Court schedule a pretrial conference to discuss trial procedures and address certain other matters under Rule 16(c)(2) as set forth below. In support, Plaintiffs state as follows:

### Background

The initial complaint in this case was filed on November 21, 2018. The Court entered its Case Management and Scheduling Order on January 14, 2019 (the "Scheduling Order"). *See* Doc. 29. Pursuant to the Scheduling Order, the final pretrial conference was set for January 16, 2020, and the trial was to begin in February 2020. *Id.*

1

The parties attended the first pretrial conference on January 16, 2020. At the pretrial conference, the Court advised that the trial would be moved to March 2020 and that the Court would set another final pretrial conference in advance of the trial. *See* Doc. 172. The Court subsequently scheduled another pretrial conference for March 11, 2020. *See* Doc. 190. The Court further noted that it would hear argument on Plaintiffs' motion for sanctions [Doc. 189] at that time.

The majority of the March 11, 2020 pretrial conference was focused on argument related to the motion for sanctions. At the conclusion of the pretrial conference, the Court reopened discovery for the limited purpose of completing a single supplemental deposition of Defendant, Christopher Frankel. To allow for the deposition to be completed, the Court stayed the trial until the May 2020 trial term and scheduled a third pretrial conference for April 30, 2020. *See* Docs. 193, 196, 197, 198.

By the time of the April 30, 2020 pretrial conference, issues related to the COVID-19 pandemic were in full-swing. The Court explained that it was unclear when the case could be tried due to the uncertainty from the pandemic. As a potential solution to get the case to trial, the parties and the Court discussed the possibility of a bench trial and calling witnesses via Zoom. After consideration, the parties determined that they could not agree to a bench trial. *See* Doc. 223.

On August 10, 2020, the Court entered an order explaining that it would be able to hold a traditional, in-person jury trial no earlier than December 2020 or early 2021. *See* Doc. 234. After the parties provided their availability, the case was set for trial for

the January 2021 trial term. However, a follow-up pretrial conference was never scheduled. The trial has subsequently been moved each month and is now scheduled to take place this month. *See* Docs. 237-243.

Although there have been three different pretrial conferences in this case during which general trial issues have been discussed, the parties and the Court have not had a pretrial conference to discuss the specifics for this upcoming trial. Certain issues, such as jury instructions, were never resolved at the previous pretrial conferences. Plaintiff would also like to discuss the parameters of admissibility of evidence referred to in Defendant's recently filed request for judicial notice [Doc. 244]. Further, in light of the fact that there may be new issues or procedures relating to COVID-19 precautions, and given that it has been nearly a year since the last pretrial conference, Plaintiffs respectfully request that the Court schedule a pretrial conference.

## Memorandum of Law

Rule 16(b)(2) provides that "[a]t any pretrial conference, the court may consider and take appropriate action" on a list of specified matters. *See* Fed. R. Civ. P. 16(b)(2)(A)-(P). Rule 16(d) also permits the Court to "hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence."

Here, it would be to the parties' and the Court's benefit for a pretrial conference to be held in advance of jury selection for a number of reasons. First, it would be helpful to understand any changes or restrictions to the normal jury trial process, including voir dire and the method of presenting witness testimony (i.e., live or video), in light of COVID-19. Second, to encourage efficiency with the trial itself, the Court

and the parties should discuss which witnesses will be called, the amount of time required for each witness, and any other potential scheduling issues related to witnesses. Third, there are a number of outstanding disputes related to jury instructions and the verdict form that would be better resolved in advance of trial; particularly given what counsel understands to be strict time restrictions for this trial.  And fourth, there are motions *in limine* that the Court previously denied without prejudice [Doc. 229] that the Court should reconsider in advance of trial in light of recent filings—specifically, Defendant's request for judicial notice [Doc. 244] and the Court's Order on the same [Doc. 250].[1]

WHEREFORE, Plaintiffs respectfully request this Court enter an order setting a pretrial conference prior to April 23, 2021 and granting such further relief as the Court deems just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Plaintiffs have conferred with Defendant's counsel and Defendant's counsel has no objection to a pretrial conference which does not delay jury selection on April 23, 2021 or the trial during the week of April 26, 2021.

[Attorney's signature on the following page]

---

[1] Although Plaintiffs' counsel initially felt these issues would be best addressed as they arose during trial, counsel has reconsidered its position after further consideration and in light of the time constraints with this trial.  Defendant has filed an additional request for judicial notice which included a "notice of intent to offer evidence" related to certain SEC proceedings. *See* Doc. 244.  It is apparent that the issues identified in Plaintiffs' motion *in limine* [Doc. 147] are going to play a prominent role in Defendant's case.  Addressing these specific evidentiary issues in advance of trial will allow counsel for each party to adequately prepare its case for the most efficient and orderly presentation of evidence to the jury.

/s/ *Kenneth G. Turkel*
Kenneth G. Turkel – FBN 867233
E-mail:  kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail:  svogt@bajocuva.com
Anthony J. Cuva – FBN 896251
E-mail:  acuva@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199
Fax: (813) 443-2193
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ *Kenneth G. Turkel*
Attorney