UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.                                  Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## **Defendant's Supplemental Proposed Special Jury Instructions**

The defendant, Christopher L. Frankel, through counsel, supplements his proposed jury instructions to include the attached special instructions.

## **Local Rule 3.01(g) Certification**

Counsel for the defendant conferred with counsel for the plaintiffs regarding the supplemental proposed special jury instructions and counsel for the plaintiffs objects to the defendant's submission of and objects to the form of the special instructions.

1

*s/ David Banker, Esq.*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2021, I caused the foregoing, updated request for judicial notice to be filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record, including:

Shane B. Vogt, Esquire
Kenneth G. Turkel, Esquire
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
kturkel@bajocuva.com
svogt@bajocuva.com
*Attorneys for Plaintiffs*

*s/ David Banker, Esq.*

2

## **DEFENDANT'S PROPOSED INSTRUCTION 20B**

**Breach of Agreement – Construction against Employer Seeking to Enforce Confidentiality Agreement against Former Employee**

You may find that, even after you have determined and considered the surrounding facts and circumstances, what the parties intended a particular written provision to mean is still not clear to you.  If, and only if, you have determined and considered the facts and circumstances surrounding the formation of the agreement and still cannot determine which of the possible, reasonable meanings was intended by the parties, you should apply the following rule of law:

In choosing between the possible meanings of language in a written agreement, the meaning that operates against the employer seeking to enforce a non-disclosure or confidentiality agreement against a former employee is generally the preferred meaning.

*__Authority__: Amex Distributing Co. v. Mascari, 150 Ariz. 510, 514, 724 P.2d 596, 600 (Ct. App. 1986).*

## **DEFENDANT'S PROPOSED INSTRUCTION 21CC**

### Did Scottsdale and Alpine own the information which they claim as "Confidential" under the Employee Nondisclosure Agreement?

Alpine and Scottsdale claim that Mr. Frankel materially breached the Employee Nondisclosure Agreement, dated July 1, 2015. The first issue for you to decide is whether Alpine and Scottsdale owned the information they claim as confidential.

Alpine and Scottsdale have the burden of proving by a preponderance of the evidence that they own the information which they claim as confidential.

## **DEFENDANT'S PROPOSED INSTRUCTION 21E**

Customer information in the micro-cap securities business is not confidential information if the customers in the micro-cap securities business do business with multiple broker dealers and / or the customers are known amongst the broker dealers in the micro-cap securities business.

Customer information also is not confidential to the extent that the information can be obtained from public sources, even if some effort may be required to obtain the information from public sources.

*Authority*: *Amex Distributing Co. v. Mascar*, 150 Ariz. 510, 517, 724 P.2d 596, 603 (Ct. App. 1986).

80F0087.DOCX

## **DEFENDANT'S PROPOSED INSTRUCTION 21EE**

The law does not require a former employee to unlearn what the former employee has learned while working for a former employer. Mr. Frankel did not have to unlearn what he learned while working for Alpine, and Mr. Frankel did not materially breach the Employee Nondisclosure Agreement, if he used for his benefit or shared with others information which he learned while working for Alpine.

*__Authority__: Amex Distributing Co. v. Mascar, 150 Ariz. 510, 516-517, 724 P.2d 596, 602-603 (Ct. App. 1986).*

80F0034.DOCX