UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.                                        Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

**Defendant's Motion for Reconsideration of Order Granting
Plaintiffs' Ore Tenus Motion to Prohibit Testimony of David Jarvis**

The defendant respectfully requests that the Court reconsider its order granting the plaintiffs' ore tenus motion (on April 23, 2021) to prohibit the defendant from calling David Jarvis as a trial witness.

**I.  INTRODUCTION**

The plaintiffs invited error into these proceedings by making an eve-of-trial, ore tenus motion that deprived the Court of the opportunity to consider (and the defendant of a fair opportunity to present) the record evidence and applicable law that required denial of the plaintiffs' motion to prohibit Jarvis.

Rule 26(e) did not require supplemental disclosure of Jarvis. Furthermore, the plaintiffs waived any argument that Jarvis was a prohibited witness when they did not object to the Court considering Jarvis's declaration in ruling on the

cross motions for summary judgment. Regardless, the absence of a supplemental disclosure of Jarvis is harmless and substantially justified.

## II.   ARGUMENT

### A.   Rule 26(e) did not require a supplemental disclosure of Jarvis.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "each individual likely to have discoverable information." And Rule 26(e)(1) requires a party to supplement that disclosure (of each individual likely to have discoverable information) if an individual "has not otherwise been made known to the other parties during the discovery process or in writing."

In this case, when the defendant served his initial disclosures (Doc. 35-3), the plaintiffs had not identified the confidential information that they were claiming the defendant had misappropriated. *See* Doc. 47 (granting defendant's motion to dismiss for failing to identify the allegedly misappropriated confidential information (Doc. 38)). So the defendant did not know what the plaintiffs' claims were about when he served his initial disclosures.

But the plaintiffs must have known that Jarvis was an "individual likely to have discoverable information" when they issued a subpoena to Jarvis on June 5, 2019. (Doc. 76-1 at 10). Otherwise, it would have been improper for the plaintiffs to subpoena Jarvis.

Thus, a month later, on July 16, 2019, when the defendant filed his answer and defenses (Doc. 95) to the plaintiff's second amended complaint (which finally

identified the confidential information allegedly misappropriated), Rule 26(e)(1) did not require a supplemental disclosure of Jarvis, whom the plaintiffs had already subpoenaed. *See* Fed. R. Civ. P. 26(e)(1) (limiting supplemental disclosure requirement to individuals who have "not otherwise been made known to the other parties during the discovery process or in writing").

### B. The plaintiffs waived any argument that Jarvis was a prohibited witness.

Federal Rule of Civil Procedure 37(c)(1) provides that a party may be prohibited from using a witness "to supply evidence on a motion, at a hearing, or at a trial" if the party does not identify the witness in a supplemental disclosure required under Rule 26(e).

In this case, the plaintiffs did not argue that Jarvis was a prohibited witness when the Court considered Jarvis's declaration (Doc. 128-2) in ruling on the cross motions for summary judgment. *See generally* Doc. 139 and preceding filings. The plaintiffs filed a motion to strike summary judgment evidence that they considered improper. *See* Doc. 127 (moving to strike portions of defendant's summary judgment motion). But the plaintiffs did not move to strike Jarvis's declaration (Doc. 128-2) or otherwise argue that Jarvis was a prohibited witness.

If the plaintiffs' position was that Jarvis was a prohibited witness, then the plaintiffs should have taken that position when the defendant first used Jarvis as a witness. By failing to argue that Jarvis was a prohibited witness on summary

3

judgment, the plaintiffs have waived any argument that defendant should be prohibited from calling Jarvis as a witness at trial.

### C.   The defendant is allowed to call Jarvis as a witness.

Jarvis's testimony must be allowed for impeachment purposes. Cmts. to 1993 Am. to Fed. R. Civ. P. 37 ("As disclosure of evidence offered solely for impeachment purposes is not required under [Rules 26(a) and 26(e)], this preclusion sanction likewise does not apply to that evidence."). Using Jarvis as a witness for impeachment purposes cannot be prohibited under Rule 37(c). *See id.* Furthermore, the defendant should not be prohibited from using Jarvis as a witness for other purposes.

