UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.                                         Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

**Defendant's Motion to Prohibit Plaintiffs from
Introducing Undisclosed Damages Computations and
Soliciting Testimony about Frankel's Compensation**

The defendant, Christopher Frankel, requests under Federal Rule of Civil Procedure 37(c)(1) that the Court prohibit the plaintiffs from introducing at trial any undisclosed damages computations, including the undisclosed damages computation that the plaintiffs first referenced during the pretrial hearing two days ago on April 23, 2021, during which the plaintiffs first claimed that their damages computation is based on all of Frankel's compensation since he left Alpine.

Because two days ago the plaintiffs indicated that they would solicit testimony from Frankel about all of his compensation since he left Alpine (which, as discussed below is contrary to the Court's prior rulings and the law regarding disclosure of damages computations), Frankel requests that the instant motion

be heard outside the jury's presence before Frankel is called to testify by the plaintiffs.

## I. BACKGROUND

### A. The plaintiffs' new, undisclosed damages computation depends on soliciting testimony from Frankel about all of Frankel's compensation since he left Alpine.

During the pretrial hearing two days ago on April 23, 2021, the plaintiffs claimed that an element of their damages computation is all of Frankel's compensation since he left Alpine:

> His unjust enrichment, what he's been paid since he left, is damages in this case under the trade secrets clause, absolutely, 100 percent, and if he gets on the witness stand and doesn't answer it at trial – it's one thing not to answer it in discovery subject to reopening and your limiting me, but I'm going to ask him at trial, Judge, and if he asserts – or doesn't answer it at trial, well, then we can talk about striking their defenses, because, you know, it is a relevant, legally-supported element of damages under a trade secret claim all night and all day.

Transcript from Pretrial Hearing on April 23, 2021, at 85:8–17.

### B. The plaintiffs have never disclosed a damages computation involving Frankel's compensation, and the Court has already denied the plaintiffs' requests to compel Frankel to disclose his compensation.

The plaintiffs have never disclosed a damages computation that includes Frankel's compensation as an element. Indeed, during the pretrial conference that took place more than a year ago, the plaintiffs said they "don't care about [Frankel's] compensation":

> Judge, let me be clear. I don't care about his compensation. What I care about is whether he profited off of clients that would be subject

2

>to a nondisclosure, nonsolicitation agreement,[1] trade secrets violation. That's it. It's not trying to find out what he made. It's trying to find out what our clients paid that entity and if they were clients that he brought over. It's a very simple, very common damages theory in these cases. So it's not – I think they are misspeaking when they keep saying I'm not allowed to know his comp.

Transcript from Pretrial Hearing on March 11, 2020, at 70:23–71:8.

During that hearing, the Court denied the plaintiffs' request to compel Frankel to produce tax documents reflecting his compensation from Atlas and Vision. *See* Doc. 189 at 6, ¶ B(2) (requesting compensation from Atlas); *id.* ¶ B(3) (requesting compensation from Vision); Tr. Hrg. Mar. 11, 2020, at 70:15 ("I'm denying No. 2. I'm denying No. 3.").

### C. The Court's prior ruling on Frankel's motion in limine prohibits the plaintiffs from soliciting evidence of Frankel's compensation as an element of their undisclosed damages computation.

Frankel timely filed a motion in limine (Doc. 148) under the scheduling order (Doc. 29). In the motion in limine, Frankel requested that the Court prohibit the plaintiffs from attempting to offer evidence of damages. (Doc. 148 at 9). Frankel cited in his motion in limine the plaintiffs' ongoing failure to disclose a damages computation, the plaintiffs' admission that an expert was necessary to determine their damages, and the plaintiffs' failure to comply with the expert-disclosure requirement, resulting in the striking of their expert. (Doc. 148 at 2–4, ¶¶ 1–14).

---

1. There is zero evidence of Frankel entering into any agreement that could accurately be described as a nonsolicitation agreement.

