UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE TRUST,
SCOTTSDALE CAPITAL ADVISORS CORPORATION,
and ALPINE SECURITIES CORPORATION,

    Plaintiffs,

v.                                           Case No. 8:18-cv-2869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## VERDICT FORM

We, the Jury, return the following verdict:

**I.   THE HURRY FAMILY REVOCABLE TRUST'S CLAIM FOR BREACH OF THE JUNE 22, 2015 NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT**

1. Do you find by a preponderance of the evidence that the Hurry Family Revocable Trust was a Discloser whose Confidential Information was protected under the June 22, 2015 Non-Disclosure and Confidentiality Agreement?

   YES __X__   NO _____

*If you answer "YES" to Question 1, proceed to Question 2. If you answer "NO" to Question 1, your verdict on the Hurry Family Revocable Trust's claim for breach of contract is in favor of Defendant Christopher Frankel, and you should skip Questions 2-5 and proceed to Question 6.*

2. Do you find by a preponderance of the evidence that Defendant, Christopher Frankel, materially breached Paragraph 5 of the June 22, 2015 Non-Disclosure and Confidentiality Agreement by failing to return Confidential Information of the Hurry Family Revocable Trust within ten days of a written request?

   YES __X__   NO _____

*If you answer "YES" to Question 2, proceed to Question 3. If you answer "NO" to Question 2, your verdict on the Hurry Family Revocable Trust's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Questions 3-5 and proceed to Question 6.*

3. Did Mr. Frankel prove by a preponderance of the evidence that the Hurry Family Trust prevented or excused Mr. Frankel from performing his obligation to return Confidential Information within ten days of a written request?

   YES _____ NO __X__

*If you answer "NO" to Question 3, proceed to Question 4. If you answer "YES" to Question 3, your verdict on the Hurry Family Revocable Trust's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Questions 4-5 and proceed to Question 6.*

4. Did any breach by Mr. Frankel of Paragraph 5 of the June 22, 2015 Non-Disclosure and Confidentiality Agreement cause damage to the Hurry Family Trust?

   YES _____ NO __X__

*If you answer "YES" to Question 4, proceed to Question 5. If you answer "NO" to Question 4, your verdict on the Hurry Family Revocable Trust's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Question 5 and proceed to Question 6.*

5. State the total amount of money that will fairly compensate the Hurry Family Revocable Trust for any damage legally caused by a material breach of the June 22, 2015 Non-Disclosure and Confidentiality Agreement by Mr. Frankel. You may award nominal damages if the Hurry Family Revocable Trust has not proven the amount of damages with reasonable certainty.
   $_____

*Please proceed to question 6.*

## II. ALPINE'S CLAIM FOR BREACH OF CONTRACT

6. Do you find by a preponderance of the evidence that Mr. Frankel materially breached Paragraphs 2 and/or 4 of the July 1, 2015 Employee Non-Disclosure and Confidentiality Agreement by using, disclosing, and/or failing promptly to return any of Alpine's Confidential Information?

   YES __X__ NO _____

*If you answered "YES" to Question 6, proceed to Question 7. If you answered "NO" to Question 6, your verdict on Alpine's claim for breach of contract is in favor of Defendant Christopher Frankel, and you should skip Questions 7-9 and proceed to Question 10.*

7. Did Mr. Frankel prove by a preponderance of the evidence that Alpine prevented or excused Mr. Frankel from returning Alpine's Confidential Information under the July 1, 2015 Employee Non-Disclosure and Confidentiality Agreement?

   YES _____ NO __X__

2

*If you answer "NO" to Question 7, proceed to Question 8. If you answer "YES" to Question 7, your verdict on Alpine's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Questions 8-9 and proceed to Question 10.*

8. Did any material breach by Mr. Frankel of Paragraphs 2 and/or 4 of the July 1, 2015 Employee Non-Disclosure and Confidentiality Agreement cause any damage to Alpine?

    YES _____   NO __X__

*If you answer "YES" to Question 8, proceed to Question 9. If you answer "NO" to Question 8, your verdict on Alpine's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Question 9 and proceed to Question 10.*

9. State the total amount of money that will fairly compensate Alpine for the damage legally caused by Mr. Frankel's breach. You may award nominal damages if Plaintiff has not proven the amount of damages with reasonable certainty.

