UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES
CORPORATION,                                    CASE NO.: 8:18-cv-02869-VMC-CPT

    Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

    Defendant/Counter-Plaintiff.
_____/

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS FOR ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 6(b)(1)(A), Federal Rules of Civil Procedure, Plaintiffs file this motion seeking entry of an Order extending the deadline for the parties to file their motions to determine entitlement to attorneys' fees and costs until fourteen days after this Court rules on all timely filed post-trial motions. In support of its motion, Plaintiffs state the following:

**INTRODUCTION AND BACKGROUND**

After a week-long trial, on April 30, 2021, the jury returned a verdict finding that Defendant Christopher Frankel ("Frankel"): (1) materially breached the June 22, 2015 Non-Disclosure and Confidentiality Agreement; (2) materially breached the July 1, 2015 Employee Non-Disclosure & Computer Use Agreement; (3) was not excused

from his performance under the two agreements; and (4) misappropriated Alpine's and Scottsdale's trade secrets. *See* Dkt. 302. After the Court dismissed the jury, Plaintiffs advised the Court that it must still resolve Plaintiffs' claims for injunctive relief[1] and informed the Court they would file a motion briefing the issue. Similarly, Defendant represented that he intends to file a renewed motion for judgment as a matter of law. A week later, on June 7, 2021, the Clerk of Court entered a Judgment in a Civil Case ("Judgment"), starting the fourteen-day clock on the parties' deadline to file their motions seeking attorneys' fees and costs. *See* Dkt. 304.

As set forth below, Plaintiffs request that the Court extend the deadlines for the parties to file their motion for attorneys' fees and costs given the fact that both parties intend to file motions which could result in an amended final judgment. Good cause exits for the Court to do so.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 54(d)(2), Federal Rules of Civil Procedure, and Local Rule 7.01, within fourteen days after entry of a judgment, the party claiming entitlement to attorneys' fees and costs must file a motion seeking a judicial determination on the issue. In the motion, the movant must specify the grounds entitling the movant to the award, state the amount sought or provide a fair estimate of the amount sought, and provide a memorandum of law in support. Local Rule 7.01(b), M.D. Fla. Although

---

[1] The Court presides as the trier of fact on equitable claims. *See Ford v. Citizens and Southern Nat. Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991); *United States v. Meyer*, 276 F.Supp.3d 1290, 1293-1294 (S.D. Fla. 2019).

4814-2355-2746, v. 1

Local Rule 7.01 requires motions seeking entitlement to fees be filed within fourteen days of the judgment, pursuant to Rule 6(b), Federal Rules of Civil Procedure, the Court may, for good cause shown, extend the time for compliance with Local Rule 7.01(b). *See, e.g.*, *Campbell v. S. Fla. Barbeque, Inc.*, No. 2:10-CV-623-FTM-29, 2011 WL 4389647, at *1 (M.D. Fla. Sept. 21, 2011), *amended,* No. 210CV623FTM29SPC, 2011 WL 13323147 (M.D. Fla. Oct. 3, 2011) (granting plaintiff's Unopposed Motion for Extension of Time to File Motion for Attorneys' Fees and Costs).

Good cause exists to extend the time for compliance with Local Rule 7.01(b). Prior to the Clerk of Court entering the Judgment, both Plaintiffs and Defendant represented to the Court that they intend to file motions to alter or amend the Judgment. Plaintiffs plan to file, pursuant to Rules 59(e) and 65, Federal Rules of Civil Procedure, a motion for entry of a permanent injunction and to amend the judgment in conformity with it. "A timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment "pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001).

In *Members First*, the Eleventh Circuit reversed the district court's denial of plaintiff's motion seeking attorneys' fees. *Id*. There, the district court entered judgment on September 30, 1999, and defendant timely filed a motion pursuant to Rule 59 to alter or amend the judgment. *Id*. at 806. The trial court denied defendant's motion on November 10, 1999, and plaintiff filed its motion for attorneys' fees thirteen days later.

3

*Id*. The district court denied plaintiff's motion for attorneys' fees as untimely because plaintiff did not file it within 30 days of the entry of judgment – the deadline under the applicable local rules. *Id*. However, "[b]ecause the finality of a judgment is effectively postponed by the timely filing of a motion under Rule 59" the Eleventh Circuit held that the plaintiff's motion for attorney's fees "filed within 30 days of the entry of final judgment as permitted by N.D. Fla. R. 54.1, was timely." *Id.* at 807.

Furthermore, Defendant also represented that he intends to file, at a minimum, a renewed motion for judgment as a matter of law. Rule 50(b) motions also suspend the finality of a judgment. Fed. R. App. P (a)(4)(A)(i); *see also Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999) ("…the finality of a judgment is negated by the timely filing of a motion under Rule 50(b), 52(b), or 59…"); *Fiore v. Washington Cty. Cmty. Mental Health Ctr.*, 960 F.2d 229, 234 (1st Cir. 1992) (same). Naturally, if the Court grants either Plaintiffs' motion or Defendant's motion, the Court will amend or alter the Judgment. If the Judgment changes, so does the analysis of which parties are (or may be) entitled to recover attorneys' fees and costs.

Additionally, because Local Rule 7.01 requires the parties to "specifi[y] the judgment and the statute, rule, or other ground entitling the movant to the award," and provide the Court with a memorandum of law in support, granting this extension would conserve both the Court's and the parties' resources. It makes little sense to brief the entitlement issue now when both Plaintiffs and Defendant represented to the Court that they intend to file motions that operate to suspend the finality of the Judgment. Without an extension of time, both Plaintiffs and Defendant must prepare and file

4

4814-2355-2746, v. 1

motions prior to the May 21, 2021 deadline. Then, if the Court grants either Plaintiffs' or Defendant's post-trial motion, the parties will be required to prepare and file amended entitlement motions to address the amended or altered judgment. Conversely, no party will suffer prejudice should this Court extend the deadline to file entitlement motions.

### Local Rule 3.01(g) Certification

On May 18, 2021, pursuant to Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for Defendant via telephone regarding the relief sought in this Motion. Defendant opposes Plaintiffs' Motion.

WHEREFORE, Plaintiffs request that this Honorable Court grant this motion and enter an order extending the deadline for the parties to file their motions to determine entitlement to attorneys' fees and costs until fourteen days after this Court rules on all timely filed post-trial motions.

Dated:  May 19, 2021	Respectfully submitted,

/s/ *Kenneth G. Turkel*
Kenneth G. Turkel – FBN 867233
E-mail:  kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail:  svogt@bajocuva.com
David A. Hayes – FBN 96657
E-mail: dhayes@bajocuva.com
James C. Mooney – FBN 111668
E-mail: jmooney@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199 | Fax: (813) 443-2193

and

>Kristin A. Norse
>Florida Bar No. 0965634
>KNorse@kmf-law.com
>Katherine Earle Yanes
>Florida Bar No. 0159727
>KYanes@kmf-law.com
>KYNES, MARKMAN & FELMAN, P.A.
>Post Office Box 3396
>Tampa, FL 33601
>(813) 229-1118
>(813) 221-6750
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 19, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

>*/s/ Kenneth G. Turkel*
>Attorney