UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES
CORPORATION,                                    CASE NO.: 8:18-cv-02869-VMC-CPT

        Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

        Defendant/Counter-Plaintiff.
_____/

## PLAINTIFFS' MOTION FOR ENTITLEMENT
## TO ATTORNEYS' FEES, TAXABLE COSTS, AND
## NON-TAXABLE COSTS AND INCORPORATED MEMORANDUM OF LAW

Table of Contents

INTRODUCTION AND BACKGROUND ........................................................... 3

ARGUMENT AND INCORPORATED MEMORANDUM OF LAW ................ 3

   I.   Arizona law governs entitlement to attorneys' fees and non-taxable costs. ...... 4

      A.  The legal standard for identifying the "successful party." ........................... 4

      B.  The legal standard for awarding attorneys' fees........................................... 6

   II.  Alpine and Scottsdale are entitled to their attorneys' fees and costs. .............. 7

      A.  Alpine and Scottsdale are the "successful parties."..................................... 7

      B.  As the successful parties, Alpine and Scottsdale are entitled to recover their attorneys' fees and costs from Frankel. ........................................................... 10

   III.   This Court should award the Hurry Trust its attorneys' fees and costs. ...... 12

      A.  The Hurry Trust is the "successful party." ................................................ 12

      B.  The Court should, in its discretion, award the Hurry Trust its attorneys' fees and costs. ........................................................................................................... 13

   IV.   Plaintiffs are also entitled to their taxable costs under 28 U.S.C. §1920. ..... 15

      A.  Fees for the clerk and marshal................................................................. 18

      B.  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case. .............................................................................................. 19

      C.  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. .......................... 21

      D.  Total Taxable Costs................................................................................. 22

   V.  CONCLUSION ....................................................................................... 23

Local Rule 3.01(g) Certification ....................................................................... 23

4820-1031-6010, v. 2

Pursuant to Rule 54(d), Federal Rules of Civil Procedure, and Local Rule 7.01, Plaintiffs file this motion seeking entry of an Order finding that Plaintiffs are entitled to recover their attorneys' fees, taxable costs, and non-taxable costs from Defendant. In support of their motion, Plaintiffs state the following:

## INTRODUCTION AND BACKGROUND

After a week-long trial, on April 30, 2021, the jury returned a verdict finding that Defendant Christopher Frankel ("Frankel"): (1) materially breached the June 22, 2015 Non-Disclosure and Confidentiality Agreement ("NDA"); (2) materially breached the July 1, 2015 Employee Non-Disclosure & Computer Use Agreement ("Employee Agreement"); (3) was not excused from his performance under the NDA or Employee Agreement; and (4) misappropriated Alpine's and Scottsdale's trade secrets. *See* Dkt. 302. The jury awarded Alpine and Scottsdale $932,000.00 on the claims for misappropriation of trade secrets.

Shortly thereafter, the Clerk of Court entered a Judgment in a Civil Case which entitles Plaintiffs to recover their attorneys' fees and costs from Frankel. *See* Dkt. 304. For the reasons set forth below, Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to Ariz. Rev. Stat. § 12-341.01(A) and the Employee Agreement. Plaintiffs reasonably estimate the attorneys' fees and non-taxable costs which they seek to recover total $1,200,284.41. Plaintiffs are also entitled to recover $21,034.65 in taxable costs.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

Alpine, Scottsdale, and the Hurry Trust are the successful parties in this

3

litigation.  As such, this Court should enter an order finding that they are entitled to recover their attorneys' fees, taxable costs and non-taxable costs from Frankel.

## I.      Arizona law governs entitlement to attorneys' fees and non-taxable costs.

Federal courts sitting in diversity—as the Court is here—apply state substantive law and federal procedural law. *McMahon v. Toto*, 256 F.3d 1120, 1131-32 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002). The issue of entitlement to attorneys' fees and non-taxable costs is considered substantive and therefore governed by state law. *See id*.

Arizona law governs both the NDA and the Employee Agreement. [Joint Ex. 1 and 2]. An Arizona statute provides the right to recover attorney's fees in contract cases: "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-341.01(A). Furthermore, under Arizona law, courts must read Arizona contracts to incorporate applicable statutes to the extent they are not inconsistent with each other. *Am. Power Prod., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, 396 P.3d 600, 604 (Ariz. 2017). Therefore, when a contract uses the term "prevailing party," but does not define it, section 12-341.01(A) is incorporated by operation of law for the purpose of defining the "prevailing" or "successful" party. *Id*.

