```
 1                IN THE UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
 2                         TAMPA DIVISION

 3


 4   THE HURRY FAMILY REVOCABLE    )
     TRUST, et al.,                )
 5                                 )
              Plaintiffs,          )
 6                                 )
                                   ) Case No.
 7        vs.                      ) 8:18-CV-02869-VMC-CPT
                                   )
 8                                 )
     CHRISTOPHER FRANKEL, et al.,  )
 9                                 )
              Defendants.          )
10

11
     _____
12
                      FINAL PRETRIAL CONFERENCE
13        BEFORE THE HONORABLE VIRGINIA M. HERNANDEZ COVINGTON
                      UNITED STATES DISTRICT JUDGE
14
                          APRIL 23, 2021
15                           9:30 A.M.
                          TAMPA, FLORIDA
16   _____

17

18

19

20

21        Proceedings recorded by mechanical stenography,
     transcript produced using computer-aided transcription.
22   _____

23              DAVID J. COLLIER, RMR, CRR
                FEDERAL OFFICIAL COURT REPORTER
24           801 NORTH FLORIDA AVENUE, 7TH FLOOR
                   TAMPA, FLORIDA  33602
25
```

```
 1              Normally what I do is I -- hold on.  You know,
 2   I'm sorry, what is the page number, Mr. --
 3              MR. BANKER:  It's page 28, and it's instruction 19,
 4   Overview of Claims and Elements.
 5              THE COURT:  Well, see, that's different.
 6              MR. BANKER:  No.  No.  No, I know, but what I'm
 7   suggesting, Judge, if you look at the second paragraph, if you
 8   just take that paragraph, that is three sentences that
 9   describes generally the claims.  You know, it says the
10   plaintiffs, Hurry Trust, Scottsdale and Alpine, contend that
11   Frankel breached --
12              THE COURT:  Okay.
13              MR. BANKER:  And then contend that he misappropriated
14   their trade secrets.  Mr. Frankel denies breeching the
15   agreements.
16              THE COURT:  Okay.
17              MR. BANKER:  So I thought that that might be useful
18   to you.
19              THE COURT:  Okay.  Fair enough.
20              What do you say, Mr. Turkel?
21              MR. TURKEL:  I'm fine with that, Judge.  There was --
22   I sort of feel duty-bound to tell the Court that there's a
23   joint statement of the case in the pretrial, as is the norm,
24   it's document 170.
25              THE COURT:  Okay.  Let me turn to that too.
```

```
 1              MR. TURKEL:  But the issue I have with that and why
 2   I like what Mr. Banker just read better is that -- it's on
 3   page 2.
 4              THE COURT:  All right.  Hold on a second.  I've got
 5   that in front of me too.
 6              MR. TURKEL:  Yes, Your Honor.  Doc 170.
 7              THE COURT:  There are a lot of documents, so if
 8   I don't have the normal familiarity with things, it's because I
 9   have a whole binder here.  Let's see.
10              Concise statement of the nature of action, that's
11   normally what we would -- what I would read to the jury.
12              MR. TURKEL:  Yes.
13              THE COURT:  The plaintiffs, Hurry Family Revocable
14   Trust, Scottsdale Capital Advisor Corporation and Alpine
15   Securities Corporation, sued the defendant, Christopher L.
16   Frankel, for breach of confidentiality agreements and
17   misappropriation of trade secrets.  Frankel countersued the
18   plaintiffs for declaratory judgment that he did not breach
19   the -- well, confidentiality agreement and did not
20   misappropriate the plaintiffs' alleged trade secrets.  Okay.
21              MR. BANKER:  Right, and we dropped the countersuit
22   for declaratory judgment.
23              THE COURT:  Yeah.  I was going to say --
24              MR. BANKER:  That's not part of the case, so I would
25   just say that he denies the claims.
```

1          I'd use the jury instruction, I agree with Ken,
2     I think that's better, but --
3              THE COURT:  I have to say -- well, this isn't --
4     you know, this isn't absolutely written in stone.  I always go
5     over with the parties --
6              MR. TURKEL:  Judge, I just brought that up because
7     that's normally where you put that sort of concise statement of
8     the case that you read to a jury.  I like what Mr. Banker read,
9     I think it's -- whatever it was, jury instruction 19, without
10    the elements that come after.  If you just read the first
11    paragraph of that, that's fine with me.
12             THE COURT:  Yeah, I think this is fine.
13             So what I'm going to tell them, this is what you're
14    here about, this is what this case is about, I'm going to
15    probably just say the plaintiffs contend that the defendant
16    breached two confidentiality agreements by using, disclosing
17    and failing to promptly return -- I may even make it shorter,
18    but I will use my discretion and use this as a go-by and either
19    use it entirely or cut a little bit out here and there.
20    I mean, this is just an overview.  I mean, this is just so they
21    know they're not here to hear a bank robbery or a drug deal or
22    something like that.
23             MR. TURKEL:  Just to be clear, Judge, that one
24    paragraph there, however you wish to edit it, seems fine to us.
25    I wouldn't put the elements in there in that stage of it.