UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION;
ALPINE SECURITIES CORPORATION;
and CAYMAN SECURITIES CLEARING
AND TRADING LTD.,

     Plaintiffs,

v.                                  Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

     Defendant.

_____/

## Frankel's Motion to Amend Judgment

The defendant, Christopher L. Frankel ("**Frankel**"), through counsel and under Fed. R. Civ. P. 59(e), moves to amend the Deputy Clerk's judgment entered on May 7, 2021 (Doc 304), accurately to memorialize disposition of the plaintiffs' abandoned claims. Specifically, Frankel requests the Court to amend the judgment: (1) to enter judgment against all of the plaintiffs, Cayman Securities Clearing and Trading Ltd. ("**Cayman**"), The Hurry Family Revocable Trust ("**Hurry Trust**"), Alpine Securities Corporation ("**Alpine**"), and Scottsdale Capital Advisors Corporation ("**Scottsdale**"), on their claims for common law, unfair competition; (2) to enter judgment against Cayman on its claim for breach of the June 22, 2015, Non-disclosure Agreement; (3) to enter judgment against Cayman and the Hurry Trust on their claims for misappropriation of trade secrets;

(4) to enter judgment against Cayman, the Hurry Trust, Alpine, and Scottsdale on their claims for violation of the Florida Unfair and Deceptive Trade Practices Act ("**FUDUTPA**"); and (5) to enter judgment against Alpine and Scottsdale on their trade secret claims, or to reduce their judgment to zero, for the reasons explained in Frankel's accompanying motion for judgment as a matter of law.

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).

### The Judgment Should be Amended to Memorialize Adjudication of Plaintiffs' Abandoned Claims

As explained in Frankel's motion for determination of entitlement to attorney's fees and expenses (Doc 309 at pp. 12 - 13), the plaintiffs' failure timely to reassert dismissed claims converted the dismissals without prejudice into dismissals with prejudice. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 Fed. Appx. 796, 802 (11th Cir. 2014) ("[A] dismissal without prejudice under Rule 12(b)(6) becomes a dismissal with prejudice when no timely amendment is made and no request for an extension is submitted." (citing *Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1127 n. 3 (11th Cir.1994)).

In their initial complaint filed November 21, 2018, the plaintiffs sued Frankel for breach of his pre-employment, non-disclosure agreement; misappropriation of trade secrets; violation of FDUTPA; and common law, unfair competition.  Doc 1 (Initial complaint).

On December 17, 2018, Frankel answered the initial complaint and filed on December 17, 2018, a motion  to require the plaintiffs to post a FUDUTPA bond to hold the plaintiffs accountable for their claims (Doc 16).

On January 15, 2018, the Court denied Frankel's motion for FUDUTPA bond because Frankel had not shown that the plaintiffs' claims were "meritless."  Doc 31 (Order denying FUDUTPA bond motion) at p. 7.

On February 1, 2019, the plaintiffs served their initial disclosures, but provided no facts and produced no documents to support the conclusory allegations in their initial complaint.  Doc 35 – 2 (Plaintiffs' initial disclosures).

On February 7, 2018, former plaintiffs' counsel requested Frankel's permission to allow Cayman and the Hurry Trust to withdraw as plaintiffs, but Frankel would not consent without Cayman's and the Hurry Trust's reimbursement of his fees and costs. Doc 35-5 (Email exchanges and proposed, first amended complaint) at pp. 2 - 3 and 48 – 67.

On February 11, 2019, the plaintiffs, therefore, file a motion requesting leave to amend to file a proposed, first amended complaint which continued to assert claims by Cayman and the Hurry Trust.  The plaintiffs' motion requested leave to amend because they had not figured out before suing that Frankel had signed an

employee, non-disclosure agreement which governed Alpine's and Scottsdale's breach of contract claims against Frankel.  Docs 34 and 34-1 (Plaintiffs' motion to amend and supporting declaration of Jordan Susman).

On February 25, 2018, Frankel opposed the plaintiffs' motion for leave to amend because the plaintiffs had "repeatedly refused to allege or disclose any facts or evidence demonstrating that they have plausible or meritorious claims.  The plaiuntiffs' current, proposed amended complaint, like its prior iterations, alleges no facts or evidence suggesting that they have viable claims."  Doc 35 (Frankel's opposition to motion to amend) at p. 1.  The plaintiffs had not provided any facts or documents to support their conclusory claims in their interrogatory answers or initial disclosures (Docs 35 – 1 and 35 – 2), and the proposed, first amended complaint alleged no facts to support the plaintiffs' claims.  Frankel, therefore, requested that the plaintiffs "be required to file an amended complaint which pleads facts showing that they [the plaintiffs] have viable, plausible claims."  Doc 35 (Frankel's opposition to motion to amend) at p. 8.

On February 26, 2018, the Court granted the plaintiffs' motion for leave to amend and authorized the plaintiffs to amend by February 28, 2018.  The Court suggested that Frankel move to dismiss the plaintiffs' first amended complaint if Frankel believed that the first amended complaint failed to allege specific facts to support viable, plausible claims.  Doc 37 (Order granting leave to amend initial complaint) at p. 4.

On February 26, 2018, all four plaintiffs filed their first amended complaint in which they abandoned their claims for common law, unfair competition, but reasserted all of their other claims for breach of contract, misappropriation of trade secrets, and violation of FUDUTPA.  Doc 36 (Order granting leave to amend initial complaint) at p. 5; *compare* Doc 1 (Initial complaint) *with* Doc 37 (First amended complaint not re-asserting claims for unfair competition).

