UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

    Plaintiffs/Counter-Defendants,

                                              CASE NO.: 8:18-cv-02869-VMC-CPT

v.

CHRISTOPHER FRANKEL,

    Defendant/Counter-Plaintiff.
_____/

## MOTION FOR LEAVE TO FILE REPLY TO FRANKEL'S OPPOSITION TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION

Pursuant to Local Rule 3.01(d), Plaintiffs respectfully move this Court for entry of an order granting Plaintiffs leave to file a reply to Frankel's Opposition to Plaintiffs' Motion for Permanent Injunction [Doc. 330] (the "Response"). In support, Plaintiffs state as follows:

In accordance with the jury's verdict [Doc. 302] and the evidence presented at trial, Plaintiffs filed a motion for permanent injunction to prohibit Defendant from using or disclosing Plaintiffs' trade secrets and/or confidential information, and to require Defendant to return and/or destroy such information. *See* Doc. 325. Defendant filed his Response arguing that the motion for permanent injunction should be denied for five separate reasons. *See* Doc. 330, pp. 2-3. Plaintiffs now seek leave to file a succinct reply to rebut each of these points.

Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to [a] motion or response . . . unless the Court grants leave." A party moving for reply must show good cause and demonstrate that the reply brief will benefit the Court's resolutions of the pending motion. *Robinson v. National Credit Systems, Inc.,* 2018 WL 11252314 (M.D. Fla. 2018). Here, both criteria are met.

Defendant's Response raises new arguments, contains various misstatements of law and fact, and cites to cases that are materially distinct from the facts at hand. For instance, for the first time in this litigation, Defendant argues that FINRA has exclusive jurisdiction to issue permanent injunctions involving FINRA members. Defendant never raised this jurisdictional concern previously and cites no law to support his assertion. In support of a separate argument, Defendant relies extensively upon a Southern District of Alabama case, *Warranty Corp., Inv. v. Hans,* 2000 WL 284261 (S.D. Ala., Mar. 9, 2000), that is materially distinct from this case and that is undermined by countervailing case law. The Response also challenges Plaintiffs' claims of irreparable harm, but in doing so, misstates the holdings of certain case law and cites to cases that can be easily refuted.

Defendant further claims that he did not have notice of the "surprise trial contentions" that Frankel failed to return Plaintiffs' confidential information and/or trade secrets. Doc. 330, p. 16. However, the joint pretrial statement explicitly identifies that one of the issues to be litigated is "[w]hether Plaintiffs are entitled to injunctive relief enjoining Defendants' use of confidential information and *requiring return of such information*." Doc. 170, p. 12 (emphasis added).

Based on the foregoing, there is good cause for the Court to allow Plaintiffs to file a reply brief to rebut Defendant's arguments in greater detail. A short reply will aid the Court's review and resolution of the underlying motion.

WHEREFORE, Plaintiffs respectfully request this Court enter an order: (1) granting Plaintiffs leave to file a reply to the Response which will not exceed 7 pages and which will be filed within 10 days of the Court entering an order granting leave to file a reply; and (2) granting such further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned counsel has conferred with Defendant's counsel who has advised that Defendant opposes the relief sought herein.

Respectfully submitted,

/s/ Kenneth G. Turkel
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
David A. Hayes – FBN 96657
E-mail: dhayes@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
and

Kristin A. Norse - FBN 0965634
KNorse@kmf-law.com
Katherine Earle Yanes - FBN 0159727
KYanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
(813) 229-1118
(813) 221-6750
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Kenneth G. Turkel
Attorney