UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES CORPORATION,

     Plaintiffs,

                           CASE NO.: 8:18-cv-02869-VMC-CPT

v.

CHRISTOPHER FRANKEL,

     Defendant.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO FRANKEL'S
MOTION TO AMEND JUDGMENT AND MOTION TO STRIKE**

Plaintiffs file this response in opposition to Frankel's Motion to Amend Judgment [Doc. 329] and Motion to Strike, and in support state as follows:

**INTRODUCTION**

Frankel's motion: (1) requests that the Court amend the judgment to state that the claims the Court dismissed without prejudice and the Plaintiffs did not replead are dismissed with prejudice; (2) requests that the Court amend the judgment to enter judgment against Alpine and Scottsdale on their trade secret claims or reduce their judgment to zero; and (3) provides a proposed amended judgment. Frankel's request that the Court convert its prior dismissal of certain claims without prejudice to a judgment stating those claims are dismissed with prejudice is legally unsupported and inconsistent with the Court's prior order dismissing those claims without prejudice.

His argument that the Court should enter judgment against Scottsdale and Alpine on their trade secret claims or reduce their judgment to zero rests on the same arguments Frankel raised in his motion for judgment as a matter of law, and should be rejected for the reasons explained in Plaintiffs' response to that motion [Doc. 332]. Finally, Frankel's proposed amended judgment is an improper attempt to circumvent Middle District of Florida Local Rule 3.01(f)'s prohibition against the submission of proposed orders and should be stricken.

## BACKGROUND

Cayman Securities Clearing and Trading Ltd. ("Cayman"), the Hurry Family Revocable Trust (the "Hurry Trust"), Scottsdale Capital Advisors Corporation ("Scottsdale"), and Alpine Securities Corporation ("Alpine") (collectively, the "Initial Plaintiffs") filed an initial complaint that included claims for breach of contract, violation of the Florida Uniform Trade Secret Act ("FUTSA") and the federal Defend Trade Secret Act ("DTSA"), violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and unfair competition. *See* Doc. 1. After seeking [Doc. 34] and obtaining [Doc. 36] leave to amend, the Initial Plaintiffs filed their first amended complaint [Doc. 37] (the "First Amended Complaint") which included (i) Cayman and Hurry Trust's claims for breach of the June 22, 2015 Non-Disclosure and Confidentiality Agreement (the "NDA"); (ii) Scottsdale and Alpine's claim for breach of the July 1, 2015 Employee Non-Disclosure and Computer Use Agreement (the "Employee Agreement"); (iii) Initial Plaintiffs' claim for violations the DTSA; (iv) Initial Plaintiffs' claim for violations of the FUTSA; and (v) Initial Plaintiffs' claims

2

for violations of FDUTPA.

Defendant moved to dismiss the First Amended Complaint, arguing that the trade secret claims were not pleaded with specificity and that the FDUTPA claim was preempted by FUTSA. *See* Doc. 38. After a hearing on Defendant's motion, the Court granted Defendant's motion to dismiss **without prejudice** and permitted the Initial Plaintiffs to replead their claims. *See* Doc. 47; *see also* April 26, 2019 Hearing Tr. [Doc. 59] at 32-40. The Court entered its endorsed order granting Defendant's motion, stating:

> Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # [38]) is GRANTED under Federal Rule of Civil Procedure 12(b)(6). The Amended Complaint (Doc. # [37]) is DISMISSED **without prejudice**. Plaintiffs are authorized to file a second amended complaint by May 10, 2019."

Doc. 47 (emphasis added) (the "Dismissal Order").

The Hurry Trust, Scottsdale, and Alpine (collectively, "Plaintiffs") then filed a second amended complaint [Doc. 61] (the "Second Amended Complaint") to narrow the issues and claims to be tried. The Second Amended Complaint included: (i) the Hurry Trust's claim for breach of the NDA; (ii) Alpine and Scottsdale's claim for breach of the Employee Agreement; (iii) Plaintiffs' claim for violations of DTSA; and (iv) Plaintiffs' claim for violations of FUTSA. *See id.* The case proceeded to trial—and ultimately to a verdict—on the claims raised in the Second Amended Complaint. There was no further litigation with respect to the claims that were dismissed without prejudice and not repleaded.

