UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES
CORPORATION,                                    CASE NO.: 8:18-cv-02869-VMC-CPT

      Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

      Defendant/Counter-Plaintiff.
_____/

**PLAINTIFFS SCOTTSDALE CAPITAL ADVISORS CORPORATION'S AND ALPINE SECURITIES CORPORATION'S MOTION TO COMPEL RESPONSES TO DISCOVERY IN AID OF EXECUTION AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 69 and Rule 37, Federal Rules of Civil Procedure, Plaintiffs, Scottsdale Capital Advisors Corporation ("Scottsdale") and Alpine Securities Corporation ("Alpine") (collectively "Plaintiffs"), file this motion seeking entry of an order compelling Defendant, Christopher Frankel ("Frankel"), to respond to Plaintiffs' discovery in aid of execution.

**INTRODUCTION AND BACKGROUND**

After a week-long trial, the jury in this case entered a verdict finding that Frankel misappropriated Plaintiffs' trade secrets and awarded Plaintiffs $932,000.00 in damages. *See* Dkt. 302. Shortly thereafter, the Clerk of Court entered a Judgment in a

Civil Case in favor of Alpine and Scottsdale for $932,000.00 ("Judgment"). *See* Dkt. 304. After the Judgment was entered, the 30-day automatic stay provided by Rule 62(a) went into effect. The automatic stay period concluded on June 7, 2021.

During the automatic stay, Frankel did not post a bond or take any other action to stay discovery. On July 19, 2021, well-after the automatic stay expired, Plaintiffs served interrogatories and requests for production in aid of execution on Frankel (the "Discovery Requests"). Eighteen days later, Frankel filed a Motion to Stay Execution and Discovery in Aid of Execution on Judgment and To Approve Security [Dkt. 344] ("Motion to Stay"). In the Motion to Stay, Frankel asks the court to stay discovery upon Frankel's deposit of "security." But Frankel proposed cash "security" in an amount hundreds of thousands of dollars less than the Judgment. *Id.* As explained in Plaintiffs' response to the Motion to Stay [Dkt. 345] (the "Response"), there is no legal or equitable basis for the relief Frankel sought in the Motion to Stay.

Nonetheless, rather than provide substantive responses to the Discovery Requests, Frankel asserted his delayed *motion* for stay as a basis for an objection to each and every discovery request. He responded to each: "Prematurity – Frankel has moved to stay discovery in aid of execution (Doc 344), and Alpine's and Scottdale's discovery in aid of execution is premature until the court rules on Frankel's motion to stay." Copies of Frankel's responses are attached as **Exhibits A** and **B**.

Other than the "prematurity" objection, Frankel's only other objections to the Discovery Requests are to Request for Production number 3, and Interrogatory numbers 1, 2, and 4.[1]

Because Frankel's "prematurity" objection is improper and legally unsupported, that objection should be overruled, and this Court should compel Frankel to answer the Discovery Requests in full.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### A. This Court should compel Frankel to respond to the Discovery Requests and overrule his "prematurity" objection.

Federal Rule of Civil Procedure 69(a)(2) governs the discovery a judgment creditor may obtain in aid of the judgment's execution. Fed. R. Civ. P. 69(a)(2). Rule 69(a)(2) provides that "[i]n aid of the judgment or execution … the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Here, Plaintiffs served the Discovery Requests after expiration of the automatic stay. Rather than respond to the Discovery Requests, Frankel objected to each as premature due to his pending Motion to Stay. However, the mere filing of a motion to stay does not permit Frankel to disregard his discovery obligations. *See Romacorp, Inc. v. Prescient, Inc.,* 2011 WL 2312563 at *2 (S.D. Fla. June 8, 2011) (finding no error in

---

[1] Alpine and Scottsdale do not waive their right to challenge these other objections.

3

the magistrate judge requiring a party to respond to discovery while its motion to stay was pending and noting that "the [party seeking a stay] cites no case law that suggests a party may simply ignore its discovery obligations while a motion to stay is pending, nor have I found any"). In fact, Rule 62(b) explicitly states that a stay only "takes effect when the court approves the bond or other security," and that has not occurred in this case. Accordingly, Frankel's prematurity objection is improper and should be overruled.

If Frankel wanted to obtain a stay of discovery, the Federal Rules of Civil Procedure provided a mechanism for him to do that. Under Rule 62(a), Frankel enjoyed a 30-day automatic stay of proceedings once the judgment was entered. Fed. R. Civ. P. 62(a). During this automatic stay period, Frankel could have posted a bond or other security such that the stay could have been extended under Rule 62(b). Fed. R. Civ. P. 62(b).

Frankel decided not to provide a bond or other security during the automatic stay period. Even after the automatic stay concluded, Frankel still did nothing. In fact, it was not until weeks after Plaintiffs served their Discovery Requests that Frankel finally filed his Motion to Stay. But even then, Frankel failed to post a bond or other security sufficient to justify and entitle him to a stay of discovery. Instead, he asks the Court to approve "security" in an amount hundreds of thousands of dollars less than the Judgment, thereby defeating the entire purpose of the stay procedure. *Cont'l Cas. Co. v. First Fin. Emp. Leasing,* 2010 WL 5421337 at *1 (M.D. Fla. Dec. 27, 2010) (a

4

party seeking a stay is normally "required to post a bond sufficient to protect fully the prevailing party's interest in the judgment." (citations and quotations omitted)).

