UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                  Case No: 8:18-cv-2869-CEH-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon Frankel's Motion to Stay Execution and Discovery in Aid of Execution on Judgment and To Approve Security [Doc. 344] and Plaintiff's Opposition [Doc. 345]. In his motion, Plaintiff requests the Court to stay execution on the judgment in favor of Plaintiffs Alpine Security Corporation ("Alpine") and Scottsdale Capital Advisors Corporation ("Scottsdale"), including discovery in aid of execution, through determination of the parties' post-trial motions, and to approve security for the stay. The Court, having considered the motion and being fully advised in the premises, will **DENY** Frankel's Motion to Stay Execution and Discovery in Aid of Execution on Judgment and To Approve Security.

## BACKGROUND

Following a jury trial and verdict in this case, the Court entered its judgment on May 7, 2021. [Doc. 304]. That judgment awarded $932,000 in favor of Alpine and Scottsdale and against Defendant Christopher Frankel, as unjust enrichment for misappropriation of Alpine and Scottsdale's trade secrets. *Id.* at p. 2. Judgment was entered in favor of Defendant as to the remaining claims—The Hurry Family Revocable Trust's breach of non-disclosure and confidentiality agreement claim, Alpine's breach of contract claim, and Scottsdale's breach of contract claim. *Id.* at pp. 1-2. Since then, the parties have filed various post-trial motions which are pending before the Court. Additionally, Alpine and Scottsdale served on Defendant discovery in aid of execution on their misappropriation judgment. *Id.* at p. 3; Docs. 344-1, 344-2.

In the present motion, pursuant to Rules 62(b) and 67(a), Federal Rules of Civil Procedure, Defendant is seeking "a stay of execution, including a stay of discovery in aid of execution, by providing security approved by the Court under Fed. R. Civ. P. 62(b)." [Doc. 344 at p. 3]. In furtherance of the stay, he requests the Court:

> (1) to require security of no more than $330,000 cash, to be deposited with the Court under Fed. R. Civ. P. 67(a); (2) to stay execution upon deposit of the cash; (3) to reassess the stay and the amount of security upon disposition of the parties' post-trial motions; and (4) to allow Frankel to withdraw the cash and forfeit the stay, or to provide any additional security required to extend the stay, if he wishes to do so, upon disposition of the parties' post-trial motions.

*Id.* He further argues that no more than the proposed cash security should be required, pending disposition of the post-trial motions, because Alpine's and Scottsdale's misappropriation judgment cannot survive his post-trial motions. *Id.* at p. 4. Among other things, he explains that in his renewed motion for judgment as a matter of law and reply [Docs. 328, 343], he argues that the jury did not have "a legally sufficient evidentiary basis" to find that Alpine and Scottsdale had any trade secret(s) or that he had used any trade secret(s) unjustly to enrich himself by $932,000, $264,000,[1] or any other amount. He also references his arguments that he was deprived of a full and fair opportunity to refute Alpine's and Scottsdale's unjust enrichment damages, that the Court erroneously excluded testimony from witnesses who would have refuted the misappropriation claims and unsupported unjust enrichment damages, and that there was an absence of evidence to support the judgment. *Id.* at pp. 4-5, 11. In closing, Defendant indicates that the Middle District has typically set the amount of security at 125% of the judgment. *Id.* at 12-13.

In response, Plaintiffs note that Defendant has acknowledged that the Middle District has exercised its discretion to set supersedeas bonds at 125 percent of the judgment and argue that Defendant requests a cash bond equal to about 35% of the judgment without legal or equitable basis.[2] [Doc. 345 at pp. 2-3]. They further address

---

[1] This amount purportedly reflects his compensation from Vision Financial Markets, LLC in 2019. [Doc. 344 at p. 3].
[2] They also note that Defendant made no attempt to secure a bond during the period that the judgment was automatically stayed and did not seek a stay on the expiration of that period. [Doc. 44 at p. 2].

3

the specific requests by Defendant, first explaining that Defendant has the burden of showing that in the absence of standard security, Plaintiffs will be properly secured against the risk that Defendant will be less able to satisfy the judgment after disposition of the posttrial motions, and that the Court should not stay the judgment if Defendant's ability to satisfy his judgment obligations are uncertain, presently or in the future. *Id.* at p. 3-4. Second, Plaintiffs contend that Defendant makes no effort to establish that he will be able to satisfy the judgment in the absence of standard security and Defendant also fails to offer any compelling reason or legal basis to deviate from the standard. *Id.* at p. 4-5. They contend that Defendant should be required to post security equal to $1,165,000.00, 125% of the $932,000.00 judgment amount, if he wants a stay. *Id.* at pp. 5-6. As to Defendant's request to unilaterally withdraw the security and forfeit the stay if he wishes to do so, upon disposition of the parties' post-trial motions, Plaintiffs contend that Defendant cites no authority justifying his request. *Id.* at p. 6.

