UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HURRY FAMILY REVOCABLE
TRUST, et al.,

      Plaintiffs,

v.                             Case No. 8:18-cv-2869-CEH-CPT

CHRISTOPHER FRANKEL,

      Defendant.
_____/

**O R D E R**

Before the Court is Plaintiffs Scottsdale Capital Advisors Corporation (Scottsdale) and Alpine Securities Corporation's (Alpine) motion to compel responses to discovery requests they propounded on Defendant Christopher Frankel in aid of execution of a judgment against Frankel. (Doc. 346). Frankel opposes the motion. (Doc. 347). For the reasons stated below and at the recent hearing on the matter, Scottsdale and Alpine's motion is denied without prejudice.

I.

In May 2021, the Court entered a judgment in the amount of $932,000 in favor of Scottsdale and Alpine and against Frankel following a jury verdict finding that Frankel had been unjustly enriched as a result of his misappropriation of Scottsdale

and Alpine's trade secrets.  (Docs. 302, 304).[1]  The parties subsequently filed a number of post-trial motions, all of which are currently pending before the Court.  (Docs. 325, 326, 328, 329, 340, 343).

In addition to these motions, Scottsdale and Alpine served Frankel with interrogatories and requests for production in aid of execution of their judgment. (Docs. 346 at 2, 346-1, 346-2).  Less than three weeks after receiving these discovery demands, Frankel moved pursuant to Federal Rules of Civil Procedure Rule 62(b) and 67(a) for a stay of execution on the judgment, including a stay of discovery in aid of execution, pending the Court's decision on the parties' post-judgment submissions. (Docs. 344, 346 at 2).  Frankel contended in his motion that he was entitled to such relief upon providing security approved by the Court and that such security should be no more than $330,000 given several alleged infirmities with the judgment.  (Doc. 344).  As for Scottsdale and Alpine's interrogatories and documentary requests, Frankel separately objected to all of those demands as premature based on his motion for a stay and additionally objected to several of the requests for various other reasons, including on the grounds that they were unduly burdensome and/or temporally overbroad.  (Docs. 346 at 2, 346-1, 346-2).

Scottsdale and Alpine took exception to Frankel's blanket "prematurity" objection and filed the instant motion to compel when they could not reach an agreement on the matter with Frankel.  (Doc. 346).  In their motion, Scottsdale and

---

[1] Judgment was entered in Frankel's favor as to the remaining claims against him.  (Docs. 302, 304).

Alpine ask that the Court direct Frankel to produce the sought-after discovery and award Scottsdale and Alpine the attorneys' fees incurred in bringing their motion. *Id.* In his response, Frankel counters that the Court should "defer consideration of Scottsdale[ ] and Alpine's motion[,] pending [a] determination of [his] motion to stay execution and [his] posting of approved security promptly thereafter." (Doc. 347). In support of this position, Frankel asserts, *inter alia*, that the granting of his motion for a stay, along with his timely provision of Court-authorized security, will moot Scottsdale and Alpine's discovery requests in their entirety. *Id.*

While Scottsdale and Alpine's motion to compel was pending, the Court entered an Order in mid-December denying Frankel's motion for a stay. (Doc. 349). The Court did so after finding that Scottsdale and Alpine's interests would not be sufficiently protected if Frankel were allowed to provide security which was less than the full amount of the judgment. *Id.*

In light of this ruling, the Court issued an Order instructing the parties to confer again in good faith regarding Scottsdale and Alpine's motion to compel and to file a notice in early January 2022, advising whether they were able to settle their discovery dispute. (Doc. 353). The parties subsequently notified the Court that they were unable to resolve their quarrel. (Docs. 356, 357).

On the same day that the parties informed the Court of their impasse, Frankel filed a renewed motion to stay execution of the judgment, including discovery in aid of execution. (Doc. 354). Unlike his original motion, however, Frankel represented this time that he was willing to deposit with the Court a sum of cash totaling up to

125% of the full judgment (i.e., $1,165,000) as security for the sought-after stay.  *Id.* at 3–4.  Frankel followed that motion with a notice nine days later, in which he reiterated that he "st[ood] ready immediately to post a cash bond" of up to $1,165,000.  (Doc. 361).  Frankel also asked in his notice that the Court consider whether his willingness to tender such security mooted Scottsdale and Alpine's discovery demands.  *Id.*

At the recent hearing, the Court heard argument from both parties regarding their respective positions on Scottsdale and Alpine's motion to compel.  At the conclusion of that proceeding, the Court denied the motion without prejudice and set forth on the record the basis for its decision.  The Court also entered a summary Order to that effect the next day, in which it also stated that a written Order would follow. (Doc. 363).

