UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION;
and ALPINE SECURITIES
CORPORATION,   CASE NO.: 8:18-cv-02869-VMC-CPT

    Plaintiffs/Counter-Defendants,

v.

CHRISTOPHER FRANKEL,

    Defendant/Counter-Plaintiff.
_____/

## MOTION FOR LEAVE TO FILE REPLY TO FRANKEL'S SUPPLEMENTAL BRIEF OPPOSING PLAINTIFFS' INJUNCTION MOTION

Pursuant to Local Rule 3.01(d), Plaintiffs file this motion seeking entry of an order granting Plaintiffs leave to file a short, four-page reply to Frankel's Supplemental Brief Opposing Plaintiff's Injunction Motion (Doc. 387) (the "Response"). The basis for this motion and the reasons it should be granted are as follows:

### Introduction

Following the February 25, 2022 hearing on, among other motions, Plaintiffs' Motion for Entry of a Permanent Injunction and to Amend the Judgment In Conformity Therewith and Incorporated Memorandum of Law (Doc. 325), the Court directed Plaintiffs to file supplemental briefing with "specific cites to the record supporting a finding that each item listed in its proposed injunction is a trade secret." Court's Minute Entry, Doc. 383. The Court also directed Frankel to file a response.

*See id*. Plaintiffs filed their Supplemental Briefing in Support of Motion for Entry of a Permanent Injunction (Doc. 386), and Frankel filed his 26-page Response.

**Argument and Incorporated Memorandum of Law**

Plaintiffs seek leave to file a brief, four-page reply to address four points. First, rather than limit the Response to "specific cites to the record," Frankel incorrectly argues the jury verdict constrains the Court, sitting as the trier of fact in equity. Second, the Response raises for the first time an argument that the disclosure of information in a court proceeding negates the trade secret nature of the information. But the court in *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597 (N.D. Cal. Apr. 17, 2008), a case Plaintiffs cited in their Reply in Support of Motion for Permanent Injunction (Doc 340), rejected that argument. Third, the Response also cites matters entirely outside the trial record that Frankel contends demonstrate Plaintiffs' failure to protect their confidential information. Fourth and finally, Plaintiffs want to clarify that they also have a contractual basis for an injunction, independent of whether the information qualifies as a trade secret.

Local Rule 3.01(d) provides that: "Without leave, no party may file a reply directed to a response …." A party moving for reply must show good cause and demonstrate that the reply brief will benefit the Court's resolution of the pending motion. *Robinson v. National Credit Systems, Inc.,* 2018 WL 11252314 (M.D. Fla. 2018). Here, both criteria are met because the four points discussed above were newly raised in the response and a reply is necessary to address them fully and accurately.

4839-5609-8800, v. 1

For these reasons, there is good cause for the Court to allow Plaintiffs to file a reply to Frankel's Response. A short reply will aid the Court's review and resolution of the underlying motion for entry of a permanent injunction.

WHEREFORE, Plaintiffs respectfully request this Court enter an order: (1) granting Plaintiffs leave to file a reply to the Response of no more than 4 pages within 7 days of the Court's entry of an order granting leave to file a reply; and (2) granting such further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned counsel has conferred with Defendant's counsel who has advised that Defendant opposes the relief sought herein.

Respectfully submitted,

/s/ Kenneth G. Turkel
Kenneth G. Turkel – FBN 867233
kturkel@tcb-law.com
David A. Hayes – FBN 96657
dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 834-9191
Fax: (813) 443-2193

Kristin A. Norse - FBN 0965634
KNorse@kmf-law.com
Katherine Earle Yanes - FBN 0159727
KYanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
Tel: (813) 229-1118
Fax: (813) 221-6750
*Attorneys for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 24, 2022, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                        */s/ Kenneth G. Turkel*
                                        Attorney

4839-5609-8800, v. 1