## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION and
ALPINE SECURITIES
CORPORATION,

    Plaintiffs,

v.                                         Case No: 8:18-cv-2869-CEH-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## **ORDER**

    This matter comes before the Court upon Plaintiffs' Motion for Entry of An Amended Judgement to Reflect Judgment on Defendant's Counterclaim and Incorporated Memorandum of Law [Doc. 326], Defendant's Response in Opposition [Doc. 334], and the arguments of counsel at the hearing on February 25, 2022. In the motion, Plaintiffs argue that the Court should amend the Judgment and enter judgment in their favor and against Defendant on his Counterclaim for declaratory relief because Defendant pursued his Counterclaim throughout the litigation and never sought to dismiss it under Rule 41, Fed. R. Civ. P., and the jury found in their favor on all the issues raised in the Counterclaim. Having considered the written submissions and the arguments of counsel at the hearing, the Court will **DENY** Plaintiffs' Motion for Entry of An Amended Judgement.

## DISCUSSION

Rule 41(a)(2) permits the dismissal of "an action ... at the plaintiff's request ... by court order, on terms that the court considers proper" *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1226 (11th Cir. 2020) (discussing Fed. R. Civ. P. 41(a)(2)). As the court noted in *Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004), "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." A district court therefore enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986)); *Arias*, 776 F.3d at 1268 ("The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.") (quotation omitted).

In this case, Defendant did not file a stipulation of dismissal as to the counterclaim. However, at trial, he represented to the Court that he "dropped the countersuit for declaratory judgment. . . . That's not part of the case[.]" [Doc 311 – 1 at 21:21–25]. Plaintiffs conceded at the hearing that they did not address or respond to Defendant's representation that he had dropped the counterclaim. Following the jury trial and verdict, the Court entered a Judgment on Plaintiffs' claims. [Doc. 304].

Having now considered the issue raised by Plaintiffs, the Court construes Defendant's representation that the counterclaim for declaratory relief against Plaintiffs has been dropped as an oral request to dismiss the counterclaim. Having considered the equities, dismissal of Defendant's counterclaim was not prejudicial to Plaintiffs as the jury's verdict addressed the issues raised in Defendant's counterclaim. As dismissal of the counterclaim is not prejudicial to Plaintiffs, the Court finds that its dismissal is proper.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Entry of An Amended Judgement to Reflect Judgment on Defendant's Counterclaim and Incorporated Memorandum of Law [Doc. 326] is **DENIED**.

2. Defendant's counterclaim is dismissed, *nunc pro tunc*, April 23, 2021.

**DONE AND ORDERED** in Tampa, Florida on March 24, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any