UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION; and
ALPINE SECURITIES
CORPORATION,                                    CASE NO.: 8:18-cv-02869-VMC-CPT

      Plaintiffs/Counter-Defendants,

vs.

CHRISTOPHER FRANKEL,

      Defendant/Counter-Plaintiff.
_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE
MOTIONS FOR ATTORNEYS' FEES AND COSTS AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Pursuant to Rule 6(b)(1)(A), Federal Rules of Civil Procedure, Plaintiffs file this

motion seeking entry of an Order extending the deadline for Plaintiffs to file a motion

seeking entitlement to attorneys' fees arising out of Defendant Christopher Frankel's

Counterclaim (the "Counterclaim"), which the Court dismissed through its Order

dated March 24, 2022 ("Order Dismissing Frankel's Counterclaim") (Doc. 389), until

14 days after the Clerk of Court enters an amended judgment consistent with the

Court's order(s) on all timely filed post-trial motions or 14 days after the Court denies

all the motions, whichever occurs first. The basis for this motion and the reasons it

should be granted are as follows:

## INTRODUCTION

This motion seeks to promote judicial efficiency and a just, speedy, and inexpensive determination of the issue regarding Plaintiffs' entitlement to attorneys' fees incurred in connection with the Counterclaim. *See* Fed. R. Civ. P. 1. The requested extension of time will avoid potentially duplicative work, while saving time and resources for all involved. Accordingly, good cause exists to extend the deadline for Plaintiffs to file a motion seeking entitlement to attorneys' fees and costs associated with the Counterclaim.

## BACKGROUND

On July 16, 2019, Defendant, Christopher Frankel ("Frankel"), filed the two-count Counterclaim. Doc. 95.  Count I sought a declaratory relief against all Counter-Defendants, seeking a declaration:

> (a) declaring Frankel's obligations under the Agreements and identifying the confidential information, if any, that Frankel is prohibited from using or disclosing;
>
> (b) declaring that Frankel is entitled to compete with plaintiffs and solicit plaintiffs' clients and that such competition and solicitation does not breach the Agreements, does not constitute misappropriation of the plaintiffs' trade secrets or confidential information, does not violate Florida's Unfair and Deceptive Trade Practices Act, and does not constitute unlawful, unfair, or dishonorable competition with the plaintiffs; and
>
> (c) awarding Frankel his costs and attorney's fees incurred in bringing this counterclaim and granting any further relief deemed appropriate to protect Frankel's rights and interests.

*Id*. The "Agreements" to which Frankel referred in the Counterclaim are the June 22, 2015 Non-Disclosure and Confidentiality Agreement ("NDA") and (2) the July 1,

2

2015 Employee Non-Disclosure & Computer Use Agreement ("Employee Agreement"). *See* Doc. 95 at Pg. 25, ¶ 2. Count II asserted a malicious prosecution claim against Cayman Securities and Trading LTD, which the Court dismissed on August 22, 2019. *Id.*; Doc. 112.

After the Court dismissed Count II of his Counterclaim, Frankel continued to pursue Count I of the Counterclaim, seeking a declaratory judgment right up until the day of jury selection. In the Replacement Joint Pretrial Statement (Doc. 170), Frankel described his counterclaim as follows: "*Frankel counter-sued the plaintiffs for a declaratory judgment that he did not breach the confidentiality agreements and did not misappropriate the plaintiffs' alleged trade secrets.*" Doc. 170 at Pg. 2. He also identified the following issue of fact to be litigated: "*Whether Frankel is entitled to a Declaratory Judgment that he has not breached the Agreements and has not misappropriated the plaintiffs' alleged trade secrets.*" Doc. 170 at Pg. 13.

On April 23, 2021, at the Final Pretrial Conference, immediately before jury selection, while discussing the concise statement of the nature of the action to be read to the jury, counsel for Frankel stated that "we dropped the countersuit for declaratory judgment…. That's not part of the case, so I would just say that he denies the claims." Doc. 311-1 at 21:7-25.

After a week-long trial on Plaintiffs' claims, the jury returned a verdict finding that Frankel: (1) materially breached the NDA; (2) materially breached the Employee Agreement; (3) was not excused from his performance under the NDA or Employee Agreement; and (4) misappropriated Alpine's and Scottsdale's trade secrets. *See*

4814-2355-2746, v. 1

Doc. 302. The jury awarded Alpine and Scottsdale $932,000.00 on the claims for misappropriation of trade secrets. Shortly thereafter, the Clerk of Court entered a Judgment in a Civil Case. *See* Doc. 304.

