UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, SCOTTSDALE CAPITAL
ADVISORS CORPORATION;
and ALPINE SECURITIES
CORPORATION,                                             CASE NO.: 8:18-cv-02869-VMC-CPT

    Plaintiffs/Counter-Defendants,

v.

CHRISTOPHER FRANKEL,

    Defendant/Counter-Plaintiff.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S
SUPPLEMENTAL BRIEF OPPOSING
PLAINTIFFS' MOTION FOR ENTRY OF A PERMANENT INJUNCTION**

Pursuant to this Court's Endorsed Order granting Plaintiffs' Motion for Leave to File Reply to Frankel's Supplemental Brief Opposing Plaintiffs' Injunction Motion (Doc. 392), Plaintiffs, the Hurry Family Revocable Trust ("Hurry Trust"), Scottsdale Capital Advisors ("Scottsdale"), and Alpine Securities Corporation ("Alpine), file this reply to Frankel's Supplemental Brief Opposing Plaintiffs' Injunction Motion ("Supplemental Brief"). Doc. 387.

### I. *The Court can grant injunctive relief based on the jury's general verdict.*

Contrary to Frankel's suggestion in the Supplemental Brief that Plaintiffs had to submit injunction issues to the jury, Doc. 387 at 5, this Court sat as the trier of fact in equity. *See* Doc. 325 at 12. The jury's general verdict decided Frankel's liability, *see*

*id.*, and in deciding the scope of the injunction, the Court "may supplement [the] jury's general verdict with facts that are consistent with the jury's finding." *Warranty Corp.*, *UniRAM Tech., Inc. v. Taiwan Semiconductor Mfg. Co.*, 2008 WL 11515597 at *4 (N.D. Cal. Apr. 17, 2008).

## II.   *Disclosure of trade secret information in a court proceeding does not impair the trade secret nature of the information.*

"Absolute secrecy is not required to protect a trade secret." *UniRAM Tech., Inc.*, 2008 WL 11515597, at *2. Nevertheless, Frankel argues in the Supplemental Brief that because some trade secret documents are in the Court's public file, they are no longer trade secrets. Doc. 387 at 24-25. The court in *UniRam* rejected a nearly identical argument from the defendant in that case that UniRAM "destroyed the secrecy of its trade secrets when it disclosed the secrets in open court and failed to seal the courtroom." *Id*. It noted that the test under the California Uniform Trade Secrets Act—the same standard employed under the Florida Uniform Trade Secrets Act and the federal Defend Trade Secrets Act, Fla. Stat. § 688.002(4); 18 U.S.C. § 1839(3)—focuses on whether the information is "generally known" and "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id*. The court found that there was no evidence that others in the industry were acting on or using information gleaned from the trial or that industry representatives were present for the testimony that revealed trade secrets. *Id*. at *2. It therefore held that there was "no factual basis for concluding that UniRAM acted unreasonably." *Id*. at *3.

Under the *UniRAM* court's reasoning, the Court should reject Frankel's unsupported contention that disclosing trade secret information in a trial destroys its trade secret status. *See also Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 417 (4th Cir. 1999) ("While a number of cases have dealt with the disclosure of trade secrets in public court files, none holds that such disclosure, when unaccompanied by evidence of further publication, automatically destroys the "secrecy" of that secret."). There was and is no evidence that Alpine or Scottsdale acted unreasonably with respect to protecting their information.

### III. The Court should not consider matters not entered into evidence.

In his Supplemental Brief, Frankel improperly relies on facts not in evidence, citing to exhibits attached to other motions (Doc. 246 – Plaintiffs' Motion to Stay and Doc. 249– Frankel's Opposition to Plaintiffs' Motion to Stay) and Frankel's deposition (Doc. 116). *See* Doc. 387 at Pgs. 11, 12, 23-24. Although Frankel cites to other litigation Alpine and Scottsdale pursued, and now invites the Court to consider them, none of those facts was received into evidence at trial. The Court should decline to consider facts not in evidence.

### IV. Plaintiffs have contractual and trade secret bases for injunctive relief.

As Plaintiffs' Motion for Entry of Permanent Injunction and to Amend the Judgment in Conformity Therewith (Doc. 325) explains, Alpine and Scottsdale have two bases for injunctive relief—the trade secret claims and the Employee Non-Disclosure & Computer Use Agreement ("Employee NDA"). (Doc. 368-2/JX2); Fla. Stat. § 688.003; 18 U.S.C. § 1836(b)(3)(A)(i). Separately, the Hurry Trust has a

3

contractual right to injunctive relief under the Non-Disclosure and Confidentiality Agreement ("NDA"). Doc. 368-1/JX1. Pursuant to these contracts, under Arizona law, the Court should enjoin Frankel from further breaching the NDA and the Employee NDA. *See Pure Wafer Inc. v. City of Prescott*, 275 F. Supp. 3d 1173, 1176 (D. Ariz. 2017).

                Respectfully submitted,

| | |
|---|---|
| */s/ Kenneth G. Turkel* | |
| Kenneth G. Turkel – FBN 867233 | Kristin A. Norse - FBN 0965634 |
| kturkel@tcb-law.com | KNorse@kmf-law.com |
| David A. Hayes – FBN 96657 | Katherine Earle Yanes - FBN 0159727 |
| dhayes@tcb-law.com | KYanes@kmf-law.com |
| TURKEL CUVA BARRIOS, P.A. | KYNES, MARKMAN & FELMAN, P.A. |
| 100 North Tampa Street, Suite 1900 | Post Office Box 3396 |
| Tampa, Florida 33602 | Tampa, Florida 33601 |
| Tel: (813) 834-9191 | Tel: (813) 229-1118 |
| Fax: (813) 443-2193 | Fax: (813) 221-6750 |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 8, 2022, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                */s/ Kenneth G. Turkel*
                Attorney