UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION;
ALPINE SECURITIES CORPORATION;
and CAYMAN SECURITIES CLEARING
AND TRADING LTD.,

    Plaintiffs,

v.                                                                                  Case No. 8:18-cv-02869-VMC-CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

**Frankel's Notice of Filing Supplemental Authority**

The defendant, Christopher L. Frankel ("Frankel"), through counsel and under Local Rule 3.01(i), files this notice of supplemental authority in support of Frankel's *Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial* (Doc 328) and *Frankel's Reply in Support of Judgment as a Matter of Law* (Doc 343).

Local Rule 3.01(i) allows a party to identify supplemental authority by filing a notice that contains: "(1) a citation of the authority; (2) a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements; and (3) a succinct quotation from the authority."

**Citation of Authority**

*Vital Pharmaceuticals, Inc. v. Monster Energy Company*, 21-13264, 2022 WL 3083273 (11th Cir. Aug. 3, 2022).

1

### Specification by Page, Paragraph, and Line of Issue or Argument in Earlier Paper that Authority Supplements

*Frankel's Renewed Motion for Judgment as a Matter of Law or Alternatively for a New Trial* (Doc 328):

- issue of Alpine and Scottsdale's refusal to disclose their alleged damages, in Part I.A., specifically beginning at the second full paragraph on page 5, through the second full paragraph on page 10; and

- argument that Alpine and Scottsdale's damage ambush warrants a new trial, in Part II.D, on pages 24–25.

*Frankel's Reply in Support of Judgment as a Matter of Law* (Doc. 343):

- argument that Plaintiffs ambushed Frankel with undisclosed damages computations, on pages 6–7, including footnote 1.

### Succinct Quotation from Authority

In *Vital Pharmaceuticals*, the plaintiff failed to disclose its damage computation in its initial disclosures, stating that it "ha[d] not yet made a computation of its damages because it requires discovery from Defendants in order to do so." *Id.* at *1.

In responding to interrogatories requesting information about damages, "[the plaintiff] objected to the request as 'premature' and indicated that the information would be provided through '[e]xpert reports and testimony.'" *Id.* "Later that month, [the plaintiff] filed an amended response stating that it sought [certain categories of damages]" and "advised that the amount of such damages was 'presently unknown' but that '[e]xpert reports and testimony' will be served." *Id.*

"Despite these promises, though, the expert deadline in November 2019 came and went without any expert report on [the plaintiff's] damages." *Id.* "And [the

plaintiff's] CEO, whom [the plaintiff] had proffered as a witness on the issue of damages, evaded nearly all of [the defendant's] damages-related questions during his January 2020 deposition, and instead suggested that the issue was for an expert." *Id.*

"Rule 26(a) requires a party to disclose 'a computation of each category of damages claimed by the disclosing party.'" *Id.* at * 3

"As the [trial] court noted, [the plaintiff] failed to offer any computation of its damages in its rule 26(a) disclosures, rebuffed [the defendant]'s interrogatories related to damages as 'premature,' failed to submit a promised expert report on damages, and offered witnesses who gave little to no material information on the issue of damages." *Id.*

"While [the plaintiff] identified categories of damages and produced financial records, it never presented the required computation of lost sales or loss of goodwill, much less how those damages might be computed." *Id.*

"Indeed, the record shows that [the plaintiff] thought it would require complex calculations in this case, given its promises to provide an expert report. So the district court reasonably concluded that [the plaintiff]'s failure to provide a damage calculation was not harmless." *Id.*

"[The defendant] was deprived of the opportunity to conduct targeted discovery to test the claimed damages." *Id.* at *4. *See also id.* at *4 (identifying the issue as "[the defendant]'s ability to prepare a targeted defense and the fairness of the trial").

/s/ David C. Banker
David C. Banker (Fla. Bar No. 352977)
J. Carter Andersen (Fla. Bar No. 143626)
Harold D. Holder (Fla. Bar No. 118733)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: dbanker@bushross.com;
candersen@bushross.com;
hholder@bushross.com
Secondary: aflowers@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on August 5, 2022, all counsel of record are being served with a copy of this document via the Court's CM/ECF system.

/s/ David C. Banker

4