UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST; SCOTTSDALE CAPITAL
ADVISORS CORPORATION;
ALPINE SECURITIES CORPORATION;
and CAYMAN SECURITIES CLEARING
AND TRADING LTD.,

     Plaintiffs,

v.                                                                                   Case No. 8:18-cv-02869-CEH-CPT

CHRISTOPHER FRANKEL,

     Defendant.

_____/

### Frankel's Renewed Motion for Determination of Entitlement to Attorney's Fees and Expenses

The defendant, Christopher L. Frankel ("**Frankel**"), through counsel and under Federal Rule of Civil Procedure 54 and Local Rule 7.01(b) and pursuant to this Court's Order (Doc. 445) renews his request (Doc. 309, 412) for a determination that he is entitled to an award of his attorney's fees and expenses against the plaintiffs The Hurry Family Revocable Trust ("**Hurry Trust**"), Scottsdale Capital Advisors ("**Scottsdale**"), and Alpine Securities Corporation ("**Alpine**"), and against the plaintiff that abandoned its claims by not joining as a plaintiff in the second amended complaint, Cayman Securities Clearing and Trading Ltd. ("**Cayman**").

I.    **FACTUAL AND PROCEDURAL HISTORY**

Frankel prevailed on every claim the four plaintiffs brought in this case, except for one: Scottsdale's and Alpine's claim for misappropriation of their alleged trade secrets. Cayman abandoned all of its claims in May 2019; the Hurry Trust abandoned its claims for misappropriation of trade secrets in May 2019; all plaintiffs abandoned their claims for violation of Florida's Deceptive and Unfair Trade Practices Act ("**FDUTPA**") in May 2019; and the Hurry Trust, Scottsdale, and Alpine failed to prove their claims for breach of Frankel's pre-employment non-disclosure agreement or breach of Frankel's employee non-disclosure agreement at trial in April 2021.

A.    **The plaintiffs' initial, first amended, and second amended complaints and attorney fee demands**

In an initial complaint filed on November 21, 2018, all four plaintiffs, Cayman, the Hurry Trust, Scottsdale, and Alpine, sued Frankel in Count I - for breach of a pre-employment non-disclosure agreement (a copy is attached hereto as **Exhibit 1**) and demanded attorney's fees and costs under Arizona Revised Statute (A.R.S.) § 12-341.01 because that agreement has no attorney's fees provision; in Count II - for violation of the Federal Defend Trade Secrets Act and demanded attorney's fees and costs under 18 U.S.C. § 1836(b)(3)(D); in Count III - for violation of the Florida Uniform Trade Secret Act and demanded attorney's fees under Fla. Stat. § 688.005; in Count IV - for violation of FDUTPA and demanded attorney's fees under Fla. Stat. §§ 501.2105 and 501.211; and in Count

V - for common law unfair competition, the only claim on which the plaintiffs did not demand statutory or contractual attorney's fees. Doc. 1.

On February 11, 2019, the plaintiffs moved to amend their initial complaint to add a claim by Scottsdale and Alpine for breach of an employee non-disclosure agreement (a copy is attached hereto as **Exhibit 2**) that plaintiffs contended they discovered after filing the initial complaint. Doc 34.

In their first amended complaint filed on February 26, 2019, all four plaintiffs abandoned their common law unfair competition claims. Doc. 37. Otherwise, the four plaintiffs asserted the same claims against Frankel, except Scottsdale and Alpine replaced their claim for breach of the pre-employment agreement with a claim for breach of the employee non-disclosure agreement. Doc. 37. In their first amended complaint, Cayman and Hurry Trust sued in Count I - for breach of the pre-employment non-disclosure agreement and demanded attorney's fees under A.R.S. § 12-341.01; Scottsdale and Alpine sued in Count II - for breach of the employee non-disclosure agreement and demanded attorney's fees under Paragraph 7(h); all four plaintiffs sued in Count III - for violation of the Federal Defend Trade Secrets Act and demanded attorney's fees under 18 U.S.C. § 1836(b)(3)(D); all four plaintiffs sued in Count IV - for violation of the Florida Uniform Trade Secret Act and demanded attorney's fees under Fla. Stat. § 688.005; and all four plaintiffs sued in Count V - for violation of FDUTPA and demanded attorney's fees under Fla. Stat. §§ 501.2105 and 501.211. Doc 37.

On April 26, 2019, the Court granted Frankel's motion to dismiss the first amended complaint with leave to file a second amended complaint. Doc 47. The Court concluded the first amended complaint failed to allege sufficient facts to identify the confidential information and trade secrets at issue. Doc. 59 at 27–28, 30, 31–36, 40–41. The Court concluded the FDUTPA claims were displaced by the Florida Trade Secrets claims because they alleged the same underlying factual allegations and were, thus, not separate and distinct to plead claims under FDUTPA. Doc. 59 at 38–40.