Federal Rule of Civil Procedure 37(c)(1) provides that a party may be prohibited from using a witness not identified in a required supplemental disclosure "unless the failure was substantially justified or is harmless." The disjunctive *or* means that either harmlessness or substantial justification may be independent grounds for allowing the witness to testify. *See id.* In this case, Jarvis should be allowed to testify on both grounds.

#### 1.   The absence of a supplemental disclosure of Jarvis is harmless.

The absence of a required disclosure is "harmless" when the opposing party has sufficient time to prepare. *Taylor v. Mentor Worldwide LLC*, 940 F. 3d 582, 593 (11th Cir. 2019). In that case, the Eleventh Circuit affirmed the trial court's "finding that the nondisclosure at issue was 'harmless' given the additional time

4

[the opposing party] had to prepare for [the expert witness's] cross-examination."

*Id.*

In this case, more than a year has passed since the defendant included Jarvis as the third witness on his list of trial witnesses. *See* Doc. 165-4. On January 13, 2020, Frankel filed his trial witness list identifying Jarvis as his third witness:

> The defendant, Christopher L. Frankel, may call the following persons as witnesses to testify at trial:
>
> 1. Christopher L. Frankel, 4301 W Watrous Avenue, Tampa FL 33629
>
> 2. Stephen J. Czarnick, Esquire, 245 Park Avenue, 39th Floor, New York, NY 10167
>
> 3. David Jarvis, Esquire, 29264 Weston, Novi, MI 48377
>
> . . . .

(Doc. 165-4).[1]

Thus, for more than a year, the plaintiffs have known that Jarvis was the third witness on the defendant's list of trial witnesses. (Doc. 165-4). The plaintiffs have therefore had plenty of time to prepare to cross examine Jarvis. The absence of a supplemental disclosure of Jarvis under Rule 26(e) is harmless. *Taylor,* 940

---

1. The defendant listed twenty-one additional witnesses on this list (Doc. 165-4), but now only plans to call three witnesses (Frankel, Czarnick, and Jarvis) based on the narrowed list of witness received informally from the plaintiffs. The plaintiffs' initial trial witness list included thirteen witnesses (Doc. 165-3), nine of which were not identified in the plaintiffs' initial disclosures (Doc. 35-2).

F. 3d at 593. Furthermore, the plaintiffs knew about Jarvis during the discovery period—they subpoenaed Jarvis's records. (Doc. 76-1 at 10).

### 2. The absence of a supplemental disclosure of Jarvis is substantially justified.

It was reasonable for the defendant to believe that Rule 26(e) did not require supplemental disclosure of Jarvis as an "individual likely to have discoverable information" because Jarvis had already been the subject of the plaintiffs' discovery. When the defendant filed his answer and defenses (Doc. 95) to the plaintiff's second amended complaint (which had finally identified the confidential information allegedly misappropriated), the plaintiffs had already subpoenaed Jarvis. Thus, the defendant's reasonable belief that it was unnecessary to make a supplemental disclosure of Jarvis as an "individual likely to have discoverable information" was substantially justified.

It was reasonable for the defendant to believe that Rule 26(e) did not require supplemental disclosure of Jarvis when the plaintiffs did not raise a Rule 37(c) challenge the first time that the defendant used Jarvis as a witness. The defendant's reasonable reliance on the plaintiffs' acquiescence in the defendant's using Jarvis as a witness is a substantial justification under Rule 37(c). *See also* discussion *infra* Part B.

Furthermore, the defendant cannot have been reasonably expected to disclose Jarvis as an "individual likely to have discoverable information" about the plaintiffs' unpled claims regarding Vision. The plaintiffs' evolving theory of

6

their case did not arrive at Vision until after the defendant had already disclosed Jarvis as the third witness on defendant's list of witnesses for trial. The plaintiffs' second amended complaint (Doc. 61) does not allege any claims involving Vision, and the plaintiffs first made accusations regarding Vision in their motion to stay action and re-open discovery (Doc. 189) filed two days before the second pretrial conference on March 11, 2020 (Doc. 193).

### D. The plaintiffs' argument that Jarvis is barred by the sword-and-shield doctrine was unfounded.

The plaintiffs' ore tenus motion included argument the defendant is barred from calling Jarvis as a witness by the sword-and-shield doctrine.