3

During the hearing on Frankel's motion in limine, the Court asked the plaintiffs if they had ever produced damages documents other than "the Hurry deposition documents." *See* Transcript from Pretrial Hearing on June 26, 2020, at 24:21–24.[2] The plaintiffs responded that their other damages documents also included the documents produced by Vision. *Id.* at 24:25–25:2.

When confronted about the plaintiffs' failure to disclose a damages computation, the plaintiffs referred the Court to Hurry's deposition testimony:

> . . . John Hurry gave testimony pointing to drops in revenue and contributing to causation and breach of nondisclosures. That's in their moving papers, paragraph 7 and 8 in their motion in limine.

*Id.* at 34:9–12.

The plaintiffs later represented to the Court that they were not trying to add anything to Hurry's deposition testimony about damages other than the Vision documents:

> We are locked down on what Hurry said in his deposition. We're not trying add to what his deposition said or the documents produced at his deposition. It's not like we are adding that. What we are adding is the Vision discovery we got pursuant to court order post-discovery cutoff.

*Id.* at 40:18–23.

---

2. The "Hurry deposition documents" refers to the Exhibits 29 to 34 to Hurry's deposition, which the plaintiffs produced when Hurry produced was deposed. *See, e.g.*, *id.* at 22:17–20.

The plaintiffs admitted that, setting aside their claim that Hurry's deposition testimony was a damages computation,[3] they had never disclosed a computation of damages:

> THE COURT: Let me ask you something, Mr. Turkel. Did you ever produce a computation of damages other than these documents we have already discussed?
>
> MR. TURKEL: Judge, we did not produce a summary of damages, but I don't think there is anything in the law that said I can't put a corporate rep on or a CEO to testify here's what our revenues were and here's what they weren't. I don't have to have an expert to do that. They moved to strike an expert anyway because they said we didn't have disclosures.

Hrg. Tr. June 26, 2020, at 41:9–18.

The Court granted in part and denied in part Frankel's motion in limine. (Doc. 230). The Court ruled during the hearing that the plaintiffs were prohibited from introducing any evidence of damages other than the specific documents discussed at the hearing:

> All right. Here's what I think. I think that regular discovery documents that were produced under Rule 26 and Vision documents that were produced after this Court's order can come in. Those documents are part of the case per my order, per Judge Tuite's order. I think anything else with respect to damages that hasn't been produced, it's not coming in. So that's my ruling.

Hrg. Tr. June 26, 2020, at 52:17–23.

---

3. Hurry's deposition testimony did not include any computation of damages. *See* Doc. 115 at 155:14–177:10.

5

## II. ARGUMENT

### A. The plaintiffs must be prohibited from introducing at trial any undisclosed damages computations.

Federal Rule of Civil Procedure 37(c)(1) prohibits a party from introducing at trial a damages computation that the party did not disclose under Federal Rule of Civil Procedure 26.

Rule 26(a) requires an initial disclosure of "a computation of each category of damages claimed by the disclosing party" and a production of the documents "on which each computation is based." Rule 26(e) requires a party to supplement that initial disclosure.

Disclosing how one plans to compute damages is not enough—if the actual computation is not disclosed, then it must be excluded. *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co., Ltd.*, __ F.3d __, Case No. 19-12547, 2021 WL 1308336 (11th Cir. Apr. 8, 2021). In that case, the Eleventh Circuit affirmed the trial court's exclusion of lost-profit damages based on the claimant's failure to disclose its computation of those damages. *Id.* at *6–7. The claimant argued that the nondisclosure was "harmless" because the claimant had disclosed "how it planned to do the computations." *Id.* at *6. The trial court rejected this argument and the Eleventh Circuit affirmed. *Id.* at *7.

In this case, Rule 37(c)(1) prohibits the plaintiffs from introducing undisclosed damages computations at trial. The plaintiffs' initial disclosure did not include a computation of damages. *See* Doc. 35-2 at 5–6, ¶ 3. In their initial

disclosure, the plaintiffs stated that their damages "are unknown at this time." *Id.* at 5. The plaintiffs listed "categories of damages" that they "intend to seek," but did nothing more than vaguely identify the types of damages that might be recoverable. *Id.* at 6. But listing the categories that they planned to seek was not enough—an actual computation must be disclosed. *See* Circuitronix, 2021 WL 1308336, at *6–7.