    $_____

*Please proceed to Question 10.*

### III. SCOTTSDALE'S CLAIM FOR BREACH OF CONTRACT

10. Do you find by a preponderance of the evidence that Mr. Frankel materially breached Paragraphs 2 and/or 4 the July 1, 2015 Employee Non-Disclosure and Confidentiality Agreement by disclosing, using, and/or failing to promptly return any of Scottsdale's Confidential Information?

    YES __X__   NO _____

*If you answered "YES" to Question 10, proceed to Question 11. If you answered "NO" to Question 10, your verdict on Scottsdale's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Questions 11-13 and proceed to Question 14.*

11. Did Mr. Frankel prove by a preponderance of the evidence that Scottsdale prevented or excused Mr. Frankel from returning Scottsdale's Confidential Information under the July 1, 2015 Employee Non-Disclosure and Confidentiality Agreement?

    YES _____   NO __X__

3

*If you answer "NO" to Question 11, proceed to Question 12. If you answer "YES" to Question 11, your verdict on Scottsdale's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Questions 12-13 and proceed to Question 14.*

    12. Did any material breach by Mr. Frankel of Paragraphs 2 and/or 4 of the July 1, 2015 Employee Non-Disclosure and Confidentiality Agreement cause any damage to Scottsdale?

        YES _____   NO __X__

*If you answer "YES" to Question 12, proceed to Question 13. If you answer "NO" to Question 12, your verdict on Scottsdale's claim for breach of contract is in favor of Defendant, Christopher Frankel, and you should skip Question 13 and proceed to Question 14.*

    13. State the total amount of money that will fairly compensate Scottsdale for the damage legally caused by Mr. Frankel's breach. You may award nominal damages if Plaintiff has not proven the amount of damages with reasonable certainty.

        $_____

*Please proceed to Question 14.*

    IV.   **ALPINE AND SCOTTSDALE'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS**

    14. Do you find by a preponderance of the evidence that Alpine and/or Scottsdale own valid trade secrets?

        YES __X__   NO _____

*If you answer "YES" to Question 14, proceed to Question 15. If you answer "NO" to Question 14, your verdict on Plaintiffs' claim for misappropriation of trade secrets is in favor of Defendant, Christopher Frankel, and you should skip Questions 15-19 and sign and date this form and return it to the courtroom.*

    15. Do you find by a preponderance of the evidence that Defendant, Mr. Frankel, misappropriated Alpine's and/or Scottsdale's trade secrets?

        (A)   As to Alpine?
                  YES __X__   NO _____
        (B)   As to Scottsdale?
                  YES __X__   NO _____

*If you answer "YES" to Questions 15(A) or 15(B), proceed to Question 16. If you answer "NO" to both Questions 15(A) and 15(B), your verdict on Plaintiffs' claim for misappropriation of*

*trade secrets is in favor of Defendant, Christopher Frankel, and you should skip Questions 16-19, sign and date this form and return it to the courtroom.*

    16. As shown by a preponderance of the evidence, what is the total amount of any actual damage caused by Mr. Frankel's misappropriation of any trade secrets?

        (A)    As to Alpine?

                $ 0

        (B)    As to Scottsdale?

                $ 0

*Please proceed to Question 17.*

    17. As shown by a preponderance of the evidence, what is the total amount of money, if any, by which Mr. Frankel was unjustly enriched as a legal result of any misappropriation of trade secrets?

        $ 932,000

*Please proceed to Question 18.*

    18. Do you find that Mr. Frankel's misappropriation was willful and malicious?

        YES _____    NO   X

*If you answer "YES" to Question 18, proceed to Question 19. If you answer "NO" to Question 18, you should sign and date this form and return it to the courtroom.*

    19. If you find that Mr. Frankel's misappropriation was willful and malicious, how much, in addition to the amount of damages you have already awarded, do you award as exemplary damages?

        (A)    As to Alpine?

                $ _____

        (B)    As to Scottsdale?

                $ _____

SO SAY WE ALL, this <u>30th</u> day of April, 2021.

*[signature]*      Metro Nector Jr.
FOREPERSON