### A.      The legal standard for identifying the "successful party."

To identify a "successful party" in cases with multiple claims and counterclaims, Arizona courts have repeatedly considered the "percentage of success"

or the "totality of the litigation." *Schwartz v. Farmers Ins. Co. of Ariz.,* 166 Ariz. 33, 38, 800 P.2d 20, 25 (Ariz.Ct.App.1990); *see also Nataros v. Fine Arts Gallery of Scottsdale, Inc.,* 126 Ariz. 44, 49, 612 P.2d 500, 505 (Ariz.Ct.App.1980). Similarly, Arizona courts have identified the "net winner" as the "successful party" in cases involving claims and counterclaims. *Berry v. 352 E. Virginia. L.L. C.,* 228 Ariz. 9, 13, 261 P.3d 784, 789 (Ariz.Ct.App.2011) (citing *Ayala v. Olaiz,* 161 Ariz. 129, 131, 776 P.2d 807, 809 (Ariz.Ct.App.1989)).

A party may be "successful" under the Arizona statute, and thus receive attorney's fees, even though the party did not obtain the full relief sought in the action. *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.,* 178 Ariz. 425, 430, 874 P.2d 982, 987 (Ariz.Ct.App.1994)). Where a party is not successful on all its claims, courts generally will not award fees incurred by a party *solely* in pursuit of unsuccessful claims that were *unrelated* to the claims on which it did prevail. *See, e.g., Berry,* 228 Ariz. at 14, 261 P.3d at 789 ("When a case involves claims based upon different facts or legal theories ... the court may decline to award fees for those unsuccessful separate and distinct claims") (internal quotations omitted). Here, because the Plaintiffs' claims are inextricably intertwined, the Court need not differentiate between Plaintiffs' fees and costs expended on the breach of contract and trade secret claims. *Skydive Arizona, Inc. v. Hogue*, 238 Ariz. 357, 369, 360 P.3d 153, 165 (Ariz. Ct. App. 2015) ("Claims are interwoven when they are based on the same set of facts and involve common allegations, which require the same factual and legal development.").

### B.      The legal standard for awarding attorneys' fees.

Generally, the trial court has "broad discretion" as to whether to grant attorney's fees in a suit arising out of an Arizona contract. *Associated Indem. Corp. v. Warner,* 694 P.2d 1181, 1184 (Ariz.1985). The Arizona Supreme Court explained this discretion by noting the trial court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 1185 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). To help guide the trial court's discretion, the Arizona Supreme Court has articulated several factors, in addition to the meritorious nature of the claim, that are "useful to assist the trial judge" in assessing the need for an award: (1) the merits of the opposing party's claim or defense; (2) whether the litigation could have been avoided; (3) whether awarding fees would "cause an extreme hardship" for the unsuccessful party; (4) the extent to which the successful party prevailed; (5) whether the legal question presented was novel; and (6) whether an award in one case would "discourage other parties with tenable claims or defenses from litigating ... for fear of incurring liability for substantial amounts of attorney's fees." *Id.* at 1184. No one factor is determinative, and the Court should consider all six factors in its determination. *Wilcox v. Waldman,* 744 P.2d 444, 450 (Ariz.Ct.App.1987).

The Court, however, has no discretion when the parties agreed to contractual language mandating that the prevailing party have the right to recover fees. Section 12-341.01(A) provides that it "shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees."

6

Ariz. Rev. Stat. § 12-341.01. Thus, where there is a direct conflict between section 12-341.01 and the contract at issue, the discretionary language of the statute providing that "the court may award the successful party reasonable attorney fees," falls away because, if applied, "it would directly conflict with the contract's mandatory fee provision and thereby impermissibly "alter[ ]" or "restrict[ ]" the parties' agreement." *Am. Power Prod., Inc.*, 396 P.3d at 605 (alteration in original).

## II.   Alpine and Scottsdale are entitled to their attorneys' fees and costs.

Alpine and Scottsdale are the successful parties in this litigation. Therefore, under the terms of the Employee Agreement, the Court must award them their attorneys' fees and costs.

### A.   *Alpine and Scottsdale are the "successful parties."*

On April 30, 2021, the jury found that Frankel materially breached the "Employee Agreement," misappropriated trade secrets protected by the Employee Agreement, and used those trade secrets to unjustly enrich himself. *See* Dkt. 302. The jury awarded Alpine and Scottsdale $932,000.00, and a judgment was entered in their favor. *Id.*; Dkt. 304.