On March 12, 2019, Frankel moved to dismiss the second amended complaint because the second amended complaint failed to allege facts to support the plaintiffs' claims.  Doc 38 at p. 1.  On April 26, 2018, the Court granted Frankel's motion to dismiss because the first amended complaint did not allege specific facts to support the plaintiffs' claims.  The Court granted the plaintiffs leave through May 10, 2019, to file a second amended complaint alleging facts to support the plaintiffs' claims.  Doc 47 (Order dismissing first amended complaint).

On May 10, 2019, the plaintiffs filed their second amended complaint, in which Cayman asserted no claims, so the Court's dismissal without prejudice (of Cayman's claims for breach of the June 22, 2015 Non-disclosure Agreement, for misappropriation of trade secrets, and for violation of FUDUTPA) became a dismissal with prejudice.  Doc 47 (Order dismissing first amended complaint); *compare* Docs 1 (Initial complaint) and 37 (First amended complaint) *with* Doc 61 (Second amended complaint).

Cayman remained in the case because Frankel had not consented to Cayman's withdrawal, and Cayman had not obtained an order authorizing its

withdrawal.  S*ee* Fed. R. Civ. P. 41(a)(1) (Prohibiting plaintiff's withdrawal from

lawsuit, except by stipulation or court order, after the defendant has answered the

complaint).

The Hurry Trust did not reassert its claims for misappropriation of trade

secrets and violation of FUDUTPA in the second amended complaint, so the

Court's dismissal of the Hurry Trust's trade secret and FUDUTPA claims also

became a dismissal with prejudice.  Doc 47 (Order dismissing first amended

complaint); c*ompare* Docs 1 (Initial complaint) and 37 (First amended complaint)

*with* Doc 61 (Second amended complaint).

Alpine and Scottsdale did not reassert their claims for violation of

FUDUTPA in the second amended complaint, so the Court's dismissal of Alpine's

and Scottsdale's FUDUTPA claims became a dismissal with prejudice.  Doc 47

(Order dismissing first amended complaint); c*ompare* Docs 1 (Initial complaint)

and 37 (First amended complaint) *with* Doc 61 (Second amended complaint).

**Judgment Should Be Entered Against Scottsdale and Alpine on Their
Trade Secret Claims, or Their Judgment Should be Reduced to Zero**

On April 30, 2021, the jury returned its verdict finding that Frankel had

misappropriated Scottsdale's and Alpine's trade secret(s), but that Frankel's

misappropriation had caused no damage to Scottsdale or Alpine. Doc 302

(Verdict) at p. 5 (Jury responded to questions 16 (A) and (B) that Frankel's

misappropriation had caused "$0" of "actual damage" to Alpine and "$0" of "actual

damage" to Scottsdale.  The jury nonetheless awarded $932,000 in unjust

enrichment damages to Scottsdale and Alpine.

As explained in Frankel's accompanying motion for judgment as a matter of

law, judgment should be entered against Alpine and Scottsdale on the trade secret

claims, or their judgment should be reduced to zero.

### Frankel's Proposed Amendment of Judgment

The Deputy Clerk's judgment (Doc 304), should be amended as follows:

I.   CAYMAN'S CLAIM FOR BREACH OF THE JUNE 22, 2015 NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

IT IS ORDERED AND ADJUDGED that judgment is entered in  favor of the Defendant Christopher Frankel and against Cayman.

II.   **[UNCHANGED]** THE HURRY FAMILY REVOCABLE TRUST'S CLAIM FOR BREACH OF THE JUNE 22, 2015 NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against The Hurry Family Trust.

III.   **[UNCHANGED]** ALPINE'S CLAIM FOR BREACH OF CONTRACT

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against Alpine Securities Corporation.

IV.   **[UNCHANGED]** SCOTTSDALE'S CLAIM FOR BREACH OF CONTRACT

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against Scottsdale Capital Advisors Corporation.

V.   ALPINE'S AND SCOTTSDALE'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against the Plaintiffs Alpine Securities Corporation and Scottsdale Capital Advisors Corporation.

-OR-

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Plaintiffs Alpine Securities Corporation and Scottsdale Capital Advisors Corporation and against Defendant Christopher Frankel in the amount of $0 damages.

VI.   <u>CAYMAN'S AND THE HURRY TRUST'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS</u>

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against the Plaintiffs Cayman Securities Clearing and Trading Ltd. and The Hurry Family Revocable Trust.

VII.   <u>CAYMAN'S, THE HURRY TRUST'S, ALPINE'S, AND SCOTTSDALE'S CLAIMS FOR VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT</u>

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against the Plaintiffs Cayman Securities Clearing and Trading Ltd., The Hurry Family Revocable Trust, Alpine Securities Corporation, and Scottsdale Capital Advisors Corporation.

VIII.   <u>CAYMAN'S, THE HURRY TRUST'S, ALPINE'S, AND SCOTTSDALE'S CLAIMS FOR COMMON LAW, UNFAIR COMPETITION</u>

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of the Defendant Christopher Frankel and against the Plaintiffs Cayman Securities Clearing and Trading Ltd., The Hurry Family Revocable Trust, Alpine Securities Corporation, and Scottsdale Capital Advisors Corporation.

WHEREFORE, Frankel requests entry of an ameded judgment in the form proposed above and any further relief deemed proper.

**Certificate of Service and Compliance with Local Rule 3.01(g)**

I certify that on June 4, 2021, I caused the foregoing to be filed with CM/ECF, which will send electronic notice to all counsel of record. I further certify that on June 3, 2021, counsel for Defendant conferred by telephone with counsel for Plaintiffs and Plaintiffs do not agree to the relief requested herein.

*s/ David C. Banker, Esquire*
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary:  aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*