In what appears to be a ploy—albeit an illogical one—to bolster his argument in support of his claim for attorneys' fees, Defendant asks the Court to enter a judgment in his favor and against Plaintiffs on the claims that were dismissed without prejudice. However, Defendant cites no authority to support his position that a claim's dismissal without prejudice can be converted to a final judgment after trial. Accordingly, his motion should be denied.

## MEMORANDUM OF LAW

### I.    Frankel's motion to amend the judgment should be denied.

"Motions to alter or amend a final judgment under Rule 59(e) are disfavored and granted sparingly; relief is given only where there is newly-discovered evidence or to correct manifest errors of law or fact upon which the judgment was based." *Howard v. Nano*, 2012 WL 3668045, at *1 (N.D. Fla. Aug. 25, 2012). "Even if errors have been committed, if the issues are at least arguable, such errors do not constitute 'the sort of clear and obvious error which the interests of justice demand that [the court] correct.'" *Id.* (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir.1985)).

### A.    Frankel is not entitled to a judgment in his favor on the claims the Court dismissed without prejudice.

In the face of the rigorous standard for a motion under Rule 59(e), Defendant nonetheless argues that this Court should amend the Final Judgment to include a judgment in his favor on the claims the Court dismissed without prejudice. In support, Defendant cites two cases—*Dependable Component Supply, Inc. v. Carrefour Informatique*

*Tremblant, Inc.,* 572 Fed. Appx. 796 (11th Cir. 2014)[1] and *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394 (1981). Both of the cited cases are distinguishable, however, and more importantly, neither case supports the proposition that Defendant can, as a matter of federal procedure, obtain the relief he seeks—that is, an amendment of a final judgment to add judgments in his favor on claims the Court dismissed without prejudice.

As a threshold issue, *Dependable Component* does not address amending a final judgment to enter judgment in a defendant's favor after a prior order dismissed certain claims without prejudice, which is what Frankel seeks in his motion. That reason alone is sufficient to make Frankel's reliance on *Dependable Component* misplaced.

Further, in *Dependable Component,* the district court dismissed plaintiff's claims without prejudice and gave plaintiff fourteen days to amend. 572 Fed. Appx. at 798. But the Court also warned plaintiff that "[f]ailure to file the amended pleading will result in a final order of dismissal of [plaintiff's] claims with and/or without prejudice." *Id.* Plaintiff failed to amend its complaint or otherwise request an extension. *Id.* The district court entered a final order of dismissal and closed the case. *Id.* at 799. Months later, plaintiff moved to reopen the case and/or for leave to amend its complaint. *Id.* The district court denied the motion and emphasized that Plaintiff was cautioned that a failure to file an amended complaint would result in a final order

---

[1] While Frankel cites the 11th Circuit's opinion in *Dependable Component*, the language Frankel quotes is from the district court order in that same case. *See Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 2012 WL 253250, at *3 (S.D. Fla. Jan. 26, 2012).

of dismissal. *Id.* After a request for clarification, the district court confirmed that the final order of dismissal was with prejudice. *Id.* Plaintiff subsequently appealed the district court's denial of the motion to reopen/amend. The appeal did not address whether a dismissal without prejudice can be converted into a final judgment; instead, it focused on when a dismissal order becomes a final, appealable order. *See id.* at 799-800.

Dependable Component is materially distinct from this case both procedurally and factually. For instance, unlike in *Dependable Component*, here the Dismissal Order provided no notice to the Initial Plaintiffs that if they did not amend the complaint, those claims would be dismissed with prejudice. Instead, the Dismissal Order simply "authorized" Initial Plaintiffs to amend their complaint. Further, unlike the district court in *Dependable Component,* this Court did not rule that the Dismissal Order was with prejudice. Moreover, the plaintiff in *Dependable Component* failed to amend the complaint at all. In this case, the Plaintiffs amended their complaint. *See Larkon Group Services, LLC v. Boardwalk Regency Corp.,* 2014 WL 12603177, at *1 (S.D. Fla. June 23, 2014) (distinguishing *Dependable Component* based on the fact that plaintiffs in that case did, in fact, amend their complaint even though they dropped certain claims). Accordingly, *Dependable Component* is materially distinct from this case and is inapplicable.