In short, the Rules provide a mechanism for Frankel to obtain the stay he desires so he can avoid (at least temporarily) responding to the Discovery Requests. But instead of posting a bond sufficient to protect Alpine and Scottsdale's judgment, Frankel chose to petition the Court to allow him to post collateral in an amount that fails to secure the Judgment. Without the judgment secured and a stay in place, Frankel must comply with his discovery obligations. Accordingly, this Court should overrule his prematurity objection and require Frankel to provide responses to the Discovery Requests.

### B. Any objections not asserted in response to the Discovery Requests have now been waived.

"A party failing to serve an objection to a discovery request within the time required by Fed.R.Civ.P. 33 or 34, in the absence of good cause or of an extension of time to do so, waives the right to later raise objections." *Third Party Verification, Inc. v. SignatureLink, Inc.,* 2007 WL 1288361, *2 (M.D. Fla. May 2, 2007); *Romacorp, Inc. v. Prescient, Inc.,* 2011 WL 2312563 at *2 (S.D. Fla. June 8, 2011) ("When a party fails to timely object to interrogatories, production requests or other discovery efforts, the objections are deemed waived.") (citations and quotations omitted).

Other than his "prematurity" objection, Frankel asserted other objections to one request for production and three interrogatories. Because Frankel did not assert any other objections within the time period permitted by the rules, he has waived all other

objections. *See Third Party Verification,* 2007 WL 1288361 at *2; *Romacorp,* 2011 WL 2312563 at *2.

### C. This Court should award Alpine and Scottsdale their attorneys' fees incurred in bringing this motion.

Rule 37(a)(5)(A) "requires an award of reasonable expenses, including attorney's fees, against a party or attorney whose conduct necessitated a discovery motion if the motion is granted, or if the requested discovery is provided after the motion is filed." *Foodonics International, Inc. v. Srochi,* 2019 WL 12304382 (M.D. Fla. Dec. 31, 2019); Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

None of the exceptions to Rule 37(a)(5)(A) apply in this case. Counsel for Plaintiffs conferred with Frankel's counsel prior to filing this motion and advised him that the mere filing of a motion to stay does not suspend Frankel's discovery obligations. Nonetheless, Frankel's counsel would not agree to withdraw the objection and respond to the Discovery Requests. Accordingly, Plaintiffs attempted to confer in good faith before filing this motion. The exception set forth in Rule 37(a)(5)(A)(i) does not apply.

Likewise, the exception set forth in Rule 37(a)(5)(A)(ii) does not apply as Frankel's failure to substantively respond to the Discovery Requests is not

6

substantially justified. Frankel has failed to identify any case or rule that supports the premise that one can ignore one's discovery obligations by filing a motion to stay. And Frankel has been advised of the case law supporting the contrary. Accordingly, Frankel's "prematurity" objection and failure to substantively respond to the Discovery Requests is not substantially justified.

Finally, there are no other circumstances that would make an award of expenses unjust. The Federal Rules of Civil Procedure provide a mechanism to stay proceedings to enforce a judgment by providing a bond or other adequate security. However, Frankel failed to avail himself of that mechanism by refusing to provide a bond or other security in an amount to fully protect Plaintiffs' interest in the Judgment. Instead, Frankel elected to petition the Court to provide security in an amount substantially less than the amount of the Judgment, and then attempted to rely on his pending Motion to Stay to avoid his discovery obligations. Under the circumstances, an award of expenses is not unjust. To the contrary, justice requires Frankel bear the consequences of his tactical decision.

Since none of the exceptions set forth in Rule 37(a)(5)(A)(i)-(iii) apply, the Court should award Plaintiffs their reasonable expenses, including attorneys' fees, incurred in bringing this motion in the event this motion is granted. *See* Fed. R. Civ. P. 37(a)(5)(A); *Hatfield v. A+ Nursetemps, Inc.,* 2012 WL 1326120, at *6 (M.D. Fla. Apr. 17, 2012); *Tarzia v. Am. Sec. Ins. Co.,* 282 F.R.D. 669, 671 (M.D. Fla. 2012).

**WHEREFORE**, Plaintiffs respectfully request this Court enter an order (i) overruling Frankel's "prematurity" objection and compelling Frankel to respond to

the Discovery Requests; (ii) precluding Frankel from asserting any additional objections when responding to the Discovery Requests; (iii) awarding Plaintiffs their reasonable attorneys' fees and costs incurred in this action; and (iv) granting such further relief as the Court deems just and proper.

## Local Rule 3.01(g) Certification

The undersigned counsel has conferred in good faith with Defendant's counsel regarding this motion, and Defendant's counsel has advised they oppose the relief sought herein.

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
David A. Hayes – FBN 96657
E-mail: dhayes@bajocuva.com
James C. Mooney – FBN 111668
E-mail: jmooney@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

and

Kristin A. Norse - FBN 0965634
KNorse@kmf-law.com
Katherine Earle Yanes - FBN 0159727
KYanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
(813) 229-1118
(813) 221-6750
*Attorneys for Plaintiffs*

4843-6641-7910, v. 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ *Kenneth G. Turkel*
Attorney