## LEGAL STANDARD

According to Rule 62(b), Federal Rules of Civil Procedure, a party may obtain a stay of a judgment by providing a bond or other security at any time after judgment is entered. Fed. R. Civ. P. 62(b). The burden of proof is on the party seeking the stay. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979);[3] *Parekh v. CBS Corp.*, No. 6:18-CV-466-PGB-TBS, 2019 WL 2744552, at *3

---

[3] The Eleventh Circuit is "bound by decisions of the former Fifth Circuit rendered prior to October 1, 1981, *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), and by decisions of Unit B of the former Fifth Circuit rendered after that date." *United States v. Bent*, 707 F.2d 1190, 1193 (11th Cir. 1983).

(M.D. Fla. July 1, 2019). The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security. Fed. R. Civ. P. 62(b). Rule 67(a) further allows the party to deposit with the court all or part of the money or thing after notice to every other party and by leave of court. Fed. R. Civ. P. 67(a). "Absent entry of a stay, a district court retains jurisdiction to enforce its judgment." *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020).

## DISCUSSION

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190–91. As the appellate court has explained:

> A supersedeas bond insures both parties against these respective risks. It permits a judgment debtor to "avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" and "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."

*Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1141 (11th Cir. 2019). It is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money. *Poplar Grove*, 600 F.2d at 1191.

In *Poplar Grove*, the appellate court explained that although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it

has been read consistently with the earlier rule, Civil Rule 73(d), which directed that the amount of the bond be computed by the district court to include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.[4] *Id.* The appellate court further explained that "[i]f a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure," and noted that "[i]t is not the burden of the judgment creditor to initiate contrary proof." *Id.*

The judgment for Alpine and Scottsdale is in the amount of $932,000. [Doc. 304]. Defendant is seeking to stay execution of that judgment upon posting of cash security in an amount of no more than $330,000. [Doc. 344 at p. 3]. Defendant contends that this amount is 125% of $264,000, which the evidence purportedly showed as the only compensation he was paid for 2019, and the maximum measure of any unjust enrichment damages which the jury could have awarded. *Id.* at pp. 3-4. His calculation of security based on his own assessment of what the maximum judgment should have been is not the correct standard and Defendant cites no

---

[4] The Court notes the parties' acknowledgement that "Judges in the Middle District . . . have exercised discretion to set the bond at 125 percent of the judgment to cover, among other items, the delay damages and post-judgment interest." *United States ex rel. Yates v. Pinellas Hematology & Oncology, P.A.*, No. 8:16-CV-799-WFJ-CPT, 2020 WL 674155, at *1 (M.D. Fla. Feb. 11, 2020) (citing cases).

authority supporting his position. In fact, Defendant's motion even references authority from this Court indicating that the Court has previously exercised its discretion to set the bond at 125% of the judgment. *Id.* at p. 12 (citing *United States ex rel. Yates v. Pinellas Hematology & Oncology, P.A.*, No. 8:16-CV-799-T-WFJ-CPT, 2020 WL 674155, at *1 (M.D. Fla. Feb. 11, 2020)). Setting the amount of bond or security based on the amount of the actual judgment comports with the purpose of Rule 62(b), which "is to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from the costs that it incurs in foregoing execution of judgment until the appeal is decided." *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2021); *Alliant Tax*, 924 F.3d at 1141 (same); *Poplar Grove*, 600 F.2d at 1191 (same). Defendant's explanation for a bond of no more than $330,000 does not provide a sufficient basis for setting a different amount for bond or security.

Moreover, Defendant has not otherwise carried his burden to show that an amount lesser than the judgment is sufficient bond or security. *Poplar*, 600 F.2d at 1191 ("If a court chooses to depart from the usual requirement of a full security supersedeas bond . . . it should place the burden on the moving party to objectively demonstrate the reasons for such a departure."). In *Poplar*, the Court considered the lack of evidence as to defendant's present capability of responding to the judgment, whether that ability would continue for an indefinite time into the future, and whether defendant would have difficulty in securing a supersedeas bond in an amount sufficient to fully protect the rights which the plaintiff acquired against its assets by virtue of the money

7

judgment. *Id.* As in that case, Defendant has not provided or pointed the Court to any such evidence. The Court therefore cannot reasonably find that the interests of Plaintiffs would be sufficiently protected if Defendant were allowed to post bond in an amount less than the judgment. As a result, Defendant's request to stay execution of the judgment upon the posting of cash security is denied. Defendant's remaining requests are denied as moot.

Accordingly, it is hereby **ORDERED**:

1. Frankel's Motion to Stay Execution and Discovery in Aid of Execution on Judgment and To Approve Security [Doc. 344] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on December 17, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any