Contemporaneously with this Order, the Court has issued a separate Order granting Frankel's motion for a stay and directing that he deposit $1,165,000 in the Court's registry pursuant to the procedures laid out in that Order.  (Doc. 379).  Given this development and in accordance with its summary Order referenced above, the Court turns again to Scottsdale and Alpine's motion to compel and supplements the reasons it previously provided in denying that motion without prejudice.

II.

A.

The Court begins its analysis with the portion of Scottsdale and Alpine's motion to compel which requests that Frankel be directed to respond to their interrogatories and documentary demands in aid of execution of the judgment.  Scottsdale and

Alpine's principal, if not only, argument in support of this request is that Frankel's "prematurity" objection (i.e., Frankel's contention that the sought-after discovery was premature pending a determination of his motion for a stay) is improper and should be rejected.  (Doc. 346 at 3).

There are a number of problems with Scottsdale and Alpine's position.  As an initial matter and as noted above, Frankel interposed objections to several of Scottsdale and Alpine's discovery requests on grounds unrelated to his stay request.  Scottsdale and Alpine do not address these objections at all in their motion, other than to state in a footnote that they do not waive their right to contest them.  *Id.* at 3 n.1.

Regardless of this issue, it is unclear at this juncture whether Scottsdale and Alpine are entitled to *any* of the discovery they have propounded on Frankel.  As explained previously, the Court has now entered an Order granting Frankel's motion for a stay, and it has been argued by Frankel that such an order largely, if not entirely, moots Scottsdale and Alpine's discovery demands because the full sum of the judgment (and then some) will be on deposit with the Court.  Scottsdale and Alpine do not adequately respond to this argument in their motion, nor did they do so at the recent hearing, despite the fact that Frankel raised that contention both in his responsive filing and in the notice he submitted before the hearing.

In light of the above and for the additional reasons discussed by the Court at the hearing, the Court reaffirms its ruling denying without prejudice Scottsdale and Alpine's motion to compel.  If Scottsdale and Alpine should elect to bring such a

motion in the future, they shall address the above issues that remain applicable and include relevant legal authority buttressing their position.

B.

The remaining portion of Scottsdale and Alpine's motion seeking attorneys' fees is based on Federal Rule of Civil Procedure 37(a)(5)(A).  That rule provides, in pertinent part:

> If [a] motion [to compel discovery] is granted[,] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Scottsdale and Alpine contend that an award of reasonable expenses is warranted under Rule 37(a)(5)(A) here because (i) they conferred in good faith with Frankel before filing their motion to compel; (ii) Frankel was not substantially justified in declining to "substantively respond" to Scottsdale and Alpine's discovery requests based on his pending request for a stay; and (iii) there are no other circumstances that

would make an award of expenses unjust.  (Doc. 346 at 6–7).  Scottsdale and Alpine's argument fails on a number of levels.

Most obviously, the Court has not granted Scottsdale and Alpine's motion and instead has denied it without prejudice.  This alone is fatal to their request for attorneys' fees, at least at this stage of the post-judgment proceedings.

Even were that not the case, it would not be appropriate for the Court at this juncture to decide the portion of Scottsdale and Alpine's motion pertaining to their fee request before all the information regarding that matter is before the Court. Essentially, what Scottsdale and Alpine are asking the Court to do is to rule on Frankel's prematurity objection now and, if the Court finds that Frankel's position is not substantially justified, to award Scottsdale and Alpine the fees they incurred in bringing their entire motion irrespective of the merits of Frankel's other objections and irrespective of the Court's stay.  Such an approach appears particularly unwarranted at this point since the impact of the stay, if any, on Scottsdale and Alpine's discovery demands has yet to be fully briefed and resolved.  The Court declines Scottsdale and Alpine's invitation to address the merits of their fee request in such a piecemeal fashion given the circumstances presented.  *Isacks v. Walton Cnty.*, 2020 WL 12188623, at *4 (N.D. Fla. Apr. 6, 2020) (noting that "piecemeal litigation is generally disfavored").[2]

---

[2] Nothing in this Order shall be construed as a determination of any of the issues underlying Scottsdale and Alpine's motion to compel, including their challenge to the propriety of Frankel's prematurity objection.

III.

For the reasons stated above, as well as at the recent hearing, Scottsdale and Alpine's motion to compel Frankel's responses to their discovery requests in aid of execution of the judgment (Doc. 346) is denied without prejudice.

SO ORDERED in Tampa, Florida, this 14th day of February 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record