Although the issues in the Counterclaim were resolved in Plaintiffs' favor, the Clerk of Court did not enter judgment on the Counterclaim. Therefore, Plaintiffs filed a Motion for Entry of an Amended Judgment to Reflect Judgment on Defendant's Counterclaim ("Motion for Amended Judgment"). Doc. 326. Plaintiffs also filed a Motion for Entry of a Permanent Injunction and to Amend the Judgment in Conformity Therewith. Doc. 325. Defendant filed two post-trial motions—a Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial and a Motion to Amend Judgment. Docs. 328, 329.

After a hearing on the post-trial motions filed by Plaintiffs and Defendant, on March 24, 2022, the Court entered the Order Dismissing Frankel's Counterclaim wherein the Court construed counsel's statements at the pretrial conference as an oral request to dismiss the Counterclaim and dismissed the Counterclaim, *nunc pro tunc*, as of April 23, 2021. Doc. 389.

The parties' pending post-trial motions suspended the finality of the judgment and thus tolled the time for filing motions for attorneys' fees predicated on any of the claims resolved by the judgment.[1] However, the Counterclaim was resolved by the

---

[1] "A timely Rule 59 motion to alter or amend judgment operates to **suspend the finality of the district court's judgment** pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001)

4814-2355-2746, v. 1

Order Dismissing Frankel's Counterclaim—not the judgment—and is not subject to any collateral attack. Accordingly, the 14-day time period provided under Rule 54 and Local Rule 7.01 to file a motion for attorneys' fees related to the Counterclaim arguably began to run upon entry of the Order Dismissing Frankel's Counterclaim.

In light of this upcoming deadline and for the reasons set forth below, Plaintiffs request that the Court extend the deadline for Plaintiffs to file a motion for entitlement to attorneys' fees incurred in connection with Counterclaim until after the Court has resolved the pending post-trial motions to conserve the parties' and the Court's time and resources. Good cause exits for the Court to do so because if the Court grants either pending post-trial motions, those decisions could alter the analysis of Plaintiffs' motion for entitlement to attorneys' fees and costs incurred in connection with the Counterclaim.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 54, Federal Rules of Civil Procedure, and Local Rule 7.01, a party has 14 days from the entry of judgment to file a motion seeking entitlement to attorneys' fees. For purposes of Rule 54, it is arguable that the Order Dismissing Frankel's Counterclaim started the 14-day clock under Rule 54 and the Local Rules. *Grigoli v. Scott Cochrane Inc.*, 2015 WL 4529032, at *4 (M.D. Fla. July 27, 2015).

Pursuant to Rule 6(b), Federal Rules of Civil Procedure, the Court may, for good cause shown, extend the time for compliance with Rule 54, Federal Rules of

_____

(internal quotations omitted) (emphasis added)

4814-2355-2746, v. 1

Civil Procedure, and Local Rule 7.01. *See, e.g., Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, 8:17-CV-2832-T-33CPT, 2020 WL 6947834, at *2 (M.D. Fla. Oct. 26, 2020), *report and recommendation adopted,* 8:17-CV-2832-T-33CPT, 2020 WL 6946437 (M.D. Fla. Nov. 25, 2020) ("The time constraints set forth in Rule 54(d)(2) and Local Rule 4.18(a) are not immutable, however, and may be extended under Rule 6(b).").

**I.     The outcome of the pending post-trial motions could substantially affect the predicate for Plaintiffs' motion for attorneys' fees related to the Counterclaim.**

Federal courts sitting in diversity—as the Court is here—apply state substantive law and federal procedural law. *McMahon v. Toto*, 256 F.3d 1120, 1131-32 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002). The issue of entitlement to attorneys' fees and non-taxable costs is considered substantive and therefore governed by state law. *See id*.

Arizona law governs both the NDA and the Employee Agreement. JX 1 and JX 2. An Arizona statute provides the right to recover attorney's fees in contract cases: "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-341.01(A). Furthermore, under Arizona law, courts must read Arizona contracts to incorporate applicable statutes to the extent they are not inconsistent with each other. *Am. Power Prod., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368, 396 P.3d 600, 604 (Ariz. 2017). Therefore, when a contract uses the term "prevailing party," but does not define it, section 12-341.01(A) is incorporated by operation of law for the purpose of defining

the "prevailing" or "successful" party. *Id.*

To identify a "successful party" in cases with multiple claims and counterclaims, Arizona courts have repeatedly considered the "percentage of success" or the "totality of the litigation." *Schwartz v. Farmers Ins. Co. of Ariz.,* 166 Ariz. 33, 38, 800 P.2d 20, 25 (Ariz.Ct.App.1990); *see also Nataros v. Fine Arts Gallery of Scottsdale, Inc.,* 126 Ariz. 44, 49, 612 P.2d 500, 505 (Ariz.Ct.App.1980). Similarly, Arizona courts have identified the "net winner" as the "successful party" in cases involving claims and counterclaims. *Berry v. 352 E. Virginia. L.L. C.,* 228 Ariz. 9, 13, 261 P.3d 784, 789 (Ariz.Ct.App.2011) (citing *Ayala v. Olaiz,* 161 Ariz. 129, 131, 776 P.2d 807, 809 (Ariz.Ct.App.1989)).