In the second amended complaint filed May 10, 2019, only the Hurry Trust sued in Count I - for breach of the pre-employment, non-disclosure agreement and demanded attorney's fees under A.R.S. § 12-341.01; Scottsdale and Alpine sued in Count II - for breach of the employee non-disclosure agreement and demanded attorney's fees under Paragraph 7(h); only Scottsdale and Alpine sued in Count III - for violation of the Federal Defend Trade Secrets Act and demanded attorney's fees under 18 U.S.C. § 1836(b)(3)(D); and only Scottsdale and Alpine sued in Count IV - for violation of the Florida Uniform Trade Secret Act and demanded attorney's fees under Fla. Stat. § 688.005. Doc 61. Therefore, Cayman abandoned all of its claims by not joining as a plaintiff in the second amended complaint filed on May 10, 2019. The Hurry Trust abandoned its trade secret claims by not asserting any trade secret claims in the second amended complaint. And all four plaintiffs abandoned and did not assert their FDUTPA claims in the second amended complaint.

### B.   Frankel's initial attorney's fee motion based on the abandoned claims

On May 24, 2019, Frankel filed his initial motion for fees and expenses against all four plaintiffs because all four plaintiffs had abandoned claims on which they had demanded fees. Doc 67. The Court heard Frankel's initial motion for fees on July 2, 2019, during which the parties agreed to defer this determination until after the conclusion of the lawsuit. The Court thus denied Frankel's initial motion for fees and costs as premature, without prejudice and with leave to reassert his claim for fees and expenses after the conclusion of the lawsuit, ruling that Frankel had preserved this issue. Doc 89.

### C.   The jury's verdict and final judgment

The case went to trial on the second amended complaint. After a five-day trial, the jury returned a mixed verdict. On the breach of contract claims, the jury found that Frankel breached both the pre-employment non-disclosure agreement and the employee non-disclosure agreement, but the breaches caused no injury or damage to the Hurry Trust, Scottsdale, or Alpine—not even nominal damages. Doc. 302 ¶¶ 4, 5, 8, 9, 12, 13. However, the jury found Frankel liable on Alpine's and Scottsdale's misappropriation of trade secrets claims and awarded $932,000 in unjust enrichment but $0 in actual damages. Doc. 302 ¶¶ 14–17.  The jury specifically found the misappropriation had not been "willful and malicious," thereby eliminating Alpine's and Scottsdale's claims for attorney's fees under 18 U.S.C. § 1836(b)(3)(D) and Fla. Stat. § 688.005. Doc. 302 ¶ 18.

Based on the verdict, the clerk entered judgment "in favor of the Defendant Christopher Frankel and against the Hurry Family Trust" on the Hurry Trust's claim for breach of contract; "in favor of the Defendant Christopher Frankel and against Alpine Securities Corporation" on the Alpine's claim for breach of contract; and "in favor of the Defendant Christopher Frankel and against Scottsdale Capital Advisor's Corporation" on Scottsdale's claim for breach of contract. Doc. 304 ¶¶ I, II, III.  On the claim for trade secret misappropriation, the clerk entered judgment "in favor of Plaintiff(s) Alpine Securities Corporation and Scottsdale Corporation and against Defendant, Christopher Frankel…" Doc. 304 ¶ IV.

## II.   ARGUMENT

Frankel is entitled to recover his attorney's fees and expenses (A) against the Hurry Trust and Cayman under (1) the pre-employment non-disclosure agreement and A.R.S. § 12-341.01, and (2) the Federal and Florida Trade Secret Acts; and (B) against Scottsdale and Alpine under the employee non-disclosure agreement and FDUTPA.

> **A.   Frankel prevailed on all claims brought by Cayman and the Hurry Trust and is entitled to recover his attorney's fees and expenses.**
>
> > **1.   Frankel "succeeded" on Cayman and Hurry Trust's claims for breach of the pre-employment non-disclosure agreement and should be awarded his attorney's fees and expenses.**

Cayman and Hurry Trust brought claims against Frankel for breach of the pre-employment non-disclosure agreement. *See* Docs. 1, 37, 61. That agreement

does not have a prevailing party attorney's fee provision, *see* Ex. 1, and Cayman and Hurry Trust alleged entitlement to prevailing party attorney's fees and expenses under A.R.S. § 12-341.01. Section 12-341.01(A) permits an award of attorney fees to the "successful party" in a "contested action arising out of a contract." *E.g.*, *Caldwell v. J & J Rocket Co.*, 680 Fed. Appx. 632, 633 (9th Cir. 2017) (mem.) (affirming fee award and explaining that "Arizona law gives courts discretion to award attorney's fees to the successful party in a contract case." (citing § 12-341.01)).