The plaintiffs read to the Court a letter sent by Jarvis to the plaintiffs' prior counsel on June 20, 2019, in which Jarvis notified the plaintiffs of the defendant's assertion of the attorney-client privilege. The plaintiffs read to the Court an email sent to Jarvis by the defendant's counsel on June 13, 2019, in which the defendant's counsel asserted the attorney-client privilege.

The plaintiffs did not give the Court the full story.

On June 6, 2019, the plaintiffs served the defendant with a notice of subpoenas issued to Jarvis (and nine others) on June 5, 2019. The subpoena issued to Jarvis on June 5, 2019 (Doc. 76-1 at 10–13), requested all of Jarvis's communications with the defendant during the prior four years, without any limitation on the subject matter of the communications. *See* Doc. 76-1 at 13.

On June 19, 2019, the defendant filed a timely motion to quash (Doc. 76), challenging the time-period of the subpoena as overbroad and the subpoena's failure to limit the subject matter of the communications that it commanded Jarvis to produce. (Doc. 76 at 1–2). The motion to quash also raised the attorney-client privilege. (Doc. 76 at 3).

On June 20, 2019, the plaintiffs' prior counsel sent the email attached hereto as Exhibit 1, agreeing to narrow the request to "All nonprivileged Documents and Communications between [Jarvis] and [the defendant] since June 1, 2018." The plaintiffs' prior counsel did not agree to any subject matter limitations on the subpoena.[2]

During the hearing on the defendant's motion to quash, Judge Tuite agreed that there should be subject matter limitations and "direct[ed] the parties to confer and agree upon subject matter limitations that are reasonable." (Doc. 97). On July 24, 2019, the parties agreed to limit the subject matter to documents or communications that "that referred to, used, incorporated, or attached any information of or related to [the plaintiffs]." (Doc. 101).

The defendant did not assert the attorney-client privilege as to the subpoena narrowed by agreement of the parties on July 24, 2019, following Judge Tuite's ruling.

---

2. The plaintiffs' prior counsel did agree that they would "not require any of the third-parties to comply with Plaintiffs' subpoenas until after Defendant's Motion to Quash is heard." Ex. 1.

8

During their ore tenus motion, the plaintiffs represented to the Court that the defendant asserted the attorney-client privilege to prevent all discovery from Jarvis. The plaintiffs read to the Court a cherry-picked letter and email from June 2019, which asserted the attorney-client privilege to the records subpoena when it was overbroad and before it was narrowed by agreement of the parties in July 2019. The defendant did not assert the attorney-client privilege as to the narrowed subpoena, and the defendant did nothing to prevent the plaintiffs from taking a deposition of Jarvis.

### III.   CONCLUSION

David Jarvis is not a surprise witness. The plaintiffs knew Jarvis had discoverable information two years ago when they issued a subpoena to Jarvis. The plaintiffs did not argue that Jarvis was a prohibited witness when the court considered Jarvis's declaration in ruling on the cross motions for summary judgment filed a year and half ago. And the plaintiffs knew more than a year ago that Jarvis was third on the defendant's list of trial witnesses.

Rule 26(e) did not require supplemental disclosure of Jarvis. Furthermore, the plaintiffs waived any argument that Jarvis was a prohibited witness when they did not raise a Rule 37(c) challenge the first time that the defendant used Jarvis as a witness. Jarvis is allowed to testify for impeachment purposes and should be allowed to testify for other purposes on both grounds of harmlessness and substantial justification. Furthermore, the plaintiffs' argument regarding the sword-and-shield doctrine is unfounded.

9

WHEREFORE, the defendant respectfully requests that the Court (a) grant this motion; (b) reconsider its Order granting the plaintiffs' ore tenus motion (on April 23, 2021) to prohibit the defendant from calling David Jarvis as a trial witness; (c) allow the defendant to call David Jarvis as a trial witness; and (d) grant any further relief deemed proper.

### Local Rule 3.01(g) Certification

Counsel for the defendant conferred with counsel for the plaintiffs by telephone on June 24, 2021, regarding this motion for reconsideration and counsel for the plaintiffs does not agree to the relief requested.

*s/ David C. Banker, Esq.*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary:  aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

### Certificate of Service

I certify that on April 24, 2021, I caused the foregoing to be filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*s/ David C. Banker, Esq.*