The plaintiffs must concede that they never supplemented their initial disclosure to provide an actual damages computation. The deposition testimony of Hurry relied on by the plaintiffs during the prior hearing on Frankel's motion in limine (*see* Hearing Transcript quoted above at p.4) does not include an actual computation of damages. *See* Doc. 115 at 155:14–177:10. When asked about a damages computation, Hurry testified "we are still piecing that together." Doc. 115 at 155:14–20.

Because the plaintiffs have never disclosed an actual computation of damages, the plaintiffs must be prohibited from introducing any undisclosed damages computations at trial. *See* Circuitronix, 2021 WL 1308336, at *6–7.

**B.     The plaintiffs must be prohibited from soliciting testimony from Frankel about all of his compensation since he left Alpine.**

Until two days ago, the plaintiffs never disclosed that—or how—they plan to compute damages based on Frankel's compensation. Two days ago, during the pretrial conference, the plaintiffs first disclosed that they apparently believe that

7

all of Frankel's compensation since he left Alpine is the plaintiffs' "unjust enrichment" damages. *See* Transcript from Pretrial Hearing on April 23, 2021, at 85:8–10 ("His unjust enrichment, what he's been paid since he left, is damages in this case under the trade secrets clause, absolutely, 100 percent, . . ."). The plaintiffs also said they plan to ask Frankel at trial about all of his compensation since he left Alpine. *Id.* at 85:10–17.

Those questions would violate the prior rulings in this case denying the plaintiffs' requests to compel Frankel to disclose the amount of his compensation. *See* Doc. 189 at 6, ¶ B(2) (requesting compensation from Atlas); *id.* ¶ B(3) (requesting compensation from Vision); Tr. Hrg. Mar. 11, 2020, at 70:15 ("I'm denying No. 2. I'm denying No. 3.").

Furthermore, any effort to introduce evidence of damages beyond the Hurry deposition documents and the Vision documents would violate the prior order granting in part Frankel's motion in limine. *See* Doc. 230; Hrg. Tr. June 26, 2020, at 52:17–23.

Furthermore, questioning Frankel about his compensation to back-door in a new and undisclosed damages computation is not permitted under Rule 37(c)(1). *See Circuitronix*, 2021 WL 1308336, at *6–7. *See also Mort Dorvil v. Nationstar Mortgage LLC*, \_\_ Fed. Appx. \_\_, Case No. 20-11069, 2021 WL 1546024, at *1 (11th Cir. Apr. 20, 2021) (affirming trial court's order prohibiting undisclosed damages computation; rejecting argument that the party's "failure to

8

supplement the record to indicate the amount of damages he sought" was "harmless").

### III. CONCLUSION

The plaintiffs have never disclosed to Frankel the amount of damages that they are claiming, let alone "a computation of each category of damages claimed." The rules do not allow a party to compute their damages on the fly during a trial. Allowing the plaintiffs to do that here would not be "harmless"; nor is the plaintiffs' failure "substantially justified." *See* Fed. R. Civ. P. 37(c)(1).

WHEREFORE, the defendant, Christopher Frankel, requests (1) that the Court consider this motion outside the jury's presence before Frankel is called to testify and (2) that the Court grant this motion and (a) prohibit the plaintiffs from introducing at trial any undisclosed damages computations, including the undisclosed computation involving Frankel's compensation; (b) prohibit the plaintiffs from soliciting testimony from Frankel about all of his compensation since he left Alpine; and (c) grant any further relief deemed proper.

### Local Rule 3.01(g) Certification

Counsel for the defendant conferred with counsel for the plaintiffs by telephone on June 24, 2021, regarding this motion for reconsideration and counsel for the plaintiffs does not agree to the relief requested.

9

*s/ David C. Banker, Esq.*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary:  aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

## Certificate of Service

I certify that on April 25, 2021, I caused the foregoing to be filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*s/ David C. Banker, Esq.*