#### i.   *Alpine and Scottsdale were successful on their claims.* [1]

Because Alpine and Scottdale obtained a $932,000.00 judgment against

---

[1] As represented to the Court after the jury verdict was read, Plaintiffs plan to file, pursuant to Rules 59(e) and 65, Federal Rules of Civil Procedure, a motion for entry of a permanent injunction and to amend the judgment in conformity with the same. Plaintiffs reserve the right to amend this motion or refile a new motion requesting entitlement to attorneys' fees and costs after the Court rules on Plaintiffs' forthcoming motion for a permanent injunction. Equitable claims, such as a claim for a permanent injunction, are matters to be resolved by the court rather than a jury. *See Ford v. Citizens and Southern Nat. Bank, Cartersville,* 928 F.2d 1118, 1122 (11th Cir. 1991); *United States v. Meyer,* 276

Frankel, they are the "successful parties" under the "net winner" test. *See, e.g., Trollope v. Koerner,* 515 P.2d 340, 344 (Ariz.Ct.App.1973) (affirming the appellant as the net winner when appellant received $791.75 out of $6000 claim and appellee received $500 out of $500 counterclaim). That fact cannot be challenged. Alpine and Scottsdale were the net winners in the case.

Alpine and Scottsdale are also the "successful parties" under the totality of the litigation" test. The gravamen of this litigation was that Frankel took Alpine and Scottsdale's trade secrets, which the Employee Agreement, the Florida Uniform Trade Secrets Act, and the Defend Trade Secrets Act protected. And at trial, Alpine and Scottsdale proved that Frankel materially breached the Employee Agreement, took Alpine and Scottsdale's trade secrets, and used the trade secrets to unjustly enrich himself.

Although the jury did not award Alpine and Scottsdale damages under the breach of contract theory, those claims were alternative theories in pursuit of the same objective – to hold Frankel accountable for misappropriating Alpine and Scottsdale's sensitive and trade secret business information. Moreover, the jury found that Frankel materially breached the contracts at issue (*see* Dkt. 302, Fn. 1) and Plaintiffs' claims for injunctive relief remain pending. Further, the principal reason Alpine and

---

F.Supp.3d 1290, 1293-1294 (S.D. Fla. 2019). Although the jury determines questions of liability on legal claims, the Court is bound by the jury's liability findings across all the claims, regardless of whether they seek damages or equitable relief. *Romano v. John Hancock Life Ins. Co. (USA),* 2021 WL 949939, at *10 (S.D. Fla. Mar. 12, 2021) (citing *Cont'l Vineyard LLC v. Dzierzawski,* No. 12 C 3375, 2018 WL 11195945, at *2 (N.D. Ill. Apr. 5, 2018)) ("This means that a jury will decide the question of liability on the breach of fiduciary duty claim, and the Court will be bound by that liability finding across all of Plaintiffs' claims, whether seeking damages or equitable relief.").

Scottsdale were unable to obtain contractual damages was because of the gamesmanship Frankel used to prevent Alpine and Scottsdale from discovering information to support their contract damages theory, both during discovery and at trial. Among other things, Frankel told a non-party not to comply with a federal subpoena, refused to answer questions in his deposition, and "forgot" or chose not to disclose revenue information. Nevertheless, Alpine and Scottsdale still obtained a large verdict against Frankel. Any reasonable observer of the trial would conclude that Frankel lost the case.

> ii.   *Alpine and Scottsdale were successful on Frankel's claim for declaratory Judgment.*

Frankel countersued Alpine and Scottsdale for "a judgment declaring that he did not breach the confidentiality agreements and that he did not violate the Federal and Florida Trade Secrets Acts." Replacement Joint Pretrial Statement, Dkt. 170 at ¶ 3.[2] Frankel "dropped" his claim at the pre-trial conference.[3] Under Arizona law, when "an action has been dismissed without prejudice, the defendant is still considered a 'successful party' for purposes of A.R.S. § 12–341.01(A) even though such a dismissal does not operate as an adjudication upon the merits." *Britt v. Steffen*, 205 P.3d 357, 359 (Ariz. Ct. App. 2008). And this rule of law applies to actions for declaratory judgment.