Defendant also cites *Moitie* for the proposition that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the

merits." However, just like *Dependable Component, Moitie* does not address whether a Court can enter a judgment against a plaintiff after dismissing claims without prejudice. Rather, the Court in *Moitie* analyzed the res judicata effect of a dismissal order under unique procedural circumstances—none of which are applicable in this case. *See* 452 U.S. at 396-97. Further, unlike the Dismissal Order in this case, the dismissal order in at issue in *Moitie* did not state the dismissal was without prejudice. *See Weinberg v. Federated Dept. Stores, Inc.*, 426 F. Supp. 880, 886 (N.D. Cal. 1977), *rev'd sub nom. Brown v. Federated Dept. Stores*, Inc., 608 F.2d 1374 (9th Cir. 1979), *and rev'd sub nom. Moitie v. Federated Dept. Stores, Inc.*, 608 F.2d 1374 (9th Cir. 1979)

In short, neither case cited by Defendant authorizes or supports the relief he seeks.

In addition to citing cases that do not support the relief he seeks, Frankel's position is also inconsistent with the meaning of a dismissal "without prejudice." "A dismissal without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect." *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003). The Supreme Court has explained:

> The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus Black's Law Dictionary (7th ed. 1999) defines 'dismissed without prejudice' as 'removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim' and defines 'dismissal without

prejudice' as 'a dismissal that does not bar the plaintiff from
refiling the lawsuit within the applicable limitations period.'

*Semtek Intern Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001) (citations omitted).
Likewise, at least one judge in this district has explained that "the words 'without
prejudice' on a dismissal order convey that the court has not adjudicated the merits of
the dismissed claim and, thus, the claimant can later bring the same claim against the
same party." *Burell v. Rossano*, 2014 WL 7178012, at *4 (M.D. Fla. Dec. 16, 2014). If
this Court entered a final judgment on claims that were dismissed without prejudice,
it would be eliminating the difference recognized at law between a dismissal with
prejudice and a dismissal without prejudice.

**B.      Frankel has failed to establish any basis to enter judgment against
        Alpine and Scottsdale on their trade secret claims.**

Frankel also argues that judgment should be entered against Scottsdale and
Alpine on their trade secret claims or their judgment should be reduced to zero.
Frankel relies upon his renewed motion for judgment as a matter of law [Doc. 328].
For the reasons explained in Plaintiffs' response [Doc. 332], the judgment for Alpine
and Scottsdale is well-supported by the overwhelming evidence in their favor and the
law on damages for unjust enrichment.

**II.     Frankel's Proposed Amendment of Judgment violates the Local
        Rules and should be stricken.**

Local Rule 3.01(f) provides that, unless otherwise permitted by the rules, "no
party may submit a proposed judgment or other order without leave." Because
Defendant's motion disregards this rule and incorporates a proposed amended

8

judgment, it should be stricken. *See c.f. Kahama VI, LLC v. HJH, LLC,* 2014 WL 3721298 (M.D. Fla. 2014) (noting that former Local Rule 3.01(c) could serve as a basis to strike papers filed in contravention of the rule); *Williams v. U.S. Dept. of Treasury,* 2010 WL 1380138 (M.D. Fla. Mar. 31, 2010) (striking a reply filed in violation of former Local Rule 3.01(c)).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court enter an order denying Frankel's motion, striking Frankel's Proposed Amendment of Judgment, and granting such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kenneth G. Turkel
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
David A. Hayes – FBN 96657
E-mail: dhayes@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
and

Kristin A. Norse - FBN 0965634
KNorse@kmf-law.com
Katherine Earle Yanes - FBN 0159727
KYanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
(813) 229-1118
(813) 221-6750
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Kenneth G. Turkel
Attorney

4811-1596-7984, v. 5