A party may be "successful" under the Arizona statute, and thus receive attorneys' fees, even though the party did not obtain the full relief sought in the action. *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.,* 178 Ariz. 425, 430, 874 P.2d 982, 987 (Ariz.Ct.App.1994)). Where a party is not successful on all its claims, courts generally will not award fees incurred by a party *solely* in pursuit of unsuccessful claims that were *unrelated* to the claims on which it did prevail. *See, e.g., Berry,* 228 Ariz. at 14, 261 P.3d at 789 ("When a case involves claims based upon different facts or legal theories ... the court may decline to award fees for those unsuccessful separate and distinct claims") (internal quotations omitted). Here, because the Plaintiffs' claims are inextricably intertwined with the Counterclaim, the Court will not need not differentiate between Plaintiffs' fees and costs expended on the breach of contract and trade secret claims. *Skydive Arizona, Inc. v. Hogue*, 238 Ariz. 357, 369, 360 P.3d 153, 165 (Ariz. Ct. App.

4814-2355-2746, v. 1

2015) ("Claims are interwoven when they are based on the same set of facts and involve common allegations, which require the same factual and legal development.").

Plaintiffs' pending Motion for Entry of a Permanent Injunction and to Amend the Judgment in Conformity Therewith (Doc. 325) seeks injunctive relief based on the jury's finding that Frankel breached both the NDA and the Employee NDA. Defendant's Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial also remains pending. Doc. 328.

Although Plaintiffs have already been successful in proving that Frankel misappropriated Alpine's and Scottsdale's trade secrets and obtained a judgment for $932,000.00, the pending post-trial motions may affect the analysis of just how successful the Plaintiffs were in prevailing on their claims.

## II.   An extension of time furthers the interests of judicial efficiency and conserves the parties' resources.

Because the analysis of whether a party is considered the "successful party" for purposes of Ariz. Rev. Stat. § 12-341.01(A) includes an evaluation of the totality of the litigation, there is good cause to extend the deadline to file a motion seeking attorneys' fees until after the Court adjudicates the parties' remaining post-trial motions. The rulings on the remaining post-trial motions necessarily affect the analysis and may affect the outcome of determining which parties were "successful" in the lawsuit.

No party will suffer prejudice should this Court extend the deadline for Plaintiffs to file an attorneys' fees entitlement motion. Conversely, without an extension of time, Plaintiffs and Defendant will spend time and resources preparing and filing responses

4814-2355-2746, v. 1

to motions predicated on a judgment that may be amended in accordance with the pending post-trial motions. If the Court grants Plaintiffs' or Defendant's post-trial motion, the parties will be required to file amended motions regarding entitlement based on the altered or amended judgment. Plaintiffs and Defendant would then be required to duplicate their efforts and respond again to those amended motions. This is a needless waste of time, money, and resources for all involved.

If the Court enters an amended judgment the parties will have fourteen days to file motions seeking entitlement to attorneys' fees and costs. *See* Local Rule 7.01. Then each party will have another fourteen days to respond to those motions. *See* Local Rule 3.01(c), Accordingly, an extension of time that corresponds to the resolution of the parties' post-trial motions is appropriate.

WHEREFORE, Plaintiffs request that this Honorable Court grant this motion and enter an order extending the deadline for Plaintiffs to file a motion seeking entitlement to attorneys' fees and costs arising out of Frankel's Counterclaim until the earlier of (i) fourteen days after the Court denies all timely filed post-trial motions; or (ii) fourteen days after the Clerk of Court enters an amended judgment consistent with the Court's order(s) on all timely filed post-trial motions.

## Local Rule 3.01(g) Certification

On April 5, 2022, pursuant to Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for Defendant via telephone regarding the relief sought in this Motion. Frankel does not oppose the extension of time requested by this motion. However, Frankel contends that the deadline to file a motion seeking entitlement to

9

attorneys' fees with respect to the claims asserted in Frankel's Counterclaim has already passed and does not agree that this motion is timely filed.

Respectfully submitted,

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel – FBN 867233
kturkel@tcb-law.com
David A. Hayes – FBN 96657
dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 834-9191
Fax: (813) 443-2193

Kristin A. Norse - FBN 0965634
KNorse@kmf-law.com
Katherine Earle Yanes - FBN 0159727
KYanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601
Tel: (813) 229-1118
Fax: (813) 221-6750
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2022, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

*/s/ Kenneth G. Turkel*
Attorney

4814-2355-2746, v. 1