(a)    **Frankel "succeeded" on Cayman's claim for breach of contract.**

In the first amended complaint, Cayman asserted claims for breach of the pre-employment non-disclosure agreement (Exhibit 1) and demanded fees under Arizona Revised Statute § 12-341.01. The Court dismissed Cayman's claim for breach of the pre-employment non-disclosure agreement. Cayman had no Confidential Information protected by the agreement, could not allege facts to support its claim for breach of the agreement, and instead had to abandon its claim for breach of the agreement by not joining in the second amended complaint filed on May 10, 2019. Docs 37 (First amended complaint), 47 (Order dismissing first amended complaint), and 61 (Second amended complaint).

Thus, Frankel is the "successful party" on Cayman's "contested action arising out of a contract." § 12-341.01; *See, e.g.*, *Vicari v. Lake Havasu City*, 222 Ariz. 218, 223–224 ¶ 21(App. 2009) (plaintiff's voluntary dismissal of claims without prejudice "does not preclude the court from subsequently awarding

attorneys' fees to a defendant"); *HTA-SC Boswell Med. LLC v. Sun Health Servs.*, No. 1 CA-CV 17-0784, 2019 WL 439294, at \*3 ¶¶ 16–19 (Ariz. Ct. App. 2019) (unpublished) (defendant was prevailing party entitled to recover attorney's fees where court dismissed breach of contract claim without prejudice); *Sandstone Marketing, Inc. v. Precision Converters, Inc.*, No. CV 12–01176–PHX–FJM, 2012 WL 6217539, \*1 (D. Ariz. Dec. 13, 2012) ("A defendant against whom a contract action is dismissed without prejudice is considered a 'successful party' " under A.R.S. § 12–341.01).

### (b) Frankel "succeeded" on Hurry Trust's claim for breach of contract.

The Hurry Trust asserted a claim for breach of the pre-employment non-disclosure agreement (Exhibit 1) and demanded fees under A.R.S. § 12-341.01. Consistent with the jury's verdict, the clerk entered a judgment "in favor of the Defendant Christopher Frankel and against the Hurry Family Trust" on the Hurry Trust's claim for breach of contract. Doc. 304. Thus, Frankel is the "successful party" on the Hurry Trust's "contested action arising out of a contract." § 12-341.01; *Murphy Farrell Dev't, LLLP v. Sourant*, 229 Ariz. 124, 134 ¶ 37 (App. 2012) (equating "successful party" in § 12-341.01 to "prevailing party" in contract provision, and holding, where plaintiff "proved [defendant's] breach of the Agreements" but "failed to establish entitlement to any remedy," defendant was the prevailing party entitled to an award of "reasonable fees for successfully defending [plaintiff's] claims").

      (c)    **Frankel should be awarded his attorney's fees under section 12-314.01(A) for defending Cayman and the Hurry Trust's claims arising out of the pre-employment non-disclosure agreement.**

The Arizona Supreme Court has identified six factors for a court to consider when exercising its discretion to award fees under section 12-341.01(A):

1) the merits of the unsuccessful party's claim;

2) whether the successful party's efforts were completely superfluous in achieving the ultimate result;

3) whether assessing fees against the unsuccessful party would cause extreme hardship;

4) whether the successful party prevailed with respect to all relief sought;

5) whether the legal question presented was novel or had been previously adjudicated; and

6) whether a fee award would discourage other parties with tenable claims from litigating.

*Am. Const. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 1100, 1106–07 (D. Ariz. 2009) (citing *Assoc. Indemn. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985)).

In this case, the factors support Frankel's request for fees as the successful party on Cayman and Hurry Trust's "contested action arising out of a contract." § 12-341.01.

Under factor (1), "the merits of the unsuccessful party's claim," Cayman could not plead specific facts to support, and had to abandon, its non-existent claim for breach of pre-employment non-disclosure agreement. But the Hurry Trust, without any evidence of harm or damage, continued to pursue its breach of

contract claim (Docs. 37, 61) through trial to try to avoid Frankel's fee claim (*see* Doc. 35 at 6). The jury determined that the Hurry Trust had no claim for breach of the pre-employment non-disclosure agreement because the Hurry Trust sustained no damage or harm from Frankel's breach.