---

[2] Under Eleventh Circuit law, the parties are bound by their Pretrial Statement because it frames the issues for trial. *See G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997) ("[P]arties are bound by their stipulations and a pretrial stipulation frames the issues for trial.")

[3] "MR. BANKER: Right, and we dropped the countersuit for declaratory judgment." Transcript of Final Pretrial Conference 21:21-22, attached as **Exhibit A**. This representation was made on the day of jury selection. A review of the docket post-trial reveals that Frankel never filed any document in compliance with Rule 41, Fed. R. Civ. P. Nevertheless, a declaratory judgment is an equitable remedy tried by the Court.

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Aero Jet Servs., LLC*, 2012 WL 510490, at *3 (D. Ariz. Feb. 16, 2012), *aff'd sub nom. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. 757BD, LLC*, 560 F. App'x 657 (9th Cir. 2014). Moreover, even if Frankel had not "dropped" his counterclaim, the jury determined that Frankel materially breached the NDA and Employee Agreement and violated the Federal and Florida Uniform Trade Secrets Acts by misappropriating Alpine and Scottsdale's trade secrets, thus rejecting the exact theory pleaded in Frankel's counterclaim. As a result, Alpine and Scottsdale are the "successful parties" with respect to Frankel's counterclaim.

> **B.** **As the successful parties, Alpine and Scottsdale are entitled to recover their attorneys' fees and costs from Frankel.**

"Fees are appropriate for claims 'arising out of a contract' if the claims are 'intrinsically related to the contract' and 'could not exist but for the breach of contract.' *Felix v. Pic-N-Run, Inc.*, 2012 WL 551645, at *3 (D. Ariz. Feb. 21, 2012) (citing *Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 647 P.2d 1127, 1142–43 (Ariz.1982)). When determining whether an action arises out of contract, the court is not bound by the form of the pleadings but looks to the nature of the action and the surrounding circumstances. *Hiatt v. Shah*, 238 Ariz. 579, 584, 364 P.3d 1138, 1143 (Ct. App. 2015).

Had Frankel not breached the Employee Agreement by failing to return Alpine and Scottsdale's Confidential Information, thereby misappropriating Alpine and Scottsdale's trade secrets, Alpine and Scottsdale's claims under the Florida Trade

Secrets Act and the Defend Trade Secrets Act would not exist. The contract claims are subsumed within the trade secret claims in the sense that Plaintiffs only had to prove that Frankel possessed and refused to return the information to establish a material breach of contract, whereas the trade secret claims required proof of these elements, plus Frankel's use of the information. As a result, Alpine and Scottsdale's trade secret claims are intrinsically related to the contract and could not exist but for Frankel's breach of the Employee Agreement. Furthermore, this Court need not differentiate between the fees expended litigating the contract claim and the misappropriation claim because the claims were inextricably intertwined. *See Modular Mining Sys., Inc. v. Jigsaw Tech., Inc.,* 212 P.3d 853, 860 (App.2009) ("It is well-established that a successful party on a contract claim may recover not only attorneys' fees expended on the contract claim, but also fees expended in litigating an 'interwoven' tort claim.").

Because the Employee Agreement requires the Court to award Alpine and Scottsdale attorneys' fees if they are the prevailing or successful party, Alpine and Scottsdale are entitled to their attorneys' fees, costs, and necessary expenditures. In relevant part, the Employee Agreement provides:

> In a dispute arising out of or related to this Agreement, the prevailing party shall have the right to collect from the other party its reasonable attorney fees and costs and necessary expenditures.

[Joint Ex. 2] As discussed above, this Court must construe the Employee Agreement along with section 12-341.01, but only to the extent they are not inconsistent. And because the Employee Agreement provides that the prevailing party ***shall*** have the right to collect its reasonable attorneys' fees and costs from the other party, the Court

has no discretion in determining whether to award attorneys' fees and costs. Therefore, this Court must award Alpine and Scottsdale their attorneys' fees and costs as the "successful parties."

Additionally, there can be no reasonable dispute that Frankel's counterclaim for declaratory judgment, in which Frankel asked the Court to enter "a judgment declaring that he did not breach the confidentiality agreements and that he did not violate the Federal and Florida Trade Secrets Acts" arose out of the Employee Agreement. *See, e.g., Nationwide Mutual Ins. Co. v. Granillo,* 117 Ariz. 389, 573 P.2d 80 (App.1977) (prevailing defendants in action filed by insurer for declaratory judgment that its policy did not provide coverage were entitled to attorney's fees under § 12-341.01). As explained above, Alpine and Scottsdale were the "successful party" on that claim as well.