Under factor (2), "whether the successful party's efforts were completely superfluous in achieving the ultimate result," none of Frankel's efforts were "completely superfluous." Frankel's motions and discovery concerning Cayman forced Cayman to abandon its non-existent claims. Frankel's efforts through and including trial defeated the Hurry Trust's breach of contract claim.

Under factor (3), "whether assessing fees against the unsuccessful party would cause extreme hardship," Cayman was a sophisticated securities firm with millions in annual revenue, and the Hurry Trust was a family trust that owns several securities firms. After Cayman abandoned its claims, the Hurry Trust went on to spend a fortune pursuing the other claims, using a jury consultant and an entourage of lawyers, paralegals, and vendors to try the case.

Under factor (4), "whether the successful party prevailed with respect to all relief sought," neither Cayman nor Hurry Trust obtained any of the relief sought in the breach of contract claim (or any other claims). Frankel prevailed in all respects on Cayman's and Hurry Trust's claims for breach of contract (and their remaining claims which they abandoned after filing).

Under factor (5), "whether the legal question presented was novel or had been previously adjudicated," this case did not involve any novel legal questions

that justified Cayman's or Hurry Trust's unsuccessful pursuit of their claims. Hurry Trust had to prove that Frankel's alleged breach caused harm or damage, and Hurry Trust failed to do so. Cayman had no justification for pursuing a non-existent claim for breach of contract.

Under factor (6), "whether a fee award would discourage other parties with tenable claims from litigating," a fee award in this case would not discourage other parties with tenable claims for breach of contract from litigating. Rather, a fee award would discourage untenable claims by claimants who do not have evidence to support all elements of their claims.

> **2.**   **Cayman and the Hurry Trust brought their claims for misappropriation of non-existent trade secrets in bad faith, and Frankel should be awarded his attorney's fees and expenses for their abandoned trade secret claims.**

The federal and Florida trade secret acts give the Court discretion to award fees against plaintiffs who sue "in bad faith" for alleged misappropriation of trade secrets. 18 U.S.C. § 1836(b)(3)(D) ("a court may … [i]f a claim of misappropriation is made in bad faith … award reasonable attorney's fees to the prevailing party"); § 688.005, Fla. Stat. ("If a claim of misappropriation is made in bad faith … the court may award reasonable attorney's fees to the prevailing party").

The Eleventh Circuit has not determined what constitutes "bad faith" under § 1836(b)(3)(D), but district courts within the Eleventh Circuit have looked to general case law on "bad faith" fee awards in other contexts. *E.g.*, *Temurian v.*

*Piccolo,* 18-62737-CIV, 2021 WL 1121003, at \*6 (S.D. Fla. Mar. 24, 2021). In

*Temurian*, the Southern District explained:

> [T]he Eleventh Circuit has not addressed what constitutes "bad faith" for the purposes of the DTSA, but there is ample precedent as to what constitutes "bad faith" warranting the award of attorneys' fees. (R. & R. at 10.) "In determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.' " *Mar. Mgmt., Inc. v. United States*, 242 F.3d 1326, 1333 (11th Cir. 2001) (citing *Rothenberg v. Sec. Mgmt. Co.,* 736 F.2d 1470, 1472 (11th Cir. 1984)). Bad faith is determined by focusing on a party's conduct and motive rather than on the validity of the case. *Kreager v. Solomon & Flanagan,* 775 F.2d 1541, 1543 (11th Cir. 1985). The bad faith standard is not limited to suits that are filed in bad faith but also extends to bad faith acts preceding and during litigation. *Id.* For there to be a finding of bad faith, a plaintiff's conduct must be objectively specious or frivolous and there must be evidence of subjective misconduct. *Knights Armament Co. v. Optical Sys. Tech*, No. 6:07-CV-1323-ORL, 2012 WL 3932863, at \*4 (M.D. Fla. Aug. 20, 2012).

*Id.* These concepts are consistent with at least one other Circuit Court. *See RJB Wholesale, Inc. v. Castleberry*, 788 Fed. Appx. 565, 566 (9th Cir. 2019).

In this case, Cayman and Hurry Trust had no trade secrets and no trade secret claims. When required to allege specific facts to support their trade secret claims, Cayman and Hurry Trust had to abandon their claims, demonstrating that Cayman and the Hurry Trust brought the claims in bad faith.

The Court may also consider Cayman's and Hurry Trust's pre-suit conduct as evidence of their bad faith. *Temurian,* 2021 WL 1121003, at \*6 ("The bad faith standard is not limited to suits that are filed in bad faith but also extends to bad faith acts preceding and during litigation."). Before suing, Cayman and Hurry Trust sent Frankel a demand letter (Doc. 16-4) to which he timely responded and

offered to return all of their documents and information (Doc. 16-5). Cayman and Hurry Trust then sued Frankel before the deadline in their demand letter for returning confidential information (Doc. 1).