### III.   This Court should award the Hurry Trust its attorneys' fees and costs.

The Hurry Trust established that Frankel materially breached the NDA and had no defense to its action. Therefore, the Court should exercise its discretion and award the Hurry Trust its attorneys' fees and costs.

#### A.   *The Hurry Trust is the "successful party."*

Under the totality of the litigation test, the Hurry Trust succeeded in proving that Frankel materially breached the NDA and had no defense to the breach. Although the jury found no contract damages stemming from Frankel's material breach, it also determined that Frankel had no tenable defense to the Hurry Trust's claim.

Frankel also countersued the Hurry Trust for a declaratory judgment based on

the NDA, which, as set forth above, Frankel "dropped" at the pre-trial conference. As mentioned previously, Frankel's claim for a declaratory judgment arises out of the relevant contracts. Under Arizona law, when "an action has been dismissed without prejudice, the defendant is still considered a 'successful party' for purposes of A.R.S. § 12–341.01(A) even though such a dismissal does not operate as an adjudication upon the merits." *Britt*, 205 P.3d at 359 (Ariz. Ct. App. 2008). And this rule of law applies to actions for declaratory judgment. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 2012 WL 510490, at *3. As a result, the Hurry Trust is the "successful party" with respect to Frankel's counterclaim.

### B. The Court should, in its discretion, award the Hurry Trust its attorneys' fees and costs.

This Court should exercise its discretion and award the Hurry Trust its attorneys' fees and costs because each of the six factors articulated by the Arizona Supreme Court militate towards that result.

#### i. The merits of the opposing party's claim or defense.

The jury determined that Frankel's defense had no merit. It rejected the defense that the Hurry Trust prevented or excused Frankel's contractual obligations when it declined to specifically identify the confidential information Frankel had taken. Similarly, as discussed above, Frankel dropped his meritless counterclaim for a declaratory judgment.

#### ii. Whether the litigation could have been avoided.

Frankel could have avoided this litigation. But when the Hurry Trust sent

Frankel a letter demanding Frankel return its confidential information, instead of returning the information as required by the NDA, Frankel attempted to shift the burden to the Hurry Trust to identify the information he had taken. Then, Frankel chose not to return the Hurry Trust's confidential information until well after he was served with the lawsuit. Frankel made a conscious choice not to comply with his contractual obligations. The jury rejected Frankel's contention that his own choices excused his performance under the contracts. Now he has to live with that choice.

      iii.    *Whether awarding fees would "cause an extreme hardship" for the unsuccessful party.*

Awarding the Hurry Trust its attorneys' fees and cost will not cause Frankel an extreme hardship. The evidence at trial established that Frankel was the CEO of Alpine and well compensated for his work. Moreover, the party asserting that an award of attorneys' fees would cause an extreme financial hardship has the burden of coming forward with *prima facie* evidence of financial hardship. *Felix v. Pic-N-Run, Inc.*, 2012 WL 551645, at *4 (D. Ariz. Feb. 21, 2012). Frankel has adduced no evidence that an attorneys' fees award would cause an extreme financial hardship.

      iv.    *The extent to which the successful party prevailed.*

Although the jury did not award the Hurry Trust money damages, it found that Frankel materially breached the NDA and had no defense in doing so. The Hurry Trust also prevailed on Frankel's counterclaim because Frankel "dropped" the claim at the pre-trial conference.

*v.     Whether the legal question presented was novel.*

The questions presented by the Hurry Trust's claim were not novel. Frankel had ten days from the date of the Hurry Trust's demand to return the confidential information. He chose not to comply with his contractual obligation to do so.

*vi.     Whether an award in one case would "discourage other parties with tenable claims or defenses from litigating … for fear of incurring liability for substantial amounts of attorney's fees.*

Awarding the Hurry Trust its attorneys' fees and costs would not have the effect of discouraging parties with tenable claims and defenses from litigating their cases. Frankel had no legitimate defense – they jury rejected his specious defense that the Hurry Trust excused or prevented him from performing his contractual obligations.