Frankel returned all of the plaintiffs' documents with his initial disclosures (Doc. 35-3), then served discovery requests for Cayman and Hurry Trust to identify the documents or information that they were claiming Frankel misappropriated (Doc. 46-1). Cayman and Hurry Trust objected and refused to identify the documents or information that was the subject of their claims (Doc. 35-1). It was not until the Court dismissed Cayman and Hurry Trust's claims and required Cayman and Hurry Trust to identify the documents or information that was the subject of their claims that Cayman and Hurry Trust abandoned their misappropriation claims. *See* Docs. 37, 38, 47, 61. Cayman and Hurry Trust considered dropping their claims in the proposed, first amended complaint (Doc. 35-5), but instead continued to pursue claims (Doc. 37) to try to forestall Frankel's fee claim (*see* Doc. 35 at 6).

Frankel is entitled an award of attorney fees and expenses for Cayman's and Hurry Trust's "bad faith" pursuit of claims for misappropriation of non-existent trade secrets.

**B.    Frankel prevailed on Alpine's and Scottsdale's claims for breach of the employee non-disclosure agreement and is entitled to recover his attorney's fees and expenses from Alpine and Scottsdale.**

Alpine and Scottsdale asserted claims for breach of the employee non-disclosure agreement and demanded fees under Paragraph 7(h). Docs 37 and 61.

Paragraph 7(h) of the employee non-disclosure agreement states:

> In a dispute arising out of or related to this Agreement, the prevailing party shall have the right to collect from the other party its reasonable attorney fees and costs and necessary expenditures.

Doc. 61 at 24. Per the jury's verdict and the clerk's judgment, Frankel prevailed on Alpine's and Scottsdale's claims for breach of the employee non-disclosure agreement. Doc 304 (entering judgment for Frankel and against Alpine and Scottsdale on Alpine's and Scottsdale's claims for breach of contract).

The Court need not consider the factors for discretionary fee awards under § 12-341.01, because Alpine and Scottsdale agreed to reimburse Frankel's fees in the employee non-disclosure agreement, and that mandatory fee provision in the contract controls. *See* § 12-341.01(A) ("This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees."); *Chase Bank of Arizona v. Acosta*, 179 Ariz. 563, 575, 880 P.2d 1109, 1121 (Az. Ct. App. 1994) ("A contractual provision for attorneys' fees will be enforced according to its terms. Unlike fees awarded under A.R.S. § 12–341.01(A), the court lacks discretion to refuse to award fees under the contractual provision.") (omitting citations).

Page **14** of **16**

Frankel is entitled to recover from Scottsdale and Alpine the attorney fees and expenses that Frankel incurred in prevailing on their breach of contract claims.

\* \* \*

Pursuant to Local Rule 7.01(b)(2), Frankel estimates that his attorney's fees are between $600,000 and $650,000. Frankel estimates that his non-taxable expenses and costs, collectively, were approximately $10,000. (A separate bill of costs is being re-filed with this motion, to the extent any such items are properly taxed by the clerk as costs). The specific amounts sought will be set forth in a supplemental motion on amount under Local Rule 7.01(c).

WHEREFORE, Frankel requests an order granting this motion and determining that Frankel is entitled to recover his attorney's fees and expenses from: (a) Cayman and Hurry Trust under (i) A.R.S. § 12-341.01 based on the pre-employment non-disclosure agreement, and (ii) the Federal and Florida Trade Secret Acts; and (b) Alpine and Scottsdale under the employee non-disclosure agreement. Frankel also requests any further relief deemed proper to protect his interests and rights.

## Certificate of Compliance with Local Rule 3.01(g)

I certify that on June 5, 2026, counsel for Frankel conferred with counsel for the plaintiffs by telephone. The plaintiffs oppose the relief requested.

## Certificate of Service

I certify that on June 5, 2026, I caused the foregoing motion to be filed with CM/ECF, which will send electronic notice to all counsel of record.

/s/ Harold Holder
J. Carter Andersen (Fla. Bar No. 0143626)
Harold D. Holder (Fla. Bar No. 118733)
David C. Banker (Fla. Bar No. 352977)
BUSH ROSS, PA
1801 N. Highland Avenue
Tampa, Florida 33602
Phone: 813-224-9255
Fax:    813-223-9620
Primary: candersen@bushross.com;
hholder@bushross.com
dbanker@bushross.com
Secondary:  lfowler@bushross.com
ksalter@bushross.com
*Attorneys for Defendant*