## IV.     Plaintiffs are also entitled to their taxable costs under 28 U.S.C. §1920.

In addition to entitlement to under the NDA, the Employee Agreement, and the Arizona statute described above, Plaintiffs are also entitled to taxable costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §1920. Although Arizona law applies to Plaintiffs' entitlement to attorneys' fees and costs under the NDA and the Employee Agreement, federal law governs Plaintiffs' request for an award of taxable costs under 28 U.S.C. §1920.  *Snyder v. HSBC Bank, USA, N.A.,* 2012 WL 3762420 (D. Ariz. 2012)*; see also Felix v. Pic-N-Run, Inc.,* 2012 WL 551645 (D. Ariz. 2015).

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.,*

254 F.3d 987, 1012 (11th Cir.2001). But the Eleventh Circuit has elaborated that "[t]o be a prevailing party [a] party need not prevail on all issues to justify a full award of costs" and that "[c]ases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995) (citations omitted ); *see also Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Services*, 452 F.3d 1254, 1257 (11th Cir. 2006) ("a 'prevailing party' is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant."); *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 307 F.3d 1318, 1323, n. 4 (11th Cir. 2002) ("Absent a contrary legislative directive, a 'prevailing party' is one who prevails on 'any significant issue' and thereby achieves some of the benefits sought by bringing suit").

Here, Plaintiffs are the prevailing parties. A judgment was entered in Alpine's and Scottsdale's favor and against Frankel on their trade secret claims for $932,000.00. *See* Dkt. 304. Although Plaintiffs did not have a money judgment entered in their favor on their breach of contract claims, the jury found Frankel liable for materially breaching the contracts and their equitable remedies remain pending. *See* Dkt. 302. Plaintiffs also defeated Frankel's declaratory judgment claim. In short, Plaintiffs prevailed on the significant issues of the case and obtained a $932,000.00 judgment in their favor. To state the obvious, Plaintiffs obtained "some of the benefits" sought in bringing suit. *See* Dkt. 304. For these reasons, and for the reasons outlined above regarding Plaintiffs' status as the successful parties under Arizona law, Plaintiffs are

16

the prevailing parties entitled to their costs. *See Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995); *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Services*, 452 F.3d 1254, 1257 (11th Cir. 2006); *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 307 F.3d 1318, 1323, n. 4 (11th Cir. 2002).

As the prevailing parties, Plaintiffs should be awarded their taxable costs that were incurred in this litigation. Plaintiffs have incurred $21,034.65 in costs taxable under 28 U.S.C. §1920.[4] *See* Plaintiffs' Proposed Bill of Costs Dkt. 310. The invoices supporting these costs currently in Plaintiffs' possession are attached to the Proposed Bill of Costs. *See* Dkt. 310[5] While courts are afforded discretion in making this determination, "there is a strong presumption that the prevailing party will be awarded costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 846 F.3d 1159, 1166 (11th Cir. 2017) (citation and quotation omitted). Under 28 U.S.C. §1920, "[a] judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

---

[4] Plaintiffs have incurred other costs in this action which are not taxable under 28 U.S.C. §1920.  Plaintiffs do not waive their right to seek such non-taxable costs not identified on the Bill of Costs and will provide support for the amount sought upon a finding of entitlement pursuant to the bifurcated procedure set forth in Local Rule 7.01.
[5] Plaintiffs are attempting to obtain the invoices supporting the remaining costs from prior counsel.

(6) Compensation of court appointed experts,
compensation of interpreters, and salaries, fees, expenses,
and costs of special interpretation services under section
1828 of this title."

"When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005)

### A.    *Fees for the clerk and marshal*

Plaintiffs seek recovery of the filing fee, the service of process fee, and costs associated with serving subpoenas.  "The service of process fee and filing fee are both taxable costs." *Moser v. Action Towing Inc of Tampa*, 2017 WL 10276702, at *4 (M.D. Fla. Feb. 6, 2017); *Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, 2017 WL 10276703, at *4 (M.D. Fla. Feb. 6, 2017); *see also U.S. E.E.O.C. v W&O, Inc.*, 213 F.3d. 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to [28 U.S.C.] section 1920(1) and 1921"). Likewise, "[c]osts of service of … subpoenas by a private process server are taxable so long as those costs do not exceed the fees charged by the United States Marshals Service." *Johnson v. Cumberland Gulf Group of Companies*, 2019 WL 11502526, at *5 (M.D. Fla. Jan. 23, 2019), *report and recommendation adopted*, 2019 WL 11502470 (M.D. Fla. Feb. 12, 2019); *Juback v. Radioshack Corp.*, 2009 WL 1513377, at *1 (M.D. Fla. May 27, 2009) ("the cost of serving subpoenas may also be taxed"); *U.S. E.E.O.C. v W&O, Inc.*, 213 F.3d. 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to

18

[28 U.S.C.] section 1920(1) and 1921"). Such costs are properly taxed so long as those costs "do not exceed the cost of having the U.S. Marshal's Service effectuate service*."* *James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citing *W & O, Inc.,* 213 F.3d at 623–24). Under 28 C.F.R. § 0.114(a)(3), the current rate of the U.S. Marshal's service is $65.00 per hour plus travel costs and any other out-of-pocket expenses.

Here, Plaintiffs seek recovery of their filing fee in the amount of $400.00 and the costs of service of process on the Defendant in the amount of $80.00.[6] In addition, Plaintiffs seeks costs for service of subpoenas in the amount of $3,468.43.

### B. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

"Section 1920(2) authorizes the award of court reporter costs for printed or electronically recorded transcripts, provided those transcripts and recordings are necessary for use in a case." *McNamara v. Gov't Employees Ins. Co.*, 2020 WL 8224619, at *3 (M.D. Fla. Oct. 26, 2020), *report and recommendation adopted*, 2020 WL 8224606 (M.D. Fla. Nov. 13, 2020). This also includes "reimbursement for all costs incident to a deposition that were reasonably necessary in preparation for litigation, including the costs of the court reporter's attendance, original transcript, and one copy." *Juback v. Radioshack Corp.*, 2009 WL 1513377, at *1 (M.D. Fla. May 27, 2009). In addition, "when a party notices a deposition to be recorded by nonstenographic means, or by

---

[6] This fee includes a $40.00 rush fee, which is a recoverable cost. *See Goldman v. Bracewell & Giuliani, L.L.P.,* 2006 WL 8439474 (M.D. Fla. 2006) ("expenses related to service of process by a private process server, including 'rush fees' can be taxed as costs for service of process").

both stenographic and nonstenographic means, and no objection is raised at the time by the other party to the method of recordation, costs may be taxed." *Absolute Activist Value Master Fund Limited v. Devine,* 2019 WL 3491962 (M.D. Fla. Aug. 1, 2019); *Ferguson v. Bombardier Services Corp.*, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007); *Morrison v. Reichhold Chems. Inc.,* 97 F.3d 460, 464-65 (11th Cir.1996).

Here, Plaintiffs seek recovery of $4,229.50 for costs associated with obtaining the deposition transcripts from the following depositions: Defendant's first and second depositions, John Hurry, Michael Cruz, Joseph Walsh, and Henry Diekman.

Plaintiffs also seek to recover the costs associated with obtaining the video deposition of Defendant's first deposition in the amount of $765. It was necessary for Plaintiffs to obtain the video to evaluate the potential for presenting video deposition excerpts to the jury at trial during Plaintiffs' case in chief.

Further, Plaintiffs seek $1,429.65 in costs associated with obtaining hearing transcripts from the various pretrial hearings, including those addressing Plaintiffs' motion for sanctions and the motions in limine.  The Court made oral rulings at these hearings and also discussed other issues critical to trial. Plaintiffs needed the transcripts from these hearings to ensure compliance with and understanding of the Court's orders and its expectations at trial.

Plaintiffs also seek $2,231.70 in costs associated with obtaining trial transcripts during and after the trial.  The costs of the trial transcripts obtained during trial are recoverable because they were necessary to address and/or preserve issues and objections that were raised at trial, to review oral rulings made by the Court during

trial related to allowable evidence, to prepare closing arguments, and to prepare cross examination of Defendant. *See Maris Distributing Co. v. Anheuser-Busch, Inc.,* 302 F.3d 1207, 1225 (11th Cir. 2002).  The costs of the transcripts obtained after trial are also recoverable because they were, and are, necessary to argue and/or respond to post-trial motions in this case.  *See, e.g., Cadle v. Geico Gen. Ins. Co.*, 2015 WL 4352048, at *7 (M.D. Fla. July 14, 2015) *Snow v. Boston Mut. Life Ins. Co.,* 2014 WL 641879, at *3 (M.D.Ala. Feb.19, 2014) (awarding costs for trial transcript as necessary to respond to opposing party's post-trial motion); *Denton v. DaimlerChrysler Corp.,* 645 F.Supp.2d 1215, 1228 (N.D. Ga. 2009) (same).

In sum, Plaintiffs seek a total of $8,655.85 in costs incurred in obtaining transcripts used in this case.

### C.    *Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.*

Plaintiffs also seek $8,430.37 in costs from printing and copying. "Copying costs are authorized under 28 U.S.C. § 1920(4) as long as the copies were necessarily obtained for use in the case." *McNamara v. Gov't Employees Ins. Co.*, 2020 WL 8224619, at *3 (M.D. Fla. Oct. 26, 2020), *report and recommendation adopted,* 8:17-CV-3060-T-23CPT, 2020 WL 8224606 (M.D. Fla. Nov. 13, 2020) (quotation omitted); *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC,* 2013 WL 6145533, at *5 (M.D. Fla. Nov. 21, 2013).  The costs covered under section 1920(4) include those sustained in connection with the copying of discovery, pleadings, correspondence, exhibits, and documents provided to opposing counsel and the court.  *Id.*

Plaintiffs incurred costs in the amount of $4,945.39 from a third-party vendor for printing trial exhibits. Because Defendant insisted on having nearly 500 trial exhibits, the costs associated with this printing was substantial. Plaintiffs also incurred printing costs from this vendor in the amount of $707.83 for printing deposition transcripts and exhibits to be used at trial during witness examinations and in preparation for trial.

Additionally, Plaintiffs seek $2,777.15 in costs for in-house copying. These in-house copies were made a rate of $.10 per page—an amount Courts in this District have found to be reasonable. *See Ferguson v. Bombardier Services Corp.*, 2007 WL 601921, at *6 (M.D. Fla. Feb. 21, 2007); *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, 2013 WL 6145533, at *5 (M.D. Fla. Nov. 21, 2013). The in-house copies were made for the purposes of litigating in this matter and in preparation for trial, including preparing pleadings, responding to discovery, motion practice, correspondences, and exhibits for depositions.

In total, Plaintiffs seek $8,430.37 in taxable printing and copying costs necessarily obtained for use in this case.

### D.   Total Taxable Costs

For the foregoing reasons, Plaintiffs are the prevailing party entitled to recover their taxable costs under 28 U.S.C. §1920. Accordingly, Plaintiffs respectfully request this Court award a total of $21,034.65 in taxable costs to Plaintiffs.[7]

---

[7] In the event the Court were to determine that some of the requested costs are not taxable costs pursuant to 28 U.S.C. §1920, Plaintiffs are still entitled to recover those costs under the terms of the

## V.     CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court enter an order: (1) finding Plaintiffs are entitled to recover their attorneys' fees, costs, and necessary expenditures pursuant to the NDA, the Employee Agreement, and Ariz. Rev. Stat. § 12-341.01; (2) awarding Plaintiffs their taxable costs as set forth in the Proposed Bill of Costs Dkt. 310; and (3) granting such further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

On May 20, 2021, pursuant to Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for Defendant via telephone regarding the relief sought in this Motion. Defendant opposes Plaintiffs' Motion.

Dated:  May 21, 2021          Respectfully submitted,

/s/ James C. Mooney
Kenneth G. Turkel – FBN 867233
E-mail:  kturkel@bajocuva.com
Shane B. Vogt – FBN 257620
E-mail:  svogt@bajocuva.com
David A. Hayes – FBN 96657
E-mail: dhayes@bajocuva.com

---

Employee Agreement.  In particular, the Employee Agreement grants the prevailing party "the right to collect from the other party its reasonable attorney fees and costs and necessary expenditures." (emphasis added).  And "both the Supreme Court and [the Eleventh] Circuit have long recognized that contractual provisions can circumvent these restrictions on taxable costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017); *SunTrust Inv. Services, Inc. v. Van Ormer*, 2017 WL 9935191, at *6 (M.D. Fla. May 22, 2017), *report and recommendation adopted as modified*, 2017 WL 9935190 (M.D. Fla. July 7, 2017). To the extent any of the requested costs are deemed to be non-taxable or are reduced by the Court, Plaintiffs still seek recovery of the full amount of those costs pursuant the Employee Agreement.

James C. Mooney – FBN 111668
E-mail: jmooney@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 443-2199 | Fax: (813) 443-2193

and

Kristin A. Norse
Florida Bar No. 0965634
KNorse@kmf-law.com
Katherine Earle Yanes
Florida Bar No. 0159727
KYanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
(813) 229-1118
(813) 221-6750
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ James C. Mooney
Attorney

4820-1031